**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ALEX PETROSKI, individually and on behalf of all others similarly situated, | Case No. 3:24-CV-00757-E |
| Plaintiff, | |
| v. | |
| AT&T INC., | |
| Defendant. | |
| ANDREW MARCH, individually and on behalf of all others similarly situated, | Case No.: 3:24-CV-00758-B |
| Plaintiff, | |
| v. | |
| AT&T INC., | |
| Defendant. | |
| NICHOLAS NELLI, individually and on behalf of all others similarly situated, | Case No. 3:24-CV-00759-E |
| Plaintiff, | |
| v. | |
| AT&T INC., | |
| Defendant. | |
| MIKE MONTOYA, individually and on behalf of all others similarly situated, | Case No.: 3:24-CV-00760-N |
| Plaintiff, | |
| v. | |
| AT&T INC., | |

| | |
|---|---|
| Defendant. | |
| C. MARIO JARAMILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T INC.,<br><br>Defendant. | Case No. 3:24-CV-00761-B |
| MATTHEW BARKLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T INC.,<br><br>Defendant. | Case No.: 3:24-CV-00769-N |
| LACRISTA A. BAGLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T INC.,<br><br>Defendant. | Case No. 3:24-CV-00770-X |
| JEFFREY CUMO and TIARA ALSTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v. | Case No.: 3:24-CV-00772-X |

AT&T INC.,

Defendant.

RICHARD SLOVENKAY and WESLEY HANSEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AT&T INC.,

Defendant.

Case No. 3:24-CV-00774-X

PATRICIA DEAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AT&T INC.,

Defendant.

Case No. 3:24-CV-00776-X

RACHEL COLLIER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AT&T INC.,

Defendant.

Case No.: 3:24-CV-00782-K

MICHAEL LOVETRO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

Case No.: 3:24-CV-00783-X

AT&T INC.,

Defendant.

---

ALISON WILLIAMSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AT&T INC.,

Defendant.

Case No. 3:24-CV-00790-K

---

AURORA ROSARIO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AT&T INC.,

Defendant.

Case No.: 3:24-CV-00793-E

---

RYAN AQUINO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AT&T INC.,

Defendant.

Case No. 3:24-CV-00802-X

---

JOSEPH CASEY and RAQUEL AGEE, individually and on behalf of all others similarly situated,

Case No.: 3:24-CV-00803-B

Plaintiffs,

v.

AT&T INC.,

Defendant.

DAN HEARON, GERI SHERWOOD and
KYLIN SMITH, individually and on behalf of
all others similarly situated,

Case No. 3:24-CV-00818-X

Plaintiffs,

v.

AT&T INC.,

Defendant.

GERALD FOLEY, individually and on behalf
of all others similarly situated,

Case No. 3:24-CV-00819-X

Plaintiff,

v.

AT&T INC.,

Defendant.

SCOTT MATHEWS, individually and on
behalf of all others similarly situated,

Case No.: 3:24-CV-00824-K

Plaintiff,

v.

AT&T INC.,

Defendant.

PAOLA WILLIAMS, individually and on
behalf of all others similarly situated,

Case No. 3:24-CV-00835-N

Plaintiff,

5

v.

AT&T INC.

Defendant.

| | |
|---|---|
| ELAINE HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T INC.<br><br>Defendant. | Case No. 3:24-CV-00840-E |
| NELLA CITINO and DANIEL MIZELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T INC.,<br><br>Defendant. | Case No.: 3:24-CV-00843-B |
| BRANDON HUYLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T INC.,<br><br>Defendant. | Case No. 3:24-CV-00847-K |
| M. ANDREW STOVER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v. | Case No. 3:24-CV-00863-K |

AT&T INC.

Defendant.

JENNIFER TURNER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AT&T INC.

Defendant.

Case No. 3:24-CV-00864-X

CAMERON KING, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AT&T INC.,

Defendant.

Case No. 3:24-cv-00867-E

R.D. RANDALL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AT&T INC.,

Defendant.

Case No. 3:24-cv-00873-E

BRIAN PATTERSON, individually and on behalf of all others similarly situated,

Plaintiff,

Case No. 3:24-cv-00875-X

v.

AT&T INC.,

Defendant.

AHMED ABDELLATIF, individually and on
behalf of all others similarly situated,

Plaintiff,

Case No. 3:24-cv-00876-E

v.

AT&T INC.,

Defendant.

LAURA SCHUSTER, individually and on
behalf of all others similarly situated,

Plaintiff,

Case No. 3:24-cv-00922-E

v.

AT&T INC.,

Defendant.

**PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE RELATED CLASS
ACTIONS UNDER F.R.C.P. 42(a) AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiffs in these related cases ("Plaintiffs"), individually and on behalf of all others similarly situated, respectfully moves the Court under Rule 42(a) of the Federal Rules of Civil Procedure for an Order consolidating the cases (hereinafter, the "Related Actions") captioned above into a single consolidated action for pre-trial purposes and setting scheduling deadlines. Plaintiffs' counsel communicated with counsel for AT&T Inc., ("Defendant" or "AT&T") who represented that, although AT&T does not agree with plaintiffs' characterization of the factual allegations, AT&T does not oppose consolidation. However, AT&T believes the question as to

8

which judge the matter should be assigned is before the United States Joint Panel on Multidistrict

Litigation and should be left to the Panel if it grants transfer and consolidation.[1]

The related actions are:

| Plaintiffs | Defendant | Case No. | Date Filed | Jurisdiction | Judge |
|---|---|---|---|---|---|
| Alex Petroski | AT&T Inc. | 3:24cv00757 | 3/30/2024 | N.D. Tex. | Judge Ada Brown |
| Andrew March | AT&T Inc. | 3:24cv00758 | 3/31/2024 | N.D. Tex. | Judge Jane J. Boyle |
| Nicholas Nelli | AT&T Inc. | 3:24cv00759 | 3/31/2024 | N.D. Tex. | Judge Ada Brown |
| Mike Montoya | AT&T Inc. | 3:24cv00760 | 3/31/2024 | N.D. Tex. | Chief District Judge David C Godbey |
| C. Mario Jaramillo | AT&T Inc. | 3:24cv00761 | 3/31/2024 | N.D. Tex. | Judge Jane J. Boyle |
| Matthew Barkley | AT&T Inc. | 3:24cv00769 | 4/1/2024 | N.D. Tex. | Chief District Judge David C Godbey |
| Lacrista A. Bagley | AT&T Inc. | 3:24cv00770 | 4/1/2024 | N.D. Tex. | Judge Brantley Starr |
| Jeffrey Cumo Tiara Alston | AT&T Inc. | 3:24cv00772 | 4/1/2024 | N.D. Tex. | Judge Brantley Starr |
| Richard Slovenkay Wesley Hansen | AT&T Inc. | 3:24cv00774 | 4/1/2024 | N.D. Tex. | Judge Brantley Starr |
| Rachel Collier | AT&T Inc. | 3:24cv00782 | 4/1/2024 | N.D. Tex. | Judge Ed Kinkeade |
| Patricia Dean | AT&T Inc. | 3:24cv00776 | 4/1/2024 | N.D. Tex. | Judge Brantley Starr |

---

[1] All Plaintiffs in the Related Actions join in this Motion.

| Michael Lovetro | AT&T Inc. | 3:24cv00783 | 4/2/2024 | N.D. Tex. | Judge Brantley Starr |
|---|---|---|---|---|---|
| Alison Williamson | AT&T Inc. | 3:24cv00790 | 4/2/2024 | N.D. Tex. | Judge Ed Kinkeade |
| Aurora Rosario | AT&T Inc. | 3:24cv00793 | 4/2/2023 | N.D. Tex. | Judge Ada Brown |
| Ryan Aquino | AT&T Inc. | 3:24cv00802 | 4/2/2024 | N.D. Tex. | Judge Brantley Starr |
| Joseph Casey<br>Raquel Agee | AT&T Inc. | 3:24cv00803 | 4/3/2024 | N.D. Tex. | Judge Jane J Boyle |
| Dan Hearon<br>Geri Sherwood<br>Kylin Smith | AT&T Inc. | 3:24cv00818 | 4/4/2024 | N.D. Tex. | Judge Brantley Starr |
| Gerald Foley | AT&T Inc. | 3:24cv00819 | 4/4/2024 | N.D. Tex. | Judge Brantley Starr |
| Scott Mathews | AT&T Inc. | 3:24cv00824 | 4/4/2024 | N.D. Tex. | Judge Ed Kinkeade |
| Paola Williams | AT&T Inc. | 3:24cv00835 | 4/5/2024 | N.D. Tex. | Chief District Judge David C Godbey |
| Elaine Hernandez | AT&T Inc. | 3:24cv00840 | 4/5/2024 | N.D. Tex. | Judge Ada Brown |
| Nella Citino<br>Daniel Mizell | AT&T Inc. | 3:24cv00843 | 4/5/2024 | N.D. Tex. | Judge Jane J Boyle |
| Brandon Huyler | AT&T Inc. | 3:24cv00847 | 4/5/2024 | N.D. Tex. | Judge Ed Kinkeade |

| M. Andrew Stover | AT&T Inc. | 3:24cv00863 | 4/8/2024 | N.D. Tex. | Judge Ed Kinkeade |
|---|---|---|---|---|---|
| Jennifer Turner | AT&T Inc. | 3:24cv00864 | 4/8/2024 | N.D. Tex. | Judge Brantley Starr |
| Cameron King | AT&T Inc. | 3:24cv00867 | 4/9/2024 | N.D. Tex. | Judge Ada Brown |
| R.D. Randall | AT&T Inc. | 3:24cv00873 | 4/9/2024 | N.D. Tex. | Judge Ada Brown |
| Brian Patterson | AT&T Inc. | 3:24cv00875 | 4/9/2024 | N.D. Tex. | Judge Brantley Starr |
| Ahmed Abdellatif | AT&T Inc. | 3:24cv00876 | 4/10/2024 | N.D. Tex. | Judge Ada Brown |
| Laura Schuster | AT&T Inc. | 3:24cv00922 | 4/15/2024 | N.D. Tex | Judge Ada Brown |

The Related Actions bring common claims arising from the same data breach against Defendant, AT&T Inc. Plaintiffs in the Related Actions all allege that the Defendant's allowed a foreseeable and preventable data breach to occur, which compromised the personally identifiable information ("PII") of Plaintiffs and putative class members. Plaintiffs seek similar damages and equitable relief arising out of the alleged data breach. Plaintiffs thus submit that the Court should consolidate the Related Actions into the first filed action, *Petroski v. AT&T Inc.*, Civil No. 3:24-cv-00757, as well as any subsequently filed or transferred related actions, for pretrial purposes pursuant to Rule 42(a).

Plaintiffs believe that consolidation is appropriate under Federal Rule of Civil Procedure

11

42(a) because the Related Actions involve common questions of law or fact insofar as they all name Defendant, arise from the same events, and assert overlapping claims and putative classes. Plaintiffs further believe that consolidation will avoid unnecessary delay, reduce the risk of inconsistent or duplicative rulings, and mitigate litigation cost.

Accordingly, Plaintiffs file this motion and memorandum in support and request that the Court grant his motion to Consolidate the Related Actions under Fed. R. Civ. P. 42(a).

## FACTUAL BACKGROUND

Defendant is one of the largest wireless carriers and internet providers in the country with its principal place of business in Dallas, Texas. Plaintiffs and class members are current and former customers of AT&T. In the course of their relationship, Defendant gathered and stored highly sensitive personally identifiable information belonging to Plaintiffs and the Class as a component of its routine business practices. *See generally Petroski* Complaint, Doc. No. 1. This action arises out of AT&T's determination that AT&T-specific data fields were contained in a data set released online in March 2024. The data set included the details of seventy-three million former and current AT&T customers accounts, including full names, email addresses, mailing addresses, dates of birth, Social Security numbers, AT&T account numbers and passcodes were leaked online. ("Data Breach"). *Id*. Plaintiffs allege that the criminals were able to gain access as a result of Defendant's failure to implement and follow reasonable and industry standard security procedures. *Id*.

On March 30, 2024, Plaintiff Petroski filed the first complaint against Defendant alleging various causes of action arising from the Data Breach. *Id*. Since AT&T announced the data security incident,[2] numerous class action complaints were filed against AT&T, in the Dallas

---

[2] Eight other class actions against AT&T are pending in other jurisdictions: (1) *Knight v. AT&T Inc.*, Case No. 5:24-cv-00324 filed on April 2, 2024, in the Western District of Oklahoma; (2) *Unruh et. al. v. AT&T Inc.*, Case No. 1:24-cv-01414, filed on April 2, 2024, in the Northern District of Georgia; (3) *Doss et. al. v. AT&T Inc.*, Case No. 4:24-cv-00234, filed on April 2, 2024, in the Western District of Missouri; (4) *Hodge*

Division of the Northern District of Texas, arising from the same Data Breach with similar allegations and causes of action.

Plaintiffs believe that consolidation is appropriate under Federal Rule of Civil Procedure 42(a) because the Related Actions involve common questions of law or fact insofar as they all name Defendant, arise from the same events, and assert overlapping claims and putative classes. Plaintiffs further believes that consolidation will avoid unnecessary delay, reduce the risk of inconsistent or duplicative rulings, and mitigate litigation costs.

**ARGUMENT**

## I.       CONSOLIDATION OF THE ACTIONS IS APPROPRIATE.

### A.       Legal Standard Regarding Consolidation.

The power to consolidate related actions falls within the broad inherent authority of every federal court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a); *see also A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under [Rule] 42(a) to consolidate

---

v. AT&T Inc., No. 1:24-cv-01475, filed on April 8, 2024 in the Northern District of Georgia; (5) *Carrasco v. AT&T, Inc*., Case No. 4:24-cv-00305, filed on April 9, 2024 in the Eastern District of Texas; (6) *Walker v. AT&T Inc.*, Case No. 1:24-cv-00438, filed on April 11, 2024 in the Eastern District of California; and (7) *Boykin v. AT&T Inc.*, Case No. 1:24-CV-02973, filed on April 12, 2024 in the Northern District of Illinois; (8) *Hasson et al., v. AT&T Mobility LLC and AT&T, Inc.*, Case No. 1:24-cv-01580, filed on April 15, 2024 in the Northern District of Georgia.

causes pending in the same district."); *see also In re CaptureRx Data Breach Litig.*, No. 5:21-cv-00523-OLG, Doc. No. 13, at 1 (W.D. Tex. July 8, 2021) (consolidating actions in data breach class action "to ensure consistent and efficient adjudications in this Court….").

      **B.**    **The Related Actions Make Common Legal and Factual Allegations.**

Consolidation of the Related Actions is warranted, as the actions require proof of the same basic set of facts to support the causes of action. Specifically, each of the Related Actions focuses on whether Defendant is liable to consumers for its failure to protect Plaintiffs' and putative class members' PII that it owed a duty to protect. Since the Related Actions pending before this Court present many of the same factual and legal questions, involve the same Defendant, and will involve the same discovery, consolidation is appropriate to avoid duplicative litigation tracks. *See League of United Latin American Citizens v. Abbott*, No. EP-21- CV-00259-DCG, 2021 WL 5417402, at *2 (W.D. Tex. Nov. 21, 2021) ("The Court finds that all of the above-referenced cases are before the same court (the Western District of Texas); that the cases share common defendants; that the cases share common questions of law and fact; that consolidation will conserve judicial resources and best serve the interests of all parties and witnesses; and that the cases are at similar stage of litigation.").

      **C.**    **The Related Actions Should be Consolidated to Reduce Costs and Delay.**

The Related Actions involve nearly identical factual allegations against Defendant regarding the same Data Breach. Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests and duplicative motion practices and cause an unnecessary drain on party and judicial resources. This is true despite minor variations in class definitions in the Related Actions. As explained in *Kaplan v. 21st Century Oncology Holdings, Inc.*, where the court granted a motion to consolidate various class complaints in a data breach

case:

> Applying the relevant factors from *Hendrix*, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well....

> Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. *Id*. On this point, the Court notes that all of the named Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial purposes....

> Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.

> Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.

> Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and *Hendrix*, but also to "secure the just, speedy, and inexpensive determination" of these proceedings.

*Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210, 2016 WL 9383330, at *2-3 (M.D. Fla. July 21, 2016), *report and recommendation adopted*, No. 2:16-cv-210, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016).

Here, each case is in its infancy, and as discussed above involves substantially identical factual allegations and causes of action. Consolidation and reassignment before this Court will streamline twenty-eight similar actions, promoting judicial economy, avoiding inconsistent rulings, and creating efficiency in the discovery process. Alternatively, allowing these cases to proceed individually and before multiple Courts would strain party and judicial resources.

Moreover, consolidation imposes no prejudice on Defendant as it will benefit from the gained efficiencies.

### D.      Future-Filed Related Cases Should be Consolidated.

In accordance with Local Rule 42.1 and to ensure continued judicial efficiency, Plaintiffs also respectfully request that the Court order any future filed actions arising from the same or similar facts and circumstances be transferred to this Court and consolidated with the Consolidated Action. *See, e.g.*, *In re Life Partners Holdings, Inc.*, No. DR-11-CV-43-AM, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) ("future cases 'arising out of the same or substantially the same transactions or events as the above captioned cases' shall be united into the consolidated case.").

In line with the current consolidation, Defendant will suffer no prejudice from the consolidation of any related future filed actions, as it will not be faced with the possibility of relitigating issues that had been litigated in this Court. Consolidation of the Related Actions would therefore inure to the benefit of all parties involved.

### E.      Proposed Stay Pending Action by the United States Judicial Panel on Multidistrict Litigation.

Counsel in the *Petroski* matter moved the United States Judicial Panel on Multidistrict Litigation ("JPML") to transfer all pending matters in this jurisdiction and others to the Northern District of Texas. The JPML designated the matter for oral argument on May 30, 2024. In the interest of judicial economy, AT&T has requested that all deadlines in Related Actions and subsequently filed Related Actions, including responsive pleading deadlines, should be stayed pending resolution of the Petroski motion. Plaintiffs do not oppose this limited stay and Plaintiffs will provide a status report to the Court within 7 days of a ruling by the JPML.

16

## CONCLUSION

For these reasons, Plaintiffs requests the Court consolidate the Related Actions into the first filed action (Civil No. 3:24-CV-00757) for all pretrial purposes, excluding trial. Plaintiffs will contemporaneously file a Proposed Order for the Court's consideration.

Dated: April 17, 2024                           Respectfully submitted,

*/s/ Joe Kendall*
JOE KENDALL
Texas Bar No. 11260700
**KENDALL LAW GROUP, PLLC**
3811 Turtle Creek Blvd., Suite 825
Dallas, Texas 75219
Phone: 214-744-3000
Fax: 214-744-3015
jkendall@kendalllawgroup.com

Gary M. Klinger*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866-252-0878
Fax: 865-522-0049
gklinger@milberg.com

James J. Pizzirusso*
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, D.C. 20006
Tel.: (202) 540-7200
Fax: (202) 540-7201
jpizzirusso@hausfeld.com

Steven M. Nathan*
**HAUSFELD LLP**
33 Whitehall Street, Fourteenth Floor
New York, NY 10004
Tel.: (646) 357-1100
Fax: (212) 202-4322
snathan@hausfeld.com

*Counsel for Alex Petroski, Nella Citino and
Daniel Mizell*

*\*Pro Hac Vice Forthcoming*

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that on April 16, 2024, I, James J. Pizzirusso, counsel for Plaintiff, conferred with counsel for Defendant, Gilbert S. Keteltas, regarding the substance of this motion and they stated that the Defendant does not oppose consolidation.

*/s/ James J. Pizzirusso*
JAMES J. PIZZIRUSSO

## **CERTIFICATE OF SERVICE**

     I hereby certify that on April 17, 2024, I caused a true and correct copy of the foregoing motion to be filed with the Clerk of the Court for the Northern District of Texas via the Court's CM/ECF system, which will send notification of such filing to the counsel of record in the above-captioned matters.

*/s/ Joe Kendall*

JOE KENDALL
