# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| IN RE: AT&T Inc. CUSTOMER DATA SECURITY BREACH LITIGATION | § § § CASE NO. 3:24-cv-00757-E § § § MDL DOCKET NO. 3:24-md-03114-E § |
| This Document Relates to All Cases | § § |

## CASE MANAGEMENT ORDER #1

On June 5, 2024, the Judicial Panel on Multidistrict Litigation began transferring civil actions to the United States District Court for the Northern District of Texas for coordinated or consolidated pretrial proceedings in accordance with 28 U.S.C. § 1407. Prior to the initial status conference and an entry of Case Management Orders governing further pretrial proceedings in this case, the provisions of this Order shall govern the practice and procedure of those actions that are transferred to this Court by the Judicial Panel on Multidistrict Litigation. This Order shall also apply to any actions later filed in, removed to, or transferred to this Court ("tag-along actions").

(*This space left blank intentionally*).

# CASE MANAGEMENT ORDER #1 – CONTENTS

I. **DOCKET MANAGEMENT AND FILING PROCEDURES** .......... 3
II. **LOCAL RULES, POLICIES AND PROCEDURES, STANDARD FORMS, AND *DONDI*** .......... 4
III. **DISCOVERY** .......... 4
IV. **STEERING COMMITTEES** .......... 5
V. **STATUS CONFERENCE** .......... 7

(*This space left blank intentionally*).

## I.     DOCKET MANAGEMENT AND FILING PROCEDURES

A. *Master Docket Case -* The Clerk of Court shall maintain a Master Docket Case file under the designation - *In re: AT&T Inc. Customer Data Security Breach Litigation*, with the identification (3:24-MD-3114-E) "MDL 3114." This Master Docket is for Case Management Orders, Conditional Transfer Orders, or pleadings and Orders that the Court directs be filed in this action. Unauthorized filings in this case shall be unfiled and stricken.

B. *Main Case -* Because this is a Putative Class Action, the **MAIN CASE** for the parties to file documents is in Consolidated Case No. 3:24-CV-0757-E; *In re: AT&T Inc. Customer Data Security Breach Litigation*. All Case Management orders shall be filed in both 3:24-MD-3114-E and 3:24-CV-0757-E.

C. *Appearances of Counsel -* Counsel who appeared in a transferor court prior to the transfer of any case to this Multidistrict Litigation ("MDL") need not enter an additional appearance before this Court. Upon transfer, Counsel shall be added to 3:24-CV-0757-E, to receive Notice. Any attorney admitted to practice and in good standing of any United States District Court is admitted to practice in this litigation, pursuant to Rule 1.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. *Pro Hac Vice* status is not required.

D. *For Cases Directly Filed in the Northern District of Texas -*

   1. In order to eliminate delays associated with the transfer of cases in or removed to other federal district courts to this Court, and to promote judicial efficiency, any plaintiff whose case would be subject to transfer to MDL 3114 may file her or his case directly in the MDL proceedings in the Northern District of Texas.

2. In addition to the newly filed case, the plaintiff shall also file a separate Notice of Related Case, pursuant to Local Rule 3.3(a), to ensure that the case shall be transferred to the undersigned in order to be considered a tag-along action in the MDL 3114.

E. **Clerk of Court's Entries -** When an action that properly belongs as part of the *In re: AT&T Inc. Customer Data Security Breach Litigation* is hereinafter filed in the Northern District of Texas or is transferred from another court, the Clerk of Court shall make an appropriate entry on the Docket Sheet in 3:24-CV-0757-E.

## II. LOCAL RULES, POLICIES AND PROCEDURES, STANDARD FORMS, AND *DONDI*

Counsel are expected to familiarize themselves with prior court orders on the CM/ECF system as well as the Local Civil Rules of the Northern District of Texas, located at the Northern District of Texas's website: https://www.txnd.uscourts.gov/civil-rules. The Court encourages Counsel to review this Court's Policies and Procedures and Standard Forms, located at the Court's Website: https://www.txnd.uscourts.gov/judge/judge-ada-brown. The Court expects Counsel to have both familiarized themselves with and to comport with the attorney standards that the Northern District of Texas has adopted in *Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 287-89 (N.D. Tex. 1988). Counsel should also familiarize themselves with the Texas Lawyer's Creed—A Mandate for Professionalism, reprinted in Texas Rules of Court 739 (West 2020).

## III. DISCOVERY

A. **Discovery Stay -** Pending the initial pretrial conference, all outstanding discovery and motion practice proceedings in the related cases, and any tag-along actions over which this Court acquires jurisdiction, are stayed. No further discovery shall be initiated until further order of this Court.

B. ***General Prohibition on Filing Discovery -*** Unless otherwise ordered by the Court, initial disclosures, discovery, depositions, interrogatories, requests for documents, requests for admission, and answers and responses thereto shall not be filed with the Court, except that discovery materials may be filed as evidence in support of a motion or for use at trial.

C. ***Discovery Disputes -*** In the event of any discovery dispute, the parties must contact the Court or its designee before filing any dispute-related motions. The Court will permit briefing if it is unable to resolve the dispute during a status conference.

## IV. STEERING COMMITTEES

A. The Court will make Plaintiff Steering Committee ("PSC") decisions concerning the prosecution of these cases and review applications based on a variety of factors including those outlined in the *Manual for Complex Litigation, Fourth.*

B. Toward that end, if any attorneys wish to serve on the PSC, they are instructed to file into the record an application with support regarding the position sought by August 7, 2024. Applicants should familiarize themselves with Federal Rule of Civil Procedure 16.1, which is scheduled to take effect on December 1, 2025. The Court also instructs Defense Counsel to file into the record their positions on the necessity, if any, to designate lead defense counsel or a defense steering committee or both by August 7, 2024.

The Court also provides the following instructions and guidance:

1. Each application should be no more than three pages in length, including any attachments. Applications should be filed into the 3:24-CV-0757-E; *In re: AT&T Inc. Customer Data Security Breach Litigation* proceeding **and with** a courtesy copy sent to Brown_Orders@txnd.uscourts.gov.

2. The Court will not entertain more than one application per law firm.

3. Applications should include proposals regarding leadership, committee structure, and any case-specific issues that may inform the committee structure. The Court cautions counsel, however, that as the *Manual for Complex Litigation, Fourth* recognizes, "[c]ommittees of counsel can sometimes lead to substantially increased costs, and they should try to avoid unnecessary duplication of efforts and control fees and expenses." Organizational Structures, Ann. Manual Complex Lit. § 10.221 (4th ed.).

4. The PSC selection process will include an emphasis on ethics and professionalism. The Court seeks applicants who (i) are respected by their colleagues, (ii) have demonstrated an ability to effectively work with others, and (iii) avoid unnecessary divisiveness. The goal is to select a team of qualified candidates able to work together in a cooperative and efficient manner.

5. Applicants should identify where they have served in similar capacities being sought and describe their experience in managing or participating in complex litigation along with their knowledge of the instant subject matter. Details regarding resources and infrastructure available to contribute to the litigation should be included.

6. The various PSC roles and obligations include funding the litigation. The specific funding dynamics will be considered in connection with the PSC selection process. New financing mechanisms provide the catalyst for this Court to explore how litigation financing is occurring. The applicant's sources of litigation funding should be included in the application. At the applicant's discretion, that portion of the application may be sent to the Court at Brown_Orders@txnd.uscourts.gov for in camera consideration.

7. Committee appointments are of a personal nature to individual lawyers and not law firms. Applicants are invited to provide references from Judges and Special Masters who are familiar with their work in other MDLs.

8. Committee and leadership needs typically evolve over time and the Court may make adjustments as necessary. Consequently, the Court intends to periodically review steering committee appointments and make changes as necessary

## V. STATUS CONFERENCE

A Status Conference will be scheduled after the Steering Committee process has concluded.

**SO ORDERED this day of July 24, 2024.**

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE