IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: AT&T Inc. CUSTOMER DATA SECURITY BREACH LITIGATION | § § § CASE NO. 3:24-cv-00757-E § § MDL DOCKET NO. 3:24-md-03114-E § |
| This Document Relates to All Cases | § § § |

**CASE MANAGEMENT ORDER #3**

**NOTICE AND OPPORTUNITY TO BE HEARD REGARDING THE PROPOSED APPOINTMENT OF JUDGE W. ROYAL FURGESON, JR. (RET.) AS SPECIAL MASTER**

In light of the complexity of this multidistrict litigation, the Court concludes that the appointment of a Special Master under Federal Rule of Civil Procedure 53 would serve to facilitate the just, speedy and inexpensive determination of this proceeding, as required by Federal Rule of Civil Procedure 1. *See* Fed. R. Civ. P. 53(b) (enumerating the process for appointing a special master); *see generally* Special Masters, Ann. Manual Complex Lit. § 11.52 (4th ed.).[1] To that end, the Court has contacted retired United States District Judge W. Royal Furgeson, Jr. to request that he consider serving as Special Master in this proceeding. Judge W. Royal Furgeson, Jr. (ret.) has agreed, with the understanding that his appointment be with the consent of the parties, as required under Fed. R. Civ. P. 53 (a)(1)(A). Judge W. Royal Furgeson, Jr. (ret.) is not aware of any grounds for disqualification under 28 U.S.C. § 455 and attached hereto as **Exhibit A** is his biographical information. For purposes of discerning the nature of the Special Master appointment, the Court provides the following information.

---

[1] *See also* Fed. R. Civ. P. 1 (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

# Case Management Order #3 - Contents

I. SPECIAL MASTER'S DUTIES ................................................................................................3
II. COMMUNICATIONS .............................................................................................................4
III. SPECIAL MASTER'S RECORD ...........................................................................................4
IV. REVIEW OF THE SPECIAL MASTER'S RULINGS ..........................................................5
V. COMPENSATION ..................................................................................................................6
VI. AFFIDAVIT ............................................................................................................................7
VII. COOPERATION .....................................................................................................................8
VIII. ACCESS TO INFORMATION ..............................................................................................8

### I.   SPECIAL MASTER'S DUTIES

Rule 53(a)(l)(C) states the Court may appoint a Special Master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 54(a)(1)(C). The Court has reviewed legal authority addressing the duties of a Special Master that are permitted under the Federal Rules of Civil Procedure and Article III of the Constitution.[2] Consistent with this legal authority and the currently-anticipated needs of the Court, the Court proposes that, as Special Master, Judge W. Royal Furgeson, Jr. (ret.) shall have the authority to:

**(i)** meet separately and together with various groups to facilitate communications between and amongst (a) the parties, (b) any relevant outside entities, and (c) the Court;

**(ii)** assist the Court with mediating resolution of any part of the parties' disputes;

**(iii)** provide legal analysis of the parties' submissions;

**(iv)** ensure coordination with any related litigation or governmental action;

**(v)** assist with preparation for attorney conferences (including formulating agendas), court scheduling, and case management;

**(vi)** interpret any agreements reached by the parties; and

**(vii)** direct, supervise, monitor, and report upon implementation and compliance with the Court's Orders.

The Special Master shall organize his activity to ensure non-duplication of effort and provide appropriate attention to the various groups of interested parties and counsel. The Court may direct the Special Master to undertake additional duties as the case progresses.

---

[2] *See generally* Rule 53, advisory committee's notes, 2003 amendment (discussing the range of duties and authority of a Special Master); *Appointing Special Masters and Other Judicial Adjuncts: A Benchbook for Judges and Lawyers* (5th ed. 2013).

## II.   COMMUNICATIONS

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the Special Master may communicate *ex parte* with the court or a party." Fed. R. Civ. P. 54(b)(2)(B). The Court proposes that Judge W. Royal Furgeson, Jr. (ret.), as Special Master, may communicate *ex parte* with the Court at his discretion, without providing notice to the parties, regarding logistics, the nature of his activities, management of the litigation, and other appropriate procedural matters, and also to assist the Court with legal analysis of the parties' submissions. The Special Master may communicate *ex parte* with any party or its attorney, as he deems appropriate, for the purposes of ensuring the efficient administration and management and oversight of this case, and for the purpose of mediating or negotiating a resolution of part or all of any dispute related to this case. The Special Master shall not communicate to the Court any substantive matter the Special Master learns during an *ex parte* communication between the Special Master and any party.

## III.   SPECIAL MASTER'S RECORD

Rule 53(b)(2)(C) provides that the Court define the nature of the materials to be preserved and filed as a record of the Special Master's activities. Fed. R. Civ. P. 53(b)(2)(C). The Court proposes that Judge W. Royal Furgeson, Jr. (ret.) shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of the activities and matters worked upon. If the Court asks the Special Master to submit a formal report or recommendation regarding any matter, the Special Master shall submit such report or recommendation in writing, for filing on the case docket. The Special Master need not preserve for the record any documents created by the Special Master that are docketed in this or any other court, nor any documents received by the Special Master from counsel or parties in this case.

## IV. REVIEW OF THE SPECIAL MASTER'S RULINGS

Rule 53(b)(2)(D) directs the Court to state the time limits, method of filing the record, other procedures, and standards for reviewing the Special Master's orders, findings, and recommendations. Fed. R. Civ. P. 53(b)(2)(D). The Court proposes that Judge W. Royal Furgeson, Jr. (ret.), as Special Master, shall either: (i) reduce any formal order, finding, report, ruling, or recommendation to writing and file it electronically on the case docket via Electronic Case Filing ("ECF") or (ii) issue any formal order, finding, report, ruling, or recommendation on the record before a court reporter. Pursuant to Rule 53(f)(2), any party may file an objection to an order, finding, report, ruling, or recommendation by the Special Master within twenty-one days of the date it was filed; failure to meet this deadline results in permanent waiver of any objection to the Special Master's orders, findings, reports, rulings, or recommendations. Fed. R. Civ. P. 53(f)(2).[3] Absent timely objection, the orders, findings, reports, rulings, and recommendations of the Special Master shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise.

If the Special Master issues an informal ruling or order that is not on the record (such as the resolution of a discovery dispute) either orally, via email, or through other writing, and a party wishes to object to that ruling or order, the party shall ask the Special Master to formalize the ruling or order by filing it on the docket or appearing before a court reporter. Such request shall be made within three days of issuance of the informal order or ruling, else the opportunity to object shall be waived. The procedures and deadlines outlined in this section shall then apply.

---

[3] Rule 53(f)(2) provides that parties may file objections no later than twenty-one days after a copy of the Special Master's order, report, or recommendations is served, unless the court sets a different time. Fed. R. Civ. P. 53(f)(2). Motions for extensions of time to file objections will not normally be granted unless good cause is shown. The Special Master may, however, provide in an order, finding, report, or recommendation that the period for filing objections to that particular document is some period longer than twenty-one days, if a longer period appears warranted.

As provided in Rules 53(f)(4)-(5), the Court shall decide *de novo* all objections to conclusions of law made or recommended by the Special Master; and the Court shall set aside a ruling by the Special Master on a procedural matter only for an abuse of discretion. Fed. R. Civ. P. 53(f)(4)-(5). The Court shall retain sole authority to issue final rulings on matters formally submitted for adjudication, unless otherwise agreed by the parties, and subject to waiver of objection to written orders or recommendations as noted above. To the extent the Special Master enters an order, finding, report, ruling, or recommendation regarding an issue of fact—the Court shall review such issue of fact *de novo*, if any party timely objects pursuant to the Rules and within the 21 calendar-day-time period set forth herein. *See* Fed. R. Civ. P. 53(f)(3). Failure to meet this deadline results in permanent waiver of any objection to the Special Master's findings of fact.

### V. COMPENSATION

Rule 53(b)(2)(E) states that the Court must set forth the basis, terms, and procedure for fixing the Special Master's compensation. Fed. R. Civ. P. 53(g) (addressing compensation). The Court proposes that Judge W. Royal Furgeson, Jr. (ret.) be compensated at a rate of $850 per hour. It is anticipated that Judge W. Royal Furgeson, Jr. (ret.) will be assisted by his law firm's staff who will be compensated at the rate of $600 an hour for Marcellene Malouf and $75 an hour for Stacy Littrell. If Judge W. Royal Furgeson, Jr. (ret.) requires other assistance in the performance of his duties as Special Master, he will seek said assistance only after notice to the parties and approval of the Court. The fees and expenses for Judge W. Royal Furgeson, Jr. (ret.) and his staff shall be shared by the parties, with Defendant bearing 50% of this cost and Plaintiffs bearing 50% of this cost.[4] The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order, or such other Orders as the Court may issue. The Court has

---

[4] To the extent additional defendants are added to this litigation, the Court expects defendants will bear 50% of the Special Master's costs, jointly.

"consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." Rule 53(a)(3).

From time to time, on approximately a monthly basis, the Special Master shall file under seal an Itemized Statement of fees and expenses (not to include overhead). The Court expects these Itemized Statements may reveal confidential or privileged communications between the Special Master and the Court. Accordingly, the Court shall maintain these Itemized Statements under seal, and they shall not be made available to the public or counsel. The Special Master shall file with his Itemized Statements a Summary Statement, which shall list only the total amount billed, shall not be filed under seal, and shall contain a signature line for the Court, accompanied by the statement "approved for disbursement." If the Court determines the Itemized Statement is regular and reasonable, the Court will sign the corresponding Summary Statement and transmit it to the parties. The parties shall then remit to the Special Master their proportionate share of any Court-approved amount, within twenty calendar days of Court approval.

## VI. AFFIDAVIT

Rule 53(b)(3)(A) notes that the Court may enter an Order of appointment only after the Special Master "files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." Fed. R. Civ. P. 53(b)(3)(A); *see* Fed. R. Civ. P. 53(a)(2) (discussing basis for disqualification). So that the consent of the parties can be accomplished with the full understanding of Judge W. Royal Furgeson, Jr. (ret.)'s relationships to this litigation and to the parties and their lawyers—Judge W. Royal Furgeson, Jr. (ret.) is directed to file with the Court an affidavit disclosing any possible ground for his disqualification under 28 U.S.C. § 455.[5]

---

[5] Section 455 enumerates circumstances in which a justice, judge, or magistrate judge of the United States "shall disqualify himself." 28 U.S.C. § 455(a)-(b).

## VII. Cooperation

The Court will require that the parties and their counsel, including their successors in office, agents, and employees, shall provide full cooperation to Judge W. Royal Furgeson, Jr. (ret.), as Special Master, and any staff or consultant employed by the Special Master, and observe faithfully the requirements of any orders of the Court and rulings by the Special Master. The Parties shall timely comply with rulings of the Special Master issued pursuant to this Order. Pursuant to Rule 53(c)(2), the Special Master may, if appropriate, "impose on a party any noncontempt sanction provided by Rule 37 or 45 and may recommend a contempt sanction against a party and sanctions against a nonparty." As an agent and officer of the Court, the Special Master (and those working at his direction) shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.[6]

## VIII. Access to Information

When effective, the parties will make readily available to Judge W. Royal Furgeson, Jr. (ret.), as Special Master, any and all individuals, information, documents, materials, programs, files, databases, services, facilities, and premises under their control that the Special Master requires to perform his duties. The parties will make readily available to the Special Master any and all facilities, files, databases, computer programs, and documents necessary to fulfill the Special Master's functions under this Order.

The Special Master may require reports from any party in a format specified by the Special Master, as reasonably required to enable the Special Master to perform all assigned duties. Therefore, after reviewing this Order and Judge W. Royal Furgeson, Jr. (ret.)'s affidavit, the parties

---

[6] *See, e.g., Atkinson-Baker & Assocs., Inc. v. Kolts,* 7 F.3d 1452, 1454-55 (9th Cir. 1993) (applying the doctrine of absolute quasi-judicial immunity to a Special Master).

are hereby required by **September 11, 2024**, to either (i) file their consent to the appointment of Judge W. Royal Furgeson, Jr. (ret.) as Special Master or (ii) file their objection to said appointment.

**IT IS SO ORDERED.**

Signed this 21st day of August, 2024.

_____
Ada E. Brown
UNITED STATES DISTRICT JUDGE

# Exhibit A



**W. Royal Furgeson, Jr.**

W. Royal Furgeson, Jr. retired as a United States District Judge in 2013 after 19 years on the bench. A graduate of Texas Tech University in 1964 and the University of Texas School of Law in 1967, he was named the founding Dean of the UNT Dallas College of Law in 2012 and assumed the position in June 2013. He retired from UNT in June 2018, after achieving ABA provisional accreditation for the law school. He now practices law with his wife Marcellene Malouf in the firm of FurgesonMalouf Law PLLC, and limits his work to mediations, arbitrations, and special master appointments.

After law school, Judge Furgeson served with the U.S. Army for two years, attaining the rank of Captain. Following a tour in Vietnam, he returned to Lubbock as law clerk to the Honorable Halbert O. Woodward.

Before taking the bench, Judge Furgeson practiced law for twenty-four years with the Kemp Smith law firm in El Paso, Texas. During that time, he became a fellow of the American College of Trial Lawyers, an elected member of the American Law Institute, president of the El Paso Chapter of the American Board of Trial Advocates, president of the El Paso Bar Association and chair of the United Way of El Paso.

During his time on the bench, he was a panel judge on the Judicial Panel on Multidistrict Litigation, president of the Federal Judges Association, and chair of the Judicial Resources Committee of the Judicial Conference of the United States.

His honors include the Distinguished Alumnus Award by the Texas Tech Alumni Association, the West Texas Legal Legend Award by the Texas Tech University School of Law, the Leon Green Award by the Texas Law Review, the Faculty Award by the University of Texas School of Law, Honorary Serjeant of the William "Mac" Taylor, Jr. American Inn of Court, the Morris Harrell Professionalism Award by the Dallas Bar Association and the Texas Center for Legal Ethics and Professionalism, and Jurist of the Year, Texas Chapter of ABOTA. In 2016, he was named one of the fifty Lions of the Texas Bar by the Texas Lawbook.

Judge Furgeson's wife Marcellene Malouf is a graduate of St. Mary's University School of Law and is Managing Trustee of the DII Asbestos Trust. Together, they have nine children and 14 grandchildren.

# ROYAL FURGESON
**FurgesonMalouf Law PLLC**
6125 Luther Lane, #439, Dallas, Texas 75225
214-934-7647 (c) • 972-692-5109 (f)
royal@furgesonlaw.com

---

**PERSONAL**
- Wife: Marcellene Malouf, Managing Trustee, DII Asbestos Trust, Dallas, TX
- Children: Kelly, Houston, Josh, Seth and Jill
- Stepchildren: Christina, Elizabeth, Katherine and Jonathan
- Grandchildren: Sergio, Lily, Eli, Sage, Jatin, Neela, Leela, Vishnu, Nightingale, Devon, Sean, Abdelhamid, Ibrahim and Yaseen

**EDUCATION**
- B.A. Degree, English, May 1964, Texas Tech University (Varsity Letter, Basketball, 1961-62; President, Student Government 1963-64)
- J.D. Degree with Honors, May 1967, University of Texas School of Law (Associate Editor, Texas Law Review)

**EMPLOYMENT**
- U.S. Army from 1967-69 (attained rank of Captain; served year in Vietnam)
- Clerk for Honorable Halbert O. Woodward, U. S. District Judge, Lubbock, Texas, 1969-70
- Shareholder, Law Firm of Kemp, Smith, Duncan & Hammond, El Paso, Texas, 1970-94
- U. S. District Judge, Western District of Texas, El Paso Division, March 11, 1994-March 1995; Midland/Odessa Division and Pecos Division, March 1995-March 2003; San Antonio Division, March 2003-November 2008
- Senior U. S. District Judge, Northern District of Texas, Dallas Division, December 2008-May 2013
- Dean, UNT Dallas College of Law, 2013-2018
- Partner, FurgesonMalouf Law PLLC, 2018-present

**AFFILIATIONS**
- Board Certified, Texas Board of Legal Specialization, Civil Trial Law, 1979-94
- American Law Institute, 1982-present
- American College of Trial Lawyers, 1987-present
- American Board of Trial Advocates, 1991-present
- American Bar Foundation, 1993-present.
- Texas Bar Foundation, 1981-present
- Dallas Bar Foundation, 2014-present
- Dallas Young Lawyers Foundation, 2015-present
- San Antonio Bar Foundation, 2008-present
- Philosophical Society of Texas, 2000-present
- Mac Taylor Inn of Court, Dallas, Texas, 2009-present

**COMMUNITY ACTIVITIES**
- El Paso County Child Welfare Board, Chair 1977-78
- National Conference of Christians and Jews, El Paso Chapter, President 1978
- El Paso United Way, General Campaign, Chair 1979, President 1981
- El Paso Cancer Treatment Center, President 1980
- Keep El Paso Beautiful Association, President 1988
- Dallas County Bail Bond Board, Member 2018-2020

**LEGAL ACTIVITIES**
- University of Texas Law Alumni Association, President 1978-79
- El Paso Bar Association, President 1983-84
- Texas Commission to Expand Legal Services, Member 2016-17

**JUDICIAL ACTIVITIES**
- Judicial Resources Committee of the Judicial Conference of the United States, Chair 2005-08
- Judicial Branch Committee of the Judicial Conference of the United States, 2011-13
- Federal Judges Association, President 2011-13
- Judicial Panel on Multidistrict Litigation, 2008-13

**RECOGNITION**
- Outstanding Young Lawyer of El Paso, 1973
- Faculty Award, University of Texas Law School, 1983
- Humanitarian Award, National Jewish Center for Immunology & Respiratory Medicine, 1988
- Hannah G. Solomon Award, El Paso Section, National Council of Jewish Women, 1991
- Community Service Award, University of Texas School of Law, 1991
- Honorary Degree, Cathedral High School, El Paso, Texas, 1994
- Outstanding Jurist Award, El Paso Bar Association, 1996
- Leon Green Award, Texas Law Review, University of Texas School of Law, 2001
- Nancy L. Garms Memorial Award, State Bar of Texas, 2003
- Spirit of Excellence Award, American Bar Association, Commission on Racial and Ethnic Diversity, 2004
- Judicial Appreciation Award, San Antonio Young Lawyers' Association, 2004
- Jurist of the Year, Texas Chapter of the American Board of Trial Advocates, 2004
- Distinguished Alumnus, Texas Tech Alumni Association, 2007
- West Texas Legal Legend, Texas Tech University School of Law, 2008
- Standing Ovation Award, Texas Bar CLE, 2009
- Distinguished Counselor Award, Antitrust and Business Litigation Section of the State Bar of Texas, 2010
- Luke Soules Award, Litigation Section of the State Bar of Texas, 2011
- Texas Legal Legend, Litigation Section of the State Bar of Texas, 2013
- Honorary Serjeant of Dallas/Fort-Worth, William "Mac" Taylor, Jr. American Inn of Court, January 2014
- Morris Harrell Professionalism Award, Dallas Bar Association and Texas Center for Legal Ethics, 2015
- Award of Excellence, Dallas Association of Young Lawyers Foundation, 2016
- Lions of the Texas Bar, Texas Lawbook, 2016
- Trailblazer Award, African American Lawyers Section of the State Bar of Texas, April 2018
- Champion of Justice Award, Women's Advocacy Awards, Legal Aid of Northwest Texas, May 2018
- Justinian Award, Dallas Bar Foundation, October 2021
- MLK Award, Dallas Bar Association and J.L. Turner Legal Association, January 2023