# EXHIBIT A
# SETTLEMENT AGREEMENT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION** | Case No. 3:24-cv-00757-E |
| | MDL DOCKET NO. 3:24-md-03114-E |
| *This Document Relates to All Cases* | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release[1] is entered into between Plaintiffs, on behalf of themselves and the Settlement Classes, on the one hand, and Defendants, on the other hand, as of the last date signed below. The Parties hereby agree to the following terms in full settlement of the Actions, subject to a Final Approval Order entered by the Court.

I.    **Recitals.**

      A.    **The Data Incidents.**

1.    On March 30, 2024, AT&T announced that AT&T-specific fields were contained in a data set released on the dark web.

2.    Following AT&T's announcement of the AT&T 1 Data Incident, lawsuits were filed against AT&T in state and federal courts across the country. The JPML consolidated the lawsuits in an MDL before Judge Ada E. Brown in the Northern District of Texas in June 2024. *See In re AT&T Inc. Customer Data Sec.*

---

[1] All capitalized terms herein shall have the same meanings as those ascribed to them in Section II below.

*Breach Litig.*, JPML No. 3114, ECF No. 139.

3.    On August 14, 2024, the Court appointed Lead Counsel, Plaintiff Executive Committee, and Plaintiff Steering Committee for the AT&T 1 Action and authorized them to litigate all pretrial proceedings and to conduct settlement negotiations on behalf of plaintiffs and absent putative class members that now comprise the AT&T 1 Settlement Class. (ECF No. 11.)

4.    Counsel for the AT&T 1 Action Plaintiffs engaged several experts to support their efforts in the AT&T 1 Action, conducted a detailed investigation of the factual and legal claims presented in the Consolidated Class Action Complaint, and interviewed hundreds of alleged victims in preparation for filing that complaint.

5.    On July 12, 2024, AT&T announced a separate data incident where certain limited data had been illegally downloaded from an AT&T workspace on a third-party cloud platform hosted by Snowflake.

6.    Following AT&T's announcement of the AT&T 2 Data Incident, lawsuits were filed against Snowflake and various Snowflake clients, including various AT&T entities.

7.    The lawsuits against Snowflake and Snowflake's clients (including AT&T) were consolidated in a hub-and-spoke MDL in the District of Montana and assigned to Judge Brian Morris on October 4, 2024. *See In re Snowflake Data Breach Litig.*, JPML No. 3126.

8.    On November 19, 2024, Judge Morris appointed Plaintiffs' Leadership Counsel consisting of Co-Lead Counsel and a Plaintiffs' Executive

Committee/Liaison Counsel and authorized them to litigate all pretrial proceedings and to conduct settlement negotiations on behalf of plaintiffs and absent putative class members that now comprise the AT&T 2 Settlement Class. (Snowflake ECF No. 248.)

9.      AT&T 2 Class Counsel engaged several experts to support their efforts in the AT&T 2 Action, conducted a detailed investigation of the factual and legal claims presented in the Representative Complaint and the Consolidated Class Action Complaint, and interviewed hundreds of alleged victims in preparation for filing the complaints.

10.     On May 19, 2025, plaintiffs in the Snowflake MDL filed a representative class complaint against several defendants, including AT&T. (Snowflake ECF No. (427)).

11.     On May 30, 2025, the parties in the AT&T 2 Action notified the Snowflake MDL Court of this global settlement and requested that the Snowflake MDL Court stay the action pending the approval of this Agreement. (Snowflake ECF No. (444)).

**B.      The Mediations and Exchange of Information.**

12.     In early December 2024, retired United States District Judge W. Royal Furgeson, Jr., the Special Master appointed to the AT&T 1 Action, asked AT&T 1 Class Counsel to consider the potential early resolution of the AT&T 1 Action. AT&T 1 Class Counsel agreed to pursue the resolution of the AT&T 1 Action.

13.     Likewise, in early December 2024, in light of AT&T 1 Class Counsel's

agreement to consider resolution of the AT&T 1 Action, AT&T's Counsel inquired with AT&T 2 Class Counsel whether they too would be interested in pursuing early resolution, including the AT&T 2 Action.

14.     All Parties subsequently agreed to separately mediate their disputes before an experienced data breach and complex case mediator, Robert Meyer (JAMS) in Los Angeles, California.

15.     In advance of the mediation, the Parties met individually with the mediator and separately exchanged confidential information concerning the nature and scope of the respective Data Incidents, including the number of people and data elements potentially implicated in the Data Incidents. The Parties exchanged detailed mediation briefs in their respective Actions outlining their positions with respect to liability, damages, class certification and settlement-related issues.

16.     The Parties separately mediated their disputes with Mr. Meyer at JAMS in Los Angeles from March 17-19, 2025. The mediation assisted the Parties in resolving their outstanding differences. With the assistance of the mediator, after three days of mediation and negotiations, the Parties reached separate agreements in principle to resolve the material terms of their disputes.

17.     Following mediation, the Parties engaged in additional confirmatory discovery.

18.     On May 30, 2025, the AT&T 1 Plaintiffs and AT&T 2 Plaintiffs filed the Consolidated Class Action Complaint against AT&T, asserting claims that arose out of the Data Incidents. The claims include:  Violation of the Communications Act,

Violations of the Satellite Home Viewer Extension And Reauthorization Act, Violation of the Cable Television Consumer Protection and Competition Act, Breach of Implied Contract, Negligence, Unjust Enrichment, and Declaratory and Injunctive Relief. (ECF No. 43.) The Settlement Classes Representatives are named in the Consolidated Class Action Complaint.

19.    The Parties recognize the expense and length of proceedings necessary to continue litigation of the Actions through further motion practice, discovery, trial, and any possible appeals.  The Parties have considered the uncertainty and risk of the outcome of further litigation, and the expense, difficulties, and delays inherent in such litigation. The Parties are also aware of the burdens of proof necessary to establish liability and damages for the claims alleged in the Actions and the defenses thereto. Based upon their investigation and discovery, as set forth above, the Parties have determined that the settlement set forth in this Agreement is in their respective best interests and that the Agreement is fair, reasonable, and adequate. The Parties have therefore agreed to settle the claims asserted in the Actions pursuant to the terms of this Agreement, subject to Court approval.

20.    The Parties now agree to settle the Actions entirely, without any admission of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. Defendants do not acknowledge, admit to, or concede any of the allegations in the Actions, and deny any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Actions.

21.    The Parties intend this Agreement to bind Plaintiffs, Defendants, and

all Settlement Class Members.

      **NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II. Definitions.

22.    "Actions" means the AT&T 1 Action and the AT&T 2 Action, collectively.

23.    "Account Owner" means a customer of record or account holder.

24.    "Agreement" or "Settlement" or "Settlement Agreement" means this agreement between the Plaintiffs and the Defendants along with all exhibits.

25.    "Application/s for Attorneys' Fees, Costs, and Service Awards" means the application or applications made with the Motion for Final Approval seeking Service Awards for Class Representatives and Class Counsel's attorneys' fees and costs, which shall be filed no later than 60 days before the Final Approval Hearing. Plaintiffs' Counsel will apply for Service Awards for Class Representatives, attorneys' fees, and reimbursement for costs out of the Settlement Funds.

26.    "AT&T" means Defendants and all their affiliated companies.

27.    "AT&T 1 Action" means the multidistrict litigation captioned *In re: AT&T, Inc. Customer Data Security Breach Litigation*, Case No. 3:24-cv-00757-E (N.D. Tex. March 30, 2024) (MDL No. 3114), and all actions consolidated therewith.

28.    "AT&T 1 Class Counsel" means Mark Lanier, Chris Seeger, Shauna Itri, Jean Martin, James Cecchi and Sean Modjarrad.

29.    "AT&T 1 Class List" means a list of all individuals in the AT&T 1

Settlement Class. AT&T shall prepare and provide the AT&T 1 Class List solely to the Settlement Administrator for Notice purposes using information in its records. The AT&T 1 Class List shall include, if available, AT&T 1 Settlement Class Members' names, email addresses, postal addresses, and telephone numbers.

30.    "AT&T 1 Data Elements" means AT&T 1 Settlement Class Members' information that may have been accessible in the AT&T 1 Data Incident and includes some combination of names, addresses, telephone numbers, email addresses, dates of birth, account passcodes, billing account numbers, and Social Security numbers.

31.    "AT&T 1 Data Incident" means the cybersecurity incident announced by AT&T on or about March 30, 2024.

32.    "AT&T 1 Defendants" means AT&T Inc., AT&T Mobility LLC, AT&T Corporation, and DIRECTV, LLC.

33.    "AT&T 1 Escrow Account" means the interest-bearing account to be established by the Settlement Administrator for the AT&T 1 Settlement Fund.

34.    "AT&T 1 Net Settlement Fund" means the amount of funds that remain in the AT&T 1 Settlement Fund after funds are paid from or allocated for payment from the AT&T 1 Settlement Fund for the following: (i) administrative expenses incurred pursuant to this Settlement Agreement, (ii) Service Awards approved by the Court, (iii) any amounts approved by the Court for Attorneys' Fees and Costs, and (iv) applicable taxes, if any.

35.    "AT&T 1 Notice" means Notice of the Settlement, which includes Email Notice, Postcard Notice, Publication Notice, and Long Form Notice, and are

7

substantially in the forms attached hereto as ***Exhibits 1, 3-6.*** that the Settlement Administrator shall provide to members of the AT&T 1 Settlement Class. The Notice also includes Reminder Notice.

36.    "AT&T 1 Plaintiffs" means Anthony Burris, Nella Citino, Jeffery Clark, Brandon Clawson, Michael Crain, Linda Dale, Brittany Ertola, Yajaira De La Espada, Brenda Friend, Bart Gillen, Brittany Hill, Kimberly Holestin, Ashley Jones, Kayla Lee, Charles Leonard, Craig Marsh, Sean Michael McLean, David Meyer, Justin Mitchum, Corrie Mueller, Trevor Nordell, Ja'Vondrick Orange, Tyrone L. Ross, Maria Angelica San Felipe, Azima Sharrieff, Iris Shiver, Paul Taylor, David Vita, and Jessica Wheeler.

37.    "AT&T 1 Settlement Class" means all living persons in the United States whose AT&T 1 Data Elements were included in the AT&T 1 Data Incident. Excluded from the AT&T 1 Settlement Class are (a) AT&T, any entity in which AT&T has a controlling interest, and AT&T's officers, directors, legal representatives, successors, subsidiaries, and assigns; (b) any judge, justice, or judicial officer presiding over this Action, and the members of their immediate families and judicial staff; (c) any persons who have Released Claims relating to the AT&T 1 Data Incident and/or the AT&T 1 Action prior to Final Approval; and (d) any persons who timely opt-out of the AT&T 1 Settlement Class.

38.    "AT&T 1 Settlement Class Member" means any member of the AT&T 1 Settlement Class.

39.    "AT&T 1 Settlement Fund" means the non-reversionary One Hundred

Forty-Nine Million United States Dollars ($149,000,000) all cash fund that AT&T has agreed to pay or cause to be paid to settle the claims arising from the AT&T 1 Data Incident.

40.    "AT&T 2 Action" means the MDL addressing the AT&T 2 Data Incident that was originally part of the pending Snowflake MDL, whether consolidated or coordinated.

41.    "AT&T 2 Class Counsel" means J. Devlan Geddes of Goetz, Geddes & Gardner P.C., John Heenan of Heenan & Cook, PLLC, Raph Graybill of Graybill Law Firm, PC, Jeff Ostrow of Kopelowitz Ostrow P.A., and Jason S. Rathod of Migliaccio & Rathod LLP.

42.    "AT&T 2 Class List" means a list of all individual Account Owners in the AT&T 2 Settlement Class. Defendants shall prepare and provide the AT&T 2 Class List solely to the Settlement Administrator for Notice purposes using information in its records. The AT&T 2 Class List shall include, if available, names, email addresses, postal addresses, and telephone numbers.

43.    "AT&T 2 Data Elements" means telephone numbers of current and former AT&T customers, including, but not limited to, Account Owners or Line or End Users, which may have been accessible in the AT&T 2 Data Incident, along with the telephone numbers with which those customers interacted, counts of those interactions, aggregate call durations for a day or month, and for a small subset of individuals, one or more cell site identification numbers associated with the interactions.

44.    "AT&T 2 Data Incident" means the cybersecurity incident announced

by AT&T on or about July 12, 2024.

45.     "AT&T 2 Defendants" means AT&T Inc., AT&T Mobility LLC, AT&T

Services, Inc., and Cricket Wireless LLC.

46.     "AT&T 2 Escrow Account" means the interest-bearing account to be

established by the Settlement Administrator for the AT&T 2 Settlement Fund.

47.     "AT&T 2 Net Settlement Fund" means the amount of funds that

remain in the AT&T 2 Settlement Fund after funds are paid from or allocated for

payment from the AT&T 2 Settlement Fund for the following: (i) Settlement

Administration Costs incurred pursuant to this Settlement Agreement, (ii) Service

Awards approved by the Court, (iii) any amounts approved by the Court for

Attorneys' Fees and Costs, and (iv) applicable taxes, if any.

48.     "AT&T 2 Notice" means Notice of the Settlement, which includes Email

Notice, Reminder Email Notice, Long Form Notice, and Publication Notice, and are

substantially in the forms attached hereto as ***Exhibits 2, 3, 5-6***, that the Settlement

Administrator shall provide to members of the AT&T 2 Settlement Class.

49.     "AT&T 2 Plaintiffs" means Latosha Austin, Gilbert Criswell, David

Hornthal, Traci Lively, Natasha McIntosh, Tim Scaman, and Debby Worley.

50.     "AT&T 2 Settlement Class" means AT&T Account Owners or Line or

End Users whose AT&T 2 Data Elements were involved in the AT&T 2 Data

Incident. Excluded from the AT&T 2 Settlement Class are (a) AT&T, any entity in

which AT&T has a controlling interest, and AT&T's officers, directors, legal

representatives, successors, subsidiaries, and assigns; (b) any judge, justice, or

judicial officer presiding over this Action, and the members of their immediate families and judicial staff; (c) any persons who have Released Claims relating to the AT&T 2 Data Incident and/or the AT&T 2 Action prior to Final Approval; and (d) any persons who timely opt-out of the AT&T 2 Settlement Class. For purposes of this definition, "AT&T" means AT&T Inc., and all of its affiliated companies.

51.    "AT&T 2 Settlement Class Member" means any member of the AT&T 2 Settlement Class.

52.    "AT&T 2 Settlement Fund" means the non-reversionary Twenty-Eight Million United States Dollars ($28,000,000) all cash payment that AT&T has agreed to pay or cause to be paid to settle the claims arising from the AT&T 2 Data Incident.

53.    "Cash Payment" means the cash compensation paid to Settlement Class Members who submitted Valid Claims that were approved for a Documented Loss Cash Payment and/or a Tier 1, 2, or 3 Cash Payment.

54.    "Claim" means the submission of a Claim Form by a Claimant.

55.    "Claimant" means an individual who submits a Claim Form.

56.    "Claim Deadline" means the deadline to mail, or submit a Claim Form via the Settlement Website and shall be 15 days before the initial date of the Final Approval Hearing.

57.    "Claim Form" or "Claim Forms" means the forms that Settlement Class Members will use to submit a Claim, substantially in the forms attached hereto as ***Exhibits 7-9***, which may be modified, subject to the Parties' approval, to

meet the requirements of the Settlement Administrator.

58.    "Claim Process" is the process by which Claimants may submit Claim Forms to the Settlement Administrator to elect Settlement Class Member Benefits.

59.    "Class Counsel" means: AT&T 1 Class Counsel and AT&T 2 Class Counsel, collectively.

60.    "Class Lists" means the AT&T 1 Class List, AT&T 2 Class List, and the Overlap Settlement Class List, collectively.

61.    "Class Representatives" means the Plaintiffs the Court appoints to represent either or both the Settlement Classes.

62.    "Complaint" or "Consolidated Class Action Complaint" means the Consolidated Class Action Complaint filed by the AT&T 1 Plaintiffs and the AT&T 2 Plaintiffs in this Action on May 30, 2025.

63.    "Court" means the United States District Court for the Northern District of Texas and the Honorable Ada Brown of the United States District Court for the Northern District of Texas.

64.    "Data Incidents" means the AT&T 1 Data Incident and the AT&T 2 Data Incident, collectively.

65.    "Day" or "days" mean calendar days; however, if any date or deadline referenced herein falls on a weekend or a holiday, the date or deadline shall be the previous business day.

66.    "Defendants" means the AT&T 1 Defendants and the AT&T 2 Defendants, collectively.

67.     "Defendants' Counsel" means Gilbert Keteltas, Tamara Baggett, Kyle Cutts, Lisa Ghannoum, Edward Jacobs, Kimberly Morris, and Elizabeth Scully of BakerHostetler LLP; Michael McTigue Jr. and Meredith Slawe of Skadden, Arps, Slate, Meagher & Flom LLP; and Mark Williams of Williams Law Firm.

68.     "Documented Loss Cash Payment" means the Settlement Class Member Benefit that Settlement Class Members who incurred documented losses may elect under Section V herein. AT&T 1 Settlement Class can seek Settlement Class Member Benefits for documented losses that occurred in 2019 or later. AT&T 2 Settlement Class can seek Settlement Class Member Benefits for documented losses that occurred on or after April 14, 2024.

69.     "Effective Date" means 10 days after the time for appeal of the Final Approval Order runs. If an appeal is filed, then the Effective Date shall be 30 days after the last appellate court ruling affirming the Final Approval Order or 30 days after the entry of a dismissal of the appeal when there is no remaining right to appeal.

70.     "Email Notice" means the email notices of the Settlement, substantially in the forms attached hereto as ***Exhibits 1-3***, that the Settlement Administrator shall disseminate, to the extent feasible, to the individuals on the AT&T 1 Class List, the AT&T 2 Class List, and to Overlap Settlement Class Members.

71.     "Escrow Accounts" means the AT&T 1 Escrow Account and the AT&T 2 Escrow Account, collectively.

72.    "Final Approval" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order.

73.    "Final Approval Hearing" means the hearing held before the Court during which the Court will consider granting Final Approval of the Settlement and the Application/s for Attorneys' Fees, Costs, and Service Awards. The Final Approval Hearing shall be scheduled no earlier than 160 days after the issuance of the Preliminary Approval Order.

74.    "Final Approval Order" means the final order that the Court enters granting Final Approval of the Settlement. The proposed Final Approval Order shall be substantially in a form attached hereto as ***Exhibit 11***.

75.    "JPML" means the Judicial Panel on Multidistrict Litigation.

76.    "Line User" or "End User" means any individual who is authorized to use one or more of the Account Owner's lines.

77.    "Long-Form Notice" means the long-form notice of the Settlement, substantially in the form attached hereto as ***Exhibit 6***, that shall be posted on the Settlement Website and, to the extent feasible, shall be available to Settlement Class Members by mail upon request made to the Settlement Administrator.

78.    "MDL" means multidistrict litigation.

79.    "Motion for Final Approval" means the motion that Plaintiffs and Class Counsel shall file with the Court no later than 60 days before the initial scheduled Final Approval Hearing seeking Final Approval of the Settlement and approval of Class Counsel's Application/s for Attorneys' Fees, Costs, and Service Awards.

80. "Motion for Preliminary Approval" means the motion that Plaintiffs and Class Counsel shall file with the Court seeking Preliminary Approval of the Settlement.

81. "Net Settlement Funds" means the AT&T 1 Net Settlement Fund and the AT&T 2 Net Settlement Fund, collectively.

82. "Notice" means the Notice that Plaintiffs and Class Counsel will ask the Court to approve in connection with the Motion for Preliminary Approval.

83. "Notice Date" means the later of (1) one day after the date by which all Email Notices and/or Postcard Notices have been initially emailed or mailed; or (2) one day after the date by which the Publication Notice campaign has been commenced, but no later than 45 days after the Preliminary Approval Order is entered.

84. "Notice of Deficiency" means the notice sent by the Settlement Administrator to a Settlement Class Member who has not submitted a Valid Claim.

85. "Notice Program" means the methods provided for in this Agreement for giving Notice of the Settlement (Email Notice, Reminder Email Notice, Postcard Notice, Long-Form Notice, and Publication Notice), along with the Settlement Website and Settlement telephone line.

86. "Opt-Out Deadline" and "Objection Deadline" means 45 days before the initial date of the Final Approval Hearing and shall be the last date on which Settlement Class Members may (a) mail requests for exclusion from the Settlement, or (b) file with the Court or postmark if by mail an objection to the Settlement.

87.    "Objection Period" means the period that begins on the Notice Date and ends on the Objection Deadline.

88.    "Opt-Out Period" means the period that begins on the Notice Date and ends on the Opt-Out Deadline.

89.    "Overlap Settlement Class List" means a list of all individuals who are in both the AT&T 1 Settlement Class and the AT&T 2 Settlement Class.  The Settlement Administrator shall prepare the Overlap Settlement Class List using information provided by AT&T. The Overlap Settlement Class List shall include, if available, individuals' names, email addresses, postal addresses, and telephone numbers.

90.    "Overlap Settlement Class Member" means any Settlement Class Member who is in both the AT&T 1 Settlement Class and AT&T 2 Settlement Class.

91.    "Party" means any party to this Settlement and "Parties" means Plaintiffs and Defendants, collectively.

92.    "Plaintiffs" means the AT&T 1 Plaintiffs and the AT&T 2 Plaintiffs, collectively.

93.    "Postcard Notice" or "Postcard Notices" means the postcard notices of the Settlement, substantially in the forms attached hereto as ***Exhibits 4-5***, that the Settlement Administrator shall disseminate, to the extent feasible, to those Settlement Class Members in the AT&T 1 Settlement Class whose Email Notice bounces back, is undeliverable, or for whom no email address exists within AT&T

16

records.

94.    "Preliminary Approval" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order.

95.    "Preliminary Approval Order" means the order preliminarily approving the Settlement and proposed Notice Program, substantially in the form attached hereto as ***Exhibit 10.***

96.    "Publication Notice" means the Settlement notice(s), that the Settlement Administrator shall digitally publish on the internet, and/or other medium recommended by the Settlement Administrator and agreed to by the Parties.

97.    "Releases" means the releases and waiver set forth in Section XVI of this Agreement.

98.    "Released Claims" means the claims described in Section XVI of this Agreement.

99.    "Released Parties" means Defendants, and each of their entire family of companies, including any current, former, and future: parents, subsidiaries, divisions, and affiliated companies, whether indirect or direct, as well as these entities' respective predecessors, successors, assigns, representatives, officers, agents, directors, employees, contractors, vendors, insurers, reinsurers, shareholders, advisors, consultants, attorneys, wholesalers, resellers, the distributors, service providers, and retailers; and Snowflake Inc., and its present and former parents, subsidiaries, divisions, departments, worldwide affiliates,

predecessors, successors and assigns, and any and all of their past, present, and future directors, officers, executives, officials, principals, stockholders, heirs, agents, insurers, reinsurers, members, attorneys, accountants, actuaries, fiduciaries, advisors, consultants, representatives, partners, joint venturers, licensees, licensors, independent contractors, subrogees, trustees, executors, administrators, clients, customers, data owners, associated third Parties, predecessors, successors and assigns. It is understood that if a Released Party is not a party to the Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement and may enforce the Agreement as if they were parties to the Agreement.

100.   "Releasing Parties" means (a) Plaintiffs, Class Representatives, and all Settlement Class Members,  (b) each of their respective heirs, personal representatives, executors, successors, predecessors, assigns, beneficiaries, affiliates, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, attorneys, (c) any other person or entity (including any governmental entity) to the extent they claim by or through, on behalf of, for the benefit of, derivatively for, or as representative of a Plaintiff and/or any other Settlement Class Member, and all those who claim through them or on their behalf, and (d) the respective past and present directors, governors, executive-committee members, officers, officials, employees, members, partners, principals, agents, attorneys, advisors, trustees, administrators, fiduciaries, consultants, service providers, representatives, successors in interest, assigns, beneficiaries, heirs,

executors, accountants, accounting advisors, and auditors of any or all of the above persons or entities identified in (a)-(c).

101.    "Reminder Email Notices" means the email notice(s) of the Settlement that the Settlement Administrator shall disseminate, to the extent feasible, to the individuals on the AT&T 1 Class List, the AT&T 2 Class List, and to Overlap Settlement Class Members who have not filed Claims, 20 days prior the Claim Filing Deadline.

102.    "Service Award" means the payment the Court may award the Plaintiffs appointed by the Court as Class Representatives for serving on behalf of the Settlement Classes.

103.    "Settlement Administrator" means Kroll Settlement Administration LLC or "Kroll."

104.    "Settlement Administration Costs" means all reasonable costs and expenses, including CAFA Notice, of or incurred by the Settlement Administrator in carrying out its duties under this Agreement which shall be allocated based on respective costs between the AT&T 1 Escrow Fund and AT&T 2 Escrow Fund.

105.    "Settlement Classes" means the AT&T 1 Settlement Class and AT&T 2 Settlement Class, collectively.

106.    "Settlement Class Member" means any member of the Settlement Classes who has not opted out of the Settlement.

107.    "Settlement Class Member Benefit" means the Cash Payments available to Settlement Class Members under the Settlement.

108. "Settlement Funds" means the AT&T 1 Settlement Fund and the AT&T 2 Settlement Fund, collectively.

109. "Settlement Website" means the website the Settlement Administrator will establish as a means for the Settlement Class Members to submit Claim Forms and obtain notice and information about the Settlement, including hyperlinked access to the Consolidated Class Action Complaint, the Agreement, Motion for Preliminary Approval, Preliminary Approval Order, Long-Form Notice, Claim Form, Motion for Final Approval, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The Settlement Website and URL may not include any of Defendants' logos or trademarks. The Settlement Website shall remain online and operable for 90 days after the Effective Date and shall be operational, along with the Settlement telephone line, no later than one day before the commencement of Notice.

110. "Snowflake MDL" means the MDL styled: *In re Snowflake Data Breach Litig.*, JPML No. 3126, pending in the District of Montana.

111. "Tier 1 Cash Payment" means the Settlement Class Member Benefit consisting of a *pro rata* share of the AT&T 1 Net Settlement Fund that Tier 1 Settlement Class Members may elect under Section V herein.

112. "Tier 1 Settlement Class Member" means an AT&T 1 Settlement Class Member who had their Social Security number exposed in the AT&T 1 Data Incident and who is eligible to make a Claim for a Tier 1 Cash Payment.

113. "Tier 2 Cash Payment" means the Settlement Class Member Benefit

consisting of a *pro rata* share of the AT&T 1 Net Settlement Fund that Tier 2

Settlement Class Members may elect under Section V herein.

114. "Tier 2 Settlement Class Member" means an AT&T 1 Settlement Class

Member who had information to the exclusion of their Social Security number

exposed in the AT&T 1 Data Incident, who is not also a Tier 1 Settlement Class

Member, and who is eligible to make a Claim for a Tier 2 Cash Payment.

115. "Tier 3 Cash Payment" means the Settlement Class Member Benefit

consisting of a *pro rata* share of the AT&T 2 Net Settlement Fund that Tier 3 Settlement

Class Members may elect under Section V herein.

116. "Tier 3 Settlement Class Member" means an Account Owner in the

AT&T 2 Settlement Class who had information involved in the AT&T 2 Data

Incident who is eligible to make a Claim for a Tier 3 Cash Payment.

117. "Valid Claim" means a Claim Form submitted by a Settlement Class

Member that is: (a) submitted in accordance with the provisions of the Settlement;

(b) accurately, fully, and truthfully completed and executed, with all of the

information requested in the Claim Form, by a Settlement Class Member; (c) signed

physically or by e-signature by a Settlement Class Member personally, subject to

the penalty of perjury; (d) returned via mail postmarked by the Claim Deadline, or,

if submitted online, submitted by 11:59 p.m. Central Time on the Claim Deadline;

and (e) determined to be valid by the Settlement Administrator. The Settlement

Administrator may require additional information from the Claimant to validate

the Claim, including, but not limited to, answers related to questions regarding the

validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency will result in a determination that the Claim is not a Valid Claim.

## III.    Settlement Fund and Escrow

118.    Within 15 days of Preliminary Approval, AT&T shall cause to be funded the initial portion of the AT&T 1 Escrow Account and the AT&T 2 Escrow Account sufficient to cover the Settlement Administrator's estimated Settlement Administration Costs related to administering the respective actions.

119.    Within 15 days of the Effective Date, AT&T shall fund or cause to be funded the remaining amount of the Settlement Funds in the amount of the AT&T 1 Settlement Fund plus the AT&T 2 Settlement Fund, less the initial portion described in the preceding paragraph.

120.    All funds held in the Escrow Accounts shall be deemed to be in the custody of the Court until such time as the funds shall be disbursed pursuant to this Agreement or further order of the Court.

121.    No amounts may be withdrawn from the Escrow Accounts unless (i) authorized by this Agreement; or (ii) otherwise approved by the Court.

122.    Defendants shall not be required to pay any more money or provide or fund any additional benefits to Settlement Class Members under this Settlement. The payment of the Settlement Funds by AT&T fully discharges the Defendants and the other Released Parties' financial obligations (if any) in connection with the Settlement. In no event shall the total monetary obligation with respect to this

Settlement on behalf of Defendants exceed the total of the Settlement Funds.

123.    The Settlement Funds shall be used to pay: (1) Settlement Class Member Benefits to those Settlement Class Members who submit Valid Claims; (2) any Service Awards awarded to Class Representatives; (3) any attorneys' fees and costs awarded by the Court to Class Counsel; and (4) all reasonable Settlement Administration Costs.

124.    The funds in the Escrow Accounts shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg.§ 1.468B-l at all times from the creation of the Escrow Accounts.  All interest earned on the funds shall be for the benefit of the Settlement Classes. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Accounts or otherwise, including any taxes or tax detriments that may be imposed on Defendants, Defendants' Counsel, Plaintiffs, and/or Class Counsel with respect to income earned by the Escrow Accounts, for any period during which the Escrow Accounts do not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Accounts. Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the taxes. The escrow agent shall indemnify and hold Defendants, Defendants' Counsel, Plaintiffs, and Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

## IV.    Certification of the Settlement Classes.

125.    Plaintiffs shall propose and recommend to the Court that the Settlement Classes be certified for Settlement purposes only under Rule 23(b)(3). Defendants agree solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that these Actions shall proceed as a class action settlement; provided however, that if a Final Approval Order is not issued or is reversed on appeal, then any certification shall be null and void and, for the avoidance of doubt, Defendants shall retain all rights to object to and oppose any future requests to certify a class.

126.    Plaintiffs and Class Counsel shall not reference this Agreement or any negotiations leading to this Agreement in support of any subsequent motion for class certification of any class in the Actions.

## V.    Settlement Consideration.

127.    All Settlement Class Members are eligible to submit a Claim for a Documented Loss Cash Payment. Alternatively, Tier 1 Settlement Class Members may submit a Claim for a Tier 1 Cash Payment, Tier 2 Settlement Class Members for a Tier 2 Cash Payment, and Tier 3 Settlement Class Members for a Tier 3 Cash Payment. If a Settlement Class Member does not submit a Valid Claim, the Settlement Class Member will release his or her claims against Defendants without receiving a Settlement Class Member Benefit. All Cash Payments, Settlement Administration Costs, Court-approved Attorneys' Fees and Costs, Court approved Service Awards, and Taxes as approved by the Court shall be deducted from the respective Settlement Funds. Specifically, Cash Payments, Settlement

Administrative Costs, Court approved attorneys' fees and costs, Court-approved Service Awards, and taxes associated with the AT&T 1 Data Incident shall be deducted from the AT&T 1 Settlement Fund, and Cash Payments, Settlement Administrative Costs, Court approved Attorneys' Fees and costs, Court approved Service Awards, and taxes associated with the AT&T 2 Data Incident shall be deducted from the AT&T 2 Settlement Fund.

### A.     Documented Loss Cash Payment

128.    All AT&T 1 Settlement Class Members may submit a Claim for a Documented Loss Cash Payment of up to $5,000.00 per AT&T 1 Settlement Class Member upon presentation of documented losses fairly traceable to the AT&T 1 Data Incident.

129.    All AT&T 2 Settlement Class Members are entitled to submit a Claim for a Documented Loss Cash Payment of up to $2,500.00 per Settlement Class Member upon presentation of documented losses fairly traceable to the AT&T 2 Data Incident. Account Owners are permitted to submit Claims for themselves and on behalf of any of their Line or End Users.

130.    If an Overlap Settlement Class Member is eligible for a Documented Loss Cash Payment for the AT&T 1 Data Incident and a Documented Loss Cash Payment for the AT&T 2 Data Incident, the documentation for each Documented Loss Cash Payment must be unique; a Settlement Class Member may only use information supporting a Documented Loss Cash Payment once.

131.    To receive a Documented Loss Cash Payment, claiming Settlement

Class Members must elect Documented Loss Cash Payment on the Claim Form attesting under penalty of perjury to incurring documented losses. Claiming Settlement Class Members will be required to submit reasonable documentation supporting the losses. Such losses must have been incurred on or after the date of the applicable Data Incident through the date of Claim submission and incurred as a result of the applicable Data Incident. Strict scrutiny will be applied by the Settlement Administrator in reviewing the validity of the Claims and, if necessary, counsel for the Parties, in determining the validity of these Claims. Reasonable documentation can include receipts or other documentation not self-prepared by the Claimant that documents the costs incurred. Self-prepared documents such as handwritten receipts, accountings, statements, declarations, and/or affidavits prepared by the Settlement Class Member are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or to support other submitted documentation. If a Settlement Class Member does not submit reasonable documentation supporting a loss, or if their Claim for a Documented Loss Cash Payment is rejected by the Settlement Administrator for any reason, and the Settlement Class Member fails to cure his or her Claim for a Documented Loss Cash Payment as set out in Section XII, the Claim will be considered a Claim for an alternative tiered cash payment under Section VB.

### B. Alternative Tiered Cash Payments.

#### 1. Tier 1 Cash Payment.

132. As an alternative to a Documented Loss Cash Payment, Tier 1

Settlement Class Members may instead elect to receive a Tier 1 Cash Payment. Tier 1 Cash Payments shall be five times the amount of a Tier 2 Cash Payment.

### 2.    Tier 2 Cash Payment.

133.    As an alternative to a Documented Loss Cash Payment, Tier 2 Settlement Class Members may instead elect to receive a Tier 2 Cash Payment.

### 3.    Tier 3 Cash Payment.

134.    As an alternative to a Documented Loss Cash Payment, Tier 3 Settlement Class Members may instead elect to receive a Tier 3 Cash Payment.

### C.    *Pro Rata* Distribution of Payments.

135.    Cash Payments will be based on *pro rata* distributions from the applicable Net Settlement Fund.

136.    For purposes of calculating the *pro rata* increase or decrease for the AT&T 1 Documented Loss Cash Payment for Valid Claims, if the aggregate amount of all approved AT&T 1 Documented Loss Cash Payments exceeds Twenty Five Million Dollars and No Cents ($25,000,000.00), then the value of the Documented Loss Cash Payment to be paid to each AT&T 1 Settlement Class Member shall be reduced, on a *pro rata* basis, such that the aggregate value of all Documented Loss Cash Payments equals Twenty Five Million Dollars and No Cents ($25,000,000.00). All such determinations shall be performed by the Settlement Administrator.

137.    The Settlement Administrator will first pay approved Claims for Documented Loss Payments related to the respective Actions out of each respective Net Settlement Fund. Thereafter, the amount of the Net Settlement Funds

remaining after all Documented Loss Payments are applied (up to $25,000,000 for AT&T 1) shall be distributed by the Settlement Administrator on a *pro rata* basis. AT&T 2 Settlement Class Members who submit a Valid Claim will receive a *pro rata* distribution from the AT&T 2 Net Settlement Fund. AT&T 1 Settlement Class Members who submit a Valid Claim will receive a pro rata distribution from the AT&T 1 Net Settlement Fund. AT&T 1 Tier 1 Settlement Class Members who submit a Valid Claim shall receive five times more than AT&T 1 Tier 2 Settlement Class Members out of the AT&T 1 Settlement Fund.

### D.    Security Attestation

138.    AT&T has undertaken or will undertake specific, reasonable steps to further secure customer information. Within 30 days of Preliminary Approval, AT&T will provide Plaintiffs with a confidential written attestation outlining those steps.

## VI.    Settlement Approval.

139.    Upon execution of this Agreement by all Parties and Class Counsel, Plaintiffs shall file an unopposed Motion for Preliminary Approval, after review by Defendants.

140.    The Motion for Preliminary Approval shall, among other things, request the Court enter the Preliminary Approval Order, which will, at a minimum: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Classes for settlement purposes only; (3) appoint Class Counsel to represent the Settlement

Classes and Plaintiffs as Class Representatives; (4) approve the form and content of the Notices of the Settlement and Notice Program; (5) approve the form and content of the Claim Form and Claim Process; (6) approve the procedures for individuals in the Settlement Classes to opt-out of or object to the Settlement; (7) stay the Actions and enjoin any related actions, whether in court or in arbitration, pending Final Approval of the Settlement; and (8) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel, and Defendants' Counsel.

## VII.   CAFA Notice.

141.   Settlement Administrator shall provide notice of the Settlement to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715(b).

## VIII.   Duties of the Settlement Administrator.

142.   The Parties agree that, subject to Court approval, Kroll shall be the Settlement Administrator. The Settlement Administrator shall fulfill the requirements in this Agreement and as set forth in the Preliminary Approval Order and comply with all applicable laws.

143.   The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claim Process, administering the Settlement Funds, and distributing Settlement Class Member Benefits to Settlement Class Members who submit Valid Claims.

144.    AT&T will cooperate with the Settlement Administrator by providing the Class Lists within 10 days of entry of the Preliminary Approval Order, which lists shall include reasonable data in AT&T's possession, custody, or control requested by the Settlement Administrator to enable the Settlement Administrator to identify Settlement Class Members and provide notice to them and otherwise administer any approved Settlement. The Settlement Administrator's work shall be completed under the direction of the Parties and as ordered by the Court.

145.    The Settlement Administrator's duties include:

a.    Completing the Court-approved Notice Program by noticing the Settlement Classes by Email Notice, Reminder Email Notice, and/or Postcard Notice, Publication Notice, and sending Long-Form Notices and paper Claim Forms upon request from individuals in the Settlement Classes, reviewing Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, sending Settlement Class Member Benefits to Settlement Class Members who submit Valid Claims, and paying any Court-approved attorneys' fees, costs, and Service Awards;

b.    Establishing and maintaining the Settlement Funds in the Escrow Accounts;

c.    Establishing and maintaining a post office box to receive opt-out requests from the Settlement Classes and objections from Settlement Class Members, and Claim Forms;

d.    Establishing and maintaining the Settlement Website to provide

30

important information about the Settlement and electronic submission of Claim Forms;

    e.    Establishing and maintaining an automated toll-free telephone line for the Settlement Class Members to call with Settlement-related inquiries, and answer frequently asked questions of those who call with or otherwise communicate such inquiries;

    f.    Responding to any mailed Settlement Class Member inquiries;

    g.    Processing all opt-out requests from the Settlement Classes;

    h.    Providing weekly reports to Class Counsel and Defendants' Counsel that summarize the number of Email Notices and Postcard Notices sent, Claims submitted broken down by AT&T 1 Action and AT&T 2 Action, the types of Claims broken down by Claims approved and rejected, Notices of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

    i.    Within five days after the Opt-Out Deadline, providing a final report to the Parties' Counsel summarizing the number of written requests for exclusion (i.e., requests to opt-out) and any other information requested by the Parties' Counsel that may be disclosed under the terms of this Agreement;

    j.    Within five days after the Claim Deadline, providing a final report to the Parties' Counsel summarizing the number of Claims, and a breakdown of the Claims, and any other information requested by the Parties' Counsel that may be disclosed under the terms of this Agreement;

k.    In advance of the Final Approval Hearing, preparing a declaration confirming the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, providing the names of each individual in the Settlement Classes who timely and properly requested to opt-out from the Settlement Classes, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

l.    Distributing, out of the Settlement Funds, Cash Payments by electronic means or by paper check;

m.    Paying Court-approved attorneys' fees, costs, and Service Awards out of the Settlement Funds;

n.    Paying Settlement Administration Costs, including any required taxes, out of the Settlement Funds following approval by Class Counsel;

o.    The Settlement Administrator shall use reasonable and customary fraud-prevention mechanisms to prevent (i) approval of Claim Forms by persons other than potential Class Members, (ii) approval of more than one Claim Form per person, and (iii) approval of Claim Forms seeking amounts to which the claimant is not entitled; and

p.    Any other administration function at the instruction of Class Counsel and Defendants' Counsel, including, but not limited to, verifying that the Settlement Funds have been properly administered and that the Cash Payments have been

properly distributed.

146.    Only the Settlement Administrator will be given access to or have authority to access or discover the Class Lists, and the identities of, and any personal information related to, the Settlement Classes. Class Counsel shall not be given access to or have authority to access or discover the identities of, and any personal information related to, the Settlement Classes except if Class Counsel reasonably believes (as necessary to fulfill Class Counsels' duties and obligations to the Settlement Class Members) they need a specific Settlement Class Member's personal information because that person has objected to the Settlement or made a specific inquiry that requires a response, then only such individual Settlement Class Member's personal information may be disclosed to Class Counsel, with contemporaneous notice to Defendants' Counsel, provided such information is kept in strict confidence and is not used for any purpose other than in connection with the Settlement. All counsel will have the right to regular reporting from the Settlement Administrator as described herein. If a Settlement Class Member contacts the Settlement Administrator with a question the Settlement Administrator cannot answer, such Settlement Class Member will be directed to Class Counsel.

147.    The Notice Program and Notice will be reviewed and approved by the Settlement Administrator. The Notice may be revised if agreed upon by the Parties prior to submission to the Court for approval. Non-substantive revisions to the Notice may also be made by the Parties and without Court approval prior to

dissemination of Notice.

## IX.    Notice to the Settlement Classes.

148.    AT&T will provide to the Settlement Administrator only the Class Lists no later than 10 days after entry of the Preliminary Approval Order.

149.    Within 45 days following entry of the Preliminary Approval Order, the Settlement Administrator shall commence the Notice Program, including sending Email Notice to Settlement Class Members.

150.    20 days before the Claim Deadline, a Reminder Email Notice shall be sent to Settlement Class Members who have not submitted a Claim as of that date.

151.    The Settlement Administrator shall perform reasonable physical address traces for those Email Notices sent to AT&T 1 Settlement Class Members that experience a hard bounce-back or are otherwise identified as undeliverable, incorrect, or are nonfunctional addresses. Those Settlement Class Members whose physical addresses were identified will be sent a Postcard Notice within a reasonable time to the extent feasible.

152.    Publication Notice will begin within 45 days of Preliminary Approval on the internet, and/or other medium suggested by the Settlement Administrator and agreed to by the Parties. The Publication Notice will direct prospective Claimants to the Settlement Website for more information or to file a Claim.

153.    Notice shall include, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Deadline; the last day of the Opt-Out Period for individuals in the Settlement Classes to opt-

out of the Settlement Classes; the last day of the Objection Period for Settlement
Class Members to object to the Settlement and/or the Application/s for Attorneys'
Fees, Costs, and Service Awards; the Final Approval Hearing date; and the
Settlement Website address at which Settlement Class Members may access this
Agreement and other related documents and information. Class Counsel and
Defendants' Counsel shall insert the correct dates and deadlines in the Notice
before the Notice Program commences, based upon those dates and deadlines set by
the Court in the Preliminary Approval Order. If the date or time for the Final
Approval Hearing changes, the Settlement Administrator shall update the
Settlement Website to reflect the new date. No additional notice to the Settlement
Classes is required if the date or time for the Final Approval Hearing changes other
than an update to the Settlement Website.

154.    Upon approval of the Parties as to substance of the Settlement
Website, the Settlement Administrator shall establish the Settlement Website no
later than the day before Notice is first initiated. The Settlement Administrator
shall ensure the Settlement Website makes available the Court-approved online
Claim Form that can be submitted directly on the Settlement Website (including
using an electronic signature service), or in printable version that can be sent by
U.S. Mail to the Settlement Administrator.

**X.    Opt-Outs**.

155.    The Long-Form Notice also shall include a procedure for individuals in
the Settlement Classes to opt-out of the Settlement; and the Email Notice and

Reminder Email Notice shall direct individuals in the Settlement Classes to review the Long-Form Notice to obtain the opt-out instructions.

156.    Individuals in the Settlement Classes may opt-out of the Settlement Classes at any time during the Opt-Out Period by mailing a written letter requesting exclusion from the Settlement to the Settlement Administrator and Class Counsel, submitted or postmarked on or before the end of the Opt-Out Period.

157.    The letter requesting exclusion must contain (a) the Settlement Class Member's full legal name; (b) the Settlement Class Member's address, all telephone number(s) involved in AT&T 1 Data Incident or AT&T 2 Data Incident, and current telephone number, and email address; (c) the identity of the Settlement Class Member's counsel, if represented; (d) a handwritten "wet" signature of the Settlement Class Member; (e) the name and number of the case; (f) if the individual is a former AT&T customer the Settlement Class Member's AT&T account number(s) or an attestation that the former customer is unable to obtain their AT&T account number(s); and (g) a statement clearly indicating the individual wishes to be excluded from the Settlement Class for the purposes of the Settlement. Requests for exclusion furthermore must be made on an individual basis and request exclusion only for that one individual whose personal signature appears on the request; "mass," "class," or other purported group opt-outs, or opt-outs signed by counsel, are not permitted and are not effective. Any individual in the Settlement Classes who does not timely and validly request to opt out shall be bound by the terms of this Agreement even if he or she does not submit a Valid Claim, and even if

he or she has pending, or subsequently initiates, litigation, arbitration, or any other proceeding against Defendants relating to the Released Claims. Individuals in the Settlement Classes who timely and validly opt out of the Settlement do not release their individual claims and will not obtain any benefits under the Settlement.

## XI.    **Objections**.

158.    The Long-Form Notice also shall include a procedure for Settlement Class Members to object to the Settlement and/or Application/s for Attorneys' Fees, Costs, and Service Awards, and the Email Notice shall direct the Settlement Class Members to review the Long-Form Notice to obtain the objection instructions. Objections must be mailed to the clerk of the Court, to Class Counsel, Defendants' Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the last day of the Objection Period, as specified in the Notice. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label. Any Settlement Class Member who does not make their objections in the manner and by the date set forth in this Agreement shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

159.    For an objection to be considered by the Court, the objection must also set forth:

a.      the objector's full name, mailing address, all AT&T telephone number(s), current telephone number; and for former AT&T customers all AT&T account number(s), and email address (if any) or an attestation that the former customer is unable to obtain their AT&T account number(s) or email address (if any);

b.      all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c.      the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

d.      the identity of all counsel who represent the objector, including (1) any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; (2) a description of the counsel's legal background and prior experience in connection with class action litigation; (3) a statement regarding whether fees to be sought will be calculated on the basis of a lodestar, contingency, or other method; (4) an estimate of the amount of fees to be sought; (5) the factual and legal justification for any fees to be sought; (6) the number of hours

already spent by the counsel; and (7) an estimate of the hours to be spent in the future; and the attorney's hourly rate.

    e.    the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

    f.    the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

    g.    four dates between the deadline for objections and a date two weeks before the Final Approval Hearing, during which the objector is available to be deposed by counsel for the Parties;

    h.    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

    i.    a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

    j.    the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendants' Counsel may conduct limited discovery on any objector or objector's counsel, including taking depositions.

    160.    Settlement Class Members have the right to opt-out of or object to the

39

Settlement, but not both. Opting-out from or objecting to the Settlement are mutually exclusive options. Any Settlement Class Member who elects to opt-out may not also object to the Settlement. Any Settlement Class Member who elects to object may not also opt-out of the Settlement. If a Settlement Class Member submits both an objection and an opt-out request, the Settlement Administrator shall notify the Settlement Class Member that they can only elect one of those options, and must inform the Settlement Administrator of their decision. If the Settlement Class Member does not thereafter take corrective action within 10 days, the submission shall be invalid.

161.    The Notice Program shall be completed no later than 45 days before the original date set for the Final Approval Hearing.

162.    If the Notice Program is not approved or is modified in a material way by the Court, Defendants shall have the right to unilaterally terminate the Settlement.

## XII.    Claim Process and Disbursement of Cash Payments.

163.    The Notice will explain to the Settlement Class Members that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

164.    Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

165.    The Settlement Administrator shall collect, review, and address each

Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

166.     The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate Claims. No Settlement Class Member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member. The Settlement Administrator shall use its best efforts to determine whether there is any duplication of Claims, and if there is, contact the Settlement Class Member in an effort to determine which Claim Form is the appropriate one for consideration.

167.     The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim Process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of Claims, including, but not limited to, denying in whole or in part any Claim to

prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

168.    Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Claimant or Settlement Class Member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, and is not determined to be duplicate or fraudulent, the Settlement Administrator shall send a Notice of Deficiency within a reasonable time explaining what information is missing or inaccurate and needed to validate the Claim and have it submitted for consideration. The Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the Claimant's physical or e-signature. A Claimant shall have until the Claim Deadline, or 20 days from the date the Notice of Deficiency is sent to the Claimant via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. The Settlement Administrator shall exercise reasonable discretion to determine whether the Claimant has cured the deficient Claim. If the Claimant timely and adequately provides the requested information and/or documentation,

the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Claimant does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless Defendants and Class Counsel otherwise agree. The Settlement Administrator shall provide a report of all deficiency notices to Class Counsel and Defendants' Counsel upon request.

169.    Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

a.    Failure to fully complete and/or sign the Claim Form;

b.    Illegible Claim Form;

c.    The Claim Form is fraudulent;

d.    The Claim Form is duplicative of another Claim Form;

e.    The Claimant is not a Settlement Class Member;

f.    The Claimant submitted a timely and valid request to opt-out of the  Settlement after first notifying the Claimant of the disparity and asking them to elect to opt in or opt out of the Settlement;

g.    The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

h.    Failure to submit a Claim Form by the Claim Deadline; and/or

i.    The Claim Form otherwise does not comply with the requirements of this Settlement.

170.    The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

a.    The Settlement Administrator shall have 60 days from the Claim Deadline to approve or reject Claims based on findings of fraud or duplication.

b.    A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this paragraph.

c.    If a Claim is rejected for fraud, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. The Settlement Administrator shall provide a report of all such notifications to Class Counsel and Defendants' Counsel upon request.

d.    The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

171.    The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by respective Class Counsel or Defendants' Counsel.

172.    No person or entity shall have any claim against Defendants, Defendants' Counsel, Plaintiffs, the Settlement Classes, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

173.    The Settlement Administrator shall distribute the Settlement Class Member Benefits out of the respective Settlement Funds no later than 60 days after the Effective Date.

174.    Cash Payments to Settlement Class Members will be made electronically (i.e., Venmo, or direct deposit), or by paper check. Settlement Class Members who do not elect electronic payments on the Claim Form, or who provide incorrect or incomplete electronic payment information shall receive a paper check in the mail. Settlement Class Members receiving payment by check shall have 180 days to negotiate the check.

175.    Any information relating to Settlement Class Members provided pursuant to this Agreement shall be provided solely for the purpose of providing Notice to the Settlement Class Members (as set forth herein) and allowing them to recover under this Agreement; shall be kept in strict confidence by the Parties, their counsel, and the Settlement Administrator; shall not be disclosed to any third party; shall not be used for marketing or solicitation purposes; shall be destroyed after all distributions to Settlement Class Members have been made; and shall not be used for any other purpose.

**XIII.  Final Approval Order and Final Judgment.**

176.    Plaintiffs shall file their Motion for Final Approval of the Settlement inclusive of their Application/s for Attorneys' Fees, Costs, and Service Awards, and response to objections, no later than 60 days before the initial scheduled Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on

Plaintiffs' Motion for Final Approval of the Settlement and Application/s for Attorneys' Fees, Costs, and Service Awards. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application/s for Attorneys' Fees, Costs, and Service Awards, provided the objector(s) submitted timely objections that meet all the requirements listed in the Agreement.

177.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Application/s for Attorneys' Fees, Costs, and Service Awards. Such Final Approval Order shall, among other things:

a.    Determine that the Settlement is fair, adequate, and reasonable;

b.    Finally certify the Settlement Classes for settlement purposes only;

c.    Affirm the interim and/or conditional appointments of Class Representatives and Class Counsel;

d.    Determine that the Notice Program satisfies due process requirements;

e.    Bar and enjoin all Releasing Parties from asserting any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; bar and enjoin all Releasing Parties from pursuing any Released Claims against Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement

46

of the Court's injunctions;

f.  Release Defendants and the Released Parties from the Released Claims; and

g.  Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XIV.  Attorneys' Fees, Costs, and Service Awards.

178.  AT&T 1 Class Counsel and AT&T 2 Class Counsel shall apply, separately or jointly (upon agreement by Class Counsel), to the Court for an award of attorneys' fees expressed as a percentage of the total value conferred by the Settlement on the Settlement Classes of up to one-third of their respective action's Settlement Funds, plus reimbursement of costs incurred in prosecuting and settling the Actions. The attorneys' fees and cost awards approved by the Court shall be paid within 15 days of the Effective Date by the Settlement Administrator out of their respective Action's Settlement Fund by wire transfer to accounts designated by AT&T 1 Class Counsel and AT&T 2 Class Counsel respectively.

179.  Class Counsel shall apply to the Court for Service Awards for the Class Representatives not to exceed One Thousand Five Hundred United States Dollars ($1,500) per individual. The Service Awards approved by the Court shall be paid out of the respective Action's Settlement Fund within 15 days of the Effective Date by the Settlement Administrator by wire transfer to accounts designated by AT&T 1

Class Counsel for AT&T 1 Settlement Class Representatives and AT&T 2 Class Counsel for AT&T 2 Settlement Class Representatives.

180.    This Settlement is not contingent on the Court's approval of the respective Class Counsel's Application/s for Attorneys' Fees, Costs, and Service Awards and if the Court denies the request or grants amounts other than what was requested, the remaining provisions of the Agreement shall remain in force. The provisions for attorneys' fees and costs were not negotiated until after all material terms of the Settlement, and there is no agreement that Defendants will not oppose either request. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Service Awards, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

181.    Class Counsel shall separately be responsible for opposing any request by any Settlement Class Member or any other attorney for compensation or any objection to the Settlement, unless otherwise agreed to by the Parties.

## XV.    Disposition of Residual Funds.

182.    The Settlement is designed to exhaust the Settlement Funds. In the event there are funds remaining in the Settlement Funds, including from uncashed checks, within 45 days following the 180-day check negotiation period, and further distribution to the Settlement Class Members is not economically feasible, the Parties will confer regarding the appropriate distribution to be presented to the Court for approval. Under no circumstances shall any amount of the Settlement Funds revert back to Defendants.

## XVI. Releases.

183.    As of the Effective Date, in exchange for the benefits under the Settlement, the Releasing Parties fully and forever waive, release, extinguish, and discharge the Released Parties from any and all claims, defenses, demands, causes of action, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damage for contempt, injunctive or declaratory relief, recission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or unknown claim, suspected or unsuspected, existing or potential, asserted or unasserted, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Incidents, including any theories of recovery that were, or could have been, raised at any point in the Actions ("Released Claims"). Plaintiffs and Settlement Class Members covenant and agree they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Released Claim, directly or indirectly, whether on behalf of themselves or others, against any of the Released Parties in any jurisdiction and/or venue.

184.    With respect to the Released Claims, Plaintiffs and Settlement Class Members understand and acknowledge it is possible that unknown economic losses or claims exist or that present losses may have been underestimated in amount or

severity. Plaintiffs and Settlement Class Members took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiffs and Defendants with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Settlement shall have, irrevocably waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable), which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

185. Plaintiffs or Settlement Class Members may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released herein, or the law applicable to such claims may change. Nonetheless, each of those individuals agrees that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by

50

this Agreement. Further, each of those individuals agrees and acknowledges that he or she shall be bound by this Agreement, including by the release herein and that all of their claims in the Actions shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he or she never receives actual notice of the Settlement and/or never receives a Cash Payment from the Settlement.

186.   Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction and/or venue, including in any federal, state, or local court or tribunal.

187.   The Final Approval Order shall enjoin the Settlement Classes from instituting or participating in any lawsuit, regulatory, arbitration or other proceeding arising out of or related in any way to the Released Claims or that are covered by the Releases provided for in any final non-appealable approval of the Settlement provided, however, that a Settlement Class Member shall be permitted to comply with a valid subpoena or court order concerning the Released Claims. Notwithstanding the foregoing, nothing herein shall be deemed to release, waive, bar, or otherwise impact the Parties' rights and obligations to enforce the terms of

the Settlement.

## XVII. Termination of Settlement.

188.    This Agreement shall be subject to and is conditioned on the occurrence of all the following events:

a.    Court approval of the Settlement consideration set forth in Section V and the Releases set forth in Section XVI of this Agreement;

b.    The Court having entered the Preliminary Approval Order substantially in the form proposed by the Parties;

c.    The Court having entered the Final Approval Order substantially in the form proposed by the Parties, and all objections, if any, being overruled, and all appeals taken from the Final Approval Order having been resolved in favor of Final Approval; and

d.    The Effective Date having occurred.

189.    If any of the conditions specified in the preceding paragraph are not met, then this Agreement may be canceled and terminated.  To the extent either Party elects to terminate the Agreement for failure by the Court to enter the Preliminary Approval Order or Final Approval Order substantially in the form proposed by the Parties, that Party must first, within seven days of entry of the order file a motion requesting that the Court modify or reconsider the relevant order and then, within seven days of a ruling on that motion, inform the other Party of its election to terminate the Agreement.  For the avoidance of doubt, any ruling by the Court related to Attorneys' Fees or Service Awards, even if subject to a motion to

modify or reconsider, shall not be a basis for termination of Agreement.

190.    Additionally, Defendants shall have the option to terminate this Agreement if a specified number of Settlement Class members opt-out of the Settlement. The Parties have agreed to that number in a confidential separate agreement related to each action. Defendants shall notify Class Counsel and the Court of their intent to terminate this Agreement pursuant to this paragraph within 15 days after the end of the Opt-Out Period, or the option to terminate shall be considered waived.

191.    If this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Actions as if the Parties had not entered into this Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Actions. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.  The AT&T 2 Action shall be permitted to resume in the District of Montana as part of the *In re: Snowflake Data Breach Litigation*, MDL No. 3126 (D. Mont.). In addition, in the event of such a termination, all the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

192.    If this Agreement is terminated or fails to become effective, all funds in the Settlement Funds shall be promptly returned to Defendants. However,

Defendants shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator the Settlement Administration Costs paid by or on behalf of the Settlement Administrator. After payment of any Settlement Administration Costs that have been incurred and are due to be paid from the Settlement Funds, the Settlement Administrator shall return the balance of the Settlement Funds to Defendants within 21 days of termination.

193.    If the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Actions or any other action or proceeding for any purpose. In such event, all Parties to the Actions shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVIII.    No Admission of Liability.

194.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. Defendants have denied and continue to deny each of the claims and contentions alleged in the Actions. Defendants specifically deny that a class could or should be certified in either Action for litigation purposes. Defendants do not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendants have agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further

claims that were asserted or could possibly have been asserted in the Actions.

195.    Class Counsel believe certain of the claims asserted in the Actions have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Actions. Class Counsel adequately investigated the facts and law relevant to the merits of the claims prior to initiating the litigation, conducted informal discovery, and conducted additional independent investigation of the alleged claims.

196.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

197.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or the Settlement Classes, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Actions or in any proceeding in any court, administrative agency, or other tribunal.

198.    In addition to any other defenses Defendants may have at law, in

equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XVII. Non-Disparagement.

199.    Class Counsel and the Class Representatives, for themselves and on behalf of their agents, attorneys, employees, contractors, representatives, officers, directors, divisions, suppliers, parents, subsidiaries, affiliates, assigns, beneficiaries, successors, predecessors, accountants, and shareholders, each in their respective capacities as such, shall agree not to publicly disparage Defendants or take any action designed to harm the public perception of Defendants regarding any issue that may result from, arise out of, are based on, or relate in any way to the practices and claims that were alleged in the Actions.

## XVIII.    Miscellaneous Provisions.

200.    <u>Gender and Plurals</u>. As used in this Agreement, the masculine or feminine gender, and the singular or plural number, shall each be deemed to include the other whenever the context so indicates.

201.    <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

202.    <u>Cooperation of Parties</u>. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval,

uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

203.    <u>Obligation to Meet and Confer</u>. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

204.    <u>Integration and No Reliance</u>. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any party or any party's representative other than those set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind have been made by any party, except as provided for herein.

205.    <u>No Conflict Intended</u>. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

206.    <u>Governing Law</u>. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the state of Texas, without regard to the principles thereof regarding choice of law.

207.    <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign

the same counterparts. Original signatures are not required.

208. <u>Jurisdiction</u>. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

209. <u>Party Notices</u>. All notices provided for herein shall be sent by email with a hard copy sent by overnight mail to:

> **AT&T 1 Class Counsel:**
>
> Mark Lanier
> **Lanier Law Firm**
> 10940 W. Sam Houston Pkwy N.
> Suite 100
> Houston, TX 77064
> mark.lanier@lanierlawfirm.com
>
> Chris Seeger
> Shauna Itri
> **Seeger Weiss LLP**

55 Challenger Rd 6th floor,
Ridgefield Park, NJ 07660
cseeger@seegerweiss.com
sitri@seegerweiss.com

**AT&T 2 Class Counsel:**

Jeff Ostrow
**Kopelowitz Ostrow P.A.**
1 West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
ostrow@kolawyers.com

Jason Rathod
**Migliaccio & Rathod LLP**
412 H Street NE, Ste. 302-B
Washington, DC 20002
jrathod@classlawdc.com

**If to Defendants or Defendants' Counsel:**

Gilbert Keteltas
Lisa Ghannoum
**BakerHostetler LLP**
1050 Connecticut Ave., NW, Ste. 1100
Washington, DC 20036
gketeltas@bakerlaw.com
lghannoum@bakerlaw.com

Michael McTigue Jr.
Meredith Slawe
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West
New York, NY  10001
Michael.McTigue@skadden.com
Meredith.Slawe@skadden.com

The notice recipients and addresses designated above may be changed by written

notice. Upon the request of any of the Parties, the Parties agree to promptly

provide each other with copies of objections, requests for exclusion, or other filings

received as a result of the Notice Program.

210.    <u>Modification and Amendment</u>. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendants' Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

211.    <u>No Waiver</u>. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

212.    <u>Authority</u>. Respective Class Counsel (for Plaintiffs and the Settlement Classes), and Defendants, represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Defendants to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

213.    <u>Agreement Mutually Prepared</u>. Neither Plaintiffs nor Defendants shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

214.    <u>Independent Investigation and Decision to Settle</u>. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with the Actions;

and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Actions as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their counsel, consultants, and/or experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with the Actions pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

215.    <u>Receipt of Advice of Counsel</u>. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

**AT&T 1 Class Counsel**
**(for AT&T 1 Plaintiffs and the AT&T 1 Settlement Class)**

W. Mark Lanier
The Lanier Law Firm
MDL-3114 Lead Counsel
Dated: May 30, 2025

Christopher A. Seeger
MDL-3114 Settlement Chair
Seeger Weiss LLP
Dated: May 30, 2025

**AT&T 2Class Counsel**
**(for AT&T 2 Plaintiffs and the AT&T 2 Settlement Class)**

J. Devlan Geddes
Goetz, Geddes & Gardner P.C.
MDL-3126 Co-Lead Counsel
Dated: May 30, 2025

Raph Graybill, P.C.
Graybill Law Firm
MDL-3126 Co-Lead Counsel
Dated: May 30, 2025

John Heenan
Heenan & Cook, PLLC
MDL-3126 Co-Lead Counsel
Dated: May 30, 2025

62

**AT&T 1 Class Counsel**
**(for AT&T 1 Plaintiffs and the AT&T 1 Settlement Class)**

_____
W. Mark Lanier
The Lanier Law Firm
MDL-3114 Lead Counsel
Dated: May 30, 2025

_____
Christopher A. Seeger
MDL-3114 Settlement Chair
Seeger Weiss LLP
Dated: May 30, 2025

**AT&T 2 Class Counsel**
**(for AT&T 2 Plaintiffs and the AT&T 2 Settlement Class)**

_J. Devlan Geddes_
_____
J. Devlan Geddes
Goetz, Geddes & Gardner P.C.
MDL-3126 Co-Lead Counsel
Dated: May 30, 2025

_Raphael Graybill_
_____
Raph Graybill, P.C.
Graybill Law Firm
MDL-3126 Co-Lead Counsel
Dated: May 30, 2025

_John Heenan_
John Heenan (May 30, 2025 09:38 MDT)
_____
John Heenan
Heenan & Cook, PLLC
MDL-3126 Co-Lead Counsel
Dated: May 30, 2025

Jason Rathod (May 30, 2025 12:18 EDT)

Jason S. Rathod
Migliaccio & Rathod LLP
MDL-3126 Co-Lead Counsel
Dated: May 30, 2025

*Jeffrey Ostrow*

Jeffrey Ostrow (May 30, 2025 11:38 EDT)

Jeff Ostrow
MDL-3126 Executive Committee and
Settlement Committee Member
Kopelowitz Ostrow P.A.
Dated: May 30, 2025

**For AT&T Defendants**

Joseph P. Tocco
Title: AT&T, Senior Vice President and Assistant General Counsel
Dated: May 30, 2025

**For AT&T Defendants' Counsel**

Gilbert S. Keteltas
BakerHostetler LLP
Dated: May 30, 2025

Michael W McTigue Jr.
Skadden, Arps, Slate, Meagher & Flom LLP
Dated: May 30, 2025

# EXHIBIT 1
# (EMAIL NOTICE FOR AT&T 1)

From:

To:

Subject: Email Notice of Proposed Class Action Settlement

---

*In Re: AT&T Inc. Customer Data Security Breach Litigation*
*MDL Docket No. 3:24-md-03114-E*

**To all living persons in the United States whose Data Elements were included in the AT&T 1 Data Incident that was announced on March 30, 2024, you may be eligible to receive a Settlement Class Member Benefit from a class action Settlement.**

**Name:** <First Name> <Last Name>
**Class Member ID: <<RefNum>>**
**You have been identified as a member of the: <<Settlement Class>>**

**Why am I receiving this Email Notice?** On March 30, 2024, AT&T announced that AT&T-specific fields were contained in a data set released on the dark web ("AT&T 1 Data Incident"). Following AT&T's announcement of the AT&T 1 Data Incident, lawsuits were filed against AT&T in state and federal courts across the country. The lawsuits were consolidated before Judge Ada E. Brown in the Northern District of Texas in June 2024 (captioned *In re AT&T Inc. Customer Data Sec. Breach Litigation*) (the "Action"). Without any admission of liability or wrongdoing, the Parties to the Action have agreed to enter a Settlement. You may be a Settlement Class Member eligible to receive Settlement Class Member Benefits under this Settlement.

**Who is a Settlement Class Member?**
All living persons in the United States whose Data Elements (some combination of names, addresses, telephone numbers, email addresses, dates of birth, account passcodes, billing account numbers, and Social Security numbers) were included in the AT&T 1 Data Incident, that was announced on March 30, 2024.

**What does the Settlement provide?** A non-reversionary all cash fund of $149,000,000 is available to pay Settlement Class Members to settle the claims arising from the AT&T 1 Data Incident ("AT&T 1 Settlement Fund").

Settlement Class Members will be eligible to receive: (a) Documented Loss Cash Payments; *or* (b) a Tiered Cash Payment. Please visit **[here]** for a full description of the Settlement Class Member Benefits and documentation requirements.

**How do I submit a Claim Form for a benefit?** You must submit a Claim Form, available at **[here]** to be eligible to receive a benefit. Your completed Claim Form must be submitted online or mailed to the Settlement Administrator at <Mailing caption>, c/o Kroll Settlement Administration LLC, P.O. Box XXXX, New York, NY 10150-XXXX and **postmarked, by [DATE].** You will need the Class Member ID located at the top of this email to submit a Claim.

**TO RECEIVE AN ELECTRONIC OR ACH PAYMENT FOR YOUR VALID CLAIM, YOU MUST FILE A CLAIM FORM ONLINE AT WWW.WEBSITE.COM**

**What are my other options?** If you **Do Nothing,** you will be legally bound by the terms of the

Settlement, and you will release your claims against AT&T and all other Released Parties as defined in the Settlement Agreement. You may **Opt-Out** of the Settlement by **[DATE]** or file an **Objection** to the Settlement by **[DATE]**. Please visit **www.website.com** to view the Long Form Notice for more information on how to submit a request to opt-out and exclude yourself from or object to the Settlement.

**Do I have a lawyer in this case?** Yes, the Court appointed Class Counsel to represent you and other Settlement Class Members. You will not be charged directly for these lawyers; instead, the attorneys' fees and costs, will be paid up to one-third of the AT&T 1 Settlement Fund, plus reimbursement of costs incurred in prosecuting and settling the Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

**The Court's Final Approval Hearing.** The Court is scheduled to hold a Final Approval Hearing on **[DATE], at [TIME] CT**, to consider whether to approve the Settlement, hear objections, and consider Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards, which are not to exceed $1,500 per Class Representative. You and/or an attorney that you have hired to represent you at your own expense may appear at the hearing, but you don't have to attend.

This Email Notice is only a summary. For more information or to change your address, visit **www.website.com** or call toll-free **(XXX) XXX-XXXX.**

### PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT OR CLASS COUNSEL FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT

Please monitor https://www.website.com/ for updates or call (XXX) XXX-XXXX.

This email was sent to you because you are a Settlement Class Member.| Unsubscribe

Please do not reply to this email, it is sent from an unmonitored mailbox.

# EXHIBIT 2
# (EMAIL NOTICE FOR AT&T 2)

From:

To:

Subject: Email Notice of Proposed Class Action Settlement

*In Re: AT&T Inc. Customer Data Security Breach Litigation*
*MDL Docket No. 3:24-md-03114-E*

**To all Account Owners or Line or End Users whose AT&T 2 Data Elements were involved in the AT&T 2 Data Incident that was announced on July l2, 2024, you may be eligible to receive a Settlement Class Member Benefit from a class action Settlement.**

**Name:** <First Name> <Last Name>
**Class Member ID: <<RefNum>>**
**You have been identified as a member of the: <<Settlement Class>>**

**Why am I receiving this Email Notice?** On July 12, 2024, AT&T announced that certain call records of AT&T Account Owners and Line or End Users had been unlawfully downloaded from a third-party cloud platform known as Snowflake ("AT&T 2 Data Incident."). Following AT&T's announcement of the AT&T 2 Data Incident, lawsuits were filed against AT&T in state and federal courts across the country. Those lawsuits were consolidated before Judge Ada E. Brown in the Northern District of Texas in June 2024 (captioned *In re AT&T Inc. Customer Data Sec. Breach Litigation*). Without any admission of liability or wrongdoing, the Parties to the Action have agreed to enter a Settlement. You may be a Settlement Class Member eligible to receive Settlement Class Member Benefits under this Settlement. You are an AT&T 2 Settlement Class Member. There is an AT&T 1 Settlement Class and that refers to individuals who may have been impacted in a separate data incident involving AT&T that occurred earlier. That incident is referred to as the AT&T 1 Data Incident and that action is being settled at the same time as this one.

**Who is a Settlement Class Member?**
All AT&T Account Owners or Line or End Users whose Data Elements (telephone numbers of current and former AT&T customers, including, but not limited to, Account Owners or Line Users, as well as the telephone numbers with which those customers interacted, counts of those interactions, aggregate call durations for a day or month, and for a small subset of individuals, cell site identification numbers associated with the interactions), were involved in the AT&T 2 Data Incident that was announced on July 12, 2024..

**What does the Settlement provide?** A non-reversionary all cash fund of $28,000,00 is available to pay Settlement Class Members to settle the claims arising from the AT&T 2 Data Incident ("AT&T 2 Settlement Fund").

All Settlement Class Members will be eligible to receive a Documented Loss Cash Payment of up to $2,500 for all documented losses fairly traceable to the AT&T 2 Data Incident. Alternatively, Account Owners may claim a Tiered Cash Payment, which is a *pro rata* share of cash from the AT&T 2 Net Settlement Fund. Please visit **[here]** for a full description of the Settlement Class Member Benefits and documentation requirements.

**How do I submit a Claim Form for a benefit?** You must submit a Claim Form, available at **[here]** to be eligible to receive a benefit. Your completed Claim Form must be submitted online or mailed to

the Settlement Administrator at <Mailing caption>, c/o Kroll Settlement Administration LLC, P.O. Box XXXX, New York, NY 10150-XXXX and **postmarked, by [DATE].** You will need the Class Member ID located at the top of this email to submit a Claim.

**TO RECEIVE AN ELECTRONIC OR ACH PAYMENT FOR YOUR VALID CLAIM, YOU MUST FILE A CLAIM FORM ONLINE AT WWW.WEBSITE.COM**

**What are my other options?** If you **Do Nothing,** you will be legally bound by the terms of the Settlement, and you will release your claims against the Defendant and all other Released Parties as defined in the Settlement. You may **Opt-Out** of the Settlement by **[DATE]** or file an **Objection** to the Settlement by **[DATE]**. Please visit **www.website.com** to view the Long Form Notice for more information on how to submit a request to opt-out of or object to the Settlement.

**Do I have a lawyer in this case?** Yes, the Court appointed Class Counsel to represent you and other Settlement Class Members. You will not be charged directly for these lawyers; instead, the attorneys' fees and costs will be paid up to one-third of the AT&T 2 Settlement Fund, plus reimbursement of costs incurred in prosecuting and settling the Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

**The Court's Final Approval Hearing.** The Court is scheduled to hold a Final Approval Hearing on **[DATE], at [TIME] CT**, to consider whether to approve the Settlement, hear objections, determine if the Settlement is fair, and consider Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards, which are not to exceed $1,500 per Class Representative. You and/or an attorney that you have hired to represent you at your own expense may appear at the hearing, but you don't have to attend.

This Email Notice is only a summary. For more information or to change your address, visit **www.website.com** or call toll-free **(XXX) XXX-XXXX.**

**PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT OR CLASS COUNSEL FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT**

Please monitor https://www.website.com/ for updates or call (XXX) XXX-XXXX.

This email was sent to you because you are a Settlement Class Member.| Unsubscribe

Please do not reply to this email, it is sent from an unmonitored mailbox.

# EXHIBIT 3
# (EMAIL NOTICE FOR OVERLAP)

From:

To:

Subject: Email Notice of Proposed Class Action Settlement

*In Re: AT&T Inc. Customer Data Security Breach Litigation*
*MDL Docket No. 3:24-md-03114-E*

**To all living persons in the United States whose Data Elements were included in the AT&T 1 Data Incident and Account Owners or Line or End Users whose Data Elements were included in the AT&T 2 Data Incident that were announced on March 30, 2024, and on July 12, 2024, respectively you may be eligible to receive a Settlement Class Member Benefits from a class action Settlement.**

**Name:** <First Name> <Last Name>
**Class Member ID: <<RefNum>>**
**You have been identified as a member of the: <<Settlement Class>>**

**Why am I receiving this Email Notice?** On March 30, 2024, AT&T announced that AT&T-specific fields were contained in a data set released on the dark web ("AT&T 1 Data Incident"). Following AT&T's announcement of the AT&T 1 Data Incident, lawsuits were filed against AT&T in state and federal courts across the country. The lawsuits were consolidated before Judge Ada E. Brown in the Northern District of Texas in June 2024 (captioned *In re AT&T Inc. Customer Data Sec. Breach Litigation*). On July 12, 2024, AT&T announced a second data incident where certain limited data had been illegally downloaded from an AT&T workspace on a third-party cloud platform hosted by Snowflake, Inc. ("AT&T 2 Data Incident"). Following AT&T's announcement of the AT&T 2 Data Incident, lawsuits were filed against AT&T in state and federal courts across the country. The lawsuits were consolidated before Judge Brian Morris in the District of Montana (captioned *In re Snowflake Data Breach Litigation*). The Parties in the lawsuits concerning both the AT&T 1 Data Incident and the AT&T 2 Data Incident (together, "Actions") agreed in March 2025 to settle the Actions together in the Northern District of Texas before Judge Ada E. Brown. On May 30, 2025, the AT&T 1 Plaintiffs and AT&T 2 Plaintiffs filed the Consolidated Class Action Complaint against AT&T, asserting claims that arose out of the Data Incidents. Without any admission of liability or wrongdoing, the Parties to the Action have agreed to enter a Settlement. You may be a Settlement Class Member eligible to receive Settlement Class Member Benefits under this Settlement.

**Who is a Settlement Class Member?**
All living persons in the United States whose Data Elements (which include some combination of names, addresses, telephone numbers, email addresses, dates of birth, account passcodes, billing account numbers, and Social Security numbers) were included in the AT&T 1 Data Incident that was announced on March 30, 2024; and All AT&T Account Owners or Line or End Users whose AT&T 2 Data Elements (telephone numbers of current and former AT&T customers, including, but not limited to, Account Owners or Line Users, as well as the telephone numbers with which those customers interacted, counts of those interactions, aggregate call durations for a day or month, and for a small subset of individuals, cell site identification numbers associated with the interactions), were involved in the AT&T 2 Data Incident that was announced on July 12, 2024.

**What does the Settlement provide?** A non-reversionary all cash fund of $149,000,000 is available to pay Settlement Class Members to settle the claims arising from the AT&T 1 Data Incident ("AT&T 1 Settlement Fund"). A non-reversionary all cash fund of $28,000,000 is available to pay Settlement

Class Members to settle the claims arising from the AT&T 2 Data Incident ("AT&T 2 Settlement Fund").

Settlement Class Members will be eligible to receive: (a) Documented Loss Cash Payments; *or* (b) Tiered Cash Payments. Please visit **[here]** for a full description of the Settlement Class Member Benefits available to you.

**How do I submit a Claim Form for a benefit?** You must submit a Claim Form, available at **[here]** to be eligible to receive a benefit. Your completed Claim Form must be submitted online or mailed to the Settlement Administrator at <Mailing caption>, c/o Kroll Settlement Administration LLC, P.O. Box XXXX, New York, NY 10150-XXXX and **postmarked, by [DATE].** You will need the Class Member ID located at the top of this email to submit a Claim.

**TO RECEIVE AN ELECTRONIC OR ACH PAYMENT FOR YOUR VALID CLAIM, YOU MUST FILE A CLAIM FORM ONLINE AT WWW.WEBSITE.COM**

**What are my other options?** If you **Do Nothing,** you will be legally bound by the terms of the Settlement, and you will release your claims against the Defendants and all other Released Parties as defined in the Settlement Agreement. You may **Opt-Out** of the Settlement by **[DATE]** or file an **Objection** to the Settlement by **[DATE]**. Please visit **www.website.com** to view the Long Form Notice for more information on how to submit a request to opt-out and exclude yourself from or object to the Settlement.

**Do I have a lawyer in this case?** Yes, the Court appointed Class Counsel to represent you and other Settlement Class Members. You will not be charged directly for these lawyers; instead, the attorneys' fees and costs, will be paid up to one-third of the Settlement Funds, plus reimbursement of costs incurred in prosecuting and settling the Actions. If you want to be represented by your own lawyer, you may hire one at your own expense.

**The Court's Final Approval Hearing.** The Court is scheduled to hold a Final Approval Hearing on **[DATE], at [TIME] CT**, to consider whether to approve the Settlement, hear objections, determine if the Settlement is fair, and consider Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards, which are not to exceed $1,500 per Class Representative. You and/or an attorney that you have hired to represent you at your own expense may appear at the hearing, but you don't have to attend.

This Email Notice is only a summary. For more information or to change your address, visit **www.website.com** or call toll-free **(XXX) XXX-XXXX.**

**PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT OR CLASS COUNSEL FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT**

Please monitor https://www.website.com/ for updates or call (XXX) XXX-XXXX.

This email was sent to you because you are a Settlement Class Member.| Unsubscribe

Please do not reply to this email, it is sent from an unmonitored mailbox.

# EXHIBIT 4
# (POSTCARD NOTICE FOR AT&T 1)

<Mailing caption>
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

FIRST-CLASS  MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT  NO.  XXXX

**ELECTRONIC SERVICE REQUESTED**

**Notice of Proposed Settlement of Class Action**

*In Re: AT&T Inc. Customer Data Security Breach Litigation*
**MDL Docket No. 3:24-md-03114-E**

**If you are a living person in the United States whose Data Elements were included in the AT&T 1 Data Incident, announced on March 30, 2024, you are eligible to receive a Settlement Cash Member Benefit from a class action Settlement.**

**For more information, visit, www.website.com**

<<Refnum Barcode>>

CLASS MEMBER ID: <<Refnum>>

**Postal Service: Please do not mark barcode**

[FIRST NAME] [LAST NAME]
[COMPANY]
[ADDRESS 1]
[ADDRESS 2]
[CITY] [STATE] [ZIP][ZIP4]

**What is this about?** On March 30, 2024, AT&T announced that AT&T-specific fields were contained in a data set released on the dark web ("AT&T 1 Data Incident"). Following AT&T's announcement of the AT&T 1 Data Incident, lawsuits were filed against AT&T in state and federal courts across the country. The lawsuits were consolidated before Judge Ada E. Brown in the Northern District of Texas in June 2024 (*In re AT&T Inc. Customer Data Sec. Breach Litigation*) (the "Action"). The Parties to the Action have agreed to a Settlement. Defendants do not acknowledge, admit to, or concede any of the allegations, and deny any fault or liability, or any charges of wrongdoing that have been or could have been asserted.

**Who is a Settlement Class Member?** You are an AT&T 1 Settlement Class member if you are a living person in the United States whose Data Elements were included in the AT&T 1 Data Incident that was announced on March 30, 2024.

**What are the benefits?** AT&T has agreed to make available a non-reversionary all cash fund of $149,000,000 to pay: (i) Settlement Administration Costs, (ii) Service Awards approved by the Court, (iii) any amounts approved by the Court for Attorneys' Fees and Costs, and (iv) applicable taxes, if any. All AT&T 1 Settlement Class Members may make a Claim for:

- **Documented Loss Cash Payment** – Each AT&T 1 Settlement Class Member can seek a payment for documented losses that occurred in 2019 or later of up to $5,000 per AT&T 1 Settlement Class Member, upon presentation of documented losses fairly traceable to the AT&T 1 Data Incident; **OR**
- **Cash Payment** – Instead of a Documented Loss Cash Payment, an AT&T 1 Settlement Class Member is eligible to make a Claim for a Tier 1 OR Tier 2 Cash Payment, which is a pro rata share of the AT&T 1 Net Settlement Fund, thea amount of which depends upon which Tier you are in and the number of Valid Claims filed. For more information, visit the Settlement website [URL].

**How to make a claim?** To receive benefits from the Settlement, you must submit a Claim Form online at **[URL]** by **[date]** or by mail postmarked by **[date]** and mailed to the Settlement Administrator's address below.

**What are my other rights?**

- <u>Do nothing</u>: If you do nothing, you remain in the Settlement. You give up your rights to sue, but you will not get any money or benefits; you must submit a Claim Form to get money or benefits.
- <u>Exclude yourself</u>: You can get out of the Settlement and keep your right to sue about the claims in these Actions, but you will not get any money or benefits from the Settlement. You must submit a request for exclusion to the Settlement Administrator by **[date]**.
- <u>Object</u>: You can stay in the Settlement but tell the Court why you think the Settlement should not be approved. Objections must be submitted by **[date]**. Detailed instructions on how to file a Claim Form, exclude yourself, or object are on the Settlement Website at **[URL]**. The Court will hold the Final Approval Hearing on **[date]** at **[time]** to consider whether to approve the Settlement, hear objections, determine if the Settlement is fair, and consider Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards, which are not to exceed $1,500 per Class Representative. You may attend the hearing, but you don't have to.

***This is only a summary.*** For additional information, including a copy of the Settlement Agreement, Long-Form Notice, and other documents, or to update your address, visit **[URL]** or call **[phone]**. You may also contact the Settlement Administrator at **<Mailing caption>,** c/o Kroll Settlement Administration LLC, P.O. Box XXXX, New York, NY 10150-XXXX.

Postage
Required

<Mailing caption>
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

<<Barcode>>

Class Member ID: <<Refnum>>



**VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE**

## POSTCARD CLAIM FORM

To submit a claim for a Tier 1 Cash Payment or Tier 2 Cash Payment, please complete the below form, sign, and mail this portion of the postcard to the Settlement Administrator by no later than **[DATE]** *Note*: Claims for Documented Loss Cash Payments require supporting documentation and therefore must be submitted online at **www.website.com** or mailed to the Settlement Administrator with a separate Claim Form.

Class Member ID: <<refnum>>
<<firstname>> <<lastname>>
<<Company>>
<<address1>> <<address2>>
<<City>>, <<State>> <<Zip>>

| If different than the preprinted data on the left, please print your correct information: |
| --- |
| First Name          MI   Last Name |
| Address |
| City          State    Zip Code |

**Email Address:** _____ @ _____

### Pro Rata Cash Payment

☐ Yes, I choose a *pro rata* Cash Payment, instead of a Documented Loss Cash Payment, based on the Settlement Class I am in and wish to Claim the *pro rata* Cash Payment I am eligible for.

### SIGN AND DATE YOUR CLAIM FORM

I attest that the information supplied in this Claim Form by the undersigned is true and correct to the best of my recollection. I understand that I may be asked to provide supplemental information by the Claims Administrator before my claim will be considered complete and valid.

**DEADLINE TO RETURN
[DATE]**

Signature:_____ Print Name:_____ Date (mm/dd/yy): ____ / ____ / ____

# EXHIBIT 5
# (POSTCARD NOTICE FOR OVERLAP)

<Mailing caption>
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

FIRST-CLASS  MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT  NO.  XXXX

**ELECTRONIC SERVICE REQUESTED**

---

**Notice of Proposed Settlement of Class Action**

*In Re: AT&T Inc. Customer Data Security Breach Litigation*
**MDL Docket No. 3:24-md-03114-E**

**If you are a living person in the United States whose Data Elements were included in the AT&T 1 and AT&T 2 Data Incidents, announced on March 30 and July 12, 2024, respectively, you are eligible to receive Settlement Cash Member Benefits from a class action Settlement.**

**For more information, visit, www.website.com**

---

<<Refnum Barcode>>

CLASS MEMBER ID: <<Refnum>>

**Postal Service: Please do not mark barcode**

[FIRST NAME] [LAST NAME]
[COMPANY]
[ADDRESS 1]
[ADDRESS 2]
[CITY] [STATE] [ZIP][ZIP4]

**What is this about?** On March 30, 2024, AT&T announced that AT&T-specific fields were contained in a data set released on the dark web ("AT&T 1 Data Incident"). Following AT&T's announcement of the AT&T 1 Data Incident, lawsuits were filed against AT&T in state and federal courts across the country. The lawsuits were consolidated before Judge Ada E. Brown in the Northern District of Texas in June 2024 (*In re AT&T Inc. Customer Data Sec. Breach Litigation*). On July 12, 2024, AT&T announced that data included where certain customer call and text data had been illegally downloaded from an AT&T workspace on a third-party cloud platform hosted by Snowflake, Inc. ("AT&T 2 Data Incident"). Lawsuits were consolidated before Judge Brian Morris in the District of Montana in October 2024 and captioned *In Re Snowflake, Inc. Data Breach Litigation*, MDL Docket No. 3:24-md-3126. The Parties to both Actions have agreed to enter a Settlement in the Northern District of Texas 2024 (*In re AT&T Inc. Customer Data Sec. Breach Litigation*). Defendants do not acknowledge, admit to, or concede any of the allegations, and deny any fault or liability, or any charges of wrongdoing that have been or could have been asserted.

**Who is a Settlement Class Member?** You are an AT&T 1 and AT&T 2 Settlement Class member if you are a living person in the United States whose Data Elements were included in the AT&T 1 and AT&T 2 Data Incidents that were announced on March 30 and July 12, 2024, respectively.

**What are the benefits?** AT&T has agreed to make available a non-reversionary all cash fund of $149,000,000 and a non-reversionary $28,000,000 all cash payment to pay: (i) Settlement Administration Costs, (ii) Service Awards approved by the Court, (iii) any amounts approved by the Court for Attorneys' Fees and Costs, and (iv) applicable taxes, if any out of the respective funds. All AT&T 1 and AT&T 2 Settlement Class Members may make a Claim for:

- **Documented Loss Cash Payment** – Each AT&T 1 Settlement Class Member can seek a payment for documented losses that occurred in 2019 or later of up to $5,000 upon presentation of documented losses fairly traceable to the AT&T 1 Data Incident and each AT&T 2 Settlement Class Member can seek a payment for up to $2,500.00 for losses that occurred on or after April 14, 2024 that are fairly traceable to the AT&T 2 Data Incident upon presentation of documented losses fairly traceable to the AT&T 2 Data Incident; **OR**
- **Cash Payment** – Instead of a Documented Loss Cash Payment, Settlement Class Members are eligible to make a Claim for a Tiered Cash Payment, which is a *pro rata* share of the AT&T 1 Net Settlement Fund, the amount of which depends upon which Tier you are in and the number of Valid Claims filed. For more information, visit the Settlement website [URL].

**How to make a claim?** To receive benefits from the Settlement, you must submit a Claim Form online at **[URL]** by **[date]** or by mail postmarked by **[date]** and mailed to the Settlement Administrator's address below.

**What are my other rights?**

- <u>Do nothing</u>: If you do nothing, you remain in the Settlement. You give up your rights to sue, but you will not get any money or benefits; you must submit a Claim Form to get money or benefits.
- <u>Exclude yourself</u>: You can get out of the Settlement and keep your right to sue about the claims in these Actions, but you will not get any money or benefits from the Settlement. You must submit a request for exclusion to the Settlement Administrator by **[date]**.
- <u>Object</u>: You can stay in the Settlement but tell the Court why you think the Settlement should not be approved. Objections must be submitted by **[date]**. Detailed instructions on how to file a Claim Form, exclude yourself, or object are on the Settlement Website at **[URL]**. The Court will hold the Final Approval Hearing on **[date]** at **[time]** to consider whether to approve the Settlement, hear objections, determine if the Settlement is fair, and consider Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards, which are not to exceed $1,500 per Class Representative. You may attend the hearing, but you don't have to.

*This is only a summary.* For additional information, including a copy of the Settlement Agreement, Long-Form Notice, and other documents, or to update your address, visit **[URL]** or call **[phone]**. You may also contact the Settlement Administrator at **<Mailing caption>,** c/o Kroll Settlement Administration LLC, P.O. Box **XXXX**, New York, NY 10150-**XXXX**.

Postage
Required

<Mailing caption>
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

<<Barcode>>

Class Member ID: <<Refnum>>



**VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE**

## POSTCARD CLAIM FORM

To submit a claim for a Tiered Cash Payment, please complete the below form, sign, and mail this portion of the postcard to the Settlement Administrator by no later than **[DATE]** *Note:* Claims for Documented Loss Cash Payments require supporting documentation and therefore must be submitted online at www.website.com or mailed to the Settlement Administrator with a separate Claim Form.

Class Member ID: <<refnum>>
<<firstname>> <<lastname>>
<<Company>>
<<address1>> <<address2>>
<<City>>, <<State>> <<Zip>>

| If different than the preprinted data on the left, please print your correct information: |
| --- |
| _____  __  _____ |
| First Name                                      MI   Last Name |
| _____ |
| Address |
| _____  _____  __ __ __ __ __ |
| City                                                State         Zip Code |

**Email Address:** _____@_____

### Pro Rata Cash Payment

☐  Yes, I choose a *pro rata* Cash Payment, instead of a Documented Loss Cash Payment, based on the Settlement Class I am in and wish to Claim the *pro rata* Cash Payment I am eligible for.

### SIGN AND DATE YOUR CLAIM FORM

I attest that the information supplied in this Claim Form by the undersigned is true and correct to the best of my recollection. I understand that I may be asked to provide supplemental information by the Claims Administrator before my claim will be considered complete and valid.

**DEADLINE TO RETURN
[DATE]**

Signature:_____  Print Name:_____  Date (mm/dd/yy): _____ / _____ / _____

# EXHIBIT 6
# (LONG FORM NOTICE)

# NOTICE OF PROPOSED CLASS LITIGATION SETTLEMENT

### United States District Court for the Northern District of Texas

### *In Re: AT&T Inc. Customer Data Security Breach Litigation*
### MDL Docket No. 3:24-md-03114-E

### **A Court has authorized this Long-Form Notice ("Notice"). This is not a solicitation from a lawyer.**

---

**IF YOU ARE A PERSON IN THE UNITED STATES WHOSE DATA ELEMENTS WERE INCLUDED IN THE AT&T 1 DATA INCIDENT THAT WAS ANNOUNCED ON MARCH 30, 2024 AND/OR ARE AN ACCOUNT OWNER OR LINE OR END USER WHOSE DATA ELEMENTS WERE INVOLVED IN THE AT&T 2 DATA INCIDENT THAT WAS ANNOUNCED ON JULY 12, 2024, YOU MAY BE ELIGIBLE TO RECEIVE SETTLEMENT CLASS MEMBER BENEFITS FROM A CLASS ACTION SETTLEMENT.**

---

On March 30, 2024, AT&T announced that AT&T-specific fields were contained in a data set released on the dark web ("AT&T 1 Data Incident"). Following AT&T's announcement of the AT&T 1 Data Incident, lawsuits were filed against AT&T in state and federal courts across the country. The lawsuits were consolidated before Judge Ada E. Brown in the Northern District of Texas in June 2024 and captioned, *In re AT&T Inc. Customer Data Sec. Breach Litigation*, MDL Docket No. 3:24-md-03114-E.

Then, on July 12, 2024, AT&T announced a second data incident where certain limited data had been illegally downloaded from an AT&T workspace on a third-party cloud platform hosted by Snowflake, Inc. ("AT&T 2 Data Incident"). Following AT&T's announcement of the AT&T 2 Data Incident, lawsuits were filed against various entities including AT&T entities. The lawsuits were consolidated before Judge Brian Morris in the District of Montana in October 2024 and captioned *In Re Snowflake, Inc. Data Breach Litigation*, MDL Docket No. 3:24-md-3126.

The Parties in the lawsuits concerning both the AT&T 1 Data Incident and the AT&T 2 Data Incident (together, "Actions") agreed in March 2025 to settle the Actions together in the Northern District of Texas before Judge Ada E. Brown. On May 30, 2025, the AT&T 1 Plaintiffs and AT&T 2 Plaintiffs filed the Consolidated Class Action Complaint against AT&T, asserting claims that arose out of the Data Incidents.

The Parties now agree to settle the Actions entirely, without any admission of liability or wrongdoing.

**Who is a Settlement Class Member?** There are two Settlement Classes:

1) **AT&T 1 Settlement Class:** All living persons in the United States whose Data Elements (which include some combination of names, addresses, telephone numbers, email addresses, dates of birth, account passcodes, billing account numbers, and Social Security numbers) were included in the AT&T 1 Data Incident, announced on March 30, 2024; AND

2) **AT&T 2 Settlement Class:** AT&T Account Owners or Line or End Users whose AT&T 2 Data Elements were involved in the AT&T 2 Data Incident. AT&T 2 Data Elements means telephone numbers of current and former AT&T customers, including, but not limited to, Account Owners or Line Users, which may have been accessible in the AT&T 2 Data Incident, along with the telephone numbers with which those customers interacted, counts of those interactions, aggregate call durations for a day or month, and for a small subset of individuals, one or more cell site identification numbers associated with the interactions.

Settlement Class Members will be eligible to receive Settlement Class Member Benefits based on the

Settlement Class(es) they are in:

❖ **AT&T 1 Settlement Class:**

All AT&T 1 Settlement Class Members are eligible for either a **Documented Loss Cash Payment** or a **Tier 1 or Tier 2 Cash Payment** as follows:

➢ **Documented Loss Cash Payment** – Each AT&T 1 Settlement Class Member may submit a Claim for a Documented Loss Cash Payment of **up to $5,000** for losses that occurred in 2019 or later, <u>upon presentation of documentation that the losses are</u> fairly traceable to the AT&T 1 Data Incident; **OR**

➢ **Tier Cash Payment** – As an alternative to a Documented Loss Cash Payment, each AT&T 1 Settlement Class Member may submit a Claim for a Tier Cash Payment. A Tier Cash Payment is a *pro rata* share of the AT&T 1 Net Settlement Fund cash (the funds left after payment of Settlement Administration Costs, Attorneys' Fees, Costs, and Service Awards). There are two types of Tier Cash Payments (Tier 1 Cash Payment and Tier 2 Cash Payment) and your eligibility for one or the other is based on whether you are a Tier 1 Settlement Class Member or a Tier 2 Settlement Class Member.

■ **Tier 1 Cash Payment** – An AT&T 1 Settlement Class Member <u>who had their Social Security Number ("SSN") included in the AT&T 1 Data Incident (also known as a "Tier 1 Settlement Class Member")</u>, is eligible to make a Claim for a Tier 1 Cash Payment. Tier 1 Cash Payments shall be five (5) times the amount of a Tier 2 Cash Payment;

■ **Tier 2 Cash Payment** – An AT&T 1 Settlement Class Member <u>who had their Data Elements included in the AT&T 1 Data Incident, but not their SSN</u>, is eligible to make a Claim for a Tier 2 Cash Payment.

The Amount of the Net Settlement available for Settlement Class Member distribution is unknown at this time and will be based upon the amount of the Settlement Administration Costs, the amount of attorneys' fees, costs, and Service Awards, and the number of Valid Claims received from Settlement Class Members.

❖ **AT&T 2 Settlement Class:**

All AT&T 2 Settlement Class Members are eligible for a **Documented Loss Cash Payment,** and some Settlement Class Members may alternatively choose a **Tier 3 Cash Payment**.

➢ **Documented Loss Cash Payment** – Each AT&T 2 Settlement Class Member may submit a Claim for a Documented Loss Cash Payment of **up to $2,500** per AT&T 2 Settlement Class Member for losses that occurred on or after April 14, 2024, <u>upon presentation of documentation that the losses are</u> fairly traceable to the AT&T 2 Data Incident**.** Account Owners may submit Claims for themselves and on behalf of their End or Line Users.

➢ **Tier 3 Cash Payment** – As an alternative to a Documented Loss Cash Payment, Account Owners may submit a Claim for a Tier 3 Cash Payment. A Tier 3 Cash Payment is a *pro rata* share of the AT&T 2 Net Settlement Fund cash (the funds left after payment of Settlement Administration Costs, Attorneys' Fees, Costs, and Service Awards). The Amount of the Net Settlement available for Settlement Class Member distribution is unknown at this time and will be based upon the amount of the Settlement Administration Costs, the amount of attorneys' fees, costs, and

Questions? Go to **www.website.com** or call **(XXX) XXX-XXXX**

- 2 -

Service Awards, and the number of Valid Claims received from Settlement Class Members.

❖ **Overlap Settlement Class Member:** An Overlap Settlement Class Member is eligible for Settlement Class Member Benefits as both an AT&T 1 Settlement Class Member and an AT&T 2 Settlement Class Member.  If claiming for a Documented Loss Cash Payment for the AT&T 1 Data Incident and a Documented Loss Cash Payment for the AT&T 2 Data Incident, **the documentation for each Documented Loss Cash Payment must be unique**, meaning a Settlement Class Member may only use the information supporting a Documented Loss Cash Payment once.

To obtain more information, visit **www.website.com** or call **(XXX) XXX-XXXX.**

**Please read this Notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

- 3 -

| | **Summary of Legal Rights** | **Deadline(s)** |
|---|---|---|
| **Submit a Claim Form** | The only way to receive a Settlement Class Member Benefit from the Settlement. | Submitted or postmarked on or before <<Claim Deadline>>. |
| **Exclude Yourself by Opting-Out of the Class** | Receive no Settlement Class Member Benefit from the Settlement. This is the only option that allows you to keep your right to bring any other lawsuit against Defendants relating to the Actions. | Mailed and postmarked on or before <<Opt-Out Deadline>>. |
| **Object to the Settlement and/or Attend the Final Approval Hearing** | You can write the Court about why you agree or disagree with the Settlement and/or the Application/s for Attorneys' Fees, Costs, and Service Awards. You can also ask to speak at the Final Approval Hearing on <<Final Approval Hearing date>> at <<Time>> a.m. CT about the fairness of the Settlement, with or without your own attorney. | Mailed and postmarked on or before <<Objection Deadline>>. |
| **Do Nothing** | You will not receive any Settlement Class Member Benefits from this class action Settlement. If the Settlement becomes final, you will give up your rights to sue Defendants (or any Released Parties) separately for claims relating to the Actions or to continue to pursue any such claims you have already filed. | N/A |

- Your rights and options as a Settlement Class Member – **and the deadlines to exercise your rights** – are explained in this Notice.

- The Court will still have to decide whether to approve the Settlement. Settlement Class Member Benefits to Settlement Class Members will be made only if the Court approves the Settlement and after any possible appeals are resolved.

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

| What This Notice Contains |
|---|

**Basic Information** ............................................................................................................. **5**

**Who is in the Settlement** ................................................................................................. **6**

**The Settlement Benefits—What You Get if You Qualify** ............................................. **6**

**How Do You Submit a Claim** ......................................................................................... **8**

**Excluding Yourself from the Settlement** ...................................................................... **9**

**Objecting to the Settlement** ........................................................................................... **10**

**The Lawyers Representing You** ..................................................................................... **11**

**The Court's Final Approval Hearing** ............................................................................ **12**

**If You Do Nothing** .......................................................................................................... **12**

**Additional Information** .................................................................................................. **13**

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

**BASIC INFORMATION**

| 1.    Why is there a Notice? |
|---|

The Court authorized this Notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to grant Final Approval and make the Settlement final. This Notice explains the nature of the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

The Honorable Judge Ada E. Brown of the United States District Court for the Northern District of Texas is overseeing this case captioned as *In re: AT&T Inc. Customer Data Security Breach Litigation,* MDL Docket No. 3:24-md-03114-E. The people who brought the lawsuit are called the Class Representatives. The entities being sued—AT&T Inc., AT&T Mobility LLC, AT&T Corporation, DirecTV, LLC, AT&T Services, Inc., and Cricket Wireless LLC—are called the Defendants.

| 2.    What are the Actions about? |
|---|

On March 30, 2024, AT&T announced that AT&T-specific fields were contained in a data set released on the dark web ("AT&T 1 Data Incident"). Following AT&T's announcement of the AT&T 1 Data Incident, lawsuits were filed against AT&T in state and federal courts across the country. The lawsuits were consolidated before Judge Ada E. Brown in the Northern District of Texas in June 2024 and captioned, *In re AT&T Inc. Customer Data Sec. Breach Litigation,* MDL Docket No. 3:24-md-03114-E.

Then, on July 12, 2024, AT&T announced a second data incident where certain limited data had been illegally downloaded from an AT&T workspace on a third-party cloud platform hosted by Snowflake, Inc. (" AT&T 2 Data Incident"). Following AT&T's announcement of the AT&T 2 Data Incident, lawsuits were filed against various entities including AT&T entities. The lawsuits were consolidated before Judge Brian Morris in the District of Montana in October 2024 and captioned In Re Snowflake, Inc. Data Breach Litigation, MDL Docket No. 3:24-md-3126.

The Parties in both the AT&T 1 Data Incident and the AT&T 2 Data Incident (the "Actions") agreed in March 2025 to settle both of the Data Incidents together in the Northern District of Texas with Judge Ada E. Brown. On May 30, 2025, the AT&T 1 Plaintiffs and AT&T 2 Plaintiffs filed the Consolidated Class Action Complaint against AT&T, asserting claims that arose out of the Data Incidents.

| 3.    Why is this a class action? |
|---|

In a class action, one or more people—referred to as "Class Representatives"—file a lawsuit bringing claims on behalf of all people who have similar claims. Together, these people are referred to as a "Settlement Class," and the individuals in the Settlement Class are called "Settlement Class Members." One court resolves the claims for all Settlement Class Members, except for those who individuals who choose to exclude themselves (also known as opt-out) from the Settlement Class.

| 4.    Why is there a Settlement? |
|---|

The Court has not decided in favor of the Class Representatives or Defendants. Instead, both sides have agreed to this Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to Settlement Class Members. The Settlement Class Representatives appointed to represent the Settlement Class, and the attorneys for the Settlement Class (also referred to as "Class Counsel") believe the Settlement is in the best interests of all Settlement Class Members.

Questions? Go to www.website.com or call (XXX) XXX-XXXX

- 6 -

## WHO IS IN THE SETTLEMENT?

| **5.** | **How do I know if I am part of the Settlement?** |
|---|---|

You are a Settlement Class Member if you are in the AT&T 1 Settlement Class or the AT&T 2 Settlement Class as defined below:

> **1)** **AT&T 1 Settlement Class:** You are a living person in the United States whose Data elements were included in the AT&T 1 Data Incident that was announced on March 30, 2024. AT&T 1 Data Elements include some combination of names, addresses, telephone numbers, email addresses, dates of birth, account passcodes, billing account numbers, and Social Security numbers.
>
> > Excluded from the AT&T 1 Settlement Class are (a) AT&T, any entity in which AT&T has a controlling interest, and AT&T's officers, directors, legal representatives, successors, subsidiaries, and assigns; (b) any judge, justice, or judicial officer presiding over this Action, and the members of their immediate families and judicial staff; (c) any persons who have Released Claims relating to the AT&T 1 Data Incident and/or the AT&T 1 Action prior to Final Approval; and (d) any persons who timely opt-out of the AT&T 1 Settlement Class.

**Or**

> **2)** **AT&T 2 Settlement Class:** You are an AT&T Account Owner or Line or End User whose AT&T 2 Data Elements were involved in the AT&T 2 Data Incident that was announced on or about July 12, 2024. "AT&T 2 Data Elements" means telephone numbers of current and former AT&T customers, including, but not limited to, Account Owners or Line Users, which may have been accessible in the AT&T 2 Data Incident, along with the telephone numbers with which those customers interacted, counts of those interactions, aggregate call durations for a day or month, and for a small subset of individuals, one or more cell site identification numbers associated with the interactions.
>
> > Excluded from the AT&T 2 Settlement Class are (a) AT&T, any entity in which AT&T has a controlling interest, and AT&T's officers, directors, legal representatives, successors, subsidiaries, and assigns; (b) any judge, justice, or judicial officer presiding over this Action, and the members of their immediate families and judicial staff; (c) any persons who have Released Claims relating to the AT&T 2 Data Incident and/or the AT&T 2 Action prior to Final Approval; and (d) any persons who timely opt-out of the AT&T 2 Settlement Class;

> **Settlement Class Members are in both the AT&T 1 Settlement Class and the AT&T 2 Settlement Class and are known in this Settlement as "Overlap Settlement Class Members."**

| **6.** | **What if I am not sure whether I am included in the Settlement?** |
|---|---|

If you are not sure whether you are included in the Settlement, you may call (XXX) XXX-XXXX with questions. You may also write with questions to:

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

<<Mailing Caption>>
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

### THE SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY

| 7. What does the Settlement provide? |
|---|

AT&T agreed to make available two (2) Settlement Funds to pay Cash Payments to Settlement Class Members, Settlement Administration Costs to the Settlement Administrator, any Court-awarded attorneys' fees and costs to Class Counsel, and any court-awarded Service Awards to the Class Representatives.

The AT&T 1 Settlement Fund is a non-reversionary $149,000,000 all cash fund that AT&T has agreed to pay or cause to be paid to settle all claims related to the AT&T 1 Data Incident.

The AT&T 2 Settlement Fund is a non-reversionary $28,000,000 all cash payment that AT&T has agreed to pay or cause to be paid to settle all claims related to the AT&T 2 Data Incident.

Settlement Class Members will be eligible to receive Settlement Class Member Benefits based on the Settlement Class(es) they are in:

❖ **AT&T 1 Settlement Class:**

All AT&T 1 Settlement Class Members are eligible for either a **Documented Loss Cash Payment** or a **Tier 1 or Tier 2 Cash Payment** as follows:

➤ **Documented Loss Cash Payment** – Each AT&T 1 Settlement Class Member may Claim payment for losses that occurred in 2019 or later of **up to $5,000**, upon presentation of documentation that the losses are fairly traceable to the AT&T 1 Data Incident;

■ To receive a Documented Loss Cash Payment, claiming Settlement Class Members must elect Documented Loss Cash Payment on the Claim Form attesting under penalty of perjury to incurring documented losses. Claiming Settlement Class Members will be required to submit reasonable documentation supporting the losses. Such losses must have been incurred on or after the date of the applicable Data Incident through the date of Claim submission and must be fairly traceable to the AT&T 1 Data Incident. Reasonable documentation can include receipts or other documentation not self-prepared by the Claimant that documents the costs incurred.

■ Self-prepared documents such as handwritten receipts, accountings, statements, declarations, and/or affidavits prepared by the Settlement Class Member are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or to support other submitted documentation.

➤ **OR**

➤ **Tier Cash Payment** – As an alternative to a Documented Loss Cash Payment, each AT&T 1 Settlement Class Member may submit a Claim for a Tier Cash Payment. A Tier Cash Payment is a *pro rata* share of the AT&T 1 Net Settlement Fund cash (the

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

funds left after payment of Settlement Administration Costs, Attorneys' Fees, Costs, and Service Awards). There are two types of Tier Cash Payments (Tier 1 Cash Payment and Tier 2 Cash Payment) and your eligibility for one or the other is based on whether you are a Tier 1 Settlement Class Member or a Tier 2 Settlement Class Member.

■ **Tier 1 Cash Payment –** An AT&T 1 Settlement Class Member <u>who had their Social Security Number ("SSN") included in the AT&T 1 Data Incident (also known as a "Tier 1 Settlement Class Member")</u>, is eligible to make a Claim for a Tier 1 Cash Payment. Tier 1 Cash Payments shall be five (5) times the amount of a Tier 2 Cash Payment;

■ **Tier 2 Cash Payment –** Instead of a Documented Loss Cash Payment, an AT&T 1 Settlement Class Member <u>who had their Data Elements included in the AT&T 1 Data Incident, but not their SSN</u>, is eligible to make a Claim for a Tier 2 Cash Payment.

The Amount of the Net Settlement available for Settlement Class Member distribution is unknown at this time and will be based upon the amount of the Settlement Administration Costs, the amount of attorneys' fees, costs, and Service Awards, and the number of Valid Claims received from Settlement Class Members.

❖ **AT&T 2 Settlement Class:**

All AT&T 2 Settlement Class Members are eligible for a **Documented Loss Cash Payment** and some Settlement Class Members may alternatively choose a **Tier 3 Cash Payment**.

➢ **Documented Loss Cash Payment** – Each AT&T 2 Settlement Class Member may submit a Claim for a Documented Loss Cash Payment of **up to $2,500** for losses that occurred on or after April 14, 2024, <u>upon presentation of documentation that the losses are</u> fairly traceable to the AT&T 2 Data Incident.

■ To receive a Documented Loss Cash Payment, claiming Settlement Class Members must elect Documented Loss Cash Payment on the Claim Form attesting under penalty of perjury to incurring documented losses. Claiming Settlement Class Members will be required to submit reasonable documentation supporting the losses. Such losses must have been incurred on or after the date of the applicable Data Incident <mark>through the date of Claim submission</mark> and must be fairly traceable to the AT&T 2 Data Incident. Reasonable documentation can include receipts or other documentation not self-prepared by the Claimant that documents the costs incurred.

■ Self-prepared documents such as handwritten receipts, accountings, statements, declarations, and/or affidavits prepared by the Settlement Class Member are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or to support other submitted documentation.

➢ **Tier 3 Cash Payment –** As an alternative to a Documented Loss Cash Payment, Account Owners may submit a Claim for a Tier 3 Cash Payment. A Tier 3 Cash Payment is a *pro rata* share of the AT&T 2 Net Settlement Fund cash (the funds left after payment of Settlement Administration Costs, Attorneys' Fees, Costs, and Service Awards). The Amount of the Net Settlement available for Settlement Class Member distribution is unknown at this time and will be based upon the amount of the Settlement Administration Costs, the amount of attorneys' fees, costs, and

Questions? Go to <mark>www.website.com</mark> or call <mark>(XXX) XXX-XXXX</mark>

- 9 -

Service Awards, and the number of Valid Claims received from Settlement Class Members.

❖ **Overlap Settlement Class Member:** An Overlap Settlement Class Member is eligible for Settlement Class Member Benefits as both an AT&T 1 Settlement Class Member and an AT&T 2 Settlement Class Member. If claiming for a Documented Loss Cash Payment for the AT&T 1 Data Incident and a Documented Loss Cash Payment for the AT&T 2 Data Incident, **the documentation for each Documented Loss Cash Payment must be unique**, meaning a Settlement Class Member may only use the information supporting a Documented Loss Cash Payment once.

The AT&T1 Net Settlement Fund means the amount of funds that remain in the AT&T 1 Settlement Fund after funds are paid from the AT&T 1 Settlement Fund for the following: (i) Settlement Administration Costs incurred pursuant to the Settlement Agreement, (ii) any Service Awards approved by the Court, (iii) any amounts approved by the Court for Attorneys' Fees and Costs, and (iv) applicable taxes, if any. Similarly, the AT&T2 Net Settlement Fund means the amount of funds that remain in the AT&T 2 Settlement Fund after funds are paid from the AT&T 2 Settlement Fund for the following: (i) Settlement Administration Costs incurred pursuant to the Settlement Agreement, (ii) any Service Awards approved by the Court, (iii) any amounts approved by the Court for Attorneys' Fees and Costs, and (iv) applicable taxes, if any.

Cash Payments will be a *pro rata* distribution from the applicable Net Settlement Fund and based on the number of Valid Claims. The Settlement Administrator will first pay approved Claims for Documented Loss Payments out of the respective Net Settlement Funds. Thereafter, the amount of the Net Settlement Funds remaining after all Documented Loss Payments are applied (up to $25,000,000 for AT&T 1) shall be distributed by the Settlement Administrator on a *pro rata* basis to claimants.

AT&T 1 Settlement Class Members who submit a Valid Claim will receive a *pro rata* distribution from the AT&T 1 Net Settlement Fund. AT&T 1 Tier 1 Settlement Class Members who submit a Valid Claim shall receive five (5) times more than AT&T 1 Tier 2 Settlement Class Members out of the AT&T 1 Settlement Fund.

AT&T 2 Settlement Class Members who submit a Valid Claim will receive a *pro rata* distribution from the AT&T 2 Net Settlement Fund.

## HOW DO YOU SUBMIT A CLAIM?

| 8. How do I get a Settlement Class Member Benefit? |
| --- |

To receive a Settlement Class Member Benefit, you must complete and submit a Claim Form online at www.website.com or by mail to *<<Mailing Caption>>*, c/o Kroll Settlement Administration LLC, P.O. Box XXXX, New York, NY 10150-XXXX. Read the Claim Form instructions carefully, fill out the Claim Form and submit online by <<Claim Deadline>> or by mail postmarked by <<Claim Deadline>>.

## TO RECEIVE AN ELECTRONIC OR ACH PAYMENT FOR YOUR VALID CLAIM, YOU MUST FILE A CLAIM FORM ONLINE AT WWW.WEBSITE.COM

| 9. When will I get my Settlement Class Member Benefit? |
| --- |

The Court will hold a Final Approval Hearing on <<Date>>, at <<Time>> a.m. CT to decide whether to approve the Settlement. You do not need to attend the Final Approval Hearing. If the Court approves the Settlement, there may be appeals from that decision and resolving them can take time. It also takes time for all of the Claim Forms to be processed. Please be patient. Settlement Class Member Benefits will begin after the Settlement has obtained Court approval and the time for all appeals has expired.

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

**10. What am I giving up as part of the Settlement?**

Defendants and its affiliates will receive a release from all claims that could have been or that were brought against Defendants relating to the Data Incidents. Thus, if the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Settlement Class Member and you will give up your right to sue Defendants, the entire AT&T Inc. family of companies, including any of AT&T Inc.'s current, former, and future: parents, subsidiaries, divisions, and affiliated companies (including DirecTV, LLC), whether indirect or direct, as well as these entities' respective predecessors, successors, assigns, representatives, officers, agents, directors, employees, contractors, vendors (including Snowflake, Inc.), insurers, reinsurers, shareholders, advisors, consultants, attorneys, wholesalers, resellers, the distributors, service providers, and retailers; and Snowflake Inc., and its present and former parents, subsidiaries, divisions, departments, worldwide affiliates, predecessors, successors and assigns, and any and all of their past, present, and future directors, officers, executives, officials, principals, stockholders, heirs, agents, insurers, reinsurers, members, attorneys, accountants, actuaries, fiduciaries, advisors, consultants, representatives, partners, joint venturers, licensees, licensors, independent contractors, subrogees, trustees, executors, administrators, clients, customers, data owners, associated third Parties, predecessors, successors and assigns. It is understood that if a Released Party is not a party to the Settlement Agreement, all such Released Parties are intended third-party beneficiaries of the Settlement Agreement and may enforce the Settlement Agreement as if they were parties to the Settlement Agreement. This release is described in Section XVI of the Settlement Agreement, known as Releases, which is available at **www.website.com.** If you have any questions, you can talk to the law firms listed in Question 16 for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of the Settlement, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting-out" of the Settlement Class.

**11. If I exclude myself, can I get a benefit from this Settlement?**

No. If you exclude yourself, you will not be entitled to receive any benefits from the Settlement.

**12. If I do not exclude myself, can I sue the Released Parties for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Defendants and any other Released Parties for any claim that could have been or was brought relating to the Data Incidents. You must exclude yourself from the Settlement to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.

**13. How do I exclude myself from the Settlement?**

To exclude yourself, send a request for exclusion or written notice of intent to opt-out that says you want to be excluded from the Settlement. The letter requesting exclusion must contain (a) the Settlement Class Member's full legal name; (b) the Settlement Class Member's address, all AT&T telephone number(s) involved in the AT&T 1 Data Incident or the AT&T 2 Data Incident and current telephone number, and email address; (c) the identity of the Settlement Class Member's counsel, if represented; (d) a handwritten "wet" signature of the Settlement Class Member; (e) the name and number of the case; (f) if the individual

Questions? Go to www.website.com or call (XXX) XXX-XXXX

- 11

is a former AT&T customer the Settlement Class Member's AT&T account number(s) or an attestation that the former customer is unable to obtain their AT&T account number(s); and (g) a statement clearly indicating the individual wishes to be excluded from the Settlement Class for the purposes of the Settlement. You must mail your request for exclusion to the Settlement Administrator postmarked by **<<Opt-Out Deadline>>**, to:

**<<Mailing Caption>>**
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

Requests for exclusion must be made on an individual basis and request exclusion only for that one individual whose personal signature appears on the request; "mass," "class," or other purported group opt-outs, or opt-outs signed by counsel, are not permitted and are not effective.

Any individual in the Settlement Classes who does not timely and validly request to opt out shall be bound by the terms of the Settlement Agreement even if he or she does not submit a Valid Claim, and even if he or she has pending, or subsequently initiates, litigation, arbitration, or any other proceeding against Defendants relating to the Released Claims. Individuals in the Settlement Classes who timely and validly opt out of the Settlement do not release their individual claims and will not obtain any benefits under the Settlement.

**OBJECTING TO THE SETTLEMENT**

| **14. How do I object to the Settlement?** |
| --- |

You can tell the Court that you do not agree with the Settlement, and/or the Application/s for Attorneys' Fees, Costs, and Service Awards or some part of it by objecting to the Settlement. Objections must be mailed to the Clerk of the Court, to Class Counsel, Defendants' Counsel, and the Settlement Administrator by mail, with a postmark date **no later than <<Objection Deadline>>**, to the following addresses:

| **Clerk of the Court** | **Settlement Administrator** |
| --- | --- |
| **<<Address>>** | **<<Mailing Caption>>**<br>c/o Kroll Settlement Administration LLC<br>P.O. Box XXXX<br>New York, NY 10150-XXXX |
| **Class Counsel** | **Defendant's Counsel** |
| **AT&T 1 Class Counsel:**<br><br>Mark Lanier<br>**Lanier Law Firm**<br>10940 W. Sam Houston Pkwy N.<br>Suite 100<br>Houston, TX 77064<br>mark.lanier@lanierlawfirm.com<br><br>Chris Seeger<br>Shauna Itri | Gilbert Keteltas<br>Lisa Ghannoum<br>**BakerHostetler LLP**<br>Suite 1100<br>1050 Connecticut Ave., NW<br>Washington, DC 20036<br><br>Michael McTigue Jr.<br>Meredith Slawe |

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

- 12

| | |
|---|---|
| **Seeger Weiss LLP**<br>55 Challenger Rd 6th floor,<br>Ridgefield Park, NJ 07660<br>cseeger@seegerweiss.com<br>sitri@seegerweiss.com<br><br><br><br>**AT&T 2 Class Counsel:**<br>Jeff Ostrow<br>**Kopelowitz Ostrow P.A.**<br>1 West Las Olas Blvd., Ste. 500<br>Fort Lauderdale, FL 33301<br>ostrow@kolawyers.com<br><br><br>Jason Rathod<br>**Migliaccio & Rathod LLP**<br>412 H Street NE, Ste. 302-B<br>Washington, DC 20002<br>jrathod@classlawdc.com | **Skadden, Arps, Slate, Meagher &**<br>**Flom LLP**<br>One Manhattan West<br>New York, NY  10001 |

For an objection to be considered by the Court, the objection must state:

1) the objector's full name, mailing address, all AT&T telephone number(s), current telephone number; and for former AT&T customers all AT&T account number(s), and email address (if any) or an attestation that the former customer is unable to obtain their AT&T account number(s) or email address (if any);

2) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

3) the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

4) the identity of all counsel who represent the objector, including (1) any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; (2) a description of the counsel's legal background and prior experience in connection with class action litigation; (3) a statement regarding whether fees to be sought will be calculated on the basis of a lodestar, contingency, or other method; (4) an estimate of the amount of fees to be sought; (5) the factual and legal justification for any fees to be sought; (6) the number of hours already spent by the counsel; and (7) an estimate of the hours to be spent in the future; and the attorney's hourly rate.

5) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

6) the identity of all counsel (if any) representing the objector who will appear at the Final Approval

**Questions? Go to <span style="background-color: yellow">www.website.com</span> or call <span style="background-color: yellow">(XXX) XXX-XXXX</span>**

- 13

Hearing;

7) four dates between the deadline for objections and a date two weeks before the Final Approval Hearing, during which the objector is available to be deposed by counsel for the Parties;

8) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

9) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

10) the objector's signature (an attorney's signature is not sufficient).

## 15.  What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement or parts of it and why you do not think it should be approved. You can object only if you are a Settlement Class Member. Excluding yourself or opting-out is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any payment from the Settlement. If you exclude yourself, you have no basis to object because you are no longer a Settlement Class Member, and the case no longer affects you.

## THE LAWYERS REPRESENTING YOU

## 16.  Do I have a lawyer in this case?

Yes. AT&T 1 Class Counsel means Mark Lanier, Chris Seeger, Shauna Itri, Jean Martin, James Cecchi, and Sean Modjarrad, and AT&T 2 Class Counsel means Devlan Geddes, John Heenan, Raph Graybill, Jeff Ostrow, and Jason Rathod, as Class Counsel to represent the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 17.  How will the lawyers be paid?

AT&T 1 Class Counsel and AT&T 2 Class Counsel shall apply, separately or jointly (upon agreement by Class Counsel), to the Court for an award of attorneys' fees expressed as a percentage of the total value conferred by the Settlement on the Settlement Classes of up to one-third of the respective Settlement Funds, plus reimbursement of costs incurred in prosecuting and settling the Actions.

Class Counsel shall apply to the Court for Service Awards for the Class Representatives not to exceed $1,500 per individual, in recognition of his contributions to these Actions. The Service Awards approved by the Court shall be paid out of the respective Action's Settlement Fund.

## THE COURT'S FINAL APPROVAL HEARING

## 18.  When and where will the Court decide whether to approve the Settlement?

The Court may hold a Final Approval Hearing at <<Time>> CT on <<Date>>, at the <<Court Address>>, Room ___ as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections,  the Court will consider them. The Court will also rule on any motion seeking payment of reasonable attorneys' fees and expenses for Class Counsel, as well as Service Awards for the Class Representatives. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice.

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

**19.  Do I have to attend the hearing?**

No. Class Counsel will represent the Settlement Class before the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 14, the Court will consider it.

**20.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file an objection according to the instructions in Question 14, including all the information required.

### IF YOU DO NOTHING

**21.  What happens if I do nothing?**

If you do nothing, you will not receive any benefits from this Settlement. If the Settlement is granted Final Approval and becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the other Released Parties based on any claim that could have been or that was brought relating to the Data Incidents.

### ADDITIONAL INFORMATION

**22.  How do I get more information?**

This Notice summarizes the Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **www.website.com**. You may also call the Settlement Administrator with questions or to receive a Claim Form at **(XXX) XXX-XXXX**.

**23.  What if my contact information changes or I no longer live at my address?**

It is your responsibility to inform the Settlement Administrator of your updated information. You may do so at the address below, by calling toll-free **(XXX) XXX-XXXX** or at the Contact section of the Settlement Website.

<<Mailing Caption>>
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX


**PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT OR DEFENDANTS FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT**


**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

# EXHIBIT 7
# (CLAIM FORM FOR AT&T 1)

<table>
<tr><td>

**Your Claim must be submitted online or <u>postmarked by</u>:**

<mark>**<<Claim Deadline>>**</mark>

</td><td>

**CLAIM FORM FOR AT&T DATA INCIDENT**

*In Re: AT&T Inc. Customer Data Security Breach Litigation*
MDL Docket No. 3:24-md-03114-E
United States District Court for the Northern District of Texas

</td><td>

**AT&T-C**

</td></tr>
</table>

## GENERAL INSTRUCTIONS

You are a Settlement Class Member if you are a living person in the United States whose Data Elements were included in the AT&T 1 Data Incident that was announced on March 30, 2024. You may submit a Claim for a Settlement Class Member Benefit, outlined below.

Please refer to the Long-Form Notice posted on the Settlement Website <mark>www.Website.com</mark>, for more information on submitting a Claim Form and whether you qualify as a Settlement Class Member.

**<u>To receive a Settlement Class Member Benefit from this Settlement via an electronic payment, you must submit the Claim Form below electronically at <mark>www.Website.com</mark> by <<Claim Deadline>>.</u>**

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

<mark><Mailing Caption></mark>
c/o Kroll Settlement Administration LLC
P.O. Box <mark>XXXX</mark>
New York, NY 10150-<mark>XXXX</mark>

Settlement Class Members under the Settlement Agreement will be eligible to receive one of the following Settlement Class Member Benefits:

- ❖ **Documented Loss Cash Payment** – Each Settlement Class Member may submit a claim for a Documented Loss Cash Payment of **up to $5,000** for losses that occurred in 2019 or later, *upon presentation of documented losses* fairly traceable to the AT&T 1 Data Incident. **OR**

- ❖ **Tiered Cash Payment –** Instead of a Documented Loss Cash Payment, Settlement Class Members may make a Claim for a Cash Payment based on the following:

  - ➤ **Tier 1 Cash Payment –** An AT&T 1 Settlement Class Member <u>who had their Social Security number (SSN) included in the AT&T 1 Data Incident</u>, is eligible to make a Claim for a Tier 1 Cash Payment. A Tier 1 Cash Payment consists of a *pro rata* share of the AT&T 1 Net Settlement Fund. Tier 1 Cash Payments shall be five (5) times the amount of a Tier 2 Cash Payment;

  - ➤ **Tier 2 Cash Payment –** An AT&T 1 Settlement Class Member <u>who had Data Elements included in the AT&T 1 Data Incident, but not their SSN</u>, is eligible to make a Claim for a Tier 2 Cash Payment. A Tier 2 Cash Payment consists of a *pro rata* share of the AT&T 1 Net Settlement Fund.

**Questions? Go to <mark>www.Website.com</mark> or call toll-free <mark>(XXX) XXX-XXXX</mark>.**

*00000*                    *CF*                    *Page 1 of 4*

## I. PAYMENT SELECTION

If you would like to elect to receive your Settlement Class Member Benefit through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

## II. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____    _____

**First Name**                                              **Last Name**

_____

**Address 1**

_____

**Address 2**

_____    ____  ____  ____  ____  ____

**City**                                              **State**        **Zip Code**

**Email Address:** _____@_____

## III. PROOF OF DATA BREACH SETTLEMENT CLASS MEMBERSHIP

☐    Check this box to certify that you are a living person in the United States whose Data Elements were included in the AT&T 1 Data Incident that was announced on March 30, 2024.

Enter the Class Member ID Number provided on your Email Notice:

**Class Member ID:** 0 0 0 0 0 ____  ____  ____  ____  ____  ____  ____

## IV. TIERED CASH PAYMENT

Instead of receiving a Documented Loss Cash Payment, Settlement Class Members may elect to receive a *pro rata* Tiered Cash Payment.

❖ **Tier 1 Cash Payment** – If your Social Security Number was included in the AT&T 1 Data Incident, you are eligible to make a Claim for a Tier 1 Cash Payment. A Tier 1 Cash Payment consists of a *pro rata* share of the AT&T 1 Net Settlement Fund. Tier 1 Cash Payments shall be five (5) times the amount of a Tier 2 Cash Payment;

❖ **Tier 2 Cash Payment** – If you had Data Elements included in the AT&T 1 Data Incident, but not your SSN, you are eligible to make a Claim for a Tier 2 Cash Payment. A Tier 2 Cash Payment consists of a *pro rata* share of the AT&T 1 Net Settlement Fund;

☐ Yes, I choose a *pro rata* Tiered Cash Payment.

**Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.**

## V. DOCUMENTED LOSS CASH PAYMENTS

*Skip this section if you are submitting for a Cash Payment only.*

Each Settlement Class Member can seek payment for documented losses of up to $5,000 that occurred in 2019 or later, upon presentation of documented losses fairly traceable to the Data Incident.

To receive a Documented Loss Cash Payment, Settlement Class Members must elect Documented Loss Cash Payment on the Claim Form attesting under penalty of perjury to having incurred documented losses. Claiming Settlement Class Members will be required to submit reasonable documentation supporting the losses. Such losses must have been incurred in 2019 or later through the date of Claim submission and incurred as a result of the AT&T 1 Data Incident. Reasonable documentation can include receipts or other documentation not self-prepared by the Claimant that documents the costs incurred.

Self-prepared documents such as handwritten receipts, accountings, statements, declarations, and/or affidavits prepared by the Settlement Class Member are, by themselves, insufficient for reimbursement, but may be considered alongside other submitted documentation.

☐ I have attached documentation showing that the documented ordinary losses were more likely than not caused by the AT&T 1 Data Incident.

| Cost Type (Fill all that apply) | Approximate Date of Documented Loss | Amount of Documented Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7/17/2 0 (mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |
| | ___/___ /___ ___ (mm/dd/yy) | $_____._____ | |
| | __ ___/___ /___ ___ (mm/dd/yy) | $_____._____ | |
| | __ ___/___ /___ ___ (mm/dd/yy) | $_____._____ | |

Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.

*00000*                    *CF*                    *Page 3 of 4*

## VI. ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____    ____ ____ / ____ ____ / ____ ____ ____ ____
Signature                                                                                          Date

_____
Print Name

**Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.**

\*00000\*                    \*CF\*                    \*Page 4 of 4\*

# EXHIBIT 8
# (CLAIM FORM FOR AT&T 2)

<table>
<tr><td>

**Your Claim must be submitted online or <u>postmarked by</u>:**
<mark>**<<Claim Deadline>>**</mark>

</td><td>

### CLAIM FORM FOR AT&T DATA INCIDENT

*In Re: AT&T Inc. Customer Data Security Breach Litigation*
MDL Docket No. 3:24-md-03114-E
United States District Court for the Northern District of Texas

</td><td>

**AT&T-C**

</td></tr>
</table>

### GENERAL INSTRUCTIONS

You are a Settlement Class Member if you are a person in the United States whose Data Elements were included in the AT&T 2 Data Incident that was announced on July 12, 2024. You may submit a Claim for a Settlement Class Member Benefit, outlined below.

Please refer to the Long-Form Notice posted on the Settlement Website **www.Website.com**, for more information on submitting a Claim Form and if you part of a Settlement Class.

**To receive a Settlement Class Member Benefit from this Settlement via an electronic payment, you must submit the Claim Form below electronically at www.Website.com by <<Claim Deadline>>.**

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

<mark><Mailing Caption></mark>
c/o Kroll Settlement Administration LLC
P.O. Box <mark>XXXX</mark>
New York, NY 10150-<mark>XXXX</mark>

**<u>Documented Losses Cash Paymen</u>t**: All AT&T 2 Settlement Class Members will be eligible to submit a Claim for a Documented Loss Cash Payment for up to $2,500.00. To receive a Documented Loss Cash Payment, Settlement Class Members must submit documentation supporting losses that occurred on or after April 14, 2024, that are fairly traceable to the AT&T 2 Data Incident. Account Owners are permitted to submit Claims for themselves and on behalf of any of their Line or End Users.

**<u>Tiered Cash Payment</u>**: Instead of a Documented Loss Cash Payment, Account Owners may submit a Claim for a Tiered Cash Payment, which is a *pro rata* cash share of the AT&T 2 Settlement Fund.

➢ .

### I. PAYMENT SELECTION

If you would like to elect to receive your Settlement Class Member Benefit through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

### II. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____    _____

**Questions? Go to <mark>www.Website.com</mark> or call toll-free <mark>(XXX) XXX-XXXX</mark>.**

**First Name**                                                    **Last Name**

_____

**Address 1**

_____

**Address 2**

_____    ___  ___    ___  ___  ___  ___  ___

**City**                                                          **State**          **Zip Code**

**Email Address:** _____@_____

---

### III. PROOF OF DATA BREACH SETTLEMENT CLASS MEMBERSHIP

☐    Check this box to certify that you are an AT&T Account Owner or Line or End User whose Data Elements were involved in the AT&T 2 Data Incident that was announced on July 12, 2024.

Enter the Class Member ID Number provided on your Email Notice:

**Class Member ID: 0 0 0 0 0 ___ ___ ___ ___ ___ ___ ___ ___**

---

### IV. DOCUMENTED LOSS CASH PAYMENTS

*Skip this section if you are submitting for a Cash Payment only.*

Each Settlement Class Members can seek payment for documented losses of up to $2,500 for losses that occurred on April 14, 2024 or later, upon presentation of documented losses fairly traceable to the AT&T 2 Data Incident.

To receive a Documented Loss Cash Payment, Settlement Class Members must elect Documented Loss Cash Payment on the Claim Form attesting under penalty of perjury to having incurred documented losses. Claiming Settlement Class Members will be required to submit reasonable documentation supporting the losses. Such losses must have been incurred between April 14, 2024, and the date of Claim submission, and incurred as a result of the AT&T 2 Data Incident. Reasonable documentation can include receipts or other documentation not self-prepared by the Claimant that documents the costs incurred.

Self-prepared documents such as handwritten receipts, accountings, statements, declarations, and/or affidavits prepared by the Settlement Class Member are, by themselves, insufficient for reimbursement, but may be considered alongside other submitted documentation.

☐    I have attached documentation showing that the documented ordinary losses were more likely than not caused by the AT&T 2 Data Incident.

**Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.**

| Cost Type (Fill all that apply) | Approximate Date of Documented Loss | Amount of Documented Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7/17/2 0 (mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |
| | ___/___/___ (mm/dd/yy) | $_____.____ | |
| | __ ___/___/___ __ (mm/dd/yy) | $_____.____ | |
| | __ ___/___/___ __ (mm/dd/yy) | $_____.____ | |

## V. TIERED CASH PAYMENT

If you are an Account Owner, instead of receiving a Documented Loss Cash Payment, you may elect to receive a *pro rata* Tiered Cash Payment.

**Tier 3 Cash Payment –** If you are an Account Owner who had <u>Data Elements included in the AT&T 2 Data Incident,</u> you are eligible to make a Claim for a Tier 3 Cash Payment. A Tier3 Cash Payment consists of a *pro rata* share of the AT&T 2 Net Settlement Fund.

☐ Yes, I choose a *pro rata* Tiered Cash Payment.

## VI. ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____     ____ ____ / ____ ____ / ____ ____ ____ ____
Signature                                                                                      Date

_____
Print Name

**Questions? Go to <u>www.Website.com</u> or call toll-free (XXX) XXX-XXXX.**

0 0 0 0 0 0 0 0 0 0 0 0 0

# EXHIBIT 9
# (CLAIM FORM FOR OVERLAP)

<table>
<tr><td>

**Your Claim must be submitted online or postmarked by:**
<<Claim Deadline>>

</td><td>

### CLAIM FORM FOR AT&T DATA INCIDENT

*In Re: AT&T Inc. Customer Data Security Breach Litigation*
MDL Docket No. 3:24-md-03114-E
United States District Court for the Northern District of Texas

</td><td>

**AT&T-C**

</td></tr>
</table>

### GENERAL INSTRUCTIONS

You are a Settlement Class Member if you are a living person in the United States whose Data Elements were included in the AT&T 1 and AT&T 2 Data Incidents that was announced on March 30, 2024, and July 12, 2024, respectively. You may submit a Claim for Settlement Class Member Benefits, outlined below.

Please refer to the Long-Form Notice posted on the Settlement Website **www.Website.com**, for more information on submitting a Claim Form and whether you qualify as a Settlement Class Member.

**To receive a Settlement Class Member Benefit from this Settlement via an electronic payment, you must submit the Claim Form below electronically at www.Website.com by <<Claim Deadline>>.**

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

<<Mailing Caption>>
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

**Documented Loss Cash Payment** – You may submit claims for a Documented Loss Cash Payment of **up to $5,000** for losses that occurred in 2019 or later, *upon presentation of documented losses* fairly traceable to the AT&T 1 Data Incident; and you may also submit a Claim form for **up to $2,500** for losses that occurred on or after April 14, 2024, that are fairly traceable to the AT&T 2 Data Incident. Account Owners are permitted to submit Claims for themselves and on behalf of any of their Line or End Users. If the Line or End User also submits a Claim, the Line or End User's Claim will be the Valid Claim. If you are submitting a Claim for documented losses for both Data Incidents, the documentation for each Documented Loss Cash Payment must be unique; a Settlement Class Member may only use information supporting a Documented Loss Cash Payment once. **OR**

**Tiered Cash Payment** – Instead of a Documented Loss Cash Payment, you may make a Claim for a Cash Payment based on the following:

> ➤ **Tier 1 Cash Payment** – An AT&T 1 Settlement Class Member who had their Social Security number (SSN) included in the AT&T 1 Data Incident, is eligible to make a Claim for a Tier 1 Cash Payment. A Tier 1 Cash Payment consists of a *pro rata* share of the AT&T 1 Net Settlement Fund. Tier 1 Cash Payments shall be five (5) times the amount of a Tier 2 Cash Payment; **OR**

> ➤ **Tier 2 Cash Payment** – An AT&T 1 Settlement Class Member who had Data Elements included in the AT&T 1 Data Incident, but not their SSN, is eligible to make a Claim for a Tier 2 Cash Payment. A Tier 2 Cash Payment consists of a *pro rata* share of the AT&T 1 Net Settlement Fund.

> **AND**

Questions? Go to www.Website.com or call toll-free **(XXX) XXX-XXXX**.

0 0 0 0 0 0 0 0 0 0 0 0

➤ **Tier 3 Cash Payment -** Account Owners may submit a Claim for a Tiered Cash Payment, which is a *pro rata* cash share of the AT&T 2 Net Settlement Fund.

## I. PAYMENT SELECTION

If you would like to elect to receive your Settlement Class Member Benefit through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

## II. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____        _____

**First Name**                                                                **Last Name**

_____

**Address 1**

_____

**Address 2**

_____    _____    _____ ___ ___ ___ ___ ___

**City**                                                                         **State**                **Zip Code**

**Email Address:** _____@_____

## III. PROOF OF DATA BREACH SETTLEMENT CLASS MEMBERSHIP

☐ Check this box to certify that you are a living person in the United States whose Data Elements were included in the AT&T 1 Data Incident and an Account Owner or Line or End User whose Data Elements were included in the AT&T 2 Data Incident that were announced on March 30, 2024 and on or about July 12, 2024, respectively.

Enter the Class Member ID Number provided on your Email Notice:

**Class Member ID:** 0 0 0 0 0 ___ ___ ___ ___ ___ ___ ___

## IV. TIERED CASH PAYMENT

Instead of receiving a Documented Loss Cash Payment, you may elect to receive a *pro rata* Tiered Cash Payment.

❖ **Tier 1 Cash Payment –** If your <u>Social Security Number was included in the AT&T 1 Data Incident</u>, you are eligible to make a Claim for a Tier 1 Cash Payment. A Tier 1 Cash Payment consists of a *pro rata* share of the AT&T 1 Net Settlement Fund. Tier 1 Cash Payments shall be five (5) times the amount of a Tier 2 Cash Payment; OR

❖ **Tier 2 Cash Payment –** If you had <u>Data Elements included in the AT&T 1 Data Incident, but not your SSN</u>, you are eligible to make a Claim for a Tier 2 Cash Payment. A Tier 2 Cash Payment

Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.

*00000*                                      *CF*                                      *Page 2 of 4*

consists of a *pro rata* share of the AT&T 1 Net Settlement Fund; AND

❖ **Tier 3 Cash Payment** – If you are an Account Owner who had <u>Data Elements included in the AT&T 2 Data Incident,</u> you are eligible to make a Claim for a Tier 3 Cash Payment. A Tier3 Cash Payment consists of a *pro rata* share of the AT&T 2 Net Settlement Fund.

☐ Yes, I choose a *pro rata* Tiered Cash Payment.

## V. DOCUMENTED LOSS CASH PAYMENTS

*Skip this section if you are submitting for a Cash Payment only.*

Each Settlement Class Member can seek payment for a Documented Loss Cash Payment of **up to $5,000** for losses that occurred in 2019 or later, *upon presentation of documented losses* fairly traceable to the AT&T 1 Data Incident and for **up to $2,500.00** for losses that occurred on or after April 14, 2024, that are fairly traceable to the AT&T 2 Data Incident. Account Owners are permitted to submit Claims for themselves and on behalf of any of their Line or End Users. If the Line or End User also submits a Claim, the Line or End User's Claim will be the Valid Claim. If you are submitting a Claim for documented losses for both Data Incidents, the documentation for each Documented Loss Cash Payment must be unique; a Settlement Class Member may only use information supporting a Documented Loss Cash Payment once.

To receive a Documented Loss Cash Payment, Settlement Class Members must elect Documented Loss Cash Payment on the Claim Form attesting under penalty of perjury to having incurred documented losses. Claiming Settlement Class Members will be required to submit reasonable documentation supporting the losses. Such losses must have been incurred in 2019 or later for the AT&T 1 Data Incident and on or later than April 14, 2024, for the AT&T 2 Data Incident through the date of Claim submission and incurred as a result of the Data Incidents. Reasonable documentation can include receipts or other documentation not self-prepared by the Claimant that documents the costs incurred.

Self-prepared documents such as handwritten receipts, accountings, statements, declarations, and/or affidavits prepared by the Settlement Class Member are, by themselves, insufficient for reimbursement, but may be considered alongside other submitted documentation.

☐ I have attached documentation showing that the documented ordinary losses were more likely than not caused by the AT&T 1 and/or AT&T 2 Data Incidents.

| **Cost Type** (Fill all that apply) | **Approximate Date of Documented Loss** | **Amount of Documented Loss** | **Description of Supporting Reasonable Documentation** (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | <u>0 7/17/2 0</u> (mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |

**Questions? Go to <u>www.Website.com</u> or call toll-free (XXX) XXX-XXXX.**

*00000*                          *CF*                          *Page 3 of 4*

| Cost Type (Fill all that apply) | Approximate Date of Documented Loss | Amount of Documented Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |
| | __ ___/___ ___/___ __ (mm/dd/yy) | $_____._____ | |
| | __ ___/___ ___/___ __ (mm/dd/yy) | $_____._____ | |

## VI. ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____     ____ ____ / ____ ____ / ____ ____ ____ ____
Signature                                              Date

_____
Print Name

Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.

*00000*                    *CF*                    *Page 4 of 4*

# EXHIBIT 10
# (PRELIMINARY APPROVAL ORDER)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

**IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION**

*This Document Relates to All Cases*

Case No. 3:24-cv-00757-E

MDL DOCKET NO. 3:24-md-03114-E

### [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS, this Action[1] is a putative class action before this Court;

WHEREAS, Plaintiffs, individually, and on behalf of the proposed Settlement Classes, and AT&T have entered into the Settlement Agreement, which is subject to review and approval by the Court under Federal Rule of Civil Procedure 23, and which, together with its exhibits, provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Action against AT&T should the Court grant Final Approval of the Settlement;

WHEREAS, Plaintiffs filed an unopposed motion requesting entry of an order to: (1) conditionally certify the Settlement Classes; (2) appoint Plaintiffs as Class Representatives; (3) appoint W. Mark Lanier, Chris Seeger, Shauna Itri, Jean Martin, James Cecchi, and Sean Modjarrad as AT&T 1 Class Counsel, and J. Devlan Geddes, Raph Graybill, John Heenan, Jeff Ostrow, and Jason S. Rathod as AT&T 2

---

[1] The capitalized terms herein have the same meanings as those defined in Section II of the Settlement Agreement, a copy of which is attached to the Motion for Preliminary Approval as *Exhibit A*.

Class Counsel; (4) preliminarily approve the Settlement; (5) approve the Notice Program and Notices and direct that Notice be sent to the Settlement Classes; (6) approve the Claim Form and Claims Process; (7) approve the Settlement's opt-out and objection procedures; (8) appoint Kroll Settlement Administration, LLC, as the Settlement Administrator; (9) stay all deadlines in the Action pending Final Approval of the Settlement; (10) enjoin and bar all members of the Settlement Classes from initiating or continuing in any litigation or arbitration or asserting any claims against AT&T and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision to grant Final Approval of the Settlement; and (11) set a date for the Final Approval Hearing; and

WHEREAS, the Court having reviewed the Motion along with the Settlement and its exhibits, finds that substantial and efficient grounds exist for entering this Preliminary Approval Order granting the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    **Settlement Class Certification:** Pursuant to Federal Rules of Civil Procedure Rules 23(a), 23(b)(3), and 23(e), and for purposes of settlement only, the Action is hereby preliminarily certified as a class action on behalf of the following Settlement Classes

The AT&T 1 Settlement Class consists of:

[A]ll living persons in the United States whose AT&T 1 Data Elements were included in the AT&T 1 Data Incident.

2

Excluded from the AT&T 1 Settlement Class are (a) AT&T, any entity in which AT&T has a controlling interest, and AT&T's officers, directors, legal representatives, successors, subsidiaries, and assigns; (b) any judge, justice, or judicial officer presiding over this Action, and the members of their immediate families and judicial staff; (c) any persons who have Released Claims relating to the AT&T 1 Data Incident and/or the AT&T 1 Action prior to Final Approval; and (d) any persons who timely opt out of the AT&T 1 Settlement Class.

> The AT&T 2 Settlement Class is defined as:
>
> AT&T Account Owners or Line or End Users whose AT&T 2 Data Elements were involved in the AT&T 2 Data Incident.

Excluded from the AT&T 2 Settlement Class are (a) AT&T, any entity in which AT&T has a controlling interest, and AT&T's officers, directors, legal representatives, successors, subsidiaries, and assigns; (b) any judge, justice, or judicial officer presiding over this Action, and the members of their immediate families and judicial staff; (c) any persons who have Released Claims relating to the AT&T 2 Data Incident and/or the AT&T 2 Action prior to Final Approval; and (d) any persons who timely opt-out of the AT&T 2 Settlement Class.

2.    **<u>Settlement Class Findings</u>:** The Court finds, for purposes of settlement only, and without any adjudication on the merits, that the prerequisites for certifying the Action as a class action under Federal Rules of Civil Procedure

23(a), 23(b)(3), and 23(e) have been satisfied, and that the Court will likely certify at the Final Approval stage the Settlement Classes.

3.    As to Rule 23(a), the Court finds that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Classes; (c) the claims of the proposed Class Representatives are typical of the claims of the Settlement Classes; and (d) the proposed Class Representatives and Class Counsel have and will fairly and adequately represent the interests of the Settlement Classes.

4.    As to Rule 23(b)(3), the Court finds that questions of law and fact common to the Settlement Classes predominate over any questions affecting individual members. Also, a class action is superior to other available methods for fairly and efficiently adjudicating the Action taking into consideration: (i) the lack of evidence of any intent among the Settlement Class Members to individually control the prosecution of separate actions; (ii) the small value of the claims of many of the individual Settlement Class Members making the pursuit of individual actions cost prohibitive for most Settlement Class Members; and (iv) the similarity of the Settlement Class Members' claims involving substantially identical proofs. *See* Fed. R. Civ. P. 23(b)(3).

5.    **<u>Preliminary Approval of the Settlement:</u>** The Court hereby preliminarily approves the Settlement, as embodied in the Agreement, as being fair,

reasonable, and adequate, and in the best interest of the named Plaintiffs and the

Settlement Classes, subject to further consideration at the Final Approval Hearing to

be conducted as described below. The Court finds the Agreement meets the

considerations set forth in Rule 23(e)(2) and the Fifth Circuit's *Reed* factors.

6.    Pursuant to Fed. R. Civ. P. 23(e), the terms of the Settlement Agreement

(and the Settlement provided for therein) are preliminarily approved and likely to be

approved at the Final Approval Hearing because:

(A) the class representatives and class counsel have adequately
represented the Settlement Classes;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is fair, reasonable, and adequate,
taking into account:
(i) the costs, risks, and delay of trial and appeal;
(ii) the effectiveness of any proposed method of distributing relief
to the class, including the method of processing class-member
claims;
(iii) the terms of any proposed award of attorneys' fees, including
timing of payment; and
(iv) any agreement made in connection with the proposal; and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

7.    The Court also preliminarily finds the Settlement is fair, reasonable,

and adequate considering the factors set forth in *Reed v. Gen. Motors Corp.*, 703

F.2d 170, 172 (5th Cir. 1983): (1) existence of fraud or collusion behind the

settlement; (2) complexity, expense, and likely duration of the litigation; (3) stage

of the proceedings and the amount of discovery completed; (4) probability of

plaintiffs' success on the merits; (5) range of possible recovery; and (6) opinions of class counsel, class representatives, and absent class members. The last *Reed* factor is best addressed after the Settlement Class Members receive Notice of the Settlement.

8.    **Settlement Funds:** The Settlement provides for two non-reversionary Settlement Funds consisting of: (a) $149,000,000 in cash for the benefit of the AT&T 1 Settlement Class; and (b) $28,000,000 in cash for the benefit of the AT&T 2 Settlement Class. The Settlement Funds will be used to pay for each class' respective Settlement Class Member Benefits; Settlement Administration Costs; any Court-approved attorneys' fees and costs to Class Counsel; and any Court-approved Service Awards to Plaintiffs for serving as Class Representatives. The Settlement Funds will be created and funded subject to the terms of the Settlement.

9.    **Appointment of Class Representatives and Class Counsel:** The Court hereby finds and concludes pursuant to Fed. R. Civ. P. 23(a)(4), and for purposes of settlement only, that Plaintiffs are adequate class representatives and appoints them as Class Representatives for the Settlement Classes.

10.    In appointing class counsel, Federal Rule of Civil Procedure 23(g) requires the Court to consider (1) the work counsel have done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action,

(3) counsel's knowledge of applicable law, and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider any other matter pertinent to counsel's ability to represent the class. Fed. R. Civ. P. 23(g)(1)(B). The Court finds that proposed Class Counsel and their law firms have expended a reasonable amount of time, effort, and expense investigating the Data Incidents. It is clear from their track records of success, as outlined in their resumes, that Class Counsel are highly skilled and knowledgeable concerning class action practice. For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(g)(1), the Court appoints the following individuals to act on behalf of the Settlement Classes with respect to the Settlement: Mark Lanier, Chris Seeger, Shauna Itri, Jean Martin, James Cecchi, and Sean Modjaard as AT&T 1 Class Counsel, and J. Devlan Geddes, Raph Graybill, John Heenan, Jeff Ostrow, and Jason S. Rathod of Migliaccio & Rathod LLP as AT&T 2 Class Counsel.

11.    **Settlement Administrator:** Class Counsel are authorized to use Kroll Settlement Administration, LLC as the Settlement Administrator to perform the Settlement Administrator's duties as set out in the Settlement, including to supervise and administer the Notice Program and oversee the Claims Process, as well as to administer the Settlement should the Court grant Final Approval.

12.    **Approval of Notice Program and Notices:** The Court approves, as to form and content, the Notice Program, including the Email Notice, Reminder Notice,

Postcard Notice, Publication Notice, and Long Form Notice substantially in the forms attached as exhibits to the Agreement. Non-substantive changes may be made to the Notices by agreement of Parties without further order of this Court. The Court finds that the Notice Program: (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement, the effect of the proposed Settlement (including the Releases contained therein), and their right to opt-out of or to object to the proposed Settlement and appear at the Final Approval Hearing; (c) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Federal Rule of Civil Procedure 23, due process, the rules of this Court, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be posted on the Settlement Website and included in the Notices before they are emailed, mailed, or published.

13.    **Claim Form and Claims Process**: The Court approves the Claim Form as set forth in the Settlement, and the Claims Process to be implemented by the Settlement Administrator. The Claim Form is straightforward and easy to complete, allowing each Settlement Class Member to elect the alternative Settlement Class Member Benefits. Should the Court grant Final Approval of the Settlement, Settlement Class Members who do not opt-out of the Settlement shall be bound by

its terms even if they do not submit Claims.

14.    **Dissemination of Notice and Claim Forms:** The Court directs the Settlement Administrator to disseminate the Notices and Claim Form as approved herein. Class Counsel and AT&T's counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this order or the Settlement, including making, without the Court's further approval, minor form or content changes to the Notices and Claim Form they jointly agree are reasonable or necessary.

15.    **Opt-Outs from the Settlement Classes:** The Notice shall provide that any member of a Settlement Class who wishes to opt-out from the Settlement Class must request exclusion in writing within the time and manner set forth in the Notice. The Notices shall provide that opt-out requests must be sent to the Settlement Administrator and Class Counsel and be postmarked no later than 45 days before the initial date set for the Final Approval Hearing (the Opt-Out deadline). The letter requesting to opt-out must include (a) the Settlement Class Member's full legal name; (b) the Settlement Class Member's address, all AT&T telephone number(s) and current telephone number, and current email address; (c) the identity of the Settlement Class Member's counsel, if represented; (d) a handwritten "wet" signature of the Settlement Class Member; (e) the name and number of the case; (f)

if the individual is a former AT&T customer, the Settlement Class Member's AT&T account number(s) or an attestation that the former customer is unable to obtain their AT&T account number(s); and (g) a statement clearly indicating the individual wishes to be excluded from a Settlement Class for the purposes of the Settlement. Requests to opt-out must be made on an individual basis and request exclusion only for that one individual whose personal signature appears on the request; "mass," "class," or other purported group opt-outs, or opt-outs signed by counsel, are not permitted and are not effective. Any individual in the Settlement Classes who does not timely and validly request to opt-out shall be bound by the terms of Agreement even if he or she does not submit a Valid Claim, and even if he or she has pending, or subsequently initiates, litigation, arbitration, or any other proceeding against AT&T relating to the Released Claims. Individuals in the Settlement Classes who timely and validly opt-out of the Settlement do not release their individual claims and will not obtain any benefits under the Settlement.

16. **<u>Objections to the Settlement:</u>** The Notice shall also provide that any Settlement Class Member who does not opt-out from the Settlement Classes may object to the Settlement and/or the Applications for Attorneys' Fees, Costs, and Service Awards. Objections must be mailed to the Clerk of the Court and filed on the Court's docket and mailed to the Settlement Administrator, Class Counsel, and AT&T's Counsel. For an objection to be considered by the Court, the objection must

be submitted on behalf of a Settlement Class Member no later than 45 days before the initial scheduled Final Approval Hearing (the Objection Deadline). When submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label. Any Settlement Class Member who does not make their objections in the manner and by the date set forth in the Agreement shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

17.    For an objection to be considered by the Court, the objection must also set forth:

a.    the objector's full name, mailing address, all AT&T telephone number(s), current telephone number; and for former AT&T customers all AT&T account number(s), and email address (if any) or an attestation that the former customer is unable to obtain their AT&T account number(s) or email address (if any);

b.    all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c.     the number of times the objector has objected to a class action

settlement within the five years preceding the date that the objector files the

objection, the caption of each case in which the objector has made such objection,

and a copy of any orders related to or ruling upon the objector's prior objections

that were issued by the trial and appellate courts in each listed case;

d.     the identity of all counsel who represent the objector, including

(1) any former or current counsel who may be entitled to compensation for any

reason related to the objection to the Settlement and/or Application/s for Attorneys'

Fees, Costs, and Service Awards; (2) a description of the counsel's legal

background and prior experience in connection with class action litigation; (3) a

statement regarding whether fees to be sought will be calculated on the basis of a

lodestar, contingency, or other method; (4) an estimate of the amount of fees to be

sought; (5) the factual and legal justification for any fees to be sought; (6) the

number of hours already spent by the counsel; and (7) an estimate of the hours to

be spent in the future; and the attorney's hourly rate.

e.     the number of times in which the objector's counsel and/or

counsel's law firm have objected to a class action settlement within the five years

preceding the date of the filed objection, the caption of each case in which counsel

or the firm has made such objection and a copy of any orders related to or ruling

upon counsel's or the counsel's law firm's prior objections that were issued by the

trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

      f.   the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

      g.   four dates between the deadline for objections and a date two weeks before the Final Approval Hearing, during which the objector is available to be deposed by counsel for the Parties;

      h.   a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

      i.   a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

      j.   the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or AT&T's Counsel may conduct limited discovery, including taking depositions, on any objector or objector's counsel, including taking depositions.

18.    **Motion for Final Approval and Application/s for Attorneys' Fees, Costs, and Service Awards:** Class Counsel intend to seek an award of up to one-third of their respective Settlement Funds as attorneys' fees, as well as

reimbursement of reasonable litigation costs, and Service Awards for the Class Representatives in the amount of $1,500.00 each to be paid from the respective Settlement Funds. These amounts appear reasonable, but the Court will defer ruling on those awards until the Final Approval Hearing when considering Class Counsel's Application/s for Attorneys' Fees, Costs, and Service Awards.

19.    Class Counsel shall file their Motion for Final Approval and Application/s for Attorneys' Fees, Costs, and Service Awards no later than 60 days before the initial date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Class Counsel's request for attorneys' fees and costs and Service Awards for the Class Representatives. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to the Application(s) for Attorneys' Fees, Costs, and Service Awards, provided the objector(s) submitted timely objections that meet all of the requirements listed in the Settlement and in this order.

20.    **<u>Termination:</u>** If the Settlement is terminated, not approved, canceled, fails to become effective for any reason, or the Effective Date does not occur, this order shall become null and void and shall be without prejudice to the rights of Plaintiffs, the Settlement Class members, and AT&T, all of whom shall be restored to their respective positions in the Action as provided in the Agreement.

21.     **Stay:** All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement and this Preliminary Approval Order.

22.     Upon the entry of this order, with the exception of Class Counsel's, AT&T's Counsel's, AT&T's, and the Class Representatives' implementation of the Settlement and the approval process in this Action, all members of the Settlement Classes, shall be provisionally enjoined and barred from asserting any claims or initiating or continuing in any litigation or arbitration against AT&T and/or the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

23.     **Jurisdiction:** For the benefit of the Settlement Classes and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

24.     **Final Approval Hearing:** The Court will hold a Final Approval Hearing on _____, 2025, at _____ **am/pm CST.** The Final Approval Hearing will be conducted for the following purposes: (a) to finally determine whether the proposed Settlement, on the terms and conditions provided for in the Settlement, is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether an order of Final Judgment should be entered dismissing the Action on the

merits and with prejudice; (c) to determine whether the proposed plan of allocation and distribution of the Settlement Fund is fair and reasonable and should be approved; (d) to determine whether any requested award of attorneys' fees and costs to Class Counsel and Service Awards to the Class Representatives should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website.

      25.    **Schedule:** The Court hereby sets the following schedule of events:

| | |
|---|---|
| **Class Lists delivered to Settlement Administrator** | 10 days after Preliminary Approval |
| **Notice Program Commencement** | Within 45 days of Preliminary Approval |
| **Notice Program Complete** | 45 days before the initial scheduled Final Approval Hearing date |
| **Deadline to file Motion for Final Approval and Application/s for Attorneys' Fees, Costs, and Service Awards** | 60 days before the initial scheduled Final Approval Hearing date |
| **Opt-Out Deadline** | 45 days before the initial scheduled Final Approval Hearing date |
| **Objection Deadline** | 45 days before the initial scheduled Final Approval Hearing date |
| **Reminder Email Deadline** | 20 days prior to Deadline to Submit Claim Forms |
| **Deadline to Respond to Objections** | 15 days before the initial scheduled Final Approval Hearing date |

| | |
|---|---|
| **Deadline to Submit Claim Forms** | 15 days before the initial scheduled Final Approval Hearing date |
| **Final Approval Hearing** | **_____ __, 2025, at ____ am/pm CST**. |

SO ORDERED this _____ day of _____, 2025.


_____
HONORABLE ADA E. BROWN
UNITED STATES DISTRICT JUDGE

# EXHIBIT 11
# (FINAL APPROVAL ORDER)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION** | Case No. 3:24-cv-00757-E |
| *This Document Relates to All Cases* | MDL DOCKET NO. 3:24-md-03114-E |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATIONS FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

WHEREAS, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Settlement Action Settlement, AT&T 1 Class Counsel Application for Attorneys' Fees, Costs, and Service Awards, and AT&T 2 Class Counsel Application for Attorneys' Fees, Costs, and Service Awards (ECF Nos. ___, ___, ___);

WHEREAS, on _____, 2025, the Court entered its Preliminary Approval Order, which, *inter alia*: (1) preliminarily approved the Settlement; (2) determined that, for purposes of Settlement only, the Actions should proceed as a class action and certified the Settlement Classes; (3) appointed Plaintiffs as Class Representatives; (4) appointed AT&T 1 Class Counsel and AT&T 2 Class Counsel as Class Counsel; (5) appointed Kroll Settlement Administration LLC as the Settlement Administrator; (6) approved the form and manner of Notice and the Notice Program; (7) approved the Claim Process and Claim Form; (8) approved the

opt-out and objection procedures; (9) set the Final Approval Hearing date (ECF No. __); and (10) enjoined and stayed all other parallel state court and arbitration proceedings.

WHEREAS, thereafter, Notice was provided to the Settlement Classes in accordance with the Court's Preliminary Approval Order by direct Email Notice and/or Postcard Notice, and Publication Notice, and the Long Form Notice was available to Settlement Class members on the Settlement Website or upon request to the Settlement Administrator;

WHEREAS, on _____ 2025, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider Class Counsel's Applications for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.    This Final Approval Order incorporates the definitions in Section II of the Settlement Agreement, unless otherwise defined herein.

2.    The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances

and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23 and all other applicable law and rules. The Claim Form was easily understandable, and the Claim Process was fair.

3.      Defendants have fully complied with the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b).  *See* ECF No. 32.

4.      The terms of the Settlement are fair, adequate, and reasonable. In so finding, the Court has considered the Fed. R. Civ. P. 23(e)(2) factors and the Fifth Circuit's traditional factors from *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

5.      In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no objections to the Settlement, and only __ timely opt-outs, indicating an overwhelming positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters.

6.      A list of the individuals who have timely opted-out of the Settlement is attached hereto as *Exhibit A*. Those individuals will not be bound by the Settlement Agreement or the Releases contained therein.

7.      Based on the information presented to the Court, the Claim Process has proceeded consistent with the Agreement and Preliminary Approval Order. All

3

Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

8.     The distribution plan for Settlement Class Member Benefits proposed by the Parties in the Agreement is fair, reasonable, and adequate.

9.     The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

10.    Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

11.    All Parties to this Action, and all Settlement Class Members who did not timely opt-out, are bound by the Settlement as set forth in the Agreement and this Final Approval Order.

12.    The appointment of Plaintiffs as the Class Representatives is affirmed.

13.    The appointment of AT&T 1 Class Counsel and AT&T 2 Class Counsel is affirmed.

14.    The appointment of Kroll Settlement Administration LLC as the

Settlement Administrator is affirmed.

15.    The Court affirms its findings that the Settlement Classes meet the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for Settlement purposes in that: (1) the number of members of the Settlement Classes is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the members of the Settlement Classes; (3) the claims of the Plaintiffs are typical of the claims of the members of the Settlement Classes; (4) the Plaintiffs are adequate representatives for the Settlement Classes, and have retained experienced and adequate Class Counsel; (5) the questions of law and fact common to the members of the Settlement Classes predominate over any questions affecting any individual members of the Settlement Classes; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

16.    Therefore, the Court finally certifies the following Settlement Classes:

### AT&T 1 Settlement Class

**[A]ll living persons in the United States whose AT&T 1 Data Elements were included in the AT&T 1 Data Incident.**

Excluded from the AT&T 1 Settlement Class are (a) AT&T, any entity in which AT&T has a controlling interest, and AT&T's officers, directors, legal representatives, successors, subsidiaries, and assigns; (b) any judge, justice, or judicial officer presiding over this Action, and the members of their immediate families and judicial staff; (c) any persons who have Released Claims relating to the

AT&T 1 Data Incident and/or the AT&T 1 Action prior to Final Approval; and (d) any persons who timely opted-out of the AT&T 1 Settlement Class.

### AT&T 2 Settlement Class

**AT&T Account Owners or Line or End Users whose AT&T 2 Data Elements were involved in the AT&T 2 Data Incident.**

Excluded from the AT&T 2 Settlement Class are (a) AT&T, any entity in which AT&T has a controlling interest, and AT&T's officers, directors, legal representatives, successors, subsidiaries, and assigns; (b) any judge, justice, or judicial officer presiding over this Action, and the members of their immediate families and judicial staff; (c) any persons who have Released Claims relating to the AT&T 2 Data Incident and/or the AT&T 2 Action prior to Final Approval; and (d) any persons who timely opted-out of the AT&T 2 Settlement Class.

17.     Judgment shall be entered dismissing the Actions with prejudice, on the merits.

18.     As of the Effective Date, and in exchange for the relief described in the Agreement, the Releasing Parties shall automatically be deemed to have fully, finally, and irrevocably released and forever discharged the Released Parties.

19.     In the event there are funds remaining from uncashed checks in the Settlement Fund 20 days following the 180-day check negotiation period, all remaining funds shall be distributed to Texas Bar Foundation (https://txbf.org/) as the *cy pres* recipient approved by the Court.

20.    AT&T 1 Class Counsel are awarded $_____ for attorneys'

fees and $_____ for costs. These payments shall be made out of the

AT&T 1 Settlement Fund in accordance with the Agreement. AT&T 2 Class

Counsel are awarded $_____ for attorneys' fees and $_____

for costs. These payments shall be made out of the AT&T 2 Settlement Fund in

accordance with the Agreement. The Court evaluated Class Counsel's separate

requests for attorneys' fees request using the percentage of the fund method blended

with the following 12 factors from *Johnson v. Ga. Highway Exp., Inc*., 488 F.2d 714,

718 (5th Cir. 1974), and concludes that amount is fair and within the range of reason:

> (1) The time and labor required; (2) The novelty and difficulty of the
> questions; (3) The skill requisite to perform the legal service properly;
> (4) The preclusion of other employment by the attorney due to
> acceptance of the case; (5) The customary fee [for similar work in the
> community]; (6) Whether the fee is fixed or contingent;  (7) Time
> limitations imposed by the client or the circumstances; (8) The amount
> involved and the results obtained; (9) The experience, reputation, and
> ability of the attorneys; (10) The "undesirability" of the case; (11) The
> nature and length of the professional relationship with the client; and
> (12) Awards in similar cases.

*Johnson*, 488 F.2d at 717-19. The Court need not consider each factor in making its

determination. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 331 (5th

Cir. 1995). Each of the *Johnson* Factors will vary, depending on the case, and rather

than imposing a rigid application, the Fifth Circuit entrusts lower courts to apply

those factors in view of the case's particular circumstances. *Brantley v. Surles*, 804

F.2d 321, 325-26 (5th Cir. 1986). On the whole, these factors are satisfied.

21.    The Class Representatives shall be awarded Service Awards in the amount of $_____ each. The Service Awards shall be payable out of the respective Actions' Settlement Funds in accordance with the Agreement.

22.    Plaintiff and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) an action arising out of or related in any way to the Released Claims or that are covered by the Releases against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal, currently pending or in the future, at any time, including during any appeal from this Final Approval Order.

23.    With respect to the Released Claims, Plaintiffs and Settlement Class Members understand and acknowledge it is possible that unknown economic losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs and Settlement Class Members took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiffs and Defendants with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Settlement shall have, irrevocably waived and relinquished,

to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable), which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

24.    The Court hereby retains and reserves exclusive jurisdiction over: (1) implementation of this Settlement and any distributions to the Settlement Class Members; (2) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (3) all Parties, Settlement Class Members, and objectors, for the purpose of enforcing, supervising, construing, administering the Settlement in accordance with its terms.

25.    In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Final Approval Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, *nunc pro tunc*. In such event, all orders entered, and releases delivered, in connection with the Settlement shall be null and void and have no further force and effect, shall

not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding. The Actions shall return to their status immediately prior to execution of the Agreement.

26.     The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits, regulatory, arbitration or other proceedings arising out of or related in any way to the Released Claims or that are covered by the Releases (and other prohibitions in this Final Approval Order) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted-out or any other person subject to this Final Approval Order, provided, however, that a Settlement Class Member shall be permitted to comply with a valid subpoena or court order concerning the Released Claims.

27.     This Final Approval Order, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendants or of the validity or certifiability as a class for litigation of any claims that have been, or could have been, asserted in the Action.

28.     There being no just reason for delay, the Clerk of Court is hereby

directed to enter final judgment forthwith pursuant to Fed. R. Civ. P. 58.

**SO ORDERED** on _____, 2025.

_____
HONORABLE ADA E. BROWN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## Opt-Out List

(To Be Completed Before Final Approval Hearing)

1.

2.