UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
CASE NO.: 3:24-cv-00757-E

CAROL SUROWIEC,

      Plaintiff,

 v.

AT&T MOBILITY, LLC,

      Defendant

_____/

### CAROL SUROWIEC[1]'S MOTION FOR LEAVE OF COURT TO FILE MOTION TO SEVER AND ENTER PARTIAL SUMMARY JUDGMENT TO ENFORCE CLASS ACTION WAIVER AGAINST AT&T AND REMAND CASES

**Beighley, Myrick, Udell, Lynne & Zeichman PA**
*Attorneys for Carol Surowiec and Florida Small Claims Court Plaintiffs*
2601 S. Bayshore Drive
Suite 770
Miami, FL33133
(305) 349-3930

By:   */s/ Maury L. Udell, Esq.*
       Maury L. Udell, Esq.
       Fla. Bar No. 121673
       mudell@bmulaw.com

---

[1] The Motion is being filed on behalf of all other Florida small claims Plaintiffs represented by counsel. See Exhibit 1.

Carol Surowiec, and other Florida small-claims court Plaintiffs, by and through undersigned counsel, seek leave of Court to file the attached Motion to Sever and for Partial Summary Judgment to Enforce the Class Action Waiver Against AT&T and Remand Cases to Florida State Court and as grounds states as follows:

## NATURE AND STAGE OF THE PROCEEDING

1. On October 9, 2024, via ECF 205, the Court consolidated this case along with five (5) other cases, pursuant to ECF 79 for coordinated or consolidated pretrial proceedings "because these cases are putative class actions, the Court believes consolidation is appropriate."

2. Despite this misnomer, Movants have patiently waited for the Court to adjudicate their pending motions to remand. None of Movants cases were class actions—they were all individual actions filed in Florida small claims court- the venue where AT&T instructed them to file suit.

3. Since then, several other cases have been consolidated to the case with several others identified as tag-along cases which are pending transfer from the JPMDL. See Exhibit 1. It's undisputed that none of these cases are class actions.

4. Given AT&T's unambiguous agreement to not participate in class actions with Movants, and AT&T's capitulation that even any proposed class member could opt-out, Movants seek leave to file their motion to sever and for partial

summary judgment to enforce the class action waiver against AT&T and remand of the case to state court, where these cases belong.   Movants should not have to wait over a year, and in some cases over five (5) years to get their day in court.

5.    Recently, in *Maldini v. Marriott Int'l, Inc.,* No. 24-1064, 2025 WL 1560372, at *6 (4th Cir. June 3, 2025), **a case litigated by AT&T's lawyers in this case, on behalf of Marriott,** the Fourth Circuit Court of Appeals found that the fact that a defendant participates in an MDL cannot deprive it of relying on a class action waiver. The corollary must be true here – where non-willing plaintiffs, removed against their will from state court, are forced to participate in an MDL, they must be able to rely on the contractual class action waiver.

6.    Movants' counsel has advised AT&T's counsel of the clients' intention to opt-out of any possible class action settlement.   Given that the MDL will end if and when the class action settlement is approved, and given the proposed full and final settlement of the issues in the MDL, Movants are entitled to litigate their cases where AT&T told them to litigate them: In small claims court as per the agreement.

7.    The Court via ECF 254 required leave of court prior to filing any additional motions.

8.    AT&T will not be prejudiced at all by the granting of the motion for leave to

allow Movants' to file the attached Motion, Brief, and Appendix.

9.    It is Movants who have been prejudiced by AT&T's hypocritical and improper use of the removal statute which was in direct contravention of its agreement with Movants to delay their day in court.

## CONCLUSION

Accordingly, Movants respectfully request that this Court grant Movants' Leave to File the Attached Motion, Brief and Appendix regarding the motion to sever these cases from 24-CV-00757-E and enter partial summary judgment enforcing the class action waiver in favor of Movants, remanding the cases back to Florida state court and any other relief the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Local Rule 7.1(a)(3) of the Rules of the United States District Court for the Northern District of Texas, the undersigned certifies that on June 27, 2025, he conferred with AT&T's counsel as to the relief sought herein with in a good faith effort to resolve the issues presented in this Motion. The parties were not able to come to an agreement.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on June 27, 2025, a true and accurate copy of this document was filed and served on all counsel of record through the CM/ECF system.

**Beighley, Myrick, Udell, Lynne & Zeichman PA**
*Attorneys for Carol Surowiec and Florida Small Claims Court Plaintiffs*
2601 S. Bayshore Drive
Suite 770
Miami, FL33133
(305) 349-3930

By:    */s/ Maury L. Udell, Esq.*
       Maury L. Udell, Esq.
       Fla. Bar No. 121673
       mudell@bmulaw.com

## CERTIFICATE OF WORD COUNT

I certify that the accompanying Motion which was prepared using Times New Roman 14-point typeface, contains 628 words, excluding the parts of the document that are exempted.  This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

**Beighley, Myrick, Udell, Lynne & Zeichman PA**
*Attorneys for Carol Surowiec*
2601 S. Bayshore Drive
Suite 770
Miami, FL33133
(305) 349-3930

By:    */s/ Maury L. Udell, Esq.*
       Maury L. Udell, Esq.
       Fla. Bar No. 121673
       mudell@bmulaw.com