UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
CASE NO.: 3:24-cv-00757-E

CAROL SUROWIEC,

    Plaintiff,

v.

AT&T MOBILITY, LLC,

    Defendant
_____/

## CAROL SUROWIEC[1]'S RENEWED MOTION TO SEVER AND ENTER PARTIAL SUMMARY JUDGMENT TO ENFORCE CLASS ACTION WAIVER AGAINST AT&T AND REMAND CASE

**Beighley, Myrick, Udell, Lynne & Zeichman PA**
*Attorneys for Carol Surowiec and Florida Small Claims Court Plaintiffs*
2601 S. Bayshore Drive
Suite 770
Miami, FL 33133
(305) 349-3930

By:   */s/ Maury L. Udell, Esq.*
      Maury L. Udell, Esq.
      Fla. Bar No. 121673
      mudell@bmulaw.com

---

[1] The Motion is being filed on behalf of all other Florida small claims Plaintiffs represented by counsel. *See* Appendix to Brief, Exhibit 1.

Carol Surowiec, and other Florida small claims court Plaintiffs, (hereinafter "Movants"), by and through undersigned counsel, and pursuant to, Fed. R. Civ. P. 21, Fed. R. Civ. P. 56 and L.R. 56.3, file this Motion to Sever and for Partial Summary Judgment to Enforce the Class Action Waiver Against AT&T and Remand Cases to Florida state court, and as grounds states as follows:

## NATURE AND STAGE OF THE PROCEEDING

1. These cases are not class actions, but instead are individual cases brought in small claims court in Florida, exactly where AT&T instructed Movants to file suit.

2. In order to be part of a federal Multidistrict Litigation ("MDL"), the case itself must be properly in federal court. A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.

3. On October 9, 2024, via docket entry #205, the Court consolidated this case along with five (5) other cases, pursuant to prior docket entry #79 for coordinated or consolidated pretrial proceedings "because these cases are putative class actions, the Court believes consolidation is appropriate."

4. Since then, several other cases have been consolidated into the case, with several others identified as tag-along cases which are pending transfer from the JPMDL. *See* Appendix to Brief, Exhibit 1. It is undisputed that none of these cases are class actions.

5. Movants seek severance of these cases to consider their partial motion for summary judgment seeking to enforce the class action waiver against AT&T and remand to Florida state court.

6. Given AT&T's unambiguous agreement to not participate in class actions with Movants, Movants seek an order granting partial summary judgment to enforce the class action waiver against AT&T, and remand of the case to state court where these cases belong. Furthermore, Movants request attorneys' fees and costs as a result of the improper removal to federal court.

## ISSUES TO BE RULED ON BY THE COURT

1. Pursuant to Fed. R. Civ. P. 21, Movants ask that the matters be severed from the current case (24-CV-00757-E) so that the Court can enter summary judgment on AT&T's ability to litigate a class action against Movants. Given AT&T's unambiguous waiver to participate in class actions against Movants, these matters never belonged in a federal class action.

The standard of review for a motion to sever grants the district court broad discretion to sever claims and parties in a lawsuit. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). "Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions

notwithstanding the continued existence of unresolved claims in the other." *United States v. O'Neill*, 709 F.2d 361, 368 (5th Cir. 1983).

2.  Pursuant to Fed. R. Civ. P. 56(a), Movants seek summary judgment enforcing the class action waiver against AT&T. The standard of review affords a trial court the ability to grant summary judgment when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. A court must view all evidence and "draw all reasonable inferences in favor of the nonmoving party." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A court "may not make credibility determinations or weigh the evidence" in ruling on the motion. *Reeves*, 530 U.S. at 150; *Anderson*, 477 U.S. at 254–55. Moreover, the evidence the non-movant provides must raise "more than . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

4

Regarding assertions of fact, Fed, R. Civ. P. 56(e) provides that "[i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it[.]"

3. The Court should remand the cases back to Florida state court and grant attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

## CONCLUSION

Movants respectfully request that this Court grant the motion to sever these cases from 24-CV-00757-E and enter partial summary judgment enforcing the class action waiver in favor of Movants, remand the cases back to Florida state court, grant attorney's fees and costs, and any other relief the Court deems just and proper.

Respectfully submitted, June 27, 2025.

**Beighley, Myrick, Udell, Lynne & Zeichman PA**
*Attorneys for Carol Surowiec and Florida Small Claims Court Plaintiffs*
2601 S. Bayshore Drive
Suite 770
Miami, FL 33133
(305) 349-3930
By:    */s/ Maury L. Udell, Esq.*
          Maury L. Udell, Esq.
          Fla. Bar No. 121673
          mudell@bmulaw.com

**CERTIFICATE OF GOOD FAITH CONFERENCE**

5

In accordance with Local Rule 7.1(a)(3) of the Rules of the United States District Court for the Northern District of Texas, the undersigned certifies that on June 17, 2025, he conferred with AT&T's counsel as to the relief sought herein with in a good faith effort to resolve the issues presented in this Motion. The parties were not able to come to an agreement.

By: /s/ Maury L. Udell, Esq.
Maury L. Udell, Esq.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on June 27, 2025, a true and accurate copy of this document was filed and served on all counsel of record through the CM/ECF system.

By: /s/ Maury L. Udell, Esq.
Maury L. Udell, Esq.

## CERTIFICATE OF WORD COUNT

I certify that this Motion, which was prepared using Times New Roman 14-point typeface, contains 887 words, excluding the parts of the document that are exempted. This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

By: /s/ Maury L. Udell, Esq.
Maury L. Udell, Esq.