UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
CASE NO.: 3:24-cv-00757-E

CAROL SUROWIEC[1],

     Plaintiff,

v.

AT&T MOBILITY, LLC,

     Defendant

_____/

## BRIEF IN SUPPORT OF MOTION TO SEVER AND ENTER PARTIAL SUMMARY JUDGMENT TO ENFORCE CLASS ACTION WAIVER AGAINST AT&T

**Beighley, Myrick, Udell, Lynne & Zeichman PA**
*Attorneys for Carol Surowiec*
2601 S. Bayshore Drive
Suite 770
Miami, FL33133
(305) 349-3930

By:   */s/ Maury L. Udell, Esq.*
       Maury L. Udell, Esq.
       Fla. Bar No. 121673
       mudell@bmulaw.com

---

[1] The Brief is being filed on behalf of all Plaintiffs represented by counsel. *See* Appendix,  1.

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................... i

TABLE OF AUTHORITIES ............................................................ ii

NATURE AND STAGE OF THE PROCEEDING ................................ 1

ISSUES TO BE RULED ON BY THE COURT ................................... 2

SUMMARY OF THE ARGUMENT ................................................... 4

ARGUMENT ............................................................................ 4

   I.   Severance of the Cases is Proper Pursuant to Fed. R. Civ. P. 21 ............ 4

   II.  AT&T Waived Its Right to Participate in Class Actions with Movants .......................................................................... 5

   III. AT&T Has Agreed to Settle the Class Action and Provide and Opt-out for Any Proposed Class Member ................................ 13

   IV. Movants Seek Remand and Their Attorneys' Fees and Costs ............... 13

CONCLUSION ........................................................................ 17

CERTIFICATE OF GOOD FAITH CONFERENCE ......................... 18

CERTIFICATE OF SERVICE ..................................................... 18

CERTIFICATE OF WORD COUNT ............................................ 18

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abernathy v. DoorDash, Inc.,* 438 F. Supp. 3d 1062, 1068 (N.D. Cal. 2020) ......7, 8

*Adell v. Cellco Partnership*, 2022 WL 1487765 (6th Cir. 2022) .................... 15, 16

*Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 646 (4th Cir. 2010) .15

*Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 234 (2013) ..............................7

*Ambrose v. Progressive Select Ins. Co.*, 2024 WL 4117238, at *2 (M.D. Fla. Sept. 9, 2024) .................................................................................................................22

*American Express Co. v. Italian Colors Restaurant,* 570 U.S. 228 (2013).............14

*American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 18, (1951)....................................20

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)..................................3, 4

*Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000)....2, 3

*Bodie v. Cricket Wireless, LLC*, 350 So. 3d 480, 481 (Fla. Dist. Ct. App 2022) ...............................................................................................................................17

*Bromwell v. Michigan Mut. Ins. Co.,* 115 F.3d 208, 213 (3d Cir.1997).................21

*Brooks v. Green*, 993 So. 2d 58, 61 (Fla. Dist. Ct. App 2008)...............................11

*Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 236 (2011) ...............................................9

*Bruns v. National Credit Union Admin.,* 122 F.3d 1251, 1257 (9th Cir.1997).......21

*Citibank (S. Dakota), N.A. v. Desmond*, 114 So. 3d 401, 402 (Fla. Dist. Ct. App. 2013)..........................................................................................................................18

*County of Orange v. United States District Court,* 784 F.3d 520 (9th Cir. 2015) ..14

*Crews v. Titlemax of Delaware, Inc.,* 2023 WL 2652242 (M.D. Pa. March 27, 2023)..........................................................................................................................14

*Cross Timbers Oil Co. v. Exxon Corp.*, 22 S.W.3d 24, 26 (Tex. App.—Amarillo 2000, no pet.) .................................................................................12

*Deluca v. Royal Caribbean Cruises, LTD,* 244 F.Supp.3d 1342 (S.D. Fla. 2017) ............................................................................................................15

*Dorroh-Kelly Mercantile Co. v. Orient Ins. Co.*, 104 Tex. 199, 135 S.W. 1165, 1167 (1911).............................................................................................13

*E. Tex. Fire Ins. Co. v. Kempner*, 87 Tex. 229, 27 S.W. 122, 122 (1894) ..............13

*El Paso Field Servs., L.P. v. MasTec N. Am., Inc.*, 389 S.W.3d 802, 811–12 (Tex. 2012) ........................................................................................................12

*Emergency Assocs. of Tampa, P.A. v. Sassano,* 664 So.2d 1000, 1003 (Fla. Dist. Ct. App. 1995)*.................................................................................*10

*Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 511 (2018)................................................16

*Ernie Haire Ford, Inc. v. Ford Motor Co*., 260 F.3d 1285, 1290–91 (11th Cir. 2001) ........................................................................................................10

*Fitzgerald v. Seaboard Sys. R.R.,* 760 F.2d 1249, 1251 (11th Cir.1985) (per curiam) ......................................................................................................19

*Fonte v. AT&T Wireless Servs., Inc.,* 903 So. 2d 1019, 1022 (Fla. Dist. Ct. App. 2005)..........................................................................................................17

*FPL Energy, LLC v. TXU Portfolio Mgmt. Co.*, 426 S.W.3d 59, 67 (Tex. 2014)...12

*Gonzalez v. J.C. Penney Corp*., 209 Fed. Appx. 867, 870 (11th Cir. 2019) ..........23

*Harrington v. Citizens Prop. Ins. Corp.,* 54 So. 3d 999, 1001 (Fla. Dist. Ct. App. 2010) .........................................................................................................11

*In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012)...........................19

*In re Titanium Dioxide Antitrust Litigation,* 962 F.Supp.2d 840 (D. Md. 2013)....14

*Institutional & Supermarket Equip., Inc. v. C & S Refrigeration, Inc.,* 609 So.2d 66, 68 (Fla. Dist. Ct. App. 1992) ..........................................................................10

*International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 87–89, (1991)..................................................................................20

*Jackson v. Seaboard Coast Line R.R.,* 678 F.2d 992, 1000–01 (11th Cir.1982).....20

*Laver v. Credit Suisse Sec. (USA), LLC,* 976 F.3d 841, 844, 846-47 (9th Cir. 2020)...............................................................................................................15

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994) ................................4

*Lonsdale v. U.S.*, 919 F.2d 1440, 1448 (10th Cir. 1990).........................................24

*Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Me. Dep't of Human Servs.,* 876 F.2d 1051, 1054 (1st Cir.1989) ..............................................21

*Maldini v. Marriott Int'l, Inc.,* No. 24-1064, 2025 WL 1560372, at *6 (4th Cir. June 3, 2025)........................................................................................................8

*Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63 (1995) ................9

*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) .................4

*McKenzie Check Advance of Fla., LLC v. Betts*, 191 So. 3d 530, 535 (Fla. Dist. Ct. App. 2016) .................................................................................................18

*Moates v. Cargill, Inc.*, 2001 WL 910410, at *2 (M.D. Ala. 2001) .......................23

*Nat'l Health Labs., Inc. v. Bailmar, Inc.,* 444 So.2d 1078, 1080 (Fla. Dist. Ct. App. 1984) .............................................................................................................10

*Nooner Holdings, Ltd. v. Abilene Vill., LLC*, 668 S.W.3d 956, 962 (Tex. App. 2023), review *denied* (Oct. 6, 2023) .....................................................................11

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999)..............................................9

*Per Jonas Ingvar Gustafsson v. Aid Auto Brokers, Inc.*, 212 So. 3d 405, 408 (Fla. Dist. Ct. App. 2017)............................................................................................10

iv

*Provident Fire Ins. Co. v. Ashy*, 139 Tex. 334, 162 S.W.2d 684, 687 (Tex. [Comm'n Op.] 1942) ............................................................................13

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) ..............3, 4

*Save the Bay, Inc. v. United States Army,* 639 F.2d 1100, 1102 (5th Cir.1981) .....19

*Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) ........................19

*Smith v. Wisconsin Dep't of Agric., Trade and Consumer Protection,* 23 F.3d 1134, 1139 (7th Cir.1994)...............................................................................21

*Stafford v. U.S.*, 208 F. 3d 1177, 1178 (10th Cir. 2000).........................................24

*Sundown Energy LP v. HJSA No. 3, Ltd. P'ship*, 622 S.W.3d 884, 889 (Tex. 2021) ................................................................................................12

*Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 646 (Tex. 1996)...................13

*United States v. O'Neill*, 709 F.2d 361, 368 (5th Cir. 1983) ....................................3

*Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ......19

*Viking River Cruises, Inc. v. Moriana,* 596 U.S. 639, 142 S.Ct. 1906 (2022) ........14

**Statutes**

28 U.S.C. § 1446(c)(1)..............................................................................16

28 U.S.C. § 1447(c). ..............................................................................14

**Rules**

Fed, R. Civ. P. 56(e)..............................................................................3

Fed. R. Civ. P. 3 ..............................................................................16

Fed. R. Civ. P. 56(a) ..............................................................................2, 3

Fla. R. Civ. P. 1.050..............................................................................16

Carol Surowiec and other Movants (hereinafter "Movants"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 21, Fed. R. Civ. P. 56, and L.R. 56.3, file this Brief in Support of Their Motion to Sever and for Partial Summary Judgment to Enforce the Class Action Waiver and Remand to State Court, and as grounds states as follows:

## <u>NATURE AND STAGE OF THE PROCEEDING</u>

1.     These twenty-seven (27) cases are not class actions, but instead are individual cases brought in small claims court in Florida, exactly where AT&T instructed each Plaintiff to file suit. None of the Movants are members of any of the proposed settlement classes, as they specifically have advised AT&T of their intent to opt-out of any class, and have retained their right to remand.

2.     AT&T improperly removed the cases to the Southern District of Florida, and then moved to transfer them under the JPMDL rules.

3.     Movants, seek severance of these cases to consider Movants' partial motion for summary judgment which seeks to enforce the class action waiver against AT&T, and remand to state court.

4.     Given AT&T's clear and unambiguous agreement to **not participate in class actions** with Movants, Movants seek an order granting partial summary judgment to enforce the class action waiver. Given that AT&T's proposed class action settlement agreement allows for an opt-out, AT&T is hard pressed to claim

any prejudice. It is Movants, some of whom have been waiting almost five (5) years to prosecute their claims, who have been prejudiced here.

5.     The Court should remand the cases to state court, as the Court lacks subject matter jurisdiction under all applicable precedents. Additionally, the Court should grant Movants' Motion for Attorneys' Fees as a result of their improper removal to federal court.

## ISSUES TO BE RULED ON BY THE COURT

1.     Pursuant to Fed. R. Civ. P. 21, Movants ask that these matters be severed from the current case, so that the Court can enter summary judgment as to AT&T's inability to litigate a class action against Movants. The standard of review for a motion to sever grants the district court broad discretion to sever claims and parties in a lawsuit. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). "Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *United States v. O'Neill*, 709 F.2d 361, 368 (5th Cir. 1983).

2.     Pursuant to Fed. R. Civ. P. 56(a), Movants seek summary judgment enforcing the class action waiver against AT&T. The standard of review affords a

2

trial court the ability to grant summary judgment when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. A court must view all evidence and "draw all reasonable inferences in favor of the nonmoving party." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A court "may not make credibility determinations or weigh the evidence" in ruling on the motion. *Reeves*, 530 U.S. at 150; *Anderson*, 477 U.S. at 254–55.

Moreover, the evidence the non-movant provides must raise "more than . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

Regarding assertions of fact, Fed, R. Civ. P. 56(e) provides that "[i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials— including

3

the facts considered undisputed—show that the movant is entitled to it[.]"

3.    Movants seek remand of their cases to Florida state court, and an award of their attorneys' fees and costs incurred as a result of the improper removal by AT&T.

## SUMMARY OF THE ARGUMENT

Movants, as non-class members, ask the Court to sever these cases and enter final summary judgment, enforcing the class action waiver against AT&T, and for remand back to Florida state court where they belong, as the Court lacks subject matter jurisdiction of the cases. Given that AT&T has agreed to allow any proposed class member to opt-out of the purported class, AT&T has no basis to oppose severance of these claims and remand back to state court. Moreover, Movants are entitled to attorneys' fees and costs associated with the improper removal.

## ARGUMENT

### I.    Severance of the Cases is Proper Pursuant to Fed. R. Civ. P. 21

Fed. R. Civ. P. 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." The Court has broad discretion to sever claims in a Multidistrict Litigation ("MDL"), when such severance will promote judicial efficiency, avoid prejudice, and allow for the fair adjudication of claims. Severance is appropriate where the Movants' claims are sufficiently distinct from the class action, or where continued joinder in the MDL

4

will unduly complicate or delay the resolution of their cases. Movants' lawsuits are not class actions, are not properly before this Court, and must be severed.

## II. **AT&T Waived Its Right to Participate in Class Actions with Movants**

AT&T's Consumer Service Agreement ("CSA") with the Movants provides as follows:

> **BY ENTERING INTO THIS AGREEMENT, YOU AND AT&T ARE EACH WAIVING THE RIGHT TO TRIAL BY JURY OR TO PARTICIPATE IN CLASS ACTIONS.**

AT&T has clearly and explicitly waived its right to participate in class actions, and cannot now invoke the jurisdiction of this court to resuscitate that waived right. Ironically enough, fifteen (15) years ago, AT&T actually persuaded the Supreme Court that consumers would be "better off under their arbitration agreement with AT&T than they would have been as participants in a class action . . ." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011). AT&T now seeks to force Movants and other consumers who are pursuing claims in small claims court, as per AT&T's CSA, to participate in and settle their claims in a class action – the very mechanism AT&T ridiculed in *Concepcion*. Unfortunately for AT&T, their CSA is binding on both the customer and on AT&T.

AT&T now asks this Court to turn a blind eye, and ignore its own contractual agreement and the precedent it created. *See AT&T Mobility v. Concepcion,* 536 U.S. 333 (2011). Moreover, in 2013, the Supreme Court made clear that parties may

5

indeed waive class-action litigation by contract. *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 234 (2013) (holding that congressional approval of Rule 23 does not "establish an entitlement to class proceedings" and rejecting the proposition that "federal law secures a nonwaivable *opportunity* to vindicate federal policies by satisfying the procedural strictures of Rule 23"). Thus, AT&T has waived any right to participate in class actions with Movants, and cannot require participation in a class action, in a different state and jurisdiction, nor can it force them to capitulate to a proposed class action settlement.

In *Abernathy v. DoorDash, Inc.,* 438 F. Supp. 3d 1062, 1068 (N.D. Cal. 2020), the district court was faced with a similar situation where employees had brought individual arbitrations against DoorDash, as per their agreement. The Court held as follows:

> The irony, in this case, is that the workers wish to enforce the very provisions forced on them by seeking, even if by the thousands, individual arbitrations, the remnant of procedural rights left to them. The employer here, DoorDash, faced with having to actually honor its side of the bargain, now blanches at the cost of the filing fees it agreed to pay in the arbitration clause. No doubt, DoorDash never expected that so many would actually seek arbitration. Instead, in irony upon irony, DoorDash now wishes to resort to a class-wide lawsuit, the very device it denied to the workers, to avoid its duty to arbitrate. This hypocrisy will not be blessed, at least by this order.

> *Id.* at 1068.

6

Recently, in *Maldini v. Marriott Int'l, Inc.,* No. 24-1064, 2025 WL 1560372, at *6 (4th Cir. June 3, 2025), **a case litigated by AT&T's lawyers in this case, on behalf of Marriott,** the Fourth Circuit Court of Appeals found that the fact that a defendant participates in an MDL cannot deprive it of relying on a class action waiver. The corollary must be true here – where non-willing plaintiffs, removed against their will from state court, are forced to participate in an MDL, they must be able to rely on the contractual class action waiver. In this instance, AT&T's legal position with respect to Movants' requirement to participate in a class action can be described as duplicitous at best, and sanctionable at worst.

Under the Rules Enabling Act, the Federal Rules of Civil Procedure "shall not abridge, enlarge, or modify any substantive right." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999) (quoting 28 U.S.C. § 2072(b)). Movants have a substantive right to enforce AT&T's class action waiver, and therefore absent their assent, any order modifying that right without their consent would be void as a matter of law, and a violation of the Contracts Clause of the United States Constitution.

The "cardinal principle of contract construction" is to "give effect to all its provisions." *Mastrobuono v. Shearson Lehman Hutton, Inc*., 514 U.S. 52, 63 (1995). In particular, it is improper to "give[] independent meaning to [an] intervening [term] . . . only at the expense of rendering the remainder of the provision superfluous." *Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 236 (2011). Under Florida

law, "it is well settled that 'when the terms of a voluntary contract are clear and unambiguous, ... the contracting parties are bound by those terms, and a court is powerless to rewrite the contract to make it more reasonable or advantageous for one of the contracting parties.'" *Ernie Haire Ford, Inc. v. Ford Motor Co*., 260 F.3d 1285, 1290–91 (11th Cir. 2001) citing *Emergency Assocs. of Tampa, P.A. v. Sassano,* 664 So.2d 1000, 1003 (Fla. Dist. Ct. App. 1995*); accord Institutional & Supermarket Equip., Inc. v. C & S Refrigeration, Inc.,* 609 So.2d 66, 68 (Fla. Dist. Ct. App. 1992*); Nat'l Health Labs., Inc. v. Bailmar, Inc.,* 444 So.2d 1078, 1080 (Fla. Dist. Ct. App. 1984).

Moreover, under Florida law an unambiguous contract must be enforced as written. *Per Jonas Ingvar Gustafsson v. Aid Auto Brokers, Inc.*, 212 So. 3d 405, 408 (Fla. Dist. Ct. App. 2017); *Harrington v. Citizens Prop. Ins. Corp*., 54 So. 3d 999, 1001 (Fla. Dist. Ct. App. 2010). Under Florida law, "'a party is bound by, and a court is powerless to rewrite, the clear and unambiguous terms of a voluntary contract' [and] '[i]t is not the role of the courts to make an otherwise valid contract more reasonable from the standpoint of one contracting party.'" *Brooks v. Green*, 993 So. 2d 58, 61 (Fla. Dist. Ct. App 2008) (citations omitted). "[T]his principle applies even when contractual terms bind a party to a seemingly harsh or out of the ordinary bargain[.]" *Id.* at 61.

Under Texas law, AT&T's home state, the same bedrock contract principles

favoring enforcement of contracts apply. "While a party may not like the consequences of the terminology they chose in negotiating a contract, courts must enforce it as written." *Nooner Holdings, Ltd. v. Abilene Vill., LLC*, 668 S.W.3d 956, 962 (Tex. App. 2023), review *denied* (Oct. 6, 2023). "We must construe contracts by the language contained in the document, with a mind to Texas's strong public policy favoring preservation of the freedom to contract." *FPL Energy, LLC v. TXU Portfolio Mgmt. Co.*, 426 S.W.3d 59, 67 (Tex. 2014) (citing *El Paso Field Servs., L.P. v. MasTec N. Am., Inc.*, 389 S.W.3d 802, 811–12 (Tex. 2012)); *see also Cross Timbers Oil Co. v. Exxon Corp.*, 22 S.W.3d 24, 26 (Tex. App.—Amarillo 2000, no pet.) ("In short, the parties strike the deal *they* choose to strike and, thus, voluntarily bind themselves in the manner *they* choose.").

"[S]ophisticated parties have broad latitude in defining the terms of their business relationship." *Sundown Energy LP v. HJSA No. 3, Ltd. P'ship*, 622 S.W.3d 884, 889 (Tex. 2021) (quoting *FPL Energy, LLC*, 426 S.W.3d at 67). *963 "[C]ourts are obliged to enforce the parties' bargain according to its terms." *Id.* (citing *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 646 (Tex. 1996) ("We have long held that courts will not rewrite agreements to insert provisions parties could have included or to imply restraints for which they have not bargained.")). "[C]ourts may not rewrite a contract under the guise of interpretation." *Id.*; *see also Provident Fire Ins. Co. v. Ashy*, 139 Tex. 334, 162 S.W.2d 684, 687 (Tex. [Comm'n Op.] 1942) ("Parties

9

make their own contracts, and it is not within the province of this court to vary their terms in order to protect them from the consequences of their own oversights and failures in nonobservance of obligations assumed." (quoting *Dorroh-Kelly Mercantile Co. v. Orient Ins. Co.*, 104 Tex. 199, 135 S.W. 1165, 1167 (1911))); *E. Tex. Fire Ins. Co. v. Kempner*, 87 Tex. 229, 27 S.W. 122, 122 (1894) ("[W]here the language is plain and unambiguous, courts must enforce the contract as made by the parties, and cannot make a new contract for them, nor change that which they have made under the guise of construction.").

Waivers have likewise been upheld in the arbitration context. *See American Express Co. v. Italian Colors Restaurant,* 570 U.S. 228 (2013); *Viking River Cruises, Inc. v. Moriana,* 596 U.S. 639, 142 S.Ct. 1906 (2022); *In re Titanium Dioxide Antitrust Litigation,* 962 F.Supp.2d 840 (D. Md. 2013); *County of Orange v. United States District Court,* 784 F.3d 520 (9th Cir. 2015). Where the parties agree to resolve their case in a non-judicial forum, the Federal Rules have limited applicability.

Class action waivers have also routinely been upheld in a non-arbitral context. In *Crews v. Titlemax of Delaware, Inc.,* 2023 WL 2652242 (M.D. Pa. March 27, 2023), the district court upheld a stand-alone class waiver. Case after case enforces class-action waivers, arbitration agreements, and forum-selection clauses in breach-of-contract actions. *See, e.g., Albemarle Corp. v. AstraZeneca*

10

*UK Ltd.*, 628 F.3d 643, 646 (4th Cir. 2010) (forum-selection clause); *Laver v. Credit Suisse Sec. (USA), LLC*, 976 F.3d 841, 844, 846-47 (9th Cir. 2020) (class-action waiver and arbitration agreement). In *Deluca v. Royal Caribbean Cruises, LTD,* 244 F.Supp.3d 1342 (S.D. Fla. 2017), the Florida district court upheld the validity of a waiver where the first paragraph of the ticket contract contains bolded language specifically directing passengers to important terms and conditions.

In *Adell v. Cellco Partnership*, 2022 WL 1487765 (6th Cir. 2022), a case very similar to the instant matter, the Sixth Circuit determined that litigants cannot argue class action waiver provisions in consumer contracts should be overridden because The Class Action Fairness Act ("CAFA") gives exclusive jurisdiction to the federal courts for class actions. There, the plaintiff complained that the district court erred in compelling her to arbitrate her breach of contract case, because there is an "inherent conflict" between CAFA and the Federal Arbitration Act ("FAA"), and her claims fell squarely within a federal court's diversity jurisdiction through CAFA. *Id.* The Sixth Circuit rejected this contention, acknowledging that while there is value in a district court's ability to hear class actions, Congress has in no way indicated that CAFA was meant to preclude parties from privately contracting to adjudicate such cases through bilateral arbitration instead. *Id.* at *5. The court also noted that in *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 511 (2018), where the U.S. Supreme Court stated that "in approaching a claimed conflict, we come armed with

the "stron[g] presum[ption]" that repeals by implication are "disfavored" and that "Congress will specifically address" preexisting law when it wishes to suspend its normal operations in a later statute." (citations omitted).

A contract can be enforced by either party, unless the Court deems it unenforceable. Here, AT&T cannot argue that its agreement to not participate in class actions is illegal, the product of duress (as to AT&T) or otherwise unenforceable. After all, it was AT&T who established this right in the United States and now in irony of ironies, seeks to ignore the language of its own contract.

In fact, AT&T has enforced its class action waiver in the past in Florida where a party, **unlike Movants**, filed a class action suit based on AT&T's violation of FDUTPA. *See Fonte v. AT&T Wireless Servs., Inc.,* 903 So. 2d 1019, 1022 (Fla. Dist. Ct. App. 2005). Unlike Movants, in *Fonte,* a consumer brought a class action against AT&T for a FDUTPA violation, and AT&T moved to compel arbitration and to prevent class action arbitration. The Fourth District Court of Appeal ratified the lower court's order requiring plaintiff's claim to be arbitrated on an individual basis, and solely reversed the trial court's limitation of Plaintiff's right to seek its attorneys' fees and costs under FDUTPA.

More recent cases in Florida have similarly held that class action waivers are enforceable. *See Bodie v. Cricket Wireless, LLC*, 350 So. 3d 480, 481 (Fla.

Dist. Ct. App 2022); *McKenzie Check Advance of Fla., LLC v. Betts*, 191 So. 3d 530, 535 (Fla. Dist. Ct. App. 2016); *Citibank (S. Dakota), N.A. v. Desmond*, 114 So. 3d 401, 402 (Fla. Dist. Ct. App. 2013). Accordingly, the Court must enforce AT&T's class action waiver.

## III.    AT&T Has Agreed to Settle the Class Action and Provide and Opt-out for Any Proposed Class Member

Despite AT&T's violation of its own contractual terms with Movants by requiring them to participate in a class action, this Court has now entered an order preliminarily approving a class action settlement of the entire MDL. *See* [ECF 44]. Given the Court's order wherein AT&T acknowledges any proposed class member can opt-out of the class action settlement, AT&T is hard pressed to explain why any of Movants as non-class members, should remain in a soon-to-be defunct MDL.

## IV.    Movants Seek Remand and Their Attorneys' Fees and Costs

Movants have all filed motions to remand which are currently pending in this Court. A necessary corollary to the concept that a federal court is powerless to act without jurisdiction, is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012). *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

Indeed, it is well settled that a federal court is obligated to inquire into subject

13

matter jurisdiction *sua sponte* whenever it may be lacking. *See Fitzgerald v. Seaboard Sys. R.R.,* 760 F.2d 1249, 1251 (11th Cir.1985) (per curiam); *Wernick,* 524 F.2d at 545; *see also Save the Bay, Inc. v. United States Army,* 639 F.2d 1100, 1102 (5th Cir.1981) (per curiam) (holding that courts must constantly examine the basis of their jurisdiction before proceeding to the merits). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.,* 678 F.2d 992, 1000–01 (11th Cir.1982) (quoting *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 18, (1951)) (internal footnotes and citations omitted).

"[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court from whence it came. 28 U.S.C. § 1447(c). This is a **mandatory** provision, and may not be disregarded based on speculation over the proceeding's futility in state court. *See International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 87–89, (1991); *Smith v. Wisconsin Dep't of Agric., Trade and Consumer Protection,* 23 F.3d 1134, 1139 (7th Cir.1994); *see also Bruns v. National Credit Union Admin.,* 122 F.3d 1251, 1257 (9th Cir.1997) (section

1447(c) is mandatory); *Bromwell v. Michigan Mut. Ins. Co.,* 115 F.3d 208, 213 (3d Cir.1997) (same); *Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Me. Dep't of Human Servs.,* 876 F.2d 1051, 1054 (1st Cir.1989).

Movants have patiently waited for a long period of time, close to a year in some circumstances, to hear their respective motions for remand and otherwise prosecute their cases against AT&T, which include completely unrelated claims to the data breach. While Movants understand the Courts desire for efficiency, their rights to proceed in state court should not be overlooked or ignored by AT&T's brazen attempt to unilaterally alter its contract with the Movants.

The motions for remand are all very similar, with the only significant difference being that for cases filed in Florida state court before 2024, AT&T's removal attempts violate the plain language of the removal statute, as a party cannot remove a case based on an amended complaint if over one year has passed from the commencement of the actions. Removal based on an amended complaint, (section (b)(3)), is limited to no later than one year after the commencement of the *action* in diversity cases. *Ambrose v. Progressive Select Ins. Co.*, 2024 WL 4117238, at *2 (M.D. Fla. Sept. 9, 2024).

> (1)A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

15

*See* 28 U.S.C. § 1446(c)(1).

Under Florida law, an action is deemed to commence **when the complaint is filed**. *See* Fla. R. Civ. P. 1.050 (stating that a civil action is commenced when the complaint is filed); *see also* Fed. R. Civ. P. 3 (same). Removal based upon an amended complaint, (section (b)(3)), is limited to no later than one year after the commencement of the action in diversity cases.

Given that AT&T waived its right to participate in class actions with Movants, removal to a MDL related solely to class actions pursuant to CAFA and 28 U.S.C. § 1332(d)(2)(A) was improper, as AT&T has failed to otherwise properly remove the cases. AT&T was required to establish diversity jurisdiction for each case under normal removal principles, and categorically did not. Additionally, AT&T's motion for removal of cases filed before 2024 were all untimely. Nothing in the record at the time of the filing of removal papers, or thereafter, supports a finding that removal by AT&T was proper in any of the cases.

At this juncture, AT&T's arguments against remand are frivolous, and removal was objectively unreasonable given AT&T's agreement to not participate in class actions with Movants. "For improvidently removing a case, frustrating the principals of judicial economy . . . and imposing needless litigation costs on the other party, a court may award attorneys' fees and costs." *Moates v. Cargill, Inc.*, 2001 WL 910410, at *2 (M.D. Ala. 2001); *see also Gonzalez v. J.C. Penney Corp.*, 209

16

Fed. Appx. 867, 870 (11th Cir. 2019) (remanding case and awarding attorneys' fees where removal lacked an objectively reasonable basis). Refusal to accept the judgments of the courts is tantamount to abuse of the judicial system for purposes of delay. *Stafford v. U.S.*, 208 F. 3d 1177, 1178 (10th Cir. 2000); *cf. Lonsdale v. U.S.*, 919 F.2d 1440, 1448 (10th Cir. 1990) (listing tax protester arguments that have been repeatedly rejected by the courts and are thus deemed "patently frivolous").

## CONCLUSION

Accordingly, Movants respectfully request that this Court grant the motion to sever these cases, enter partial summary judgment enforcing the class action waiver in favor of Movants, remand these cases back to state court, grant attorneys' fees and costs, and any other relief the Court deems just and proper.

Respectfully submitted, June 27, 2025.

**Beighley, Myrick, Udell, Lynne & Zeichman PA**
*Attorneys for Carol Surowiec and Florida Small Claims Court Plaintiffs*
2601 S. Bayshore Drive
Suite 770
Miami, FL 33133
(305) 349-3930
By:    */s/ Maury L. Udell, Esq.*
          Maury L. Udell, Esq.
          Fla. Bar No. 121673
          mudell@bmulaw.com

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Local Rule 7.1(a)(3) of the Rules of the United States District Court for the Northern District of Texas, the undersigned certifies that on June 17, 2025, he conferred with AT&T's counsel as to the relief sought herein in a good faith effort to resolve the issues presented in this Motion. The parties were not able to come to an agreement.

By:    */s/ Maury L. Udell, Esq.*
       Maury L. Udell, Esq.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on June 27, 2025 a true and accurate copy of this document was filed and served on all counsel of record through the CM/ECF system.

By:    */s/ Maury L. Udell, Esq.*
       Maury L. Udell, Esq.

## CERTIFICATE OF WORD COUNT

I certify that this Brief, which was prepared using Times New Roman 14-point typeface, contains 4292 words, excluding the parts of the document that are exempted. This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

By:    */s/ Maury L. Udell, Esq.*
       Maury L. Udell, Esq.