# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION**<br><br>*This document relates to All Cases.* | Civil Action No. 3:24-cv-00757-E<br><br>MDL DOCKET NO. 3:24-md-03114-E |

**DECLARATION OF BRYAN F. AYLSTOCK IN SUPPORT
OF ABL ARBITRATION CLAIMANTS' MOTION
TO INTERVENE AND FOR RECONSIDERATION
OF THE PRELIMINARY APPROVAL ORDER**

1. I am an attorney and founder of Aylstock, Witkin, Kreis & Overholtz, PLLC, which, along with co-counsel at Bradley Grombacher, LLP and Levin Law, P.A. ("Arbitration Counsel"), represent more than 57,000 consumers seeking to arbitrate claims arising from the two data breaches at issue in this matter. Those consumers are listed in **Exhibit A** ("ABL Arbitration Claimants"). I submit this Declaration in support of their Motion to Intervene and for Reconsideration of the Preliminary Approval Order. If called to testify, I could attest to the facts below based on personal knowledge.

2. The ABL Arbitration Claimants have each retained my co-counsel and I to pursue claims against AT&T Inc ("AT&T") in arbitration stemming from the data breaches that it announced on March 30 and July 12, 2024 (the "Data Breaches"). This includes claims under and other consumer protection laws and common law claims (the "Claims").

3. Nearly all (if not all) of the ABL Arbitration Claimants have a valid reciprocal and mandatory arbitration clause with AT&T. *See* ECF 297-1 at 7.

4. ABL Arbitration Claimant expressly hired Arbitration Counsel to bring their claims in arbitration and not in a class action lawsuit or any court proceeding. To that end, the vast majority of ABL Arbitration Claimants executed Notices of Dispute and Customer Statements ("Customer Statement""), attached as **Exhibit B** providing that: "I would like to pursue my privacy claims through an arbitration

2

administered by the American Arbitration Association under the AT&T Consumer Service Agreement, or any other forum that the below-referenced attorneys believe my claim should be filed or administered." Those ABL Arbitration Claimants also stated that they "hereby elect to waive my participation in a class action settlement that would otherwise include my claim(s). I consent to my attorneys executing an opt-out form on my behalf in any class action settlement, or, if there is no class action settlement for which preliminary approval or final approval has been granted, to give notice to the court that I have elected to opt-out of the class action." *Id.*

5.  On August 30, 2024, Arbitration Counsel sent a letter to AT&T and its outside counsel at Skadden, Arps, Slate, Meagher & Flom LLP informing AT&T of the first batch of claims of 29 individuals who had individually retained my co-counsel and I to pursue the Claims. Notices of dispute for those 29 individuals were attached to that letter.[1] A true and correct copy of the letter is attached hereto as **Exhibit C**.

6.  AT&T received and responded substantively to that letter. The parties also negotiated a tolling agreement and scheduled a mediation with Robert Meyer of JAMS to take place in February 2025 as well as an exchange of information on

---

[1] Throughout the process, AT&T has raised substantive issues with the validity of certain of the ABL Arbitration Claimants' claims as well as stating that AT&T believes that certain clients may also be represented by other counsel in the arbitrations. The undersigned requested further information to determine the veracity of those claims and AT&T refused to provide any further information. The issue about the validity of each Arbitration Claimant's claim is, of course, not before the court. Given that binding arbitration clause, all such substantive issues would be raised only before the individual AAA arbitrator.

individuals who submitted notice letters.[2] The mediation was thereafter moved to March 2025 because AT&T decided to hold a global mediation including all counsel representing clients with individual arbitration claims and class counsel.

7. On December 3, 2024, Arbitration Counsel notified AT&T of the identities and contact information for all individuals that Arbitration Counsel represented who intended to initiate arbitration claims against AT&T in the American Arbitration Association ("AAA") related to personal information improperly disclosed in the Data Breaches.

8. Through May 2025, Arbitration Counsel emailed additional notice letters to counsel for AT&T. Each of these letters included a list of individuals that had retained Arbitration Counsel to represent them in the Claims.

9. Global mediation took place with class and Arbitration Counsel for March 17-19, 2025, in Los Angeles with Robert Meyer. A member of our team attended that mediation in person to try and reach resolution. The ABL Arbitration Claimants and the class mediated in separate rooms at separate times and made separate initial submissions to the mediator. The mediations did not result in the resolution of any of my clients' claims.

---

[2] The Terms of the Tolling Agreement are confidential. If ordered by the Court or if AT&T consents to Arbitration Counsel providing it, the Tolling Agreement would be provided to the Court.

10. After the Claims did not resolve at the mediation, we provided further notice to AT&T between March and May 2025. Arbitration Counsel began commencing individual arbitration proceedings before the AAA starting June 2025. Prior to the entry of the preliminary approval order in this matter, and accompanying injunction, my team had initiated approximately 5,240 claims in arbitration.[3] Pursuant to AAA's rules and AT&T's arbitration agreements which prohibit consolidation or class arbitration, each case was commenced as an individual arbitration.

11. Since the injunction accompanying the preliminary approval order, we have not initiated any new arbitrations. After the Court lifts that injunction, Arbitration Counsel intends to initiate the remainder of the arbitrations that our clients retained us to file.

12. Once a proper opt out process is established, my team will submit opt outs on behalf of our clients, who all retained us to pursue arbitration and authorized us to opt out on their behalf, not a class action settlement.

I swear under penalty of perjury that the foregoing is true and correct. Executed in Pensacola, Florida on July 3, 2025.

---

[3] The e-mail from Arbitration Counsel to the AAA is attached as **Exhibit D.**

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock
FL Bar No.: 78263
**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**
17 E. Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
baylstock@awkolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via CM/ECF service, which will send notification of such filing to all counsels of record on this 3rd of July 2025.

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock
FL Bar No.: 78263
**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**
17 E. Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
baylstock@awkolaw.com
