# EXHIBIT C



**LEVIN LAW, P.A.**
2665 S. Bayshore Drive, PH2B
Miami, Florida 33133
305-402-9050
www.levinlawpa.com

August 30, 2024

**VIA FEDERAL EXPRESS AND E-MAIL**
AT&T Inc.
Legal Department
208 S. Akard, Office #2900.13
Dallas, Texas 75202

Re:   Notice of Claims against AT&T, Inc.

To Whom It May Concern:

Levin Law, P.A., Aylstock, Witkin, Kreis & Overholtz, PLLC, and Bradley Grombacher, LLP, represent the individuals identified in Exhibit A (the "Claimants"). Claimants are current and former customers of AT&T Inc. ("AT&T" or the "Company") and had their personally identifiable information disclosed to third parties without their authorization, knowledge, or consent. Claimants reside throughout the United States. This letter provides notice of their claims, which arise under both common law and statutory grounds, including, but not limited to, notice under the California Consumer Privacy Act of 2018 ("CCPA"), California Civil Code section 1798 *et seq*. Notices of Dispute are attached to this letter as Exhibit B.

Claimants' claims arise from AT&T's failure to protect their personal information and data. On March 30, 2024, AT&T announced that personal information of approximately 73 million current and former AT&T customers was released on the dark web in February 2024 (the "March Data Breach"). This information—which AT&T collected from its customers as a condition of their use of AT&T services—included a vast array of customers' personal identifying information ("PII"), including customer names, email addresses, mailing addresses, phone numbers, social security numbers, dates of birth, and AT&T account numbers and passcodes.

The March Data Breach and resulting injuries to Claimants occurred as a result of AT&T's negligence and other wrongdoing, including AT&T's failure to implement reasonable security procedures and practices, failure to disclose material information regarding its security deficiencies, and failure to timely notify the victims of the March Data Breach.  In addition, AT&T failed to implement and maintain reasonable security procedures and practices to prevent unauthorized third parties to access, exfiltrate, or obtain disclosure of Claimants' nonencrypted and nonredacted personal information as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5.  Respondent thus violated California Civil Code section 1798.150(a)(1).

Page 2 of 3
August 30, 2024

Again, on July 12, 2024, AT&T admitted that it had experienced yet another data breach and that information from more than 100 million AT&T customers' call detail records had been exposed by a breach that occurred in or around April 2024 (the "July Data Breach"). According to AT&T, the exposed data includes the phone call and text message records of nearly all AT&T cellular customers from May 1, 2022 to October 31, 2022 as well as on January 2, 2023. These records identify other phone numbers that an AT&T wireless number interacted with during this time, including AT&T landline (home phone) customers.

AT&T failed to adequately implement security measures that could have prevented these cyberattacks, despite having a duty to do so by being entrusted with their customers' personally identifiable information ("PII"). Additionally, Pursuant to 47 U.S.C. § 222, AT&T is obligated to protect its customers' confidential personal information and customer proprietary network information ("CPNI"). AT&T claims to protect its customers' data and security. And AT&T is well aware of the threat that exposing confidential personal information poses to its customers. Yet, AT&T failed to protect Claimants' information and data, including the details of phone calls and text message transmissions, by negligently managing the security of Claimants' PII and CPNI and failing to protect Claimants' data.

As a result of AT&T's failure to keep Claimants' personal information confidential and protect it from unauthorized access and disclosure, Claimants intend to assert a variety of common law and statutory claims against AT&T. AT&T's disclosure of Claimants' PII, including (but not limited to) such sensitive information as social security numbers, violates state common law as well as state statutes including the California Consumer Privacy Act, Cal. Civ. Code § 1798 *et seq.*, the New York Consumer Protection from Deceptive Acts and Practices, N.Y. Gen. Bus. Law § 349 *et seq.*, the New Hampshire Consumer Protection Act, N.H. Rev. Stat. §§ 358-A:1 *et seq.*, and other state consumer protection statutes. Additionally, Claimants whose CPNI was disclosed by AT&T intend to assert claims for violation of the Federal Communications Act, 47 U.S.C. §§ 206, 207, & 222. Claimants will pursue all remedies available to them under these common law and statutory causes of action, including statutory damages and reasonable attorneys' fees and costs and other litigation expenses.

Potential Resolution

The Claimants would welcome the opportunity to discuss a fair and prompt resolution of their claims prior to commencing individual arbitrations. In furtherance of productive discussions, accompanying this letter is a list (Exhibit A) containing the name of each Claimant, their residential address, and email address. Any communication with these clients regarding their claims against AT&T must go through counsel. AT&T must also preserve all documents and communications related to the Claimants listed on Exhibit A including, but not limited to, their account records, information obtained from them by AT&T, and all records relating to the March and July Data Breaches.

You may contact me at brian@levinlawpa.com or (305) 539-0593 if you would like to discuss the foregoing.



Page 3 of 3
August 30, 2024

Very truly yours,

Brian Levin, Esq.
Levin Law, P.A.

c.

Bryan Aylstock
Kiley Grombacher



# Exhibit A

| Last Name | First Name |
|---|---|
| Aal | Sherry |
| Abarca | Rocio |
| Adrians | John |
| Alvarez | Marie |
| Ambriz | Alexander |
| Bennett | Tanya |
| Fairley | Cynthia |
| Gayle | Julie |
| Gonzalez | Maria |
| Gyadikyan | Naira |
| Kissick | Ryan |
| Leon | Nathan |
| Lewis | Alice |
| Lewis | Amadi |
| Lewis | Edward |
| Lewis | Levy |
| Lewis | Michael |
| Lexion | Janick |
| Littlejohn | Karen |
| Mare | Anita |
| Sandoval | Armando |
| Sepulveda | Michael |
| Tarango-Rodriguez | Mona |
| Taylor | Marcus |
| Wong | Elaine |
| Wood | Jared |
| Woods | Cheryl |
| Woodson-McNair | Joann |
| Wright | Tarhyn |

# Composite Exhibit B