# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| IN RE: AT&T INC CUSTOMER DATA SECURITY BREACH LITIGATION.<br><br>*This document relates to All Cases.* | CIVIL ACTION NO. 3:24-CV-00757-E<br><br>MDL DOCKET NO. 3:24-MD-03114-E |

# ABL ARBITRATION CLAIMANTS' EMERGENCY MOTION TO GRANT EXPEDITED MOTION TO STAY PENDING INTERLOCUTORY APPEAL IN ADVANCE OF THE NOTICE DATE OF AUGUST 4, 2025, AND REQUEST FOR EXPEDITED ORAL ARGUMENT

1

# **TABLE OF CONTENTS**

I.   THIS COURT SHOULD ISSUE A STAY PENDING APPELLATE REVIEW OF THE ORDER ................................................................................................. 9

   a.   Arbitration Claimants Are Likely to Succeed on the Merits .......................... 9

   b.   Arbitration Claimants Will Suffer Irreparable Injury If Enjoined From Arbitration While AT&T Will Suffer No Harm and May In Fact Derive A Benefit ........................................................................................................... 11

   c.   Public Interest Favors A Stay ....................................................................... 12

II.  THE COURT SHOULD CERTIFY THE ORDERS FOR APPELLATE REVIEW ................................................................................................................. 13

   a.   This Orders Involve Controlling Questions Of Law .................................... 14

   b.   There Is Substantial Ground For Difference Of Opinion On The Ruling In the Order ....................................................................................................... 15

   c.   An Interlocutory Appeal Would Materially Advance The Ultimate Termination Of The Litigation ..................................................................... 16

III. CONCLUSION ....................................................................................................... 17

## **TABLE OF AUTHORITIES**

Cases                                                                                                                   Page(s)

*Brown v. Pac. Life Ins. Co*
  462 F.3d 384 (5th Cir. 2006) ............................................................................... 14

*AT&T Mobility LLC. v. Concepcion*,
  563 U.S. 333 (2011) ............................................................................................ 12

*Castano v. American Tobacco.*,
  162 F.R.D. 112 (E.D. La. 1995) .......................................................................... 15

*City of San Benito v. Rio Grande Valley Gas Co.*,
  109 S.W.3d 750 (Tex. 2003) ................................................................................11

*Dean Witter Reynold Inv. v. Byrd*,
  470 U.S. 213 (1985) ............................................................................................ 12

*Eaton v. Ascent Res.-Utica, L.L.C.*,
  2024 WL 1458457 (S.D. Ohio Apr. 4, 2024) ....................................................... 9

*Hoffmann-La Roche*,
  493 U.S. ........................................................................................................... 7, 10

*In re A&D Ints., Inc.*,
  33 F.4th 254 (5th Cir. 2022) ............................................................................ 7, 10

In *re BP, PLC Sec. Litig.*,
  758 F. Supp. 2d 428 (S.D. Tex. 2010) ................................................................ 10

*In re Cement Antitrust Litigation (MDL No. 296)*,
  673 F2d 1020 (9th Cir. 1982) ............................................................................. 15

*In re Delta Produce*,
  2013 WL 3305537 (W.D. Tex. June 28, 2013) .................................................. 15

*In re Google Assistant Privacy Litig.*,
  2025 WL 510435 (N.D. Cal. Feb. 14, 2025).......................................................11

*In re JPMorgan Chase & Co.*,
  916 F.3d 494 (5th Cir. 2019) .................................................................................. 6, 10

*In re Mirant Corp.*,
  613 F.3d 584 (5th Cir. 2010) ......................................................................................... 9

*In re Spiros Partners, Ltd.*,
  816 F. App'x 985 (5th Cir. 2020).................................................................................. 10

*In re Watkins*,
  271 F.2d 771 (5th Cir. 1959) ....................................................................................... 10

*Kennedy v. Equifax Info. Svs. LLC*,
  2023 WL 8656926 ........................................................................................................ 10

*Lim v. Offshore Specialty Fabrications, Inc.*,
  404 F.3d 898 (5th Cir. 2005) ....................................................................................... 13

*Medler v. Allstate Corp.*,
  404 F.3d 328 (5th Cir. 2005) ....................................................................................... 13

*Metro Industrial Painting Corp. v. Terminal Construction Co.*,
  287 F.2d 382 (2d Cir. 1961) ......................................................................................... 12

*Moses H. Cone Mem'l Hosp. v. Mercury Contr. Corp.*,
  460 U.S. 1 (1983).......................................................................................................... 12

*Mun. Energy Agency of Miss. V. Big Rivers Elec. Corp.*,
  804 F.2d 338 (5th Cir. 1986) ....................................................................................... 14

*Nken v. Holder*,
  556 U.S. 418 (2009) ....................................................................................................... 9

*Piambino v. Bailey*,
  610 F.2d 1306 (5th Cir. 1980) ..................................................................................... 10

*Ryan v. Flowserve Corp.*,
  444 F. Supp. 2d 718 (N.D. Tex. 2006) .............................................................. 13, 14, 15

*Singh v. Duane Morris LLP*,
  538 F.3d 334 (5th Cir.2008) .................................................................................. 10

*Southland Corp. v. Keating*,
  465 U.S. 1 (1984) .................................................................................................. 12

*Stell v. Savannah-Chatham County Bd. of Ed.*,
  318 F.2d 425 ......................................................................................................... 10

*Tesco Corp. v. Weatherford Int'l Inc.*,
  722 F. Supp. 2d 755 (S.D. Tex. 2010) .................................................................. 16

*X Corp. v. Media Matters for America*,
  120 F.4th 190 (5th Cir. 2024) ................................................................................. 9

Statutes

9 U.S.C. § 2 ................................................................................................................. 8

15 U.S.C.S. § 7001(a)(2) ........................................................................................... 10

28 U.S.C. § 1292(b) .............................................................................. 6, 13, 14, 17

28 U.S.C. § 1292(b) and (c) ..................................................................................... 13

Rules

Fed. R. Civ. P. 23 .............................................................................................. 6, 7, 10

More than 57,000 individuals ("ABL Arbitration Claimants" or "Arbitration Claimants") have indicated in writing that they wish to arbitrate the claims at issue here.[1] They bring this motion to respectfully move the Court to prevent a grave yet entirely preventable error of law. Indeed, Arbitration Claimants would be remiss to stand by and not bring this issue to the Court's attention in advance of the upcoming notice program, currently scheduled for August 4, 2025. To allow the notice program to go forward as scheduled, and without full consideration of the binding precedent before this Court will only delay justice for all parties, waste millions of dollars, and sink more of this Court's valuable time and resources into a class action settlement that as currently structured cannot satisfy the standards for final approval.

Specifically, Arbitration Claimants seek to stay this action and certify the Orders Granting Preliminary Approval and Denying Reconsideration of Preliminary Approval (Dkts. No. 298, 302) ("Orders") to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1292(b) or, in the alternative, grant Arbitration Claimants' expedited motion to stay the action pending disposition of Claimants' impending petition for writ of mandamus to the Fifth Circuit.[2]

---

[1] Dkts. 301-1 (Declaration of Bryan Aylstock) ¶ 1; 301-2 (client list).
[2] To be clear, Arbitration Claimants oppose only their inclusion in the class definition, and the hurdles they must clear in order to sufficiently "opt-out" of the settlement. Taken together such provisions doom the settlement. However, these provisions can be easily amended by the parties and, if done quickly, the proposed class notice can be corrected and sent out with minimal if any delay and Arbitration Claimants otherwise have no objection to the terms of the settlement itself.

On August 4, 2025, notice will be disseminated to Class members in accordance with this Court's Order, notwithstanding the notice program's clear conflict with binding Fifth Circuit authority and Fed. R. Civ. P. 23. *See e.g.*, *In re JPMorgan Chase & Co.*, 916 F.3d 494, 502 (5th Cir. 2019) (circulating notice to claimants subject to arbitration clauses is reversible error) (citing *Hoffmann-La Roche*, 493 U.S. at 174); *In re A&D Ints., Inc.*, 33 F.4th 254, 259 (5th Cir. 2022) (granting a writ of mandamus on those grounds). "The decision to give notice of a proposed settlement to the class is an important event." Fed. R. Civ. P. 23. As the Advisory Committee Notes to the 2009 amendment to Fed. R. Civ. P. 23 make clear, "[i]t should be based on a solid record supporting the conclusion that the proposed settlement will likely earn final approval after notice and an opportunity to object." Here, the Courts' orders approving notice did not consider the problems created by including the Arbitration Claimants in the putative class. Considering the breadth and scope of the notice program, continuing with it as scheduled here would waste millions of dollars that could otherwise go to the victims.

Permitting notice to proceed given the clear errors in the Orders vis-à-vis individuals engaged in the process of arbitration will result in irreparable harm to Claimants who have been enjoined from proceeding with their arbitrations, the unnecessary expenditure of notice costs by the parties, and confusion amongst the class members. "Opting out" is not a good solution for two reasons. First, these

7

fundamental issues must be resolved prior to the hearing on final approval and will quite simply doom the settlement. Second, the opt-out process here violates the Arbitration Claimants' due process rights. Ultimately, the only course that serves the interests of the Court, all parties, and the settlement, is to correct the fundamental errors in the settlement program <u>before</u> the notice is sent out, and before millions of dollars and countless hours of the parties and the Court's time are wasted for issues that could easily be rectified now.

Since at least 2001, AT&T has required customers to sign Customer Service Agreements ("CSA") that includes a binding arbitration clause governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2. *See* ECF 297-1 at 7. When AT&T failed to protect personally identifiable information and customer proprietary network information, affected Arbitration Claimants expressly hired present counsel to bring their claims in arbitration and not in court, with thousands signing written authorizations to opt-out of any class. After several attempts engaging in extensive pre-arbitration negotiations, which included muti-day mediation, Arbitration Claimants filed a notice indicating they intended to object to the motion for preliminary approval. Dkt. 287. The Court ultimately granted preliminary approval for class certification, and approved a notice program that unduly burdens class members seeking to opt-out of the settlement. Most problematically, the Orders

enjoin putative settlement class members from arbitrating claims pending final approval.

## I. THIS COURT SHOULD ISSUE A STAY PENDING APPELLATE REVIEW OF THE ORDER

In deciding whether to stay a case pending appeal, the Courts consider: (1) whether [the movant] has made a strong showing that it is likely to succeed on the merits, (2) whether it will suffer irreparable injury without a stay, (3) whether the stay will substantially injure other parties interested in the proceedings, and (4) where the public interest lies. *X Corp. v. Media Matters for America*, 120 F.4th 190, 196 (5th Cir. 2024) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). In this case, all factors clearly favor the requested stay.

### a. Arbitration Claimants Are Likely to Succeed on the Merits

The Arbitration Claimants are likely to succeed on the merits because this Court lacks jurisdiction over the Arbitration Claimants and the Orders fail to consider important defects in the proposed class and conflicts with Fifth Circuit law regarding class certification.

Arbitration Claimants respectfully identify the following manifest errors in the Orders which directly contradict Fifth Circuit precedent and/or are highly likely to be reversed upon appellate review:[3]

---

[3] Arbitration Claimants hereby incorporate their prior motion for reconsideration (Dkt. 301) and would further point out that they have attempted to bring this precedent to this Court's attention even prior to the Court's Order granting preliminary approval (Dkt 298).

9

| Error | Reason Holding Is Erroneous | Legal Authority |
|---|---|---|
| Certification of the Class including Arbitration Claimants | Including the Arbitration Claimants violates the representativeness and typicality requirements of Fed. R. Civ. P. 23. | *In re Mirant Corp.*, 613 F.3d 584, 589 (5th Cir. 2010) *Eaton v. Ascent Res.-Utica, L.L.C.*, 2024 WL 1458457, at *5 (S.D. Ohio Apr. 4, 2024); In *re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 435 (S.D. Tex. 2010); *Piambino v. Bailey*, 610 F.2d 1306, 1330 (5th Cir. 1980). |
| Sending Notice to Proposed Class Members who are Parties to the Arbitration Agreements | The Fifth Circuit has prohibited the circulation of class notice to individuals with arbitration agreements. | *In re JPMorgan Chase & Co.*, 916 F.3d 494, 502 (5th Cir. 2019) (citing *Hoffmann-La Roche*, 493 U.S. at 174); *In re A&D Ints., Inc.*, 33 F.4th 254, 259 (5th Cir. 2022); *In re Spiros Partners, Ltd.*, 816 F. App'x 985, 986 (5th Cir. 2020). |
| Enjoining Arbitration Claimants from Pursuing their Arbitrations | The All Writs Act Does Not Confer Authority To Enjoin The Arbitrations Claimants' Claims In Derogation Of Their Right To Arbitration Pursuant to the Federal Arbitration Act | *In re Watkins*, 271 F.2d 771, 773 (5th Cir. 1959); *see also, Stell v. Savannah-Chatham County Bd. of Ed.*, 318 F.2d 425. 426 (5th Cir. 1963); *Singh v. Duane Morris LLP*, 538 F.3d 334, 341 (5th Cir. 2008). |
| Permitting the Settlement to Require "Wet" Signatures Only for Opt-Out | Wet Signature Requirements Are Overly Burdensome And Contradict Statutory and Legal Precedent. Under the E-Sign Act, a signature" may not be | 15 U.S.C.S. § 7001(a)(2). See also *Kennedy v. Equifax Info. Svs. LLC*, 2023 WL 8656926, at (W.D. Tex. Dec. 13, 2023) ("Electronic signatures are |

| | | |
|---|---|---|
| | denied legal effect, validity, or enforceability solely because it is in electronic form." | valid and enforceable" under the E-Sign Act). |
| Prohibiting Mass Opt-Outs | Several states, including Texas, have recognized counsel's right to opt-out their client when, "the nonsuit does not affect a substantial right or bar the bringing of another suit based on the same cause of action." | *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 758 (Tex. 2003); *In re Google Assistant Privacy Litig.*, 2025 WL 510435 (N.D. Cal. Feb. 14, 2025). |

### b. Arbitration Claimants Will Suffer Irreparable Injury If Enjoined From Arbitration While AT&T Will Suffer No Harm and May In Fact Derive A Benefit.

Arbitration Claimants should not be delayed from seeking redress for their injuries in the manner agreed upon by the parties. While the loss of Arbitration Claimants' chosen forum is itself prejudicial, additional prejudice will be suffered in the absence of a stay of the Court's Order. During the notice and approval process, witnesses may become unavailable, their memories may fade, and evidence may be lost. Key witnesses may leave the company, making it difficult to secure testimony and evidence from them. Arbitration Claimants' ability to litigate their arbitrations will be impaired and they will be irreparably harmed.

AT&T, on the other hand, will not be injured by a stay. To the contrary, AT&T may benefit from the stay as appellate review of the proceedings could spare the company unnecessary notice fees and costs to the tune of millions of dollars.

### c. Public Interest Favors A Stay

The FAA has been codified to protect the integrity of arbitration agreements between parties. The law reflected "a congressional desire to enforce agreements into which parties had entered" and to give power to the judiciary to see that through. *Dean Witter Reynold Inv. v. Byrd*, 470 U.S. 213, 219 (1985) (instructing lower courts to "rigorously enforce agreements to arbitrate"). Furthermore, the "strong federal policy within the court system favor arbitration" especially when there is a binding arbitration clause. *Scott v. Capital Fin. Servs.*, 277. F.R.D. 316, 337 (N.D. Tex. 2011) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Contr. Corp.*, 460 U.S. 1, 24 (1983)); *see also AT&T Mobility LLC. v. Concepcion*, 563 U.S. 333, 352 (2011). Additionally, "[t]he purpose of the act was to assure those who desired arbitration and whose contracts related to interstate commerce that their expectations would not be undermined by federal judges…." *Southland Corp. v. Keating*, 465 U.S. 1, 13 (1984) (quoting *Metro Industrial Painting Corp. v. Terminal Construction Co.*, 287 F.2d 382, 387 (2d Cir. 1961)). It is well established that courts must rigorously enforce arbitration agreements, and accordingly, the public interest weighs in favor of a stay to preserve Arbitration Claimants' contractual right to arbitrate before they are compelled to litigate contrary to that agreement.

Accordingly, for the reasons set forth above this Court should issue a stay of its Orders to permit Arbitration Claimants to seek appellate review.

## II. THE COURT SHOULD CERTIFY THE ORDERS FOR APPELLATE REVIEW

Certification under 28 U.S.C. §1292(b) of an order is appropriate if the order involves: (i) a controlling question of law as to which there is substantial ground for difference of opinion and (ii) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See, e.g.*, *Lim v. Offshore Specialty Fabrications, Inc.*, 404 F.3d 898, 901 (5th Cir. 2005); *Medler v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005).

The issues raised- in particular, the breadth of the release, the opt-out process and the injunction against class members proceeding with their pending arbitration and state court claims – should be certified for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and (c). Given that the issues presented by the Proposed Settlement will irrevocably impact tens of thousands of consumers and that the amounts at issue are substantial, immediate appellate review is necessary and appropriate to protect the interests of the class.

A "key concern consistently underlying § 1292(b) decisions is whether permitting an interlocutory appeal will 'speed up the litigation.'" *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006). "Stated another way, § 1292(b) is designed to minimize burdens by accelerating or . . . simplifying trial court

proceedings." *Id*. Certifying the Orders to the Fifth Circuit will settle the issue and will allow the case to proceed efficiently.

### a. This Orders Involve Controlling Questions Of Law

"Whether an issue of law is controlling generally hinges upon its potential to have some impact on the course of the litigation." *Ryan,* 444 F. Supp. 2d at 723. "At one end of the continuum, courts have found issues to be controlling 'if reversal of the district court's opinion would result in dismissal of the action,'" and at the other, an "issue is not seen as controlling if its resolution on appeal would have little or no effect on the subsequent proceedings." *Id*. (quotation marks omitted). "Between the extremes, courts have found the issue of whether an interlocutory appeal involves a controlling question of law to be 'closely tied' to the requirement that the appeal will materially advance the ultimate termination of the litigation." *Id*. Meaning, "a controlling question of law—although not consistently defined—at the very least means a question of law the resolution of which could materially advance the ultimate termination of the litigation—thereby saving time and expense for the courts and litigants." *Id*. (emphasis in original).

The statutory requirement of a "controlling question of law" is satisfied here. 28 U.S.C. §1292(b). It is well-settled that this Court does not have jurisdiction over Arbitration Claimants. In *Brown v. Pac. Life Ins. Co.*, the Court reiterated "[i]t is well-established that the FAA 'declared a national policy in favor of arbitration.'"

462 F.3d 384, 396 (5th Cir. 2006) (citing *Mun. Energy Agency v. Big Rivers Elec. Corp.*, 804 F.2d 338, 342 (5th Cir. 1986)).

Moreover, it has been held in multiple jurisdictions that "[a]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *Castano v. American Tobacco.*, 162 F.R.D. 112, 115 (E.D. La. 1995) (citing *In re Cement Antitrust Litigation (MDL No. 296)*, 673 F.2d 1020, 1026-27 (9th Cir. 1982)). The Court's Orders will have a substantial impact on the outcome of this litigation; accordingly, Arbitration Claimants satisfy the 'controlling question of law' requirement for interlocutory review.

### b. There Is Substantial Ground For Difference Of Opinion On The Ruling In the Order

Substantial ground for difference of opinion exists where "a trial court rules in a manner which appears contrary to the rulings of all courts of appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Ryan*, 444 F. Supp. 2d at 723–24; *In re Delta Produce*, No. BR 12-50073-A998, 2013 WL 3305537, at *3 (W.D. Tex. June 28, 2013) (same). Not only is there substantial ground for difference of opinion on whether the Court's unprecedented use of its inherent power was valid and consistent with governing law and precedent,

the Arbitration Claimants respectfully submit that the Court's Orders enjoining them is clear error. While the Court deems the preliminary approval appropriate, its decision conflicts with the FAA and a veritable wall of precedent that dictates that those who choose to exercise opt-out rights should not be unduly burdened as prescribed in the settlement agreement. But that is precisely what this settlement agreement does, and to not correct this error prior to an expensive notice program will not only doom settlement approval but will waste the Court's and the parties' resources to the tune of millions upon millions of dollars.

### c. An Interlocutory Appeal Would Materially Advance The Ultimate Termination Of The Litigation

"A key concern consistently underlying 1292(b) decisions is whether permitting an interlocutory appeal will speed up the litigation." *Tesco Corp. v. Weatherford Int'l Inc.*, 722 F. Supp. 2d 755, 767 (S.D. Tex. 2010) (citing *Ahrenholz*, 219 F.3d at 676). As previously stated, even if the Court does not grant interlocutory appeal or expedited motion to stay, Arbitration Claimants must seek mandamus relief from the Fifth Circuit. Claimants represented by other counsel have already filed a notice of appeal. *See* Dkt 304. Given that the Fifth Circuit's binding precedent will require reversal of any decision giving final approval of this settlement, there is simply no doubt that an interlocutory appeal will speed up this litigation. Conversely, granting interlocutory appeal will allow the Fifth Circuit to reaffirm its binding precedent thus materially advance the litigation. Alternatively, this Court

could order the parties to course correct now and remove the offending positions from the settlement and proceed with a notice program that will achieve the desired result – a fair settlement to the class members while allowing those who wish to proceed in arbitration to do so in accordance with their rights under Federal Law.

### III. CONCLUSION

Arbitration Claimants respectfully request that the Court grant their request for a stay, and further for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Given the importance of the issues presented, and the prejudice to all parties' and to the Court should the notice program proceed as scheduled, Arbitration Claimants further request expedited oral argument so that a full record can be made as to the fundamental problems with certain material aspects of the proposed class action settlement.

### CERTIFICATE OF WORD COUNT

I hereby certify that the word count contained in this document, including the footnotes, is 3,694.

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rules 7.1(a) of the Northern District of Texas, counsel for Plaintiffs conferred with Class Counsel and Counsel for Defendants in a good

faith effort to resolve the matters raised herein prior to filing this motion, but the parties were unable to reach an agreement.

Date: July 30, 2025.                    Best regards,

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock, FL Bar No.: 78263
**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**
17 E. Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
baylstock@awkolaw.com

*Attorney for Arbitration Claimants*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via CM/ECF service, which will send notification of such filing to all counsels of record on this 30th day of July 2025.

*/s/ Bryan F. Aylstock*
Bryan F. Aylstock, FL Bar No.: 78263
**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**
17 E. Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
baylstock@awkolaw.com

and

Kiley L. Grombacher, SBN: 245960
**BRADLEY/GROMBACHER, LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
kgrombacher@bradleygrombacher.com

*Attorneys for Arbitration Claimants*