# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

|  |  |  |
|---|---|---|
| IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION | § § § § § § § § § | CASE NO. 3:24-cv-00757-E<br><br>MDL DOCKET NO. 3:24-md-03114-E |
| This Document Relates to All Cases | | |

# AT&T DEFENDANTS' OPPOSITION TO ABL ARBITRATION CLAIMANTS' EMERGENCY MOTION TO GRANT EXPEDITED MOTION TO STAY <u>PENDING INTERLOCUTORY APPEAL</u>

## <u>TABLE OF CONTENTS</u>

**Page**

Background ............................................................................................... 1

Argument ................................................................................................. 5

Conclusion ............................................................................................. 15

Certificate of Word Count ..................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Benisek v. Lamone,*
  585 U.S. 155 (2018) .................................................................................. 8

*Borovoy v. Squishable.com, Inc.,*
  No. 1:23-cv-03660 (S.D.N.Y. July 22, 2024), ECF No. 32 ................... 11

*Braman v. GPD Holdings, LLC,*
  No. 1:23-cv-15656 (N.D. Ill. Apr. 2, 2025), ECF No. 96 ...................... 10

*In re Centurylink Sales Pracs. & Sec. Litig.,*
  MDL No. 17-2795, 2020 WL 3512807 (D. Minn. June 29,
  2020) ......................................................................................................... 7

*In re CenturyLink Sales Pracs. & Secs. Litig.,*
  MDL No. 17-2795, 2020 WL 869980 (D. Minn. Feb. 21,
  2020) ....................................................................................................... 13

*In re Deepwater Horizon,*
  819 F.3d 190 (5th Cir. 2016) ................................................................. 12

*Defenders of Wildlife v. Perciasepe,*
  714 F.3d 1317 (D.C. Cir. 2013) .............................................................. 7

*In re: Johnson & Johnson Aerosol Sunscreen Mktg., Sales
  Pracs. & Prods. Liab. Litig.,*
  No. 0:21-md-03015 (S.D. Fla. Dec. 17, 2021), ECF No. 55-9 ............. 11

*In re JPMorgan Chase & Company,*
  916 F.3e 494 (5th Cir. 2019) ................................................................. 12

*In re Lease Oil Antitrust Litig.,*
  570 F.3d 244 (5th Cir. 2008) ................................................................... 7

*Liles v. Del Campo,*
  350 F.3d 742 (8th Cir. 2003) ................................................................. 13

*Marino v. Ortiz*,
  484 U.S. 301 (1988) ............................................................................ 7

*Nang Chan v. Ulta Inc.*,
  No. 2:23-cv-00650 (C.D. Cal. May 10, 2024), ECF No. 30-1 ............. 13

*Newman v. AudienceView Ticketing Corp. et al.*,
  No. 1:23-cv-03764 (S.D.N.Y. Oct. 31, 2024), ECF No. 74................... 11

*In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mex.,
  on April 20, 2010*,
  910 F. Supp. 2d 891 (E.D. La. 2012).................................................. 12

*Pastel Cartel, LLC v. FDA*,
  No. 1:23-CV-1010, 2023 WL 9503484 (W.D. Tex. Dec. 14,
  2023) ..................................................................................................... 8

*Pryor v. Blackhawk Network, Inc.*,
  No. 3:22-cv-07084 (N.D. Cal. Dec.15, 2023), ECF No. 48 ................. 11

*In re Southern Ohio Correctional Facility*,
  173 F.R.D. 205 (S.D. Ohio 1997)........................................................... 9

*In re Syngenta AG Mir162 Corn Litig.*,
  No. 14-MD-02591, 2021 WL 3025471 (D. Kan. May 14,
  2021) ..................................................................................................... 10

*In re TikTok, Inc., Consumer Privacy Litig.*,
  565 F. Supp. 3d 1076 (N.D. Ill. 2021).................................................. 11

*In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab.
  Litig.*,
  2012 WL 13065005 (D. Minn. Jan. 19, 2012)..................................... 14

*In re Vitamins Antitrust Litigation*,
  No. 99-197, 2000 WL 673936 (D.D.C. Jan. 27, 2000).......................... 9

*Wallrich v. Samsung Elecs. Am., Inc.*,
  106 F.4th 609 (7th Cir. 2024) ............................................................... 3

**Statutes**

28 U.S.C. § 1292(b)................................................................9, 14, 15

All Writs Act.............................................................................14

Anti–Injunction Act..................................................................14

FLSA........................................................................................6, 12

**Rules**

L.R. 7.1(i)...................................................................................5, 8

Rule 23......................................................................................6, 12

Rule 23(e)...................................................................................12

AT&T Inc.—on behalf of the AT&T defendants (collectively "AT&T")[1]— opposes the ABL Arbitration Claimants' ("Claimants") request to stay proceedings and for certification of an interlocutory appeal.

## Background

Claimants have manufactured the so-called "emergency" that forms the basis of their motion for stay and interlocutory appeal.

Claimants participated in the multi-day mediation that produced the preliminarily approved settlement and were fully aware that the settlement contemplated classwide resolution more than 5 months ago. (*See* ECF No. 301-1, ¶ 9, Decl. of Bryan Aylstock ("A member of our team attended that mediation in person to try and reach resolution."). Then, after the MDL plaintiffs moved for preliminary approval of that settlement on May 30, 2023 (ECF No. 283), Claimants filed a one-page "notice" on June 3, 2025, stating their intent to object to the proposed settlement and asking for a briefing schedule to file such objections (ECF No. 287). They did not move to intervene at that time.

The Court preliminarily approved the settlement on June 20,

---

[1] The AT&T Defendants include AT&T Inc., AT&T Corporation, and AT&T Mobility LLC.

2025. (ECF No. 298.) In its preliminary approval order, the Court established procedures for objecting to the settlement (*id.* ¶¶ 16–17), a deadline for objections (*id.* ¶ 25), and a December 3, 2025, hearing date for the motion for final approval of the settlement (*id.*). It also established that the classwide notice program would begin August 4, 2025. (*Id.*) And, of particular relevance here, the Court enjoined putative class members—including Claimants—from initiating arbitrations against AT&T related to the claims at issue in this case. (*Id.* ¶ 22.) At the time of the Court's order, Claimants had not filed or attempted to file any arbitrations against AT&T.

On June 23, 2025—three days after the Court's preliminary approval order—Claimants' counsel attempted to file 5,248 arbitrations with the American Arbitration Association ("AAA") in direct violation of the Court's order. AT&T has reason to believe that, in their rush to file, the list of Claimants submitted to the AAA included at least 15 Claimants who are deceased, among other severe deficiencies, showing that Claimants are unaware of and have not authorized Claimants' counsel's actions.

That same day, AT&T informed the AAA that Claimants'

2

attempted filing was submitted in violation of the Court's order and could not be accepted by the AAA. On July 10, 2025, the AAA requested that each party provide its position on the Court's injunction by July 18, 2025. AT&T responded by reiterating its position that the attempted filing was submitted in violation of the Court's order. Claimants never responded.

Following the Court's June 20, 2025 Order, nearly two weeks passed without further activity by Claimants in this Court. Then, on July 3, 2025, Claimants moved to intervene and asked the Court to reconsider its preliminary approval order, making many of the same arguments it raises now. (ECF Nos. 300, 301.) The only evidence submitted to establish that Claimants had arbitration agreements with AT&T was a self-serving declaration from Claimants' counsel asserting "[n]early all (if not all) of the [Claimants] have a valid reciprocal and mandatory arbitration clause with AT&T."[2] (ECF No. 301-1, ¶ 3.)

In the declaration, Claimants' counsel attested that "[s]ince the

---

[2] *See Wallrich v. Samsung Elecs. Am., Inc.*, 106 F.4th 609, 618–20 (7th Cir. 2024) (holding that consumers failed to meet their burden of establishing they had entered into arbitration agreements where the consumers' counsel had attested they were Samsung customers and provided a spreadsheet containing the consumers' names and addresses).

3

injunction accompanying the preliminary approval order, we have not initiated any new arbitrations." (ECF No. 301-1, ¶ 11.) But this representation proved to be false by Claimants' own admission. (ECF No. 301 at 10 ("On June 23, 2025 . . . Arbitration Counsel filed the first batch of approximately 5,200 arbitration demands with the American Arbitration Association."); ECF No. 301-5 (attaching Claimants' counsel's June 23, 2025, email attempting to file arbitrations with the AAA on behalf of 5,248 Claimants).)

This Court denied Claimants' intervention motion on July 10, 2025. (ECF No. 302.) In its order, the Court urged Claimants to reassert their positions at the December 3, 2025, hearing on final approval of the settlement. (*Id.*)

Another twenty days passed. Then, on July 30, Claimants filed the current motion, stylized an "Emergency Motion to Grant Expedited Motion to Stay Pending Interlocutory Appeal in Advance of the Notice Date of August 4, 2025, and Request For Expedited Oral Argument." (ECF No. 305.) Notably, Claimants sought a stay and interlocutory certification even though this Court did not allow them to intervene and Claimants have not appealed that ruling. This motion—by parties who

do not have approval to appear in this case—also failed to comply with the Local Rules of this Court, omitting (among other things) an appendix containing the materials relied on in the motion. L.R. 7.1(i). And it did not address why expedited relief—including "expedited oral argument" (ECF No. 305, at 17)—is necessary or even possible in light of the weeks that have transpired since the preliminary approval order was entered.

Instead, Claimants ask the Court to grant emergency relief and stay the settlement's notice program, set to begin August 4 (ECF No. 305, at 7, 17)—even though Claimants have known about the August 4th notice date for over a month. Claimants also ask permission for an interlocutory appeal to challenge both the preliminary approval order (ECF No. 298), as well as the Court's order declining to reconsider that order (ECF No. 302).

## Argument

A number of fatal flaws infect Claimants' motion and require its denial: (1) Claimants are not parties and have not established standing to stay and disrupt the notice process; (2) there is no support for Claimant's claim of "emergency"; (3) if there is an emergency it is of

Claimant's own making—they did not exercise diligence in seeking relief; (4) Claimants do not meet basic requirements for interlocutory certification—this is not an exceptional case requiring immediate review and there is no substantial ground for difference of opinion here; (5) Claimant's counsel has sought and obtained approval for the very opt-out procedures they criticize here; (6) the opt-out procedures ordered by the Court are needed here *because* of the size of the claimant pool moving counsel claims to represent; (7) the key cases relied on by Claimants are not Rule 23 cases; they are FLSA cases involving an opt-in (not an opt-out) scheme; and (8) a temporary injunction against parallel proceedings is both common and appropriate in preliminary approvals of complex MDLs.

    1.    To start, Claimants have presented no admissible evidence that they have standing to file this motion—or any motion—because their request to intervene was denied on July 10. At the time, the Court noted that the proposed intervenors "are welcome to re-urge the requested relief at the" final approval hearing. (ECF No. 302.) Claimants did not seek reconsideration of the denial of their motion to intervene and have not appealed the denial of that motion. They,

therefore, lack grounds to stay and disrupt the notice process or to seek appellate review of the preliminary approval order. *See, e.g.*, *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (rejecting appeal of consent decree by petitioner who failed to intervene in district court because the "rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled"); *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 249 (5th Cir. 2008) ("Non-parties are generally not permitted to appeal a ruling in which they did not participate."); *Defenders of Wildlife v. Perciasepe*, 714 F.3d 1317, 1328 (D.C. Cir. 2013) ("Because a party *unsuccessfully* appealing a denial of intervention is not a 'party,' it may not obtain review of any district court holding other than the denial of intervention."); *In re Centurylink Sales Pracs. & Sec. Litig.*, MDL No. 17-2795, 2020 WL 3512807, at *8 (D. Minn. June 29, 2020) ("Here, the vast majority of [counsel's] clients have not even made an attempt to show that they have initiated an arbitration against CenturyLink or that they have a contractual right to arbitrate.").

2.      Claimants' motion, which seeks to disrupt a notice program set to begin fewer than 3 business days after its filing, is styled as an "emergency motion." Claimants do not support their claimed "emergency" with an affidavit or appendix demonstrating immediate and irreparable injury, and do not seek (or provide any basis) to shorten the time for briefing (L.R. 7.1(i)).

3.      Even if Claimants had authority to seek an interlocutory appeal and stay of the preliminary approval order, they have waited too long. A party seeking equitable relief must exercise "due diligence" and cannot create an emergency through its own delay. *See, e.g.*, *Benisek v. Lamone*, 585 U.S. 155, 159–160 (2018); *Pastel Cartel, LLC v. FDA*, No. 1:23-CV-1010, 2023 WL 9503484, at *2–4 (W.D. Tex. Dec. 14, 2023) (denying injunction because of delay in seeking one); 11A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2948.1 (explaining that "[a] long delay by plaintiff after learning of the threatened harm also may be taken as an indication that the harm would not be serious enough to justify a preliminary injunction"). The "emergency" here is of Claimants' own making and does not justify relief.

4.      In addition, the motion checks none of the boxes for

interlocutory certification. A Section 1292(b) certification is reserved for

exceptional cases. An appeal based on concerns about opt-out

procedures and a temporary injunction are "unwarranted and

premature" for reasons explained by the District Court for the District

of Columbia in *In re Vitamins Antitrust Litigation*, No. 99-197, 2000 WL

673936, at *2 (D.D.C. Jan. 27, 2000):

> [T]his Court has not yet resolved any controlling question of
> law; it has merely granted preliminary approval to the
> proposed settlement. A court must grant preliminary
> approval if the proposed settlement is "within the range of
> possible approval." *See* Manual for Complex Litigation,
> Third, § 30.41 (West 1999). Moreover, preliminary approval
> of a proposed settlement to a class action lies within the
> sound discretion of this district court and such preliminary
> approval is rarely, if ever, overturned on appeal. *See In re
> Southern Ohio Correctional Facility*, 173 F.R.D. 205, 211
> (S.D. Ohio 1997). Whether or not this settlement proposal is
> appropriate is largely a factual question that will be resolved
> at the conclusion of the fairness hearing.

Consequently, mere disagreement with a decision is not sufficient to

establish the "substantial ground for difference of opinion" required for

1292(b) certification. *Id.* at *2.

There is no substantial ground for difference of opinion here. As

the Fifth Circuit recognized almost a decade ago, an individual opt-out

requirement of precisely the type in the preliminary approval order

9

here is a "common and practical requirement" that falls within this Court's "especially strong and flexible managerial power in this highly complex MDL." *In re Deepwater Horizon*, 819 F.3d 190, 197–98 (5th Cir. 2016); *see also In re Syngenta AG Mir162 Corn Litig.*, No. 14-MD-02591, 2021 WL 3025471, at \*10 (D. Kan. May 14, 2021) (requiring a "handwritten, wet ink signature provided assurance that all potential [c]lass [m]embers, whether represented or not, would exercise their opt-out rights only after personally evaluating the pros and cons of doing so").

5.    Indeed, Claimants' counsel have sought and obtained approval for the very opt-out procedures they now claim to oppose, including in class settlements approved as recently as April 2025. *See, e.g.*, Preliminary Approval Order, *Braman v. GPD Holdings, LLC*, No. 1:23-cv-15656 (N.D. Ill. Apr. 2, 2025), ECF No. 96 at 17, 20–21 (preliminarily approving similar opt-out procedures to those at issue here, including requiring opt outs to be "individually signed," "in writing," and submitted by mail, in a data breach class action with

10

Bryan Aylstock and Kiley Grombacher as class counsel).[3] Such opt-out procedures are especially appropriate here, as it appears some "Claimants" are deceased and others may be unaware that their purported counsel are attempting to take substantive actions on their behalf.

6.    Even if Claimants had not waited until *after* this Court's preliminary approval order to file any arbitrations—in plain violation of that order—the fact that they claim to represent numerous claimants only enhances the need for the opt- out process ordered by the Court. *See, e.g.*, *In re TikTok, Inc., Consumer Privacy Litig.*, 565 F. Supp. 3d 1076, 1093 (N.D. Ill. 2021) ("[C]ourts have frequently rejected the very

---

[3] *See also* Preliminary Approval Order, *Newman v. AudienceView Ticketing Corp. et al.*, No. 1:23-cv-03764 (S.D.N.Y. Oct. 31, 2024), ECF No. 74 at 3, 7–8 (preliminarily approving opt-out procedures requiring individuals to opt out using their "personal signature" in a data breach class action with Kiley Grombacher as class counsel); Preliminary Approval Order, *Borovoy v. Squishable.com, Inc.*, No. 1:23-cv-03660 (S.D.N.Y. July 22, 2024), ECF No. 32 at 3, 5 (preliminarily approving similar opt-out procedures, including prohibiting mass opt outs in a data breach class action with Kiley Grombacher as class counsel); Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, *Pryor v. Blackhawk Network, Inc.*, No. 3:22-cv-07084 (N.D. Cal. Dec.15, 2023), ECF No. 48 at 3, 5–6 (preliminarily approving similar opt-out procedures requiring "personal and original signature" opt outs in a data breach class action with Kiley Grombacher as class counsel); Class Action Settlement Agreement, *In re: Johnson & Johnson Aerosol Sunscreen Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 0:21-md-03015 (S.D. Fla. Dec. 17, 2021), ECF No. 55-9 at 34–35, 67 (settlement agreement prohibiting mass opt outs and requiring individual signatures to opt out in class action with Bryan Aylstock and Kiley Grombacher as class counsel).

sort of 'attempts by lawyers to opt out class members *en masse*' that counsel for the Arbitration Claimants ask the Court to approve here.") (citation omitted); *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mex., on April 20, 2010*, 910 F. Supp. 2d 891, 939 (E.D. La. 2012) ("[M]ass unsigned opt outs are highly indicative of a conclusion that [ ] counsel did not spent very much time evaluating the merits of whether or not to opt out in light of the individual circumstances of each of their clients and in consultation with them."), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014).

7.    The cases cited by Claimants are largely FLSA collective action cases, not class actions decided under Rule 23. The Fifth Circuit explained the key difference in *In re JPMorgan Chase & Company*, the case Claimants rely on most heavily: "Unlike members in Rule 23 class actions, putative collective members must affirmatively opt in to FLSA actions." 916 F.3d 494, 500 (5th Cir. 2019). The cases primarily relied on by Claimants do not involve preliminary approval of a settlement class under Rule 23(e). In fact, Claimants' counsel have argued in other cases that even where members of the settlement class have arbitration rights, a class-wide settlement is appropriate. *See, e.g.*, Motion for

Preliminary Approval, *Nang Chan v. Ulta Inc.*, No. 2:23-cv-00650 (C.D.
Cal. May 10, 2024), ECF No. 30-1 at 19–20 (counsel Kiley Grombacher
urging the court to approve a class settlement because "[t]he proposed
settlement thus provides Class Members with the opportunity to obtain
relief in a prompt and efficient matter—including those bound by
arbitration agreements—rather than through a lengthy litigation
process with the potential for appeals").

8.    Finally, a temporary injunction against parallel proceedings,
including arbitrations, is both common and appropriate in preliminary
approvals of complex MDLs. *See, e.g.*, *Liles v. Del Campo,* 350 F.3d 742,
746–47 (8th Cir. 2003) (affirming the district court's injunction of
"proceedings in related litigation to preserve the settlement fund, to
eliminate the risk of inconsistent or varying adjudications that would
deplete the fund, to avoid confusion among the class members, and to
save scarce judicial resources"); *In re CenturyLink Sales Pracs. & Secs.
Litig.*, MDL No. 17-2795, 2020 WL 869980, at *5 (D. Minn. Feb. 21,
2020) ("[A] temporary injunction of parallel proceedings by the parties
to this lawsuit was necessary to properly manage the disposition of this
case and enforce the Court's Preliminary Approval Order, including

avoiding confusion among class members, ensuring proper notice, and preserving resources."); *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, 2012 WL 13065005, at *8 (D. Minn. Jan. 19, 2012) (finding that settlement "appropriately" enjoined class members from "from participating in any other proceeding in any jurisdiction" before the final approval hearing—"This type of injunctive relief is commonly granted in preliminary approvals of class-action settlements pursuant to the All Writs Act and the Anti–Injunction Act.").

At bottom, an interlocutory appeal is unwarranted because disrupting the district court process to allow for months of appeal would delay, rather than "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Among other issues, Claimants' request would disrupt the schedule the Court put in place, increase costs for all involved, and ultimately delay resolution of this dispute to the detriment of the parties.

The district court should thus exercise its full discretion to deny the request for an interlocutory appeal.

Claimants also request a stay pending the potential filing of a mandamus petition. Because such a petition is not pending, that

request is premature. Moreover, mandamus is an exceptional remedy that may issue only on a showing, among others, of clear and indisputable error. For the reasons explained, Claimants come nowhere close to meeting that high standard. The Court should deny this request.

## Conclusion

There is no emergency here, let alone one warranting extraordinary relief. Any time pressures that may now exist are of Claimants' own making. They asked for an opportunity to object to the settlement and have been afforded one—albeit not on the timeframe they may have preferred. But it has been over a month since the Court preliminarily approved the settlement, and work is well underway to effectuate that order. Claimants offer no justification to pause that work or give preference to their voice over others who may wish to exclude themselves from the settlement. And there is no basis for interlocutory certification. Rejecting that request under Section 1292(b) moots the request for a stay. Their "emergency" motion should be denied.

## Certificate of Word Count

I certify that this opposition contains 3,321 words.

Dated: August 1, 2025

*/s/ Gilbert S. Keteltas*
C. Shawn Cleveland
Texas Bar No. 24012433
Tamara D. Baggett
Texas Bar No. 24058573
BAKER HOSTETLER LLP
2850 N. Harwood Street, Suite 1100
Dallas, TX 75201
Tel: (214) 210-1200
Fax: (214) 210-1201
Email: scleveland@bakerlaw.com
Email: tbaggett@bakerlaw.com

Gilbert S. Keteltas
BAKER HOSTETLER LLP
1050 Connecticut Ave., NW,
Suite 1100
Washington, DC 20036
Tel: (202) 861.1530
Fax: (202) 861.1783
Email: gketeltas@bakerlaw.com

Michael W. McTigue, Jr.
Meredith C. Slawe
Skadden Arps Slate Meagher &
Flom LLP
One Manhattan West
New York, NY 10001
212-735-3529
Fax: 917-777-3529
Email:
michael.mctigue@skadden.com
Email:
meredith.slawe@skadden.com

Gregg J. Costa
GIBSON DUNN
811 Main St., Suite 3000
Houston, TX 77002
Tel: (346) 718.6649

Email: gcosta@gibsondunn.com

**ATTORNEYS FOR
DEFENDANT AT&T INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2025, the foregoing was electronically filed and served via ECF.

*/s/ Gilbert S. Keteltas*
Gilbert S. Keteltas