NORTHERN DISTRICT OF TEXAS
FILED

NOV - 4 2025

CLERK, U.S. DISTRICT COURT
By_____ Deputy

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| PEGGY A. WILLIAMS, pro se<br><br>  Plaintiff<br><br><br><br><br><br><br>   v.<br><br>AT&T, INC.<br><br>  Defendant | MDL Case No. 3:24-md-03114-E<br><br>Relating to Case No. 3:24-cv-01386<br><br><br>**MOTION TO SEVER INDIVIDUAL CLAIMS FROM CONSOLIDATED MULTIDISTRICT LITIGATION**<br><br>*(With Memorandum of Law in Support)* |

COMES NOW the *Pro Se Plaintiff*, Peggy A. Williams, and respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 21 to sever and restore Plaintiff's individual case from the above-captioned AT&T Data Breach Multidistrict Litigation (MDL No. 3114).

Plaintiff's action arises not only from the unauthorized disclosure of Plaintiff's personally identifiable information (PII) but also from the exposure and

compromise of Plaintiff's patented intellectual property (IP) Number (US D888,334 S) that was linked to the same data event. Because these claims present distinct legal and factual issues beyond the scope of the consolidated consumer-privacy matters, severance is warranted.

BACKGROUND

1. Plaintiff initiated an individual civil action regarding the AT&T Data Breach, alleging injuries from the disclosure of PII and related proprietary technology.

2. That action was transferred into MDL No. 3114 as a tag-along case under 28 U.S.C. § 1407.

3. Plaintiff's claim concerns the interrelationship between a patented invention and PII that were jointly exposed, resulting in potential IP infringement and loss of exclusive control.

4. The MDL primarily consolidates consumer data-privacy, negligence, and contract claims, none of which address Plaintiff's unique intellectual-property injuries.

LEGAL STANDARD

Under Rule 21, "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Severance is appropriate when claims are factually and legally distinct or when inclusion in consolidated proceedings would prejudice a party or delay resolution.

See *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968); *Spencer, White & Prentis Inc. v. Pfizer Inc.*, 498 F.2d 358, 362 (2d Cir. 1974).

In MDL practice, severance is proper where a plaintiff's individual case raises non-common issues or unique rights, as in *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 2006 WL 2382778 (W.D. Wash. Aug. 16, 2006).

ARGUMENT

A. Plaintiff's Claims Are Factually and Legally Distinct

The MDL proceedings focus on consumer privacy and data-security claims common to the class. Plaintiff's claim, however, arises from the compromise of patented technology directly associated with the breached PII.

These issues implicate federal patent law and require specialized evidence and expert analysis not pertinent to the class claims. Keeping Plaintiff within the MDL

would entangle unrelated questions of IP ownership and infringement with the general privacy claims, burdening both the Court and the parties.

B. Inclusion in the MDL Prejudices Plaintiff

The MDL's settlement and damages structure concern consumer data injuries, not IP loss or patent value. Plaintiff's distinct injuries will not be fully or fairly compensated through the class framework. Remaining in the MDL risks waiver, delay, or inadequate relief for Plaintiff's specialized claims.

Courts have recognized that when "claims do not arise out of the same transaction or occurrence and involve distinct legal theories," severance is proper. *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 144 (S.D.N.Y. 2001).

C. Severance Serves Judicial Efficiency and Fairness

Granting this motion would allow the MDL to proceed efficiently on the class-wide issues while Plaintiff's IP-related claims are adjudicated independently, avoiding duplication or prejudice. Rule 21 authorizes the Court to act "on just terms," and fairness favors preserving Plaintiff's right to pursue claims the MDL cannot resolve.

CONCLUSION

For these reasons, Plaintiff respectfully requests that this Court:

1. GRANT Plaintiff's Motion to Sever from MDL No. 3114;

2. DIRECT that Plaintiff's individual action be remanded or restored to the docket of the original federal court for separate adjudication; and

3. Grant any further relief the Court deems just and proper.


Respectfully submitted,

Peggy A. Williams, pro se
P.O. Box 21971
San Jose, CA 95151
408-520-8022
pawwil@yahoo.com

5

# MEMORANDUM OF LAW IN SUPPORT OF PRO SE PLAINTIFF'S MOTION TO SEVER INDIVIDUAL CLAIMS FROM CONSOLIDATED MDL

**UNITED STATES DISTRICT COURT**
**Northern District of Texas**
**IN RE: AT&T Multidistrict Data Breach**

**MDL No. 3114**

**Case No. 3:24-cv-01386**

## INTRODUCTION

Plaintiff, Peggy A. Williams, proceeding, respectfully submits this Memorandum in Support of the Motion to Sever Plaintiff's individual claims from the above-captioned Multidistrict Litigation ("MDL").

While this MDL concerns consolidated claims related to the unauthorized disclosure of consumer data, Plaintiff's case involves additional and distinct issues: the compromise of Plaintiff's patented intellectual property (IP) that was directly linked to Plaintiff's personally identifiable information (PII) during the same data breach event.

Because these IP-based claims raise separate legal theories, factual inquiries, and damages beyond the scope of the MDL proceedings, severance under Federal Rule of Civil Procedure 21 is warranted.

## LEGAL STANDARD

Under Fed. R. Civ. P. 21, "[t]he court may… sever any claim against a party." Severance is appropriate where doing so will:

- (1) promote judicial economy,

6

- (2) prevent prejudice, and
- (3) allow for the fair adjudication of distinct claims.

Courts have recognized that severance is proper when claims are "factually and legally distinct" or where "inclusion in consolidated proceedings would cause undue delay or prejudice."

See *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968); *Spencer, White & Prentis Inc. v. Pfizer Inc.*, 498 F.2d 358, 362 (2d Cir. 1974).

In the MDL context, severance is particularly appropriate when an individual case involves non-common issues or unique rights that are not shared by the consolidated class. See *In re Phenylpropanolamine (PPA) Products Liability Litig.*, 2006 WL 2382778 (W.D. Wash. Aug. 16, 2006).

ARGUMENT

A. Plaintiff's Claims Are Distinct from the Common MDL Issues

The consolidated MDL primarily addresses consumer privacy, negligence, and data security issues common to a class of individuals whose PII was compromised.

In contrast, Plaintiff's individual case involves the misuse and exposure of patented technology and proprietary data connected to that breach. This raises independent legal questions under federal intellectual property law that are not shared by the putative class members.

Because these issues require separate factual development and potentially different expert testimony, maintaining Plaintiff's claim within the MDL would complicate and delay both the MDL and Plaintiff's right to an individual determination.

B. Inclusion in the MDL Prejudices Plaintiff's Ability to Obtain Relief

The MDL framework is designed for common class wide settlements and shared damages models. Plaintiff's unique IP-related damages — including potential

infringement or loss of proprietary control — are not contemplated by the existing MDL pleadings or settlement terms.

Requiring Plaintiff to proceed within the MDL risks waiver or inadequate resolution of these specialized claims and denies Plaintiff meaningful access to the court's consideration of distinct injuries.

Courts have severed cases in similar contexts where plaintiffs' claims "do not arise out of the same transaction or occurrence and involve distinct legal theories." See *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 144 (S.D.N.Y. 2001).

C. Severance Promotes Judicial Efficiency and Fairness

Severing Plaintiff's case will not prejudice Defendants or disrupt MDL coordination. To the contrary, it will:

- Permit the MDL to continue efficiently with class-related issues; and
- Allow Plaintiff's IP-based claims to proceed independently in the appropriate venue.

Rule 21 authorizes this Court to "act on just terms" to ensure fairness, and severance here ensures Plaintiff's unique IP rights are preserved and properly adjudicated.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Grant Plaintiff's Motion to Sever individual claims from this MDL;

2. Restore Plaintiff's case to the docket of the transferor or appropriate federal district court; and

3. Grant such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

Date: October 31, 2025

Signature:

Peggy A. Williams, pro se
P.O. Box 21971
San Jose, CA 95151
408-520-8022
pawwil@yahoo.com

9

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the above document to be filed with the Clerk of the Court using physical mail, which will send notification of such document to counsel of record.

In accordance with the Court's standing order to be served a true and correct copy to Defendant's Counsel, via physical mail at the following addresses:

Gilbert S. Keteltas
BakerHostetler – Washington, D.C. Office
1050 Connecticut Avenue NW, Suite 1100
Washington, D.C. 20036

Dated:   October 30, 2025

Peggy A. Williams

## CERTIFICATE OF COMPLIANCE

The Plaintiff below hereby certifies that this document was prepared in Times New Roman 14-point font, double-spaced, with margins of not less than 1 inch.

Dated:   October 30, 2025

Peggy A. Williams

11



Peggy A. Williams
P.O. Box 21971
San Jose, CA 95151
pawwil@yahoo.com

October 30, 2025

Clerk of the Court
United States District Court
Northern District of Texas
1100 Commerce Street, Room 1312
Dallas, Texas 75242-1003

Re: Motion to Sever Individual Claims from Consolidated Multidistrict Litigation–
AT&T Data Breach MDL No. Case No. 3:24-md-03114-E. Case No. AT&T Inc.,
No. 3:24-cv-01386.

Dear Clerk of Court,

Please find enclosed for filing my Pro Se Motion to Sever and Proceed
Independently in the matter of *In Re: AT&T Inc. Cellular Customer Data Security
Breach Litigation*, MDL No. 3114.

As outlined in the motion, my claims involve intellectual property rights protected
under U.S. Patent No. US D888,334 S, which are not addressed within the scope of
the consolidated MDL proceedings. I respectfully request that the Court consider
this motion and allow my individual claims be severed from the consolidated MDL
case to proceed independently.

I am submitting this motion as a pro se litigant and appreciate the Court's attention to this matter. Please do not hesitate to contact me at the phone number or email address listed above if further information is required.

Thank you for your time and consideration.

Respectfully,

Peggy A. Williams, pro se
P.O. Box 21971
San Jose, CA 95151
408-520-8022
pawwil@yahoo.com



Clerk of the Court
United States District Court
Northern District of Texas
1100 Commerce Street, Room 1312
Dallas, Texas 75242-1003



PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

FROM:
P.O. Box 28971
San Jose CA 95151

RECEIVED
NOV - 4 2025
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

TO:
United States District
Northern District
1100 Commerce
St, Rm 1312
Dallas, Texas
75242-
1003

PRIORITY MAIL®

US POSTAGE PAID
$11.90
Origin: 95121
10/30/25
C056661001099

0 Lb 4.10 Oz
RDC 03

C001

PRIORITY MAIL®

EXPECTED DELIVERY DAY: 11/03/25

SHIP
TO:
STE 1312
1100 COMMERCE ST
DALLAS TX 75242-1040

USPS TRACKING# #

9505 5105 9402 5303 0983 91

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

This package is made from post-consumer waste. Please recycle - again.