IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION**<br><br>This Document Relates to All Cases | Case No. 3:24-cv-00757-E<br><br>MDL DOCKET NO. 3:24-md03114-E |

### OBJECTOR'S MOTION FOR *IN CAMERA* INSPECTION OF COMMUNICATIONS AND TESTIMONY IN SUPPORT OF [HIS/HER] OBJECTION

NOW COME Michael Von Lunen and Susan Barrow (the "Objectors"), by and through counsel, and respectfully moves this Court to enter an order directing an *in camera* inspection of certain settlement materials on the basis of privilege and/or confidentiality, and in support thereof, respectfully states as follows:

### I. INTRODUCTION

To support the Objection and to demonstrate that the proposed Settlement fails to meet the requirements of Rule 23 or the Reed Factors, the Objectors rely on confidential settlement communications between their counsel and counsel for AT&T. Objectors have submitted the testimony of Seth McCormick detailing the ruse of a mediation conducted by AT&T and Class Counsel, the settlement offers made to arbitration claimants, which are many multiples of the amount the classes were to receive in the settlement, and the appeal to the greed of attorneys made in an effort to get counsel on board with this deal, which is prejudicial to the class. The Court should have access to full picture, and understand how settlement negotiations were conducted, and AT&T's likely more accurate view of its customers claims in order to determine whether a reverse auction case conducted. The Court can gain this view through an *in camera* inspection of the affidavit and evidence attached thereto.

1

## II.  ARGUMENT

### A. Federal Rule 23(e) Requires Rigorous Judicial Scrutiny of Settlement Fairness

1.  This Court must strictly adhere to Federal Rule of Civil Procedure 23(e)(2) to properly determine whether the settlement proposed by AT&T to the class in relation to the Data Breach Incidents is appropriate.

2.  Federal Rule of Civil Procedure 23(e)(2) specifies that a court may approve a class settlement *only after* finding it "fair, reasonable, and adequate."

3.  This obligation is not perfunctory; it requires an inquiry into the process and substance of the settlement negotiations, including review of other related settlement offers and negotiations.

4.  Courts act as fiduciaries for absent class members and must ensure that the settlement was not the product of collusion or self-dealing, and was not unfairly prejudiced by settlements with other parties. *See Erica P. John Fund, Inc. v. Halliburton Co.,* 2018 U.S. Dist. LEXIS 69143, *22-27 (N.D. Tex. Apr. 25, 2018) (reiterating that Rule 23(e) requires the court to review "related undertakings that, although seemingly separate, may have influenced the terms of the settlement by trading away possible advantages for the class in return for advantages for others.").

5.  In this case, Harrer Law has independently engaged in settlement negotiations relating to the Data Breach Incidents, and the offers made to Harrer Law on behalf of its clients greatly exceed the proposed treatment of the classes here.

6.  Attorneys who earlier rejected poor settlements based on the same claims should file objections if the settlement is indeed objectionable—not because of "sour grapes" but because the settlement is, in fact, inadequate and unfair. *See, e.g., Tech. Training Assoc., Inc. v. Buccaneers L.P.*, 874 F.3d 692, 694 (11th Cir. 2017)

7. As such, the settlement negotiations between counsel for AT&T and Harrer Law are pertinent to this Court's review of the settlement offer set forth in the instant class action pursuant to Rule 23(e).

### B. *In Camera* Review Is Necessary to Allow the Court Access to Otherwise Privileged Settlement Negotiations

7. Courts have inherent authority to conduct *in camera* inspections to resolve privilege disputes and assess fairness. *See EEOC v. BDO USA, LLP*, 876 F.3d 690, 696 (5th Cir. 2017) (approving in camera review where privilege claims impede judicial evaluation).

8. Here, the Objectors have identified a potential "reverse auction"—a scenario where defendants exploit competing class actions to negotiate a bargain-basement settlement with the weakest counsel and the weakest claims; and Objectors' counsels' settlement negotiations with AT&T evidence the existence of a reverse auction.

9. Such conduct directly undermines Rule 23(e)'s core purpose, and is part of the rationale behind Rule 23(e)(3)'s requirement that the Court review other settlement offers and agreements.

10. Without reviewing the negotiation communications and testimony by the Objectors' counsel *in camera*, the Court cannot adequately determine whether the class action settlement was reached at arm's length or tainted by collusion.

### C. *In Camera* Review Balances Transparency and Confidentiality

15. Defendants may argue that settlement negotiations are privileged or confidential; however, courts routinely resolve this tension by reviewing materials *in camera* rather than compelling wholesale disclosure.

16. This approach protects sensitive information while enabling the Court to fulfill its fiduciary duty to absent class members. See *In re United States Dep't of Homeland Sec.*, 459 F.3d

565, 569 (5th Cir. 2006) (endorsing *in camera* review to safeguard privilege while ensuring judicial oversight).

17. Here, *in camera* review is necessary to protect the parties' private negotiations for settlement from being exposed to the public without necessity, as determined by this Court.

18. However, it is essential that this Court review said negotiations and testimony regarding same in order to appropriately evaluate the reasonableness of the settlement offer set forth to the class.

19. Thus, due to the fact that Rule 23(e) demands rigorous scrutiny and the Fifth Circuit has required submission of settlement negotiations and agreements to the court to perform such scrutiny, this Court should order the parties to submit all settlement-related communications and supporting materials related to the Data Breach Incidents for *in camera* inspection.

20. Additionally, this Court should grant the Objectors' instant Motion for *In Camera* Inspection as only then can the Court determine whether the proposed settlement is fair, reasonable, and adequate.

WHEREFORE Objectors respectfully requests that this Honorable Court enter an order:

A. Granting the Objetors' instant Motion for *In Camera* Inspection;

B. Permitting *in camera* inspection of settlement negotiations and relevant discovery and testimony between AT&T and counsel for the Objectors;

C. Requiring Defendants to submit proof of any and all settlement agreements and negotiations made to any persons or entities who are not part of the class but who were allegedly affected by the Data Breach Incidents; and

D. For such other relief as the Court deems just and proper.

Respectfully Submitted,

By: /s/ *Seth B. McCormick*
Attorney for Michael Von Lunen and Susan Barrow

Seth B. McCormick, Esq. (IL Bar No. 6309643)
Jennifer K. Lloyd, Esq. (IL Bar No. 6339301)
HARRER LAW, P.C.
650 Warrenville Road, Suite 100
Lisle, IL 60532
Tel. 312-858-3239
Fax 312-610-5646
seth@harrerlaw.com
jennifer@harrerlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on the date indicated above, a copy of this document was filed electronically with the Clerk of the District Court, through an approved electronic filing service provider (EFSP), which will cause a copy to be sent by electronic mail through the EFSP system to all counsel of record at the time the filing is accepted, along with receipt of service pursuant to Texas Supreme Court Rule 21(d).

By: /s/ *Seth McCormick*
