# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 3:24-cv-00757-E |
| This Document Relates to All Cases | MDL DOCKET NO. 3:24-md-03114-E |

## PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATIONS FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS WITH <u>INCORPORATED MEMORANDUM OF LAW</u>

I Carolyn Franklin have Not Recieved An member I.D. Number Because I am A Senior and, I'm Just Hearing About what was going on with AT&T.

Yours Truely

Carolyn Franklin
1514 Kenilworth Ave, NW Ashington DC, 20019 #211



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 10 2025
CLERK, U.S. DISTRICT COURT
By _____ Deputy

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1
II. FACTUAL AND PROCEDURAL BACKGROUND ...........................................3
    A. The Data Incidents................................................................................3
        1. The AT&T 1 Data Incident...........................................................3
        2. The AT&T 2 Data Incident...........................................................3
    B. Settlement Negotiations and Consolidation ........................................5
    C. Preliminary Approval and Circulation of Notice ................................7
III. SUMMARY OF THE SETTLEMENT .................................................................8
    A. Class Membership ................................................................................9
    B. Settlement Class Member Benefits ....................................................10
        1. Documented Loss Cash Payments .............................................10
        2. Tiered Cash Payments................................................................11
        3. *Pro Rata* Adjustments ...............................................................12
        4. Security Attestation ...................................................................12
    C. Funds Remaining After Distribution..................................................13
    D. Releases ..............................................................................................13
    E. Service Awards, Attorneys' Fees, and Costs .....................................13
IV. NOTICE AND RESPONSE TO THE SETTLEMENT .....................................14
    A. Dissemination of Notice to the Settlement Classes ...........................14
    B. Class Members' Reactions to the Settlement ....................................17
V. SETTLEMENT CLASS CERTIFICATION .......................................................19
VI. THE COURT SHOULD APPROVE THE SETTLEMENT ...............................20
    A. Legal Standards ..................................................................................20
    B. Plaintiffs and Class Counsel have Adequately Represented the Settlement Classes...............................................................................22

|      | C.   | The Settlement Results from Arm's-Length Negotiations without Fraud or Collusion ................................................................................ 24 |
|      | D.   | The Settlement Provides Adequate Relief to the Settlement Classes ................................................................................................ 25 |
|      | E.   | The Settlement Treats Class Members Equitably ............................... 31 |
|      | F.   | The Remaining *Reed* Factors Also Favor Final Approval .................. 32 |
| VII. | THE COURT SHOULD OVERRULE ALL OBJECTIONS ........................ 33 |
| VIII.| APPLICATIONS FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS ...................................................................................................... 34 |
|      | A.   | Class Counsel Are Authorized to Request Attorneys' Fees From the Common Fund ............................................................................... 35 |
|      | B.   | Attorneys' Fees Should Be Calculated As a Percentage-of-the-Fund .................................................................................................... 36 |
|      | C.   | The *Johnson* Factors Confirm the Reasonableness of the Attorneys' Fee Awards ....................................................................... 40 |
|      |      | 1.   Substantial Time and Resources Achieved Exceptional Results .................................................................................... 41 |
|      |      | 2.   Novel and Complex Litigation Merits the Requested Fees ...... 44 |
|      |      | 3.   Counsels' Skill and Experience Were Critical to Success ........ 46 |
|      |      | 4.   The Requested Fee Reflects Standard Contingent Fee Practice ..................................................................................... 47 |
|      |      | 5.   The Requested Fee Matches Awards in Similar Complex Cases ........................................................................................ 50 |
|      | D.   | The Requested Litigation Costs Are Reasonable. .............................. 51 |
|      | E.   | The Requested Service Awards Are Reasonable ............................... 52 |
| IX.  | CONCLUSION ................................................................................................ 53 |

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Armstrong v. Kimberly-Clark Corp.*,
  No. 3:20-CV-3150-M, 2024 WL 1123034 (N.D. Tex. Mar. 14, 2024) ............... 52

*Ayers v. Thompson*,
  358 F.3d 356 (5th Cir. 2004) .................................................................................. 32

*Billitteri v. Sec. Am., Inc.*,
  No. 3:09-CV-01568-F, 2011 WL 3585983, (N.D. Tex. Aug. 4, 2011) ......... 19, 52

*Blum v. Stenson*,
  465 U.S. 886 (1984) ............................................................................................... 37

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980) ......................................................................................... 35, 36

*Brantley v. Surles*,
  804 F.2d 321–26 (5th Cir. 1986) ........................................................................... 40

*Buetten v. Harless*,
  No. 3:09-cv-00791-K, 2013 WL 12303143 (N.D. Tex. Nov. 13, 2013) ............. 49

*Burnett v. CallCore Media, Inc.*,
  No. 4:21-cv-031762024 WL 3166453 (S.D. Tex. June 25, 2024) ............... *Passim*

*Carson v. Am. Brands, Inc.*,
  450 U.S. 79 (1981) ................................................................................................ 31

*Celeste v. Intrusion, Inc.*,
  No. 4:21-CV-307-SDJ, 2022 WL 17736350 (E.D. Tex. Dec. 16, 2022) ...... 37, 41

*City of Detroit v. Grinnell Corp.*,
  495 F.2d 448 (2d Cir. 1974) .................................................................................. 26

*Cotton v. Hinton*,
  559 F.2d 1326 (5th Cir. 1977) ......................................................................... 20, 25

*DiGiacomo v. Plains All Am. Pipeline*,
  No. 06-CV-4558 (JEI), 2001 WL 34633373 (S.D. Tex. Dec. 19, 2001) ............. 47

*Erica P. John Fund, Inc. v. Halliburton Co.*,
  No. 3:02-cv-1152-M, 2018 WL 1942227 (N.D. Tex. Apr. 25, 2018) .......... *passim*

*Feder v. Elec. Data. Sys. Corp.*,
   429 F.3d 125 (5th Cir. 2005) .................................................................................. 23

*Fox v. Iowa Health Sys.*,
   No. 18-cv-327-jdp, 2021 WL 826741 (W.D. Wis. Mar. 4, 2021) ....................... 45

*Frost v. Oil States Energy Servs., LLC*,
   No. 4:15-cv-1100, 2015 WL 12780763 (S.D. Tex. Nov. 19, 2015) .................... 48

*Fulton-Green v. Accolade*,
   No. 18-274, 2019 WL 4677954 (E.D. Pa. Sept. 24, 2019) ................................ 45

*Gordon v. Chipotle Mexican Grill, Inc.*,
   No. 17-cv-01415-CMA-SKC, 2019 WL 6972701 (D. Colo. Dec. 16, 2019) .... 27

*In re Anthem, Inc. Data Breach Litig.*,
   327 F.R.D. 299 (N.D. Cal. 2018) .......................................................... 18, 27, 30

*In re Apache Corp. Sec. Litig.*,
   No. 4:21-cv-00575, 2024 WL 4881432 (S.D. Tex. Nov. 25, 2024) .................... 38

*In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:
   20-mn-02972-JFA, 2024 WL 2155221 (D.S.C. May 14, 2024) ................... 28, 45

*In re Cap. One Consumer Data Sec. Breach Litig.*,
   No. 1:19-MD-2915 (AJT/JFA), 2022 WL 18107626 (E.D. Va. Sept. 13, 2022)..29

*In re Chinese-Manufactured Drywall Prod. Liab. Litig.*,
   424 F. Supp. 3d 456–85 (E.D. La. 2020) ...................................................... 22, 26

*In re Combustion, Inc.*,
   968 F. Supp. 1116 (W.D. La. 1997) .............................................................. 25, 48

*In re Equifax Inc. Customer Data Sec. Breach Litig.*,
   999 F.3d 1247 (11th Cir. 2021) ............................................................................ 30

*In re Equifax Inc. Customer Data Sec. Breach Litig.*,
   No. 1:17-MD-2800-TWT, 2020 WL 256132 (N.D. Ga. Mar. 17, 2020) ............ 27

*In re Facebook Internet Tracking Litig.*, No. 5:
   12-md-02314-EJD, 2022 WL 16902426 (N.D. Cal. Nov. 10, 2022) .................. 18

*In re Fortra File Transfer Software Data Sec. Breach Litig.*,
   No. 24-MD-03090, 2025 WL 457896 (S.D. Fla. Feb. 11, 2025) ....................... 50

*In re Fortra File Transfer Software Data Sec. Breach Litig.*,
  No. 24-MD-03090, 2025 WL 2675178 (S.D. Fla. Sept. 17, 2025) ...................... 50

*In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*,
  293 F.R.D. 21 (D. Me. 2013) ........................................................................ 46

*In re Harrah's Entm't, Inc., Sec. Litig.*,
  No. 95-3925, 1998 WL 832574 (E.D. La. Nov. 25, 1998) .......................... 43, 48

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*,
  851 F. Supp. 2d 1040 (S.D. Tex. 2012) ................................................... 16, 21, 29

*In re Katrina Canal Breaches Litig.*,
  628 F.3d 185 (5th Cir. 2010) ....................................................................... 14

*In re MicroStrategy, Inc. Sec. Litig.*,
  150 F. Supp. 2d 896 (E.D. Va. 2001) .......................................................... 31

*In re Pool Prods. Distrib. Mkt. Antitrust Litig.*,
  2015 WL 4528880 (E.D. La. July 27, 2015) ............................................... 39

*In re Prudential–Bache Energy Income P'ships Sec. Litig.*,
  1994 WL 202394 (E.D. La. May 18, 1994) ................................................ 49

*In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:
  17-md-2807, 2019 WL 3773737 (N.D. Ohio Aug. 12, 2019) .................... 27, 45

*In re T-Mobile Customer Data Sec. Breach Litig.*,
  No. 4:21-MD-03019-BCW, 2023 WL 11878508 (W.D. Mo. June 29, 2023) ..... 29

*In re Target Corp. Customer Data Sec. Breach Litig.*,
  No. 14-2522, 2015 WL 7253765 (D. Minn. Nov. 17, 2015) ..................... 28

*In re Target Corp. Customer Data Sec. Breach Litig.*,
  No. 14-md-2522, 2017 WL 2178306 (D. Minn. May 17, 2017), aff'd,
  892 F.3d 968 (8th Cir. 2018) ....................................................................... 18

*In re The Home Depot Inc Customer Data Sec. Breach Litig.*, No. 1:
  14-md-02583-TWT, 2016 WL 6902351 (N.D. Ga. Aug. 23, 2016) ............ 30

*In re TikTok, Inc., Consumer Privacy Litig.*,
  617 F. Supp. 3d 904 (N.D. Ill. 2022) .......................................................... 18

*In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*,
  928 F.3d 42 (D.C. Cir. 2019) ....................................................................... 28

*In re Vioxx Prods. Liability Litig.*,
  2018 WL 4613941 (E.D. La. 2018) .............................................................. 43, 48

*In re Yahoo! Inc. Consumer Data Sec. Breach Litig.*,
  No. 16-md-02752-LHK, 2020 WL 4212811 (N.D. Cal. July 22, 2020) ....... 18, 30

*In re Zoom Video Commn's, Inc. Privacy Litig.*,
  No. 3:20-cv-02155-LB, 2022 WL 1593389 (N.D. Cal. Apr. 21, 2022) .............. 18

*Jenkins v. Trustmark Nat'l Bank*,
  300 F.R.D. 291 (S.D. Miss. 2014) ...................................................................... 39

*Johnson v. Ga. Highway Exp., Inc.*,
  488 F.2d 714 (5th Cir. 1974) ...................................................................... *passim*

*Jones v. JGC Dallas LLC*,
  No. 3:11-CV-2743-O, 2014 WL 7332551 (N.D. Tex. Nov. 12, 2024) ......... 39, 40

*Jones v. Singing River Health Servs. Found.*,
  865 F.3d 285 (5th Cir. 2017) .............................................................................. 24

*Klein v. O'Neal, Inc.*,
  705 F. Supp. 2d 632 (N.D. Tex. 2010) ..................................... 22, 24, 26, 37, 51

*Kostka v. Dickey's Barbecue Rests., Inc.*,
  No. 3:20-cv-03424-K, 2022 WL 16821685 (N.D. Tex. Oct. 14, 2022) ..27, 29, 44

*Kostka v. Dickey's Barbecue Rests., Inc.*,
  No. 3:20-cv-03424-K, 2023 WL 3914266 (N.D. Tex. June 6, 2023) ................. 50

*Lee v. JDC Healthcare Mgmt., LLC*,
  No. 3:23-cv-01134-E, 2025 U.S. Dist. LEXIS 8958 (N.D. Tex. Jan. 16, 2025) .39

*Logan v. Marker Grp., Inc.*,
  No. 4:22-CV-00174, 2024 WL 3489208 (S.D. Tex. July 18, 2024) ................... 28

*Louisiana Power & Light Co. v. Kellstrom*,
  50 F.3d 319 (5th Cir. 1995) ................................................................................ 40

*Maldini v. Marriott Int'l, Inc.*
  140 F.4th 123 (4th Cir. 2025) ............................................................................. 27

*Marriott Int'l, Inc. v. Accenture LLP*,
  78 F.4th 677, 688 (4th Cir. 2023) .................................................................. 28, 45

*McCumber v. Invitation Homes, Inc.*,
    No. 3:21-cv-02194-B, 2024 WL 4183526 (N.D. Tex. July 30, 2024) .......... 39, 48

*McMorris v. Carlos Lopez & Assocs., LLC*,
    995 F.3d 295 (2d Cir. 2021) .................................................................................. 28

*Miller v. Global Geophysical Servcs.*,
    No. 14-cv-0708, 2016 WL 11645372 (S.D. Tex. Jan. 14, 2016) ....................... 49

*Newby v. Enron Corp.*,
    394 F.3d 296 (5th Cir. 2004) ................................................................................ 32

*ODonnell v. Harris Cty.*,
    No. H-16-1414, 2019 WL 4224040 (S.D. Tex. Sept. 5, 2019) .................... 21, 22

*Parker v. Anderson*,
    667 F.2d 1204 (5th Cir. 1982) .............................................................................. 20

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) ................................................................................ 14, 43, 50

*Plunkett v. FirstKey Homes, LLC*,
    2024 WL 5075065 (N.D. Tex. 2024) .................................................................. 48

*Purdy v. Sec. Sav. & Loan Asso.*,
    727 F. Supp. 1266–79 (E.D. Wis. 1989) ............................................................. 47

*Rates Tech., Inc. v. Speakeasy, Inc.*,
    685 F.3d 163 (2d Cir. 2012) .................................................................................. 47

*Reed v. Gen. Motors Corp.*,
    703 F.2d 170 (5th Cir. 1983) ......................................................................... *Passim*

*Schwartz v. TXU Corp.*,
    No. 3:02-cv-2243, 2005 WL 3148350 (N.D. Tex. Nov. 8, 2005) ............... *Passim*

*Shaw v. Toshiba Am. Info. Sys., Inc.*,
    91 F. Supp. 2d 942 (E.D. Tex. 2000) ............................................. 19, 37, 47, 48

*Spegele v. USAA Life Ins. Co.*,
    No. 5:17-cv-967-OLG, 2021 WL 4935978 (W.D. Tex. Aug. 26, 2021) ............. 19

*Theus v. Brinker Int'l, Inc.*,
    No. 3:18-cv-686-TJC-MCR, 2025 WL 1786346 (M.D. Fla. June 27, 2025) ...... 28

| Your Claim must be submitted online or **postmarked by: December 18, 2025** | **CLAIM FORM FOR AT&T DATA INCIDENT**<br><br>*In Re: AT&T Inc. Customer Data Security Breach Litigation*<br>MDL Docket No. 3:24-md-03114-E<br>United States District Court for the Northern District of Texas | AT&T-C |
|---|---|---|

## GENERAL INSTRUCTIONS

You are an AT&T 2 Settlement Class Member if you are an AT&T Account Owner or Line or End User whose AT&T 2 Data Elements were included in the AT&T 2 Data Incident that was announced on July 12, 2024. "Data Elements" means telephone numbers of current and former AT&T customers, including, but not limited to, Account Owners or Line or End Users, along with the telephone numbers with which those customers interacted, counts of those interactions, aggregate call durations for a day or month, and for a small number of individuals, one or more cell site identification numbers associated with those interactions. You may submit a Claim for a Settlement Class Member Benefit, outlined below.

Please refer to the Long-Form Notice posted on the Settlement Website **www.telecomdatasettlement.com**, for more information on submitting a Claim Form and to see if you are an AT&T 2 Settlement Class Member.

**To receive a Settlement Class Member Benefit from this Settlement via an electronic payment, you must submit the Claim Form below electronically at www.telecomdatasettlement.com by December 18, 2025.**

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

AT&T Data Incident Settlement
c/o Kroll Settlement Administration LLC
P.O. Box 5324
New York, NY 10150-5324

**Documented Losses Cash Payment**: All AT&T 2 Settlement Class Members will be eligible to submit a Claim for a Documented Loss Cash Payment for up to $2,500.00. To receive a Documented Loss Cash Payment, Settlement Class Members must submit documentation supporting losses that occurred on or after April 14, 2024, that are fairly traceable to the AT&T 2 Data Incident. Account Owners are permitted to submit Claims for themselves and on behalf of any of their Line or End Users. In the event an Account Owner and a Line or End User both submit Claims, the Line or End User's Claim will be given priority.

**Tiered Cash Payment**: Instead of a Documented Loss Cash Payment, Account Owners may submit a Claim for a Tiered Cash Payment, which is a *pro rata* cash share of the AT&T 2 Net Settlement Fund.

## I. PAYMENT SELECTION

If you would like to receive your Settlement Class Member Benefit through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

Questions? Go to www.telecomdatasettlement.com or call toll-free (833) 890-4930.


83231


CF


Page 1 of 4

Case 3:24-cv-00757-E    Document 393    Filed 12/10/25    Page 10 of 16    PageID 6004

8 3 2 3 1 0 0 0 0 0 0 0 0 0

## V. TIERED CASH PAYMENT

If you are an Account Owner, instead of receiving a Documented Loss Cash Payment, you may elect to receive a *pro rata* Tiered Cash Payment.

**Tier 3 Cash Payment** – If you are an Account Owner who had <u>Data Elements included in the AT&T 2 Data Incident,</u> you are eligible to make a Claim for a Tier 3 Cash Payment. A Tier 3 Cash Payment consists of a *pro rata* share of the AT&T 2 Net Settlement Fund.

[✓] Yes, I choose claim a *pro rata* Tiered Cash Payment.

## VI. ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_Carolyn D Franklin_     12/2/2025
Signature                                                    Date

_Carolyn D Franklin_
Print Name

Questions? Go to www.telecomdatasettlement.com or call toll-free (833) 890-4930.


83231


CF


Page 4 of 4

8323100000000

| Your Claim must be submitted online or postmarked by: December 18, 2025 | **CLAIM FORM FOR AT&T DATA INCIDENT**<br><br>*In Re: AT&T Inc. Customer Data Security Breach Litigation*<br>MDL Docket No. 3:24-md-03114-E<br>United States District Court for the Northern District of Texas | AT&T-C |

## II. AT&T 2 SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

**First Name:** Carolyn D Franklin
**Last Name:** Franklin

**Address 1:** 1515 North Capitol Street N.E #302  Moved
**Address 2:** 1514 Kenilworth Ave N.E. #211

**City:** Washington DC
**State:** DC
**Zip Code:** 20019

**Email Address:** Carolynfranklin983 @ Gmail.com

## III. PROOF OF AT&T 2 SETTLEMENT CLASS MEMBERSHIP

[✓] Check this box to certify that you are an AT&T Account Owner or Line or End User whose Data Elements were involved in the AT&T 2 Data Incident that was announced on July 12, 2024.

Enter the Settlement Class Member ID Number provided on your Email Notice:

**Class Member ID:** 8 3 2 3 1 __ __ __ __ __ __ __ __

Questions? Go to www.telecomdatasettlement.com or call toll-free (833) 890-4930.


83231


CF


Page 2 of 4

## IV. DOCUMENTED LOSS CASH PAYMENTS

*Skip this section if you are submitting for a Cash Payment only.*

Each AT&T 2 Settlement Class Member may seek reimbursement for up to $2,500 for documented losses that occurred on or after April 14, 2024, upon presentation of supporting documentation fairly traceable to the AT&T 2 Data Incident.

To receive a Documented Loss Cash Payment, AT&T 2 Settlement Class Members must elect Documented Loss Cash Payment on the Claim Form attesting under penalty of perjury to having incurred documented losses. Claiming AT&T 2 Settlement Class Members will be required to submit reasonable documentation supporting the losses. Such losses must have been incurred between April 14, 2024, and the date of Claim submission, and are the a result of the AT&T 2 Data Incident. Reasonable documentation may include receipts or other documentation not self-prepared by the Claimant that documents the costs incurred.

Self-prepared documents such as handwritten receipts, accountings, statements, declarations, and/or affidavits prepared by the Settlement Class Member are, by themselves, insufficient for reimbursement, but may be considered alongside other submitted documentation.

[✓] I have attached documentation showing that the losses were more likely than not caused by the AT&T 2 Data Incident.

| Cost Type (Fill all that apply) | Approximate Date of Documented Loss | Amount of Documented Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7/17/2 0 (mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |
| Yes | 5/3/24 (mm/dd/yy) | $2,500.00 | |
| | __/__/__ (mm/dd/yy) | $_____.__ | |
| | __/__/__ (mm/dd/yy) | $_____.__ | |
| | __/__/__ (mm/dd/yy) | $_____.__ | |
| | __/__/__ (mm/dd/yy) | $_____.__ | |

**Questions?** Go to www.telecomdatasettlement.com or call toll-free (833) 890-4930.







```
                    AT&T
                CHINATOWN STORE
         785 7th Street NW, AT&T Store
               Washington, DC 20001
                  (202) 340-7211

Store No. W180
OM Tablet No. 15
OM Cash Drawer No. 42
--------------------------------------------
Customer:
CAROLYN F
202-704-1116                          30.00
69562    30 RTR
--------------------------------------------
                       SUBTOTAL       30.00
                            TAX        3.00
     DC PREPAID E911 FEE for 69562     0.60
                   TOTAL AMOUNT DUE   33.60
               COMMITMENT SAVINGS -   $0.00
         CORPORATE ACCESSORY DISCOUNT $0.00
                      CASH TENDERED   40.00
                         CHANGE DUE    6.40

                  YOUR TOTAL SAVINGS  $0.00
--------------------------------------------
              Transaction ID:XW1801GPAISL1
                  CASHIER: EDGAR C
                  11/01/2025 12:26:36
                    CUSTOMER COPY

    This payment amount has been added to your
    account and is available for immediate us
    e.
             *50-328000039643097*

        Thanks for choosing us! We are here
         for you 24 x 7 at att.com/support.
              Thank for choosing us!
         We are here for you 24 x 7 at
                 att.com/support.
```

2,500.00 For Data Breach
5,000 And
1 And, 2 For Documents

Filling for Tiered
Cash payments
Documents Lost
And Data Lost payments
For the Class Action
Law Suite.
I Carolyn Franklin
are Filling for the
Data Breach and Documents and, Photo's Missing
I Have had to pay
more money for
Data and, photos
going missing
And, phone Number's — To my phone
Because of AT&T
Data Breach I
have Lost 2 phones
Because money was
missing from my Bank
Account. And Documents
Lost.



SSN: 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
1514 Kenilworth Ave, N.E.
Washington DC, 20019.
phone Number
(202) 771-224-2007
This is the phone
That was used.
and, phone Number
(202) 704-1116

((202) 320-4218
I can be Reached
on this Number)
Your's Truely
Carolyn Franklin



**U.S. POSTAGE PAID**
USPS Ground Advtg
WASHINGTON, DC 20019
DEC 05, 2025
$8.55
S2324P504270-55
75242
0 Lb 4.20 Oz
RDC 01
Retail

FROM:
Carolyn Franklin #all
1514 Kenilworth
Avenue NE Wash,
DC 20019 #311

TO: 1100 Commerce St, Dallas Texas
United States
District Court
Northern District
of Texas Dallas
ZIP 75242-1699

USPS TRACKING® #
9500 1141 5431 5339 3250 86