**CLASS MEMBER LETTER REGARDING**

**SETTLEMENT ADEQUACY AND OPT-OUT**

3:24-cv-757

Re:   *In re AT&T Inc. Customer Data Security Breach Litigation*

MDL No. 3:24-md-03114-E

Final Approval Hearing: January 15, 2026

Dear Clerk of Court,

I submit this letter as a class member for the limited purpose of addressing the adequacy and scope of the proposed settlement before final approval.

The settlement notice describes the breach as a discrete incident identified after AT&T-specific data appeared on the dark web, expressly denies fault, and does not disclose any technical cause or preventive remediation measures. The notice characterizes the matter as a single data incident followed by consumer mitigation in the form of credit monitoring and cash payments, while disclaiming liability and wrongdoing.

However, AT&T experienced a materially similar compromise of customer data that occurred in or around 2019 and was publicly disclosed in 2024, and later disclosed additional large-scale customer data exposure in 2024. This recurrence raises a fundamental question relevant to settlement adequacy: what safeguards were implemented after the 2019 incident to prevent recurrence, and why those measures did not prevent the later disclosure. The settlement materials do not address this question.

The supplemental materials referenced herein include AT&T's own patented systems for data-throughput control, traffic governance, and rule-based anomaly detection. These

patents describe automated mechanisms intended to detect, limit, and interrupt abnormal high-volume data movement. The existence of these claimed capabilities, combined with repeated disclosure of sensitive customer data, bears directly on whether the conduct at issue is fully encompassed by a negligence-based class theory.

In addition, I have collected evidence spanning more than a decade documenting repeated communications with AT&T executive offices and legal representatives raising concerns regarding data handling, network controls, and the risk of large-scale data exposure. These communications provided notice and opportunity to mitigate the very type of outcome at issue here.

The evidence suggests that AT&T's conduct may fall outside the negligence-based theory presented to the class. Before approving a release that would extinguish individual claims, I respectfully request that the Court consider the supplemental evidence referenced herein and clarify that my individual claims are not released. In the alternative, I respectfully request an individual opt-out on the basis that my claims are distinct from those resolved by the class settlement, as they arise from prior notice, recurrence, and documented technical capability not encompassed by the theory of negligence underlying the class settlement.

Respectfully submitted,

*/s/ Jonathan F. King* 1/17/2025

Jonathan F. King

Class Member

39190 Channel Dr.

Cathedral City, CA 92234-2214

Email: jonathan_king@hotmail.com

Phone: 760-774-2821

## Referenced AT&T Patent Materials

- Method for Automatic Reconciliation of Data Throughput
- Data Rate Management and Throttling Systems
- Conflict Resolution and Rule Determination for Network Traffic Control

**Request for Remote Appearance – Class Member**

MDL No. 3:24-md-03114-E



Dear Clerk of Court,

I am a class member in *In re AT&T Inc. Customer Data Security Breach Litigation*, MDL No. 3:24-md-03114-E. I have submitted a written class member statement for consideration prior to final approval.

As I reside in California, I respectfully request permission to appear remotely by telephone or video for the Final Approval Hearing currently scheduled in Dallas, Texas, should the Court permit class member participation.

Thank you for your consideration.

Respectfully,

Jonathan F. King    1/17/2025

39190 Channel Dr.

Cathedral City, California 92234-2214

Email: jonathan_king@hotmail.com

Phone: 760-774-2821


