IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION | § § § CASE NO. 3:24-cv-00757-E § § MDL DOCKET NO. 3:24-md-03114-E |
| This Document Relates to All Cases | § § § |

## NOTICE OF DEPOSITION OF THE LANIER LAW FIRM AS CLASS PLAINTIFFS' LEAD AND LIASON COUNSEL

PLEASE TAKE NOTICE that at the date, time, and location listed below, the Objectors Scott Gherman, Bradley Johnson, Brittani Kaye, Rob Caruso, and Brittany Bonner will take the following testimony upon oral examination pursuant to Fed. R. Civ. P. 30(b)(6):

**DEPONENT:** The Lanier Law Firm,
Class Plaintiffs' Lead and Liaison Counsel
10940 W. Sam Houston Pkwy., Suite 100
Houston, Texas 77064
Mark.Lanier@lanierlawfirm.com

**DATE:** January 8, 2026, at 9:00 CST

**LOCATION:** Steptoe LLP, 717 Texas Avenue, Suite 2800,
Houston, TX  77002

Such deposition will take place for the purpose of discovery, for use as evidence in this cause, and for all other purposes permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. However, this deposition is

limited to objective facts (not privileged information) supporting Plaintiffs' Class Counsel's Fee Application and to enable the Objectors to perform a Lodestar cross-check calculation. The deposition will be recorded by stenographic means and taken before a court Report and Notary Public who is authorized to administer oaths under the laws of the State of Texas. The deposition may also be recorded by videographic means.

The topics of examination pursuant to Fed. R. Civ. P. 30(b)(6) are attached hereto as **Exhibit A.** The documents requested at the time of the deposition are listed in **Exhibit B.**

THIS the 31st day of December, 2025.

                        Respectfully submitted,

                        **BEIGHLEY, MYRICK, UDELL & ZEICHMAN PA**

                        Maury L. Udell, Esq.
                        Fla. Bar No. 121673
                        mudell@bmulaw.com
                        2601 S. Bayshore Drive, Suite 770
                        Miami, Florida 33133
                        Tele: (305) 349-3930
                        Fax: (305) 349-3931

                        **BUTLER SNOW LLP**

                        By: */s/ Amanda G. Taylor*
                           Amanda G. Taylor
                           Texas Bar No. 24045921
                           Amanda.taylor@butlersnow.com
                           1400 Lavaca St., Suite 1000

        Austin, Texas 78701
        Tele: (737) 802-1800
        Fax: (737) 802-1801

        Kyle Miller
        MS Bar No. 102227
        Kyle.miller@butlersnow.com
        1020 Highland Colony Pkwy, Ste. 1400
        Ridgeland, Mississippi 39157
        Tele: (601) 948-5711
        Fax: (601) 985-4500

        **ATTORNEYS FOR OBJECTORS SCOTT GHERMAN, BRADLEY JOHNSON, BRITTANI KAYE, ROB CARUSO, AND BRITTANY BONNER**

## CERTIFICATE OF SERVICE

    I hereby certify that on December 31st, 2025, a true and correct copy of the above was served on all counsel of record through the Court's CM/ECF system.

        By: */s/ Amanda G. Taylor*
            Amanda G. Taylor

# EXHIBIT A

# DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The terms "you," "your," or "Plaintiffs' Class Counsel" means The Lanier Law Firm, and any of its agents, attorneys, employees, staff members, personnel, members, directors, managers, and/or past or present consultants for whom any fees or expenses are requested to be recovered in this Action.

2. The term "identify," when referring to a lawsuit means to state the case caption, including the name of the plaintiff(s), the name of the defendant(s), the court in which the lawsuit was filed, the case number/civil action number assigned to the lawsuit, and the date on which the lawsuit was initiated.

3. The term "Action" means the above-captioned civil action pending in the United States District Court for the Northern District of Texas.

4. The term "Fee Application" means any motion, petition, declaration, affidavit, or supporting materials submitted in support of Plaintiffs' Class Counsel's request for attorneys' fees or expenses.

5. The term "Lodestar" means the product of reasonable hours expended multiplied by reasonable hourly rates, as presented to the Court.

6. The term "Time Records" means all time entries, billing records, invoices, summaries, spreadsheets, or reports reflecting time worked or expenses incurred by Plaintiffs' Class Counsel.

7. The term "Billing Judgment" means the exercise of discretion to exclude, reduce, or write off time that is excessive, redundant, clerical, unsuccessful, or otherwise unreasonable.

8. The term "DFW Market" means the prevailing legal market for attorneys' fees in the Dallas–Fort Worth area and the Northern District of Texas.

9. The term "Documents" has the broad meaning set forth in Federal Rule of Civil Procedure 34.

## TOPICS FOR EXAMINATION

1. The identity and role of the person(s) responsible for maintaining time records, reviewing time for reasonableness, exercising Billing Judgment, and calculating the fee request presented to the Court, including the systems used to generate that data in this Action.

2. The categories, descriptions, and total hours of work included in your Fee Application.

3. The categories, descriptions, and total of work excluded from your Fee Application as unsuccessful, administrative, clerical, or not reasonably benefiting the class, including the treatment of pre-certification work and fee-related work.

4. For each timekeeper for whom any fees or expenses are requested to be recovered in this Action: (a) the timekeeper's full name, primary work location, title/role, and experience and qualifications; (b) for each month that any fee recovery is requested, the total hours worked on this matter by the timekeeper, broken down by the total hours for which fee recovery is requested and the total hours, if any, reduced or written off; (c) descriptions of work performed by the timekeeper for all time that recovery of fees is requested, by month; (d) the timekeeper's applicable hourly rate of all work performed for each month that fee recovery is requested, and if this rate differs from the timekeeper's standard hourly rate at the relevant time period, an explanation of the amount of and reason for the difference.

5. Regarding all hourly rates applied for fees sought to be recovered in this Action, the evidence relied upon to establish reasonableness in the DFW Market, comparison with rates approved in the Northern District of Texas for other similar matters, comparison to actual rates charged and received by you in other similar matters, and justification for any out-of-district or premium rates.

6. Your policies and practices regarding contemporaneous timekeeping, required detail in time entries, the use of block billing, and the identification or exclusion of vague, reconstructed, or estimated time.

7. Your staffing decisions for key litigation events, tasks performed by multiple attorneys, and steps taken to ensure work was performed at the lowest reasonable billing level.

8. Your exercise of Billing Judgment applied before filing your Fee Application, including the categories and amount of time reduced or written off, and whether similar reductions would be applied to a paying client.

9. The relationship between hours expended and relief obtained for the class, time spent on issues that did not materially advance the outcome, and whether any work primarily benefited counsel rather than the class.

10. Whether any multiplier or enhancement is requested or implied, and if so, the factual basis for such multiplier or enhancement.

11.    The accuracy and completeness of representations made in the Fee Application, any material omissions affecting reasonableness, and any corrections or revisions made after filing.

12.    The identification and authenticity of all Time Records and other billing Documents sufficient to verify time entries (by date, timekeeper, rate, and description of work performed), billing judgment, and to independently calculate the Lodestar.

# EXHIBIT B

# DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The terms "you," "your," or "Plaintiffs' Class Counsel" means The Lanier Law Firm, and any of its agents, attorneys, employees, staff members, personnel, members, directors, managers, and/or past or present consultants for whom any fees or expenses are requested to be recovered in this Action.

2. The term "Action" means the above-captioned civil action pending in the United States District Court for the Northern District of Texas.

3. The term "Time Records" means all time entries, billing records, invoices, summaries, spreadsheets, or reports reflecting time worked by Plaintiffs' Class Counsel.

4. The term "Billing Judgment" means the exercise of discretion to exclude, reduce, or write off time that is excessive, redundant, clerical, unsuccessful, or otherwise unreasonable.

5. The term "DFW Market" means the prevailing legal market for attorneys' fees in the Dallas–Fort Worth area and the Northern District of Texas.

6. The term "Documents" has the broad meaning set forth in Federal Rule of Civil Procedure 34.

## DOCUMENT REQUESTS (TO BE PRODUCED AT OR BEFORE THE DEPOSITION)

1. All Time Records or other billing documents supporting the fees and expenses requested by you to be recovered in this Action.

2. Documents sufficient to show your Billing Judgment, including write-offs, reductions, or exclusions in this Action.

3. Documents supporting the hourly rates requested in this Action, including: (a) your actual client billing rates in other matters; (b) rates approved in other matters by a Court in the Northern District of Texas; and (c) rates charged by lawyers in the DFW market with similar backgrounds/experience as your timekeepers in this Action.

4. Documents reflecting your staffing assignments and division of labor among counsel in this Action.

5. Documents supporting any multiplier or enhancement sought by you in this Action.