# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION | CASE NO. 3:24-cv-00757-E<br><br>MDL DOCKET NO. 3:24-md-03114-E |

# AT&T DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER

## TABLE OF CONTENTS

**Page**

Argument ................................................................................................... 2

    A.    The Udell Objectors have no right to discovery without leave of Court, which they chose not to seek. ......................... 2

    B.    The Udell Objectors' discovery requests are untimely and would unduly disrupt settlement proceedings. ............... 4

    C.    The requested discovery is not warranted. ........................... 7

Conclusion ............................................................................................ 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bautista v. Santander Consumer USA*,
  No. 3:24-cv-2935, 2024 WL 6446920 (N.D. Tex. Dec. 10,
  2024) .................................................................................................................. 4

*Caves v. Walgreen Co.*,
  No. 2:18-cv-2910, 2021 WL 1193854 (E.D. Cal. Mar. 30,
  2021) .................................................................................................................. 3

*In re Checking Account Overdraft Litig.*,
  830 F. Supp. 2d 1330 (S.D. Fla. 2011) .............................................................. 6

*Harrell v. WebTPA Emp. Servs., LLC*,
  No. 3:24-CV-1158, 2025 WL 3182997 (N.D. Tex. Nov. 13,
  2025) ........................................................................................................... 2, 11

*Herrera v. Charlotte School of Law, LLC*,
  818 Fed. Appx. 165 (4th Cir. 2020) ................................................................... 6

*Kenneth Council v. Draftkings*,
  No. 3:24-cv-1370, 2024 WL 3417996 (N.D. Tex. July 15,
  2024) .................................................................................................................. 4

*In re Oil Spill*,
  MDL No. 2179, 2012 U.S. Dist. LEXIS 153408 (E.D. La.
  Oct. 25, 2012) .................................................................................................... 6

*Pauls v. The Prudential Ins. Co. of Am.*,
  No. 3:16-cv-2116, 2016 WL 6397564 (N.D. Tex. Oct. 28,
  2016) .................................................................................................................. 7

*Vassalle v. Midland Funding LLC*,
  708 F.3d 747 (6th Cir. 2013) ............................................................................. 5

*Vaughn v. Am. Honda Motor Co., Inc.*,
  No. 2:04-CV-142, 2007 WL 2220924 (E.D. Tex. July 31,
  2007) ................................................................................................ *passim*

*White v. Nat'l Football League*,
  822 F. Supp. 1389 (D. Minn. 1993) ..................................................... 8

**Rules**

Fed. R. Civ. P. 23(e)(5) ........................................................................... 3

Fed. R. Civ. P. 26(b)(2)(C) ...................................................................... 5

Fed. R. Civ. P. 26(b)(2)(C)(i) ................................................................ 10

Fed. R. Civ. P. 34(b)(2)(A) ...................................................................... 4

Federal Rules of Civil Procedure 30(b)(2) and 34(b)(2)(A) ...................... 7

On New Year's Eve, and just two weeks before the Final Approval Hearing, five objectors (the "Udell Objectors") served sweeping deposition and document requests on AT&T,[1] Kroll Settlement Administration, the Lanier Law Firm, and Brian Fitzpatrick. They did so without seeking leave of this Court and in direct contravention of established law and rules of procedure and this Court's authority to manage its proceedings. Their last-minute demands, issued with only days to comply and after months of inaction, are not only procedurally improper, they seek information that (i) is not vital to a fairness determination, (ii) they have already put in the record, and (iii) is largely undisputed.

The Court should not countenance these tactics, which are a transparent attempt to disrupt and delay the settlement approval process. AT&T requests that the Court issue a protective order[2] for the following reasons:

---

[1] "AT&T" refers to Defendants AT&T Inc., AT&T Corporation and AT&T Mobility LLC. Other capitalized terms have the meanings set forth in the Settlement Agreement. *See* ECF 283-1.

[2] AT&T's motion seeks protection as to AT&T. On January 6, 2026, counsel for the Udell Objectors withdrew the notice of deposition to Kroll. We understand that Class Counsel will specifically address the discovery served on The Lanier Firm and Mr. Fitzpatrick.

- *First*, the Udell Objectors may only seek discovery with leave of Court—leave they never sought. Their choice to bypass this Court and serve discovery without leave is reason enough to issue a protective order.

- *Second*, the Udell Objectors' discovery is untimely as they have waited until just days before the Final Approval Hearing to serve their discovery requests.

- *Third*, the requested discovery is unwarranted and unnecessary in light of the Udell Objectors' arguments. Those arguments raise largely legal, not factual, issues and can be addressed and resolved without further factual development, and certainly not the irrelevant factual issues the Udell Objectors seek to pursue.

## Argument

### A. The Udell Objectors have no right to discovery without leave of Court, which they chose not to seek.

Absent class members who object to a proposed settlement have no automatic right to discovery. Instead, an "objector's request to conduct additional discovery is left to the sound discretion of the court." *Vaughn v. Am. Honda Motor Co., Inc.*, No. 2:04-CV-142, 2007 WL 2220924, at *2 (E.D. Tex. July 31, 2007); *see also Harrell v. WebTPA Emp. Servs., LLC*, No. 3:24-CV-1158, 2025 WL 3182997, at *1–2 (N.D. Tex. Nov. 13, 2025) (rejecting a pro se objector's request for discovery ahead of a final approval hearing because the individual "has not shown that he represents more than himself and his interests" or that

2

obtaining the information "is necessary to further the Court's evaluation of the fairness and adequacy of the settlement before it"). And "[d]iscovery should only be allowed upon a showing of need." *Vaughn*, 2007 WL 2220924, at *2 (citing MANUAL FOR COMPLEX LITIGATION (Fourth) § 22.924). The Civil Rules Advisory Committee explained that "[t]he court *may allow* an objector discovery relevant to the objections. *In determining whether to allow discovery, the court should weigh* the need for the information against the cost and delay that would attend discovery." Fed. R. Civ. P. 23(e)(5), Advisory Committee Notes, 2003 Amendments (emphasis added).

By foregoing a motion for leave to serve discovery, the Udell Objectors stripped this Court of its discretion and undermined the Court's case management authority. They should, therefore, be barred from taking the discovery they served without leave. *See Caves v. Walgreen Co.*, No. 2:18-cv-2910, 2021 WL 1193854, at *2 (E.D. Cal. Mar. 30, 2021) (where objectors "failed to seek leave of court" for discovery, the Magistrate Judge denied objector's motion to compel, finding that the "District Judge should first have an opportunity to decide if any discovery is even necessary and/or what the scope should be before the

3

undersigned rules on a discovery dispute that may contribute to the expenditure of resources and delay the resolution of this action").

B. **The Udell Objectors' discovery requests are untimely and would unduly disrupt settlement proceedings.**

The Udell Objectors filed their deposition notices and document requests on the docket last Thursday afternoon, two weeks before the Final Approval Hearing. The notice served on AT&T gave only five business days' notice for identification and preparation of a corporate representative on eight topics (not counting subparts). The notice also demands compliance with six expansive discovery requests in the same period—a far shorter period than the 30 days a party is given to respond to document requests under Fed. R. Civ. P. 34(b)(2)(A).

It is well-settled that "[a]ny party seeking expedited discovery must show good cause." *Kenneth Council v. Draftkings*, No. 3:24-cv-1370, 2024 WL 3417996, at *2 (N.D. Tex. July 15, 2024). Fundamentally, a party who "offers no reason" for expedited discovery "fails to show good cause." *Bautista v. Santander Consumer USA*, No. 3:24-cv-2935, 2024 WL 6446920, at *1 (N.D. Tex. Dec. 10, 2024).

There is no good cause for the Udell Objectors' lengthy delay. They are all parties to the MDL and receive notices of everything that

4

happens in the case. Yet they waited 194 days after this Court's Preliminary Approval Order to seek discovery. Their notices were served 75 days after the original objection deadline, 44 days after the amended objection deadline (when the Udell Objectors filed their own objections without suggesting a need for discovery to support their objections), and just two weeks before the Final Approval Hearing.

The only logical conclusion is that this untimely discovery targeting AT&T, Class Counsel, and the Settlement Administrator is intended to disrupt a Final Approval hearing nine days away. The Court should deny this untimely and disruptive discovery, which, if truly needed, could have been raised with the Court months ago. *See* Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"). *See also Vassalle v. Midland Funding LLC*, 708 F.3d 747, 760 (6th Cir. 2013) (the district court did not abuse its discretion by barring an objector's proposed intervention "to conduct discovery" on a class settlement "a mere three weeks prior to the

fairness hearing" because it would "unduly delay the adjudication of the [] parties' rights"); *Vaughn*, 2007 WL 2220924, at *1 (motion to permit discovery filed "after the deadline to object to the settlement and after the original fairness hearing was scheduled" was not timely); *In re Oil Spill*, MDL No. 2179, 2012 U.S. Dist. LEXIS 153408, at *5–6 (E.D. La. Oct. 25, 2012) (requests for discovery made two months after knowledge of a class settlement were denied because, among other things, they were "not timely"); *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1337 n. 6 (S.D. Fla. 2011) (denying multiple objectors' motions for leave to take discovery because they "were untimely and would have unduly and unnecessarily disrupted the schedule this Court set for the Settlement-related proceedings."); *Herrera v. Charlotte School of Law, LLC*, 818 Fed. Appx. 165, 178 (4th Cir. 2020) ("[S]ettlement-related discovery often 'delay[s] settlement, introduce[s] uncertainty, and might be undertaken primarily to justify an award of attorneys fee[s] to objector's counsel,' thereby justifying a higher standard.") (citing THE MANUAL FOR COMPLEX LITIGATION, § 21.643 (4th

ed.)).³

The Court should independently quash the document requests accompanying the AT&T deposition notice because "a duces tecum must, pursuant to Federal Rules of Civil Procedure 30(b)(2) and 34(b)(2)(A), afford the party deponent at least 30 days in which to respond." *Pauls v. The Prudential Ins. Co. of Am.,* No. 3:16-cv-2116, 2016 WL 6397564, at *8 (N.D. Tex. Oct. 28, 2016). The Udell Objectors afforded AT&T a week.

### C. The requested discovery is not warranted.

The Udell Objectors cannot make "a showing that additional discovery is required or that the Court lacks vital information to determine fairness in this case." *Vaughn,* 2007 WL 2220924, at *2. To the contrary, the Udell Objectors largely press legal arguments that do not raise or require resolution of factual disputes. Their objection and supporting affidavits, statements, and documents, demonstrate that they "are capable of making their arguments regarding the fairness of the settlement without taking additional discovery." *Id.*

---

³ It is worth emphasizing that in each of these cases the objectors sought leave to conduct discovery—a step the Udell Objectors skipped.

7

On November 17, 2025, the Udell Objectors filed a 28-page Objection to Class Certification and Class Settlement. ECF 364. This filing did not identify a need for discovery to support the objections. To the contrary, the Objection included an 84-page Appendix containing an AT&T Customer Service Agreement ("CSA"), the AT&T Notice of Data Breach, separate statements from each of the five Udell Objectors, and separate affidavits of counsel Maury L. Udell and Amanda G. Taylor.

The Udell Objectors primarily seek discovery from AT&T to support their already fully briefed objection that AT&T is prohibited from entering into a class settlement because it has successfully litigated the enforceability of the CSA's class action waiver and arbitration provisions in prior cases. *See* ECF 415, topics 1–6.

But AT&T does not dispute that its CSA contains arbitration and class waiver provisions, or that AT&T has successfully enforced those provisions in other matters. In short, there is no factual dispute that requires discovery here. *White v. Nat'l Football League*, 822 F. Supp. 1389, 1429 (D. Minn. 1993) (rejecting "various requests to postpone final approval of the Settlement Agreement for purposes of permitting discovery" where class members "had available to them, more than

adequate information with which to analyze the fairness and reasonableness of the settlement").[4]

The Udell Objectors seek discovery on a question of law that does not depend on additional fact discovery. As AT&T has already set forth in its response to objections, which it will not repeat in detail here, the Udell Objectors ignore the opt-out process and fundamentally misunderstand the law recognizing a contracting party's right to waive a right to arbitrate as part of a settlement agreement. ECF 405, pp. 22–27. Again, none of this requires discovery to resolve, let alone the discovery requested by the Udell Objectors on an expedited schedule.

Moreover, the information the Udell Objectors seek is publicly available. Indeed, the objection filed by the Udell Objectors attaches their CSAs with AT&T, quotes specific arbitration and class action provisions, and cites cases in which AT&T enforced these contractual provisions. ECF 364, pp. 7–8. This Court should deny requests for discovery that "can be"—and indeed has already been—"obtained from

---

[4] In response to this motion, the Udell Objectors are likely to assert that they offered to withdraw their discovery notices if the noticed parties would agree to written stipulations of fact. But conditioning withdrawal of improper, untimely, and irrelevant discovery on an opposing party's agreement to stipulate to certain facts is unfair and coercive and would reward Objectors' circumvention of established law and this Court's authority.

9

some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The Udell Objectors also seek discovery to establish that, outside of the class action settlement context, AT&T accepts electronic signatures. *See* ECF 415, topics 7–8. But AT&T does not dispute this. AT&T does, however, argue—as this Court and others have already held—that the opt-out requirements in the settlement agreement are reasonable, fair, and necessary to prevent abuses by counsel who purport to represent class members as part of mass proceedings. ECF 405, pp. 9–19. Additional discovery—especially into irrelevant matters—will not aid in the resolution of this legal dispute.

And, as to Kroll, the Udell Objectors seek information that either has already been reported to the Court in accordance with the Settlement Agreement and Preliminary Approval Order (*e.g.*, ECF 418), or is premature because it concerns claims evaluation and processing that will occur only if final approval is granted.

Finally, courts recognize there is less of a need for discovery where, as here, objectors do not "represent a large and potentially discrete group whose interests were not accommodated in settlement."

10

*Vaughn,* 2007 WL 2220924, at *2 (quoting MANUAL FOR COMPLEX LITIGATION (Fourth) § 22.924). There are only five Udell Objectors. And although they claim to represent the interests of all class members whose customer service agreement with AT&T contains class action waiver and arbitration provisions, that is plainly not the case. Millions of those class members have made claims under the Settlement. And class members who do not wish to give up their rights to pursue arbitration or small claims litigation—including others represented by Udell—have submitted requests to opt out of the settlement *See Harrell,* 2025 WL 3182997, at *1 (denying motion for discovery where the objector "has not shown that he represents more than himself and his interests. Nor has he shown that there is a reasonable basis for his requests in the context of this litigation or that his obtaining the information requested – information that the Court can independently verify or scrutinize if necessary – is necessary to further the Court's evaluation of the fairness and adequacy of the settlement before it").

## Conclusion

The Udell Objectors' discovery to AT&T is procedurally improper, untimely, and unnecessary. For any and all of these reasons, the Court

should issue a protective order preventing the Udell Objectors from pursuing the discovery they seek.

Respectfully submitted,

Dated: January 6, 2026

*/s/ Gilbert S. Keteltas*
Gilbert S. Keteltas
BAKER HOSTETLER LLP
1050 Connecticut Ave., NW,
Suite 1100
Washington, DC 20036
Tel: (202) 861.1530
Fax: (202) 861.1783
Email: gketeltas@bakerlaw.com

C. Shawn Cleveland
Texas Bar No. 24012433
Tamara D. Baggett
Texas Bar No. 24058573
BAKER HOSTETLER LLP
2850 N. Harwood Street, Suite 1100
Dallas, TX 75201
Tel: (214) 210-1200
Fax: (214) 210-1201
Email: scleveland@bakerlaw.com
Email: tbaggett@bakerlaw.com

>Michael W. McTigue Jr.
>Meredith C. Slawe
>SKADDEN, ARPS, SLATE,
>    MEAGHER & FLOM LLP
>One Manhattan West
>New York, NY 10001
>Tel: (212) 735-3000
>Fax: (212) 735-2000
>michael.mctigue@skadden.com
>meredith.slawe@skadden.com
>
>Gregg J. Costa
>GIBSON DUNN
>811 Main St., Suite 3000
>Houston, TX 77002
>Tel: (346) 718.6649
>Email: gcosta@gibsondunn.com
>
>**ATTORNEYS FOR DEFENDANT AT&T INC.**

## CERTIFICATE OF WORD COUNT

I hereby certify the word count for this filing (excluding case caption, table of contents, table of authorities, signature block, and certificates) is 2,403 words.

/s/ *Gilbert S. Keteltas*
Gilbert S. Keteltas

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2026, the foregoing was electronically filed and served via ECF.

*/s/ Gilbert S. Keteltas*
Gilbert S. Keteltas
