# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| **IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION** | Case No. 3:24-cv-00757-E |
| *This Document Relates to All Cases* | MDL DOCKET NO. 3:24-md-03114-E |

---

## PLAINTIFFS' MOTION TO QUASH NOTICES OF DEPOSITION AND SUBPOENAS *DUCES TECUM* AND FOR PROTECTIVE ORDER REGARDING DEPOSITIONS OF THE LANIER LAW <u>FIRM AND PROFESSOR BRIAN T. FITZPATRICK</u>

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................................1

II.   PROCEDURAL AND FACTUAL BACKGROUND .........................................3

III.  LEGAL STANDARD ...............................................................................6

IV.   ARGUMENT ...........................................................................................8

    A.    The Notices Are Procedurally Improper: They Are Untimely and Were Issued Without Leave of Court .................................................................8

    B. The Noticed Depositions of The Lanier Law Firm and Professor Fitzpatrick Are Disproportionate, Impose Undue Burden, and Intrude on Matters Reserved to the Court ..............................................................................15

  V.   CONCLUSION ......................................................................................17

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Bautista v. Santander Consumer USA*,
No. 3:24-cv-2935, 2024 WL 6446920 (N.D. Tex. Dec. 10, 2024) ...................14

*Caves v. Walgreen Co.*,
No. 2:18-cv-2910, 2021 WL 1193854 (E.D. Cal. Mar. 30, 2021) .....................12

*In re Checking Account Overdraft Litig.*,
830 F. Supp. 2d 1330 (S.D. Fla. 2011) ..................................................................12

*Cotton v. Hinton*,
559 F.2d 1326 (5th Cir. 1977) ......................................................................2, 7

*Harrell v. WebTPA Emp. Servs., LLC*,
No. 3:24-CV-1158, 2025 WL 3182997 (N.D. Tex. Nov. 13, 2025) .................11

*Herrera v. Charlotte Sch. of L., LLC*,
818 F. App'x 165 (4th Cir. 2020) ............................................................................8

*Johnson v. Georgia Highway Express, Inc.*,
488 F.2d 714 (5th Cir. 1974) .................................................................10, 16, 17

*Jones v. Singing River Health Services Found.*,
865 F.3d 285 (5th Cir. 2017) .............................................................................15

*Kenneth Council v. Draftkings*,
No. 3:24-cv- 1370, 2024 WL 3417996 (N.D. Tex. July 15, 2024) ...................14

*Newby v. Enron Corp.*,
394 F.3d 296 (5th Cir. 2004) ......................................................................*passim*

*In re Oil Spill*,
MDL No. 2179, 2012 U.S. Dist. LEXIS 153408 (E.D. La. Oct. 25, 2012) ...............................................................................................................12

*Union Asset Mgmt. Holding A.G. v. Dell, Inc.*,
669 F.3d 632 (5th Cir. 2012) .....................................................................10, 17

*Vassalle v. Midland Funding LLC*,
708 F.3d 747 (6th Cir. 2013) .............................................................................12

*Vaughn v. Am. Honda Motor Co.*,
      No. 2:04-CV-142, 2007 WL 2220924 (E.D. Tex. Jul. 31, 2007)................11, 12

*In re Wendy's Co. S'holder Derivative Action*,
      No. 1:16-cv-1153, 2021 WL 2000518 (S.D. Ohio May 19, 2021) ...................15

**Other Authorities**

Fed. R. Civ. P. 23(e)(5)...........................................................................11

Fed. R. Civ. P. 26 ...........................................................................*passim*

Fed. R. Civ. P. 45 .......................................................................7, 14, 17

Plaintiffs[1] and Class Counsel move on an expedited basis to quash the notices of deposition and subpoenas *duces tecum* directed to The Lanier Law Firm and Professor Brian T. Fitzpatrick, by objectors represented by Beighley Myrick Udell + Zeichman, P.A. and Butler Snow LLP ("Udell Objectors"). Class Plaintiffs further move for a protective order barring those depositions and the associated document discovery. In support of this motion, Plaintiffs and Class Counsel state as follows.

## I.    INTRODUCTION

Almost seven months after the Court granted Preliminary Approval of the Settlement, and over a month after the Opt-Out and Objection Deadlines, the Udell Objectors belatedly and without seeking leave of court to do so served four notices of deposition *duces tecum* of: (1) AT&T 1 Class Counsel, The Lanier Law Firm for January 8, 2026, Doc. 417; (2) Kroll Settlement Administration, LLC for January 8, 2026, Doc. 416; (3) Class Counsel's attorneys' fee expert, Professor Brian T. Fitzpatrick ("Professor Fitzpatrick") for January 9, 2026, Doc. 414; and (4) Defendant AT&T, Inc. for January 9, 2026, Doc. 415. Objectors served and filed those deposition notices on December 31, 2025. However, the Lanier Law Firm was not formally served with a subpoena until January 2, 2026, attached as *Exhibit A*,

---

[1] Unless defined herein, all capitalized terms have the same meanings as those defined in Section II of the Class Action Settlement Agreement and Release. *See* Doc. 356-1.

and Professor Fitzpatrick was not formally served until January 5, 2026, attached as *Exhibit B*.

This Motion addresses the attempts to depose and obtain document production from The Lanier Law Firm and Professor Fitzpatrick. Plaintiffs and Class Counsel have been informed that Udell Objectors are withdrawing the notice to Kroll. Plaintiffs and Class Counsel join in the separate motion for protective order filed by Defendants as to the deposition notice to AT&T. Doc. 420.

Udell Objectors' deposition notices and subpoenas *duces tecum* are procedurally and substantively improper. Procedurally, they never sought leave of court to obtain discovery and their deposition requests are untimely. For reasons explained below, even if they timely sought discovery, they cannot justify taking depositions after filing objections with their attorneys' disclaimer of any need for testimonial evidence for the Final Approval Hearing.

Substantively, the Fifth Circuit has made clear that a class settlement should "stand or fall on the adequacy of its terms," and that formal discovery is not required where the court has "substantial factual bases" on which to evaluate the settlement and the class was not prejudiced in negotiations. *Newby v. Enron Corp*., 394 F.3d 296, 306 (5th Cir. 2004). The court does not "try the case" at the settlement stage; the very purpose of the compromise is to avoid the delay and expense of trial. *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).

2

For these reasons, the notices should be quashed and protective orders entered. Specifically: (1) this discovery is procedurally improper and untimely; (2) Udell Objectors previously disclaimed the need for such discovery and the intent to seek it; (3) Udell Objectors have not justified a need for discovery because Class Counsel have applied for attorneys' fees under the percentage-of-the-fund method under Fifth Circuit precedent, which does not require the Court to examine Class Counsel's lodestar; (4) the requested attorneys' fee discovery is disproportionate under Fed. R. Civ. P. 26 and 45; and (5) the existing record provides more than adequate bases for the Court's determination of reasonable attorneys' fees to be awarded to Class Counsel as a percentage of the two Settlement Funds.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

As has been extensively briefed for the Court, the Settlement is the result of mediator-assisted, arm's-length negotiations. When granting Preliminary Approval on June 20, 2025, this Court made a preliminary finding that the Settlement is fair, reasonable, and adequate. Doc. 298 ¶ 7. Regarding the Agreement's provision that Class Counsel could seek up to one-third of the Settlement Funds for attorneys' fees, the Court held: "These amounts appear reasonable, but the Court will defer ruling on those awards until the Final Approval Hearing when considering Class Counsel's Applications for Attorneys' Fees, Costs, and Service Awards." *Id.* at ¶ 18. Thereafter, on November 3, 2025, Plaintiffs and Class Counsel filed Plaintiffs'

3

Unopposed Motion for Final Approval of Class Action Settlement and Applications for Attorneys' Fees, Costs, and Service Awards, which included briefing concerning an award of attorneys' fees and costs, supported by declarations of Class Counsel, the Settlement Administrator, and Professor Fitzpatrick, a leading authority on class actions. Doc. 356.

On the November 17, 2025 deadline to object, the Udell Objectors filed their 27-page objections, with lengthy appendices. Docs. 364, 365. At no time prior did Udell Objectors' counsel contact Class Counsel indicating any purported need for discovery to prepare objections. Responses to their objections were included in Plaintiffs' and Class Counsel's Omnibus Response to Objections to Proposed Class Action Settlement filed on December 18, 2025. Doc. 408.

On December 31, 2025, without notice to Plaintiffs and Class Counsel and without seeking leave from this Court to take discovery, the Udell Objectors unilaterally purported to serve four deposition notices, one requesting The Lanier Law Firm to appear for 15 deposition topics and produce 4 broad categories of documents on January 8, 2026, and another requesting Professor Fitzpatrick to appear for deposition and produce 14 categories of documents on January 9, 2026, purportedly pertaining to the opinions offered in his declaration in support of Class Counsel's attorneys' fee applications. The Lanier Law Firm was not served until January 2, 2026, and Professor Fitzpatrick was first served with the subpoena on

4

*January 5*, 2026. Professor Fitzpatrick has advised Class Counsel that he is unavailable and will not be in Tennessee at the date and time for the unilaterally scheduled deposition.

All of the Udell Objectors' deposition topics and document requests to Lanier Law Firm and Professor Fitzpatrick are directed to allowing those objectors to do their own lodestar cross-check, a task Class Counsel has consistently argued is unnecessary in their attorneys' fee applications. Further, Udell Objectors ignore or overlook that Professor Fitzpatrick was not retained to and did not analyze any lodestar information. Instead, he offered opinions to support the Court's application of the percentage-of-the-fund method in awarding Class Counsel's requested attorneys' fee awards *without* a crosscheck. *See generally* Doc. 356-4. Similarly, the deposition notice and subpoena to Lanier Law Firm seeks to discover information "limited to objective facts (not privileged information) supporting Plaintiffs' Class Counsel Fee Application and to enable the Objectors to perform a Lodestar cross-check calculation." *See* Doc. 417 at 2. Neither deposition notice nor subpoenas are directed at any matter pertaining to the Final Approval of the Settlement.

The Udell Objectors have no demonstrated need for or entitlement to the discovery they now seek. While Class Counsel offered to provide lodestar information to the Court if requested, the Court has not requested such information. Doc. 356 at 41 n.8. If it were to do so, *only* the Court would need to review that

information, making the depositions and documents sought in the deposition notices and subpoenas unnecessary.

Prior to filing this Motion, in meeting their obligation to meet and confer with Udell Objectors, Plaintiffs and Class Counsel explained the foregoing to Udell Objectors' counsel, requesting they withdraw the deposition notices and subpoenas to Professor Fitzpatrick and The Lanier Law Firm. They refused and tried to impose improper and unnecessary conditions to do so, prompting this Motion.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) limits discovery to nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Proportionality requires considering the importance of the issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Even if discovery is relevant, Federal Rule of Civil Procedure 26(b)(2)(C) requires the Court to limit discovery where the burden or expense outweighs its likely benefit. Further, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery

in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii). Similarly, Rule 26(c) authorizes the Court, for good cause, to issue protective orders to shield a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including by forbidding the discovery altogether.

Rule 45 imposes parallel constraints on subpoenas, directing courts to quash or modify any subpoena that requires disclosure of privileged or protected matter or that subjects a person to undue burden. Rule 45 is implicated as to Professor Fitzpatrick and The Lanier Law Firm as both are non-parties.

In the settlement context, the Fifth Circuit has repeatedly emphasized that a district court "ought not try the case" when deciding whether to approve a class settlement and that the purpose of the fairness hearing is not to conduct a trial or to replicate merits discovery, but to exercise informed judgment about whether the compromise is "fair, adequate and reasonable" in light of the strength of the plaintiffs' case, the risks, expense, complexity, and likely duration of further litigation, and other pertinent factors. *Cotton*, 559 F.2d at 1330-31. In *Newby*, the Fifth Circuit further held that a class settlement "should stand or fall on the adequacy of its terms," and that "formal discovery is not necessary" so long as "the interests of the class are not prejudiced by the settlement negotiations" and there are "substantial factual bases on which to premise settlement," affirming the denial of objector's request to take discovery where accusations of collusion lacked "the

slightest factual substantiation" and the record was already robust. 394 F.3d at 306–07.

Discovery by settlement objectors should be conditioned on a concrete showing of need because it delays settlement, introduces uncertainty, and may be undertaken primarily to justify an attorneys' fee award to objectors' counsel. *See* Manual for Complex Litigation (Fourth) § 21.643 (2004); *Herrera v. Charlotte Sch. of L., LLC*, 818 F. App'x 165, 178 (4th Cir. 2020). *Newby* makes clear that objectors are not automatically entitled to discovery and that the absence of discovery does not preclude a fairness determination where the court has adequate information to assess the settlement. 394 F.3d at 306–07. Unlike here, the objectors in *Newby* had at least footnoted their desire for further discovery, but also could not justify the discovery requested. *Id.* at 305–06.

## IV.    ARGUMENT

### A.    The Notices Are Procedurally Improper: They Are Untimely and Were Issued Without Leave of Court

Over seven months after Preliminary Approval, and weeks after the close of the Objection Period, Udell Objectors propounded unwarranted and unjustified discovery requests demanding voluminous documentation be gathered and two witnesses be prepared to testify *within a week* and to provide that document production and deposition testimony just before January 15, 2026 Final Approval

Hearing. Mr. Fitzpatrick was not served with his subpoena until January 5, 2026; The Lanier Law Firm was served on January 2, 2026. *See **Exhibits A-B.***

The timing of the deposition notices alone justifies quashing them and issuing a protective order against re-issuing them. Although the Udell Objectors claim a lodestar cross-check should be performed, prior to these deposition notices, they never expressed the desire or need for the discovery they belatedly seek to take.

The Motion for Final Approval and Applications for Attorneys' Fees, Costs, and Service Awards was filed on November 3, 2025. Doc. 356. That filing was immediately posted to the Settlement Website. From that moment, Udell Objectors and their counsel were on notice of the scope of Professor Fitzpatrick's opinions (which do not include any lodestar analysis) and that Class Counsel requested attorneys' fee awards applying the percentage-of-the-fund method without a lodestar cross-check. Had the Udell Objectors believed that lodestar discovery was needed for their objections, that was the time to request it. The also could have sought leave of court to take discovery in the preceding months after Preliminary Approval was granted since they knew Class Counsel intended to request a percentage of the Settlement Funds. Even still, Fifth Circuit precedent would not support Udell Objectors obtaining such discovery.

Under Fifth Circuit precedent, the Court is not obligated to apply the lodestar method, even as a crosscheck, as Class Counsel has argued in the fee application

9

briefing. Doc. 356 at 39 ("The Fifth Circuit has endorsed district courts' continued use of the percentage method in common fund settlements, cross-checked with the *Johnson*[2] reasonableness factors, with no concurrent lodestar cross-check analysis. [*Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 643–44 n.42 (5th Cir. 2012)] (rejecting contention that Fifth Circuit authority requires lodestar analysis in all cases and noting that a *Johnson* cross-check in Fifth Circuit "may be more searching than the 'lodestar cross-check' commonly referenced in other courts" because the "basic lodestar calculation incorporates some but not all of this Circuit's *Johnson* factors")").

Although doing so is unnecessary under Fifth Circuit precedent, should the Court decide to consider lodestar information in its discretion, Class Counsel can provide such information for *in camera* inspection. Udell Objectors, however, have no entitlement to independently discover that information and perform their own lodestar crosscheck analysis. They have already fully argued that Class Counsel should be awarded less than the one-third of the Settlement Funds requested. Doc. 364 at 18-23. The Court will no doubt consider their views in deciding the attorneys' fee applications.

Like the objectors in *Newby*, Udell Objectors waited until the eve of the final fairness hearing to demand depositions and burdensome document demands,

---

[2] See *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

reinforcing the inference that their goal is leverage and delay rather than any genuine informational need. 394 F.3d at 300 (observing that objectors included discovery requests in September 24, 2003 objections, just prior to trial court's October 2003 fairness hearing); *see also Vaughn v. Am. Honda Motor Co.*, No. 2:04-CV-142, 2007 WL 2220924, at *1 (E.D. Tex. Jul. 31, 2007) (observing that, while not dispositive, motions for leave to take discovery that were filed after the deadline to object and after the original fairness hearing was scheduled were "unduly delayed"); *Harrell v. WebTPA Emp. Servs., LLC*, No. 3:24-CV-1158, 2025 WL 3182997, at *1–2 (N.D. Tex. Nov. 13, 2025) (rejecting a *pro se* objector's request for discovery ahead of a final approval hearing because the individual "has not shown that he represents more than himself and his interests" or that obtaining the information "is necessary to further the Court's evaluation of the fairness and adequacy of the settlement before it"). The Civil Rules Advisory Committee explained that "[t]he court *may allow* an objector discovery relevant to the objections. *In determining whether to allow discovery, the court should weigh* the need for the information against the cost and delay that would attend discovery." Fed. R. Civ. P. 23(e)(5), Advisory Committee Notes, 2003 Amendments (emphasis added).

Having not sought leave to seek discovery, the Udell Objectors stripped this Court of its discretion and undermined the Court's case management authority. They should, therefore, be barred from enforcing the deposition notices and subpoenas

they served without leave of Court. *See Caves v. Walgreen Co.*, No. 2:18-cv-2910, 2021 WL 1193854, at \*2 (E.D. Cal. Mar. 30, 2021) (where objectors "failed to seek leave of court" for discovery, the Magistrate Judge denied objector's motion to compel, finding that the "District Judge should first have an opportunity to decide if any discovery is even necessary and/or what the scope should be before the undersigned rules on a discovery dispute that may contribute to the expenditure of resources and delay the resolution of this action"). *See also Vassalle v. Midland Funding LLC*, 708 F.3d 747, 760 (6th Cir. 2013) (the district court did not abuse its discretion by barring an objector's proposed intervention "to conduct discovery" on a class settlement "a mere three weeks prior to the fairness hearing" because it would "unduly delay the adjudication of the [] parties' rights"); *Vaughn*, 2007 WL 2220924, at \*1 (motion to permit discovery filed "after the deadline to object to the settlement and after the original fairness hearing was scheduled" was not timely); *In re Oil Spill*, MDL No. 2179, 2012 U.S. Dist. LEXIS 153408, at \*5–6 (E.D. La. Oct. 25, 2012) (requests for discovery made two months after knowledge of a class settlement were denied because, among other things, they were "not timely"); *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1337 n. 6 (S.D. Fla. 2011) (denying multiple objectors' motions for leave to take discovery because they "were untimely and would have unduly and unnecessarily disrupted the schedule this Court

set for the Settlement-related proceedings."); Manual for Complex Litigation (Fourth) § 21.643 (2004).

Further, settlement discovery is not equivalent to discovery as of right at the inception of contested litigation under Rule 26. The discretionary nature of discovery for objectors further leaves the scope of discovery within the court's sound discretion. *Newby*, 394 F.3d at 305. Requiring an objector to obtain leave of court to take discovery before a settlement final approval hearing is not a technical formality; it is a vital tool for the Court to encourage efficient use of resources and allocation of burdens. It compels the objectors to *justify* discovery requests at a stage of litigation when expense and workload are supposed to be winding down.

Udell Objectors' failure to seek leave is particularly striking given their prior representations that calling witnesses at the Final Approval Hearing would be unnecessary. The Preliminary Approval Order requires objectors to disclose the grounds for any objections and legal support for the objection, including identifying any parties who will appear or testify at the Final Approval Hearing. Doc. 298 at ¶17f, h, i. On November 17, 2025, after the attorneys' fee applications had been filed, Attorney Maury Udell on behalf of the Udell Objectors averred he "did not anticipate calling any witnesses to testify in support of the Objections because they can be granted based on the pleadings, legal authorities, and other evidence

13

presented to the Court." Doc. 365 at 77. In light of their prior representations, Udell Objectors cannot plausibly claim these depositions are essential or even helpful.

Given the untimeliness of the deposition notices, Rule 45 supports protecting persons subject to subpoenas from undue burden, and Rule 26(c) authorizes protective orders to prevent oppressive discovery. Preparing a representative of The Lanier Law Firm and Professor Fitzpatrick for depositions under these constraints, while simultaneously preparing for the Final Approval Hearing, would divert significant time and resources away from tasks that advance the overall Settlement Classes' interests, chiefly organizing the presentation for the Court and being prepared to answer any questions the Court may have to approve the Settlement. The burden and prejudice to Settlement Class Members and these witnesses far outweigh any speculative benefit to objectors.

"Any party seeking expedited discovery must show good cause." *Kenneth Council v. Draftkings*, No. 3:24-cv- 1370, 2024 WL 3417996, at *2 (N.D. Tex. July 15, 2024). Fundamentally, a party who "offers no reason" for expedited discovery "fails to show good cause." *Bautista v. Santander Consumer USA*, No. 3:24-cv-2935, 2024 WL 6446920, at *1 (N.D. Tex. Dec. 10, 2024). Here, Udell Objectors did not even seek leave in an attempt to show good cause. Thus, they should be denied expedited discovery.

14

The timing and scope of these notices resemble the burdensome discovery demands courts have condemned as a tactic of objectors seeking leverage rather than information. The Court should not permit a handful of objectors to impose such burdens. *See Jones v. Singing River Health Services Found.*, 865 F.3d 285, 293–95 (5th Cir. 2017) (affirming district court's refusal to permit discovery to develop unsubstantiated allegations of fraud or collusion in reaching class settlement); *In re Wendy's Co. S'holder Derivative Action*, No. 1:16-cv-1153, 2021 WL 2000518, at *3 (S.D. Ohio May 19, 2021) (observing that "settlement-related discovery often delays settlement, introduces uncertainty, and might be undertaken primarily to justify an award of attorney's fees to objectors' counsel, thereby justifying a higher standard.") (quoting *Herrera*, 818 F. App'x at 178).

**B.     The Noticed Depositions of The Lanier Law Firm and Professor Fitzpatrick Are Disproportionate, Impose Undue Burden, and Intrude on Matters Reserved to the Court**

The Professor Fitzpatrick deposition notice and subpoena is designed to turn the fee petition into a live adversarial trial. It seeks to cross-examine him on his review of Class Counsel's time records, his methodology for calculating lodestar, any sampling or extrapolation methods used, his application of billing judgment, and his opinions regarding any multiplier, as well as to obtain documents reflecting his analyses and communications with counsel. However, as noted above, and as pointed out to the Udell Objectors during the pre-filing meet and confer, Professor

15

Fitzpatrick did not perform any lodestar analysis. His declaration proves that to be true. *See generally* Doc. 356-4. Nevertheless, the Udell Objectors refused to withdraw their deposition notice and subpoena to him. Therefore, the Court should quash the subpoena and issue a protective order that prohibits that deposition *duces tecum*.

Unless the Court requests lodestar information, The Lanier Law Firm should not be required to undertake the extensive analysis and preparation that Udell Objectors' deposition notice demands. Notably, the Lanier Law Firm only represents the AT&T 1 Class and is not representing the AT&T 2 Class. The deposition topics and document requests seek granular billing details at a level of specificity that would require substantial preparation to present accurately in deposition testimony across two MDLs. *See* Doc. 417, Exs. A-B. Requiring such preparation for discovery to which Udell Objectors have no entitlement—and which serves no purpose given the percentage-of-the-fund methodology employed to this point in the Class Plaintiffs' briefing—is unduly burdensome and not proportional to the needs of the case. Therefore, the Court should quash the subpoena and issue a protective order that prohibits that deposition *duces tecum*.

In this Circuit, courts in common-fund cases frequently award fees as a percentage of the fund cross-checked with an analysis of the factors set out in *Johnson*, based on counsel's declarations and, when helpful, expert analysis. *See*

16

*Union Asset Mgmt.*, 669 F.3d at 643-45 (approving fee award based on counsel's submissions in support of *Johnson* factors and the court's experience). The Fifth Circuit has not held that objectors are entitled to depose counsel or experts on the mechanics of lodestar calculation or to conduct exhaustive attorneys' fee discovery.

Here, Class Counsel have already provided a detailed analysis of the *Johnson* factors and supporting materials sufficient to allow the Court to evaluate the reasonableness of the requested attorneys' fees as a percentage of the common Settlement Funds. Professor Fitzpatrick's declaration further supports that analysis.

Putting aside Udell Objectors' failure to seek leave of court, forcing a non-party expert to prepare for and to sit for an unnecessary deposition on short notice, and forcing one of the Class Counsel law firms to do the same, would impose significant burdens while adding nothing to the Court's independent ability to evaluate Class Counsels' attorneys' fee applications applying the *Johnson* factors. Rules 26(b)(1) and 26(b)(2)(C) do not permit such irrelevant and disproportionate discovery.

## V.     CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully request that the Court (1) quash in full the notices of deposition and subpoenas *duces tecum* directed to the Lanier Law Firm and Professor Fitzpatrick, including the document requests pursuant to Rule 45; (2) enter a protective order under Rule 26(c) barring discovery

from them concerning attorneys' fees and lodestar matters; and (3) grant such other and further relief, at law or in equity, as the Court deems just and proper. A proposed order is attached as *Exhibit C*.

Dated: January 6, 2026                          Respectfully Submitted,

/s/ W. Mark Lanier                              /s/ Jeff Ostrow
W. Mark Lanier                                  Jef Ostrow
**THE LANIER LAW FIRM, P.C.**                   **KOPELOWITZ OSTROW P.A.**
10940 W. Sam Houston Pkwy. N.                    1 West Las Olas Blvd.
Suite 100                                       Suite 500
Houston, Texas 77064                            Fort Lauderdale, Florida 33301
Tel: (713) 659-5200                             Tel: (954) 525-4100
Mark.Lanier@lanierlawfirm.com                   ostrow@kolawyers.com

*Plaintiffs' Lead and Liaison Counsel*

Christopher A. Seeger                            J. Devlan Geddes
**SEEGER WEISS LLP**                            **GOETZ, GEDDES & GARDNER P.C.**
55 Challenger Road                              35 N. Grand Avenue
Ridgefield Park, NJ 07660                       Bozeman, Montana 59715
Tel: (973) 639-9100                             Tel: (406) 587-0618
cseeger@seegerweiss.com                         devlan@goetzlawfirm.com

Shauna Itri
**SEEGER WEISS LLP**
325 Chestnut Street, Suite 917
Philadelphia, PA 19106
Tel: (215) 553-7981
sitri@seegerweiss.com

James E. Cecchi                                 Raph Graybill
**CARELLA, BYRNE, CECCHI,**                     **GRAYBILL LAW FIRM, PC**
**BRODY & AGNELLO, P.C.**                       400 4th Street North
5 Becker Farm Road                              Great Falls, Montana 59401
Roseland, New Jersey 07068                      Tel: (406) 452-8566
Tel: (973) 994-1700                             raph@graybilllawfirm.com
jcecchi@carellabyrne.com

Jean Sutton Martin
**MORGAN & MORGAN**
201 N. Franklin Street 7th Floor
Tampa, Florida 33602
Tel: (813) 559-4908
jeanmartin@forthepeople.com

Sean S. Modjarrad
**MODJARRAD ABUSAAD & SAID**
212 W. Spring Valley Road
Richardson, Texas 75081
Tel: (972) 789-1664
smodjarrad@mas.law

*Plaintiffs' Executive Committee*

John Heenan
**HEENAN & COOK, PLLC**
1631 Zimmerman Trail
Billings, Montana 59102
Tel: (406) 839-9091
john@lawmontana.com

Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H Street NE, Suite 302
Washington, DC 20002
Tel. (202) 470-3520
jrathod@classlawdc.com

*AT&T 2 Class Counsel*

## CERTIFICATE OF WORD COUNT

In reliance on the word count function of the Microsoft Word software on which this Motion was prepared, I hereby certify that this Motion contains 3,997 words, excluding the case caption, table of contents, table of authorities, signature block, and certificates.

*/s/ W. Mark Lanier*
W. Mark Lanier

## **LR 7.1(B) CERTIFICATE OF CONFERENCE**

Plaintiffs' Motion to Quash Notices of Deposition and for Protective Order is opposed. On January 5, 2026, attorneys for Plaintiffs and Class Counsel, together with counsel for AT&T, and Maury Udell, Kyle Miller, and Amanda Taylor, attorneys for the Udell Objectors, met and conferred to discuss the relief sought herein. The parties could not reach an agreement because the Udell Objectors would not withdraw the discovery notices to The Lanier Law Firm and Professor Fitzpatrick.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2026, the foregoing was electronically filed and served via ECF.

*/s/ W. Mark Lanier*
W. Mark Lanier