IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION** | § § § § | CASE NO. 3:24-cv-00757-E |
| | § | MDL DOCKET NO. 3:24-md-03114-E |
| This Document Relates to All Cases | § § | |
| | § | |

## MEMORANDUM IN SUPPORT OF OBJECTORS' RESPONSE IN OPPOSITION TO AT&T'S MOTION FOR PROTECTIVE ORDER

In light of the admissions made by AT&T in its Memorandum in Support Motion for a Protective Order (Doc. 420-1), the Udell Objectors can now withdraw their deposition notice and related document requests. Accordingly, AT&T's Motion for Protective Order (Doc. 420) is moot and should be denied as such.

The Special Masters requested that Objectors respond by December 23, 2025, to provide, *inter alia*, "advance disclosure" of "whether [Objectors] intend to seek discovery or production relating to: Claims data or projected claims rates; Notice administration metrics; Attorney-fee lodestar or expense support; [or] Settlement-administration protocols." *See* Email from C. Ball to M. Udell, et. al (Dec. 15, 2025) at Objs-Appx-001-02. The Objectors complied with this deadline by responding with a report—on which counsel for AT&T and Class Plaintiffs were copied—stating "Objectors will be noticing depositions of [an AT&T representative, Counsel for Class Plaintiffs, and the Claims Administrator, on

topics specified therein], and will use their deposition transcripts at the hearing. Alternatively, these Objectors will seek to reach agreements with the following party representatives to supply sufficiently specific declarations and/or stipulations that may be used at the hearing." *See* Email from A. Taylor to C. Ball (Dec. 23, 2025) & Objectors' Pre-Hearing Report to Special Masters at Objs-Appx-006-7. No party responded to the Objectors' report. Following the Christmas holidays, Objectors served their deposition notices consistent with their above-stated intentions on December 31, 2025.

When the Objectors served their Notice of Deposition on AT&T, they specifically informed AT&T that "For the sake of efficiency and convenience to the parties, we would be willing to forgo the deposition, in exchange for a sufficiently specific affidavit/declaration from your client regarding the information sought in the topics, including the documents requested" and invited AT&T to contact Objectors' counsel regarding same. *See* Email from A. Taylor to G. Keteltas (Dec. 31, 2025) at Objs-Appx-012.

On Monday, January 5, 2026, AT&T's counsel requested a meet and confer with Objectors' counsel. That meet and confer occurred later that same day. During the meet and confer, Objectors' counsel informed AT&T's counsel that Objectors were seeking three discrete pieces of information to avoid unfair surprise at the hearing for final approval. Specifically, Objectors were seeking:

1. Confirmation that the Customer Service Agreement ("CSA") included as Appendix 1 to objector's appendix in support of the objection (Doc. 365) is the applicable CSA during the underlying data breach incidents;

2. Confirmation that AT&T has previously asserted the arbitration provision(s) and class action waiver(s) contained in the CSA to obtain dismissal, compel arbitration, and/or defeat class certification; and

3. Confirmation that AT&T accepts non-"wet-ink" signatures from customers for the purpose of conducting ordinary customer service/business functions.

*See* Email from K. Miller to G. Keteltas (Jan. 6, 2026) at Objs-Appx-014.

During the meet and confer, AT&T's counsel confirmed:

1. AT&T is not denying the existence or contents of the CSA;

2. AT&T is not going to dispute that it has previously asserted the arbitration provision(s) and class action waiver(s) contained in the CSA and that AT&T has successfully obtained dismissals, orders compelling arbitration, and orders denying class certation on the basis of such provision(s) and waiver(s); and

3. AT&T accepts non-"wet-ink" signatures from customers for the purpose of conducting ordinary customer service/business functions.

*See id.* at 014-15. But AT&T refused to enter a stipulation regarding same. *See id.* at 015.

The following day, on January 6, 2026, Objectors' counsel again offered to withdraw the notice of deposition if AT&T would simply stipulate to the representations made by their counsel during the meet and confer. *See id.* Again, AT&T refused. *See* Email from Keteltas to Miller (Jan. 6, 2026) at Objs-Appx-013.

AT&T then proceeded to file a 12-page brief in which AT&T admits the very facts to which it refused to stipulate:

1. "AT&T does not dispute that its CAS contains arbitration and class waiver provisions…." AT&T Br. (Doc. 420-1) at 8.

2. "AT&T does not dispute … that AT&T has successfully enforced those provisions in other matters." *Id.*

3. "AT&T does not dispute this [that, outside of the class action settlement context, AT&T accepts electronic signatures." *Id.* at 10.

In short, AT&T has now filed Motion with this Court admitting the three pieces of information Objectors were seeking. It's unclear why AT&T chose to consume this Court's resources challenging a deposition notice only to admit to the very facts that would have resulted in the voluntary withdrawal of the deposition notice. Regardless, having arrived at this point, there is no further need to depose AT&T on these facts.

Accordingly, the Objectors now withdraw their Notice of Deposition of AT&T, rendering AT&T's Motion (Doc. 420) moot, and the Court should deny AT&T's Motion as such.

Respectfully submitted,

**BEIGHLEY, MYRICK, UDELL, & ZEICHMAN PA**

Maury L. Udell, Esq.
Fla. Bar No. 121673
mudell@bmulaw.com
2601 S. Bayshore Drive, Suite 770

4

Miami, Florida 33133
Tele: (305) 349-3930
Fax: (305) 349-3931

**BUTLER SNOW LLP**

By: */s/ Kyle V. Miller*
    Kyle Miller
    MS Bar No. 102227
    Kyle.miller@butlersnow.com
    1020 Highland Colony Pkwy, Ste. 1400
    Ridgeland, Mississippi 39157
    Tele: (601) 948-5711
    Fax: (601) 985-4500

    Amanda G. Taylor
    Texas Bar No. 24045921
    Amanda.taylor@butlersnow.com
    1400 Lavaca St., Suite 1000
    Austin, Texas 78701
    Tele: (737) 802-1800
    Fax: (737) 802-1801

**ATTORNEYS FOR OBJECTORS SCOTT GHERMAN, BRADLEY JOHNSON, BRITTANI KAYE, ROB CARUSO, AND BRITTANY BONNER**

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2026, a true and correct copy of the above was served on all counsel of record through the Court's CM/ECF system.

By: */s/ Kyle V. Miller*
    Kyle V. Miller

99004988.v2

5