IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION** | § § § § | CASE NO. 3:24-cv-00757-E |
| | § § | MDL DOCKET NO. 3:24-md- |
| This Document Relates to All Cases | § § | 03114-E |

### APPENDIX IN SUPPORT OF OBJECTORS' RESPONSE IN OPPOSITION TO AT&T'S MOTION FOR PROTECTIVE ORDER

Respectfully submitted,

**BEIGHLEY, MYRICK, UDELL & ZEICHMAN PA**

Maury L. Udell, Esq.
Fla. Bar No. 121673
mudell@bmulaw.com
2601 S. Bayshore Drive, Suite 770
Miami, Florida 33133
Tele: (305) 349-3930
Fax: (305) 349-3931

**BUTLER SNOW LLP**

By: */s/Kyle V. Miller*
Kyle V. Miller
MS Bar No. 102227
Kyle.miller@butlersnow.com
1020 Highland Colony Pkwy, Ste. 1400
Ridgeland, Mississippi 39157
Tele: (601) 948-5711
Fax: (601) 985-4500

Amanda G. Taylor
Texas Bar No. 24045921
Amanda.taylor@butlersnow.com
1400 Lavaca St., Suite 1000
Austin, Texas 78701
Tele: (737) 802-1800
Fax: (737) 802-1801

**ATTORNEYS FOR OBJECTORS SCOTT GHERMAN, BRADLEY JOHNSON, BRITTANI KAYE, ROB CARUSO, AND BRITTANY BONNER**

## INDEX

|   | Document | Pages |
|---|----------|-------|
| 1 | Email from C. Ball to M. Udell, et al. (Dec. 15, 2025) | 001-002 |
| 2 | Email from A. Taylor to C. Ball (Dec. 23, 2025) | 003-005 |
| 3 | Udell/Butler Snow Objectors' Pre-Hearing Report to Special Masters | 006-11 |
| 4 | Email from A. Taylor to G. Ketelkas (Dec. 31, 2025) | 012 |
| 5 | Emails between K. Miller and G. Ketelkas | 013-18 |

| | |
|---|---|
| **From:** | Craig Ball |
| **To:** | mudell@bmulaw.com; Amanda Taylor; Kyle Miller |
| **Cc:** | Royal Furgeson; Marcellene Malouf; Mark Lanier; Chris Seeger; *gketeltas@bakerlaw.com; Michael.McTigue |
| **Subject:** | Evidence and Witness Planning for Fairness Hearing – AT&T MDL |
| **Date:** | Monday, December 15, 2025 6:35:10 PM |



Counsel,

I write with and for Hon. Royal Furgeson in our capacities as Special Masters assisting the Court with administration of the upcoming Rule 23(e) fairness hearing. We appreciate the time and effort that counsel have devoted to the briefing process to date, and we recognize the importance of ensuring that all objections are presented in a fair, orderly, and proportional manner. The purpose of this communication is to assist the Court in planning the structure and logistics of the hearing and to avoid unnecessary surprise or inefficiency for any party.

To that end, and to ensure an orderly fairness hearing, you are directed to advise whether you intend to present any evidence beyond your filed written objection, including but not limited to:

- Any fact or expert witnesses
- The subject matter of any proposed expert testimony (*e.g.*, settlement valuation, claims suppression, fee reasonableness, arbitration structure, cybersecurity or identity-theft risk)
- Whether such testimony would be offered live or by declaration


Please also state whether you contend that cross-examination of other parties' is necessary, and if so:

- Whom you seek to cross-examine (*e.g.,* Class Counsel, Settlement Administrator personnel, AT&T representatives, testifying experts)
- The subject matter of the proposed cross-examination
- Why the issue(s) cannot be resolved on declarations and briefing alone


In addition, please identify:

- Whether your arbitration and judicial estoppel arguments are presented as pure issues of law or whether you contend an evidentiary record is required
- Your estimated hearing time per objection category
- Whether you intend to seek discovery or production relating to:
  - Claims data or projected claims rates
  - Notice administration metrics
  - Attorney-fee lodestar or expense support
  - Settlement-administration protocols

This advance disclosure is required so the Court can determine whether live testimony is necessary and, if so, strictly limit it to matters that cannot be resolved on the existing record.

**Please ensure that Judge Furgeson and I have your response to the matters sought herein by noon CDT on December 25, 2025.** Thank you.


Respectfully,

Craig Ball
Special Master


Craig Ball
Texas Attorney and Forensic Technologist
Certified Computer Forensic Examiner
Adjunct Professor, University of Texas School of Law (Austin)
3251 Laurel Street
New Orleans, LA 70115

TEL: 713-320-6066
E-MAIL: craig@ball.net
WEB: www.craigball.com
BLOG: www.ballinyourcourt.com
PGPs: He, Him, His (In Texas and Louisiana: Y'all, All Y'all)Subject: Evidence and Witness Planning for Fairness Hearing – AT&T MDL

*Take nothing on its looks; take everything on evidence.*
*There's no better rule.*  -Charles Dickens

| | |
|---|---|
| **From:** | Amanda Taylor |
| **To:** | "Craig Ball"; mudell@bmulaw.com; Kyle Miller |
| **Cc:** | Royal Furgeson; Marcellene Malouf; Mark Lanier; Chris Seeger; *gketeltas@bakerlaw.com; Michael.McTigue |
| **Subject:** | RE: Evidence and Witness Planning for Fairness Hearing – AT&T MDL |
| **Date:** | Tuesday, December 23, 2025 11:20:10 AM |
| **Attachments:** | image001.png |
| | 2025.12.23 - Udell_Butler Snow Objectors" Pre-Hearing Report to Special Masters.pdf |

Mr. Ball,

Attached please find the Udell/Butler Snow Objectors' Pre-Hearing Report covering the requested topics.

We look forward to working with you on this matter.

Happy holidays to all,

**Amanda G. Taylor**
*Board Certified—Civil Appeals*
*Texas Board of Legal Specialization*
**Butler Snow LLP**
D: (737) 802-1811 | C: (512) 657-5181 | F: (737) 802-1801
1400 Lavaca Street, Suite 1000, Austin, TX 78701
Amanda.Taylor@butlersnow.com | vCard | Bio


X (Twitter) | LinkedIn | Facebook | YouTube

---

**From:** Craig Ball <craig@ball.net>
**Sent:** Monday, December 15, 2025 6:57 PM
**To:** mudell@bmulaw.com; Amanda Taylor <Amanda.Taylor@butlersnow.com>; Kyle Miller <Kyle.Miller@butlersnow.com>
**Cc:** Royal Furgeson <royal@furgesonlaw.com>; Marcellene Malouf <malouf@furgesonlaw.com>; Mark Lanier <Mark.Lanier@lanierlawfirm.com>; Chris Seeger <CSeeger@seegerweiss.com>; *gketeltas@bakerlaw.com <gketeltas@bakerlaw.com>; Michael.McTigue <Michael.McTigue@skadden.com>
**Subject:** Re: Evidence and Witness Planning for Fairness Hearing – AT&T MDL


My apologies.  The request just submitted recited a deadline to respond of December 25, 2025.  That was my typographical error.  The deadline should instead read **noon CDT on Tuesday, December 23, 2025**.  Sorry for any confusion.


Craig Ball

Texas Attorney and Forensic Technologist

Certified Computer Forensic Examiner

Adjunct Professor, University of Texas School of Law (Austin)

3251 Laurel Street

New Orleans, LA 70115

TEL: 713-320-6066

E-MAIL: craig@ball.net

WEB: www.craigball.com

BLOG: www.ballinyourcourt.com

PGPs: He, Him, His (In Texas and Louisiana: Y'all, All Y'all)

*Take nothing on its looks; take everything on evidence.*
*There's no better rule.* -Charles Dickens

On Mon, Dec 15, 2025 at 6:34 PM Craig Ball <craig@ball.net> wrote:

> Counsel,
>
> I write with and for Hon. Royal Furgeson in our capacities as Special
> Masters assisting the Court with administration of the upcoming Rule
> 23(e) fairness hearing. We appreciate the time and effort that counsel
> have devoted to the briefing process to date, and we recognize the
> importance of ensuring that all objections are presented in a fair,
> orderly, and proportional manner. The purpose of this communication is
> to assist the Court in planning the structure and logistics of the hearing
> and to avoid unnecessary surprise or inefficiency for any party.
>
> To that end, and to ensure an orderly fairness hearing, you are directed
> to advise whether you intend to present any evidence beyond your filed
> written objection, including but not limited to:
>
> - Any fact or expert witnesses
> - The subject matter of any proposed expert testimony (*e.g.*,
>   settlement valuation, claims suppression, fee reasonableness,
>   arbitration structure, cybersecurity or identity-theft risk)
> - Whether such testimony would be offered live or by declaration
>
> Please also state whether you contend that cross-examination of other
> parties' is necessary, and if so:
>
> - Whom you seek to cross-examine (*e.g.,* Class Counsel, Settlement
>   Administrator personnel, AT&T representatives, testifying experts)
> - The subject matter of the proposed cross-examination
> - Why the issue(s) cannot be resolved on declarations and briefing

alone

In addition, please identify:

- Whether your arbitration and judicial estoppel arguments are presented as pure issues of law or whether you contend an evidentiary record is required
- Your estimated hearing time per objection category
- Whether you intend to seek discovery or production relating to:
  - Claims data or projected claims rates
  - Notice administration metrics
  - Attorney-fee lodestar or expense support
  - Settlement-administration protocols

This advance disclosure is required so the Court can determine whether live testimony is necessary and, if so, strictly limit it to matters that cannot be resolved on the existing record.

**Please ensure that Judge Furgeson and I have your response to the matters sought herein by noon CDT on December 25, 2025.** Thank you.

Respectfully,

Craig Ball
Special Master

Craig Ball
Texas Attorney and Forensic Technologist
Certified Computer Forensic Examiner
Adjunct Professor, University of Texas School of Law (Austin)
3251 Laurel Street
New Orleans, LA 70115

TEL: 713-320-6066
E-MAIL: craig@ball.net
WEB: www.craigball.com
BLOG: www.ballinyourcourt.com
PGPs: He, Him, His (In Texas and Louisiana: Y'all, All Y'all)Subject: Evidence and Witness Planning for Fairness Hearing – AT&T MDL

*Take nothing on its looks; take everything on evidence.*
*There's no better rule.*  -Charles Dickens

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE: AT&T INC. CUSTOMER** | § | |
| **DATA SECURITY BREACH** | § | |
| **LITIGATION** | § | CASE NO. 3:24-cv-00757-E |
| | § | |
| | § | MDL DOCKET NO. 3:24-md- |
| This Document Relates to All Cases | § | 03114-E |
| | § | |

## UDELL/BUTLER SNOW OBJECTORS' PRE-HEARING REPORT TO SPECIAL MASTERS

TO THE HONORABLE ROYAL FURGESON AND CRAIG BALL, SPECIAL MASTERS:

On behalf of Objectors Scott Gherman, Bradley Johnson, Brittani Kaye, Rob Caruso, And Brittany Bonner ("Udell/Butler Snow Objectors"), we respectfully respond to your request for information to assist with administration of the January 15, 2026, Rule 23(e) fairness hearing as follows:

### I.    Witnesses: Identities, Subject-Matter, and Format:

The Udell/Butler Snow Objectors seek testimony from the following witnesses on the following topics. These Objectors will be noticing depositions of these witnesses, and will use their deposition transcripts at the hearing. Alternatively, these Objectors will seek to reach agreements with the following party representatives to supply sufficiently specific declarations and/or stipulations that may be used at the hearing. However, if the testimony or witness statements are not

able to be obtained in advance of the hearing, then the Udell/Butler Snow Objectors intend to examine the witnesses on the below-listed topics at the hearing:

A.    AT&T Representative: (1) authenticate Customer Service Agreements; (2) prior cases in which AT&T has asserted a defense based on the CSA's arbitration and/or class action waiver provisions, and whether AT&T succeeded on those defenses in whole or in part; (3) AT&T's acceptance of electronic signatures to do business with customers.

B.    Counsel for Class Plaintiffs: (1) Hours worked, (2) rates charged, and (3) expenses incurred.

C.    Claims Administrator: Acceptance of claims using electronic signatures, including the number of claims submitted electronically, the number of electronic claims accepted, the number of electronic claims rejected, the number of wet-ink claims submitted, the number of wet-ink claims accepted, the number of wet-ink claims rejected.

## II.    Arbitration and Judicial Estoppel Arguments:

In addition to the legal arguments and Appendix evidence presented by Udell/Butler Snow Objectors on their arbitration and judicial estoppel arguments, these Objectors also intend to present evidence in support of these arguments through witness testimony, declarations, or stipulations as addressed above. The Udell/Butler Snow Objectors request that a record be made of these proceedings.

### III.    Estimated Hearing Time:

The Udell/Butler Snow Objectors respectfully request the following allocations of time for <u>their</u> presentation of arguments and evidence on each of the following categories of objections:

A.    The Rules Enabling Act Prohibits Using Rule 23 to Strip the Customers of Their Contractual Right to Individual Litigation: <u>10 minutes</u> (*legal argument, including reply to responsive arguments made by Class Plaintiffs and AT&T*)

B.    AT&T Is Estopped from Participating in This Class Action: <u>45 minutes</u> (*evidentiary cross-examination and legal argument, including reply to responsive arguments made by Class Plaintiffs and AT&T*).

C.    The Proposed Class Fails to Satisfy Rule 23's Requirements and Should Not Be Certified: <u>30 minutes</u> (*evidentiary cross-examination and legal argument, including reply to responsive arguments made by Class Plaintiffs and AT&T*).

D.    The Settlement Should Not Be Approved Because the Class Benefits Are Unreasonably Low and the Proposed Class Counsel's Fees Are Unreasonably High: <u>45 minutes</u> (*evidentiary cross-examination and legal argument, including reply to responsive arguments made by Class Plaintiffs and AT&T*).

E.    The Opt-Out Procedure Is Unreasonably Restrictive: <u>10 minutes</u> (*legal argument, including reply to responsive arguments made by Class Plaintiffs and AT&T*).

### IV.    Discovery:

The Udell/Butler Snow Objectors intend to seek discovery or production relating to:

Objs-Appx-008

A.     Contents of all applicable Customer Service Agreements ("CSA"), with emphasis on arbitration/class action waiver provisions;

B.     All instances in which AT&T has asserted in litigation a defense of arbitration under the CSA, including a listing of all times AT&T succeeded in enforcing the arbitration provision;

C.     All instances in which AT&T has asserted in litigation a defense of class action waiver under the CSA, including a listing of all times AT&T succeeded in defeating class certification under this provision;

D.     Hours incurred and standard rates for each of the plaintiffs' attorneys who worked on the matter and all expenses incurred;

E.     AT&T's acceptance of electronic signatures to do business with customers, including a listing of all business functions between AT&T and its customers that can be accomplished without a wet ink signature (e.g., opening an account, closing an account, disputing a bill, purchasing equipment, etc.); and

F.     Claims administrator's acceptance of claims using electronic signatures, including the number of claims submitted electronically, the number of electronic claims accepted, the number of electronic claims rejected, the number of wet-ink claims submitted, the number of wet-ink claims accepted, the number of wet-ink claims rejected.

## CONCLUSION

We appreciate your time and attention to this important matter.  Please let us know if the Special Masters or Judge Brown request any additional information in advance of the Rule 23(e) fairness hearing.

Respectfully submitted,

BEIGHLEY, MYRICK, UDELL
& ZEICHMAN PA

Maury L. Udell, Esq.
Fla. Bar No. 121673
mudell@bmulaw.com
2601 S. Bayshore Drive, Suite 770
Miami, Florida 33133
Tele: (305) 349-3930
Fax: (305) 349-3931

BUTLER SNOW LLP

By: */s/ Amanda G. Taylor*
Amanda G. Taylor
Texas Bar No. 24045921
Amanda.taylor@butlersnow.com
1400 Lavaca St., Suite 1000
Austin, Texas 78701
Tele: (737) 802-1800
Fax: (737) 802-1801

Kyle Miller
MS Bar No. 102227
Kyle.miller@butlersnow.com
1020 Highland Colony Pkwy, Ste.1400
Ridgeland, Mississippi 39157
Tele: (601) 948-5711
Fax: (601) 985-4500

Objs-Appx-010

**ATTORNEYS FOR OBJECTORS SCOTT GHERMAN, BRADLEY JOHNSON, BRITTANI KAYE, ROB CARUSO, AND BRITTANY BONNER**

| From: | Amanda Taylor |
| --- | --- |
| To: | "gketeltas@bakerlaw.com"; "scleveland@bakerlaw.com"; "tbaggett@bakerlaw.com"; "michael.mctigue@skadden.com"; "meredith.slawe@skadden.com"; "gcosta@gibsondunn.com"; "craig@ball.net"; "royal@furgesonlaw.com"; "malouf@furgesonlaw.com" |
| Cc: | Kyle Miller; "Maury Udell" |
| Subject: | Conference Request re: Deposition -- In re: AT&T Inc. Customer Data Security Breach Litigation, Case No. 3:24-cv-00757-E (N.D. Tex.). |
| Date: | Wednesday, December 31, 2025 10:43:28 AM |
| Attachments: | AT_T Notice of Deposition with Docs_12.31.2025.pdf |

Gilbert, et al. –

Attached please find a copy of the Udell/Butler Snow Objectors' FRCP 30(b)(6) Notice of Deposition for your client in the above referenced matter, which we e-filed and served on all parties this morning.

As you will see in the topics and document requests, we are seeking only limited information that directly relates to the Udell/Butler Snow Objectors' objection to final approval of class settlement. For the sake of efficiency and convenience to the parties, we would be willing to forgo the deposition, in exchange for a sufficiently specific affidavit/declaration from your client regarding the information sought in the topics, including the documents requested. If you are interested in pursuing the affidavit/declaration option, please let us know as soon as possible to see if we can reach agreement on the scope of the affidavit/declaration.

Otherwise, please confirm your client's availability for the deposition as noticed or let us know as soon as possible if we need to confer further on the time/date.  We are agreeable to conducting the deposition via Zoom with the documents provided electronically in advance.

Should you have any questions or want to discuss, please let us know.

Best regards,


**Amanda G. Taylor**
*Board Certified—Civil Appeals*
*Texas Board of Legal Specialization*
**Butler Snow LLP**
D: (737) 802-1811 | C: (512) 657-5181 | F: (737) 802-1801
1400 Lavaca Street, Suite 1000, Austin, TX 78701
Amanda.Taylor@butlersnow.com | vCard | Bio


X (Twitter) | LinkedIn | Facebook | YouTube

| | |
|---|---|
| **From:** | Keteltas, Gilbert S. |
| **To:** | Kyle Miller |
| **Cc:** | "Maury Udell"; Meredith.Slawe; Michael.McTigue; CSeeger; Mark Lanier; Jeff Ostrow; Cutts, Kyle; Ghannoum, Lisa M.; Morris, Kimberly S.; Amanda Taylor |
| **Subject:** | RE: Conference Request re: Deposition -- In re: AT&T Inc. Customer Data Security Breach Litigation, Case No. 3:24-cv-00757-E (N.D. Tex.). [IWOV-BUTLERSNOW.FID9777321] |
| **Date:** | Tuesday, January 6, 2026 2:24:39 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |



Kyle,

Thank you for confirming the Kroll notice has been withdrawn.

As to AT&T, we do not believe it is appropriate to condition your withdrawal of improper, untimely, and unnecessary discovery on our agreement to stipulate to facts. We will be filing our motion for protection shortly.

**Gil Keteltas**
He | Him | His
Partner

<span style="color:red">Baker</span>Hostetler

Washington Square
1050 Connecticut Ave N.W. | Suite 1100
Washington, DC 20036-5403
T +1.202.861.1530

gketeltas@bakerlaw.com
bakerlaw.com

 

---

**From:** Kyle Miller <Kyle.Miller@butlersnow.com>
**Sent:** Tuesday, January 6, 2026 11:41 AM
**To:** Keteltas, Gilbert S. <gketeltas@bakerlaw.com>
**Cc:** 'Maury Udell' <mudell@bmulaw.com>; Meredith.Slawe <Meredith.Slawe@skadden.com>; Michael.McTigue <Michael.McTigue@skadden.com>; CSeeger <cseeger@seegerweiss.com>; Mark Lanier <mark.lanier@lanierlawfirm.com>; Jeff Ostrow <ostrow@kolawyers.com>; Cutts, Kyle <kcutts@bakerlaw.com>; Ghannoum, Lisa M. <lghannoum@bakerlaw.com>; Morris, Kimberly S. <kmorris@bakerlaw.com>; Amanda Taylor <Amanda.Taylor@butlersnow.com>
**Subject:** RE: Conference Request re: Deposition -- In re: AT&T Inc. Customer Data Security Breach Litigation, Case No. 3:24-cv-00757-E (N.D. Tex.). [IWOV-BUTLERSNOW.FID9777321]

Gil,

Thank you for taking the time to meet and confer regarding the Rule 30(b)(6) deposition notice issued to AT&T in this matter.

To recap the procedural posture:
- On November 17, 2025, the objectors filed their objection to final approval of the class settlement.
- On December 15, 2025, special master Craig Ball emailed us, as counsel for the objectors, seeking information regarding the presentation of evidence and arguments at trial and also inquiring whether the objectors intended to seek discovery from any of the parties; the deadline to provide such information was set by Mr. Ball for December 23, 2025.
- On December 18, 2025, AT&T filed its response in opposition to the objection.
- On December 23, 2025, we provided Mr. Ball with the objector's pre-hearing report indicating an intent to seek limited discovery on a discrete set of topics and that in the alternative to such discovery, the objectors would seek to obtain stipulations/declarations regarding the discovery topics.
- On December 31, 2025, we emailed the deposition notice. In the cover email to that notice, we specifically stated that "[f]or the sake of efficiency and convenience to the parties, we would be willing to forgo the deposition, in exchange for a sufficiently specific affidavit/declaration from your client regarding the information sought in the topics" and asked that contact us as soon as possible regarding same.
- At 10:50 a.m. (central) on January 5, 2026, you emailed us offering to confer on the discovery requests at 5:30 p.m. central that same day.
- At 5:30 p.m. on January 5, 2026, we conducted our meet and confer.

**<u>AT&T Deposition Notice:</u>**
-
As we discussed during the meet and confer, the objectors are seeking to obtain information from AT&T on three discrete topics:

1. Confirmation that the Customer Service Agreement ("CSA") included as Appendix 1 to objector's appendix in support of the objection (Doc. 365) is the applicable CSA during the underlying data breach incidents;
2. Confirmation that AT&T has previously asserted the arbitration provision(s) and class action waiver(s) contained in the CSA to obtain dismissal, compel arbitration, and/or defeat class certification; and
3. Confirmation that AT&T accepts non-"wet-ink" signatures from customers for the purpose of conducting ordinary customer service/business functions.

On the call, you stated that:

1. AT&T is not denying the existence or contents of the CSA;
2. AT&T is not going to dispute that it has previously asserted the arbitration provision(s) and class action waiver(s) contained in the CSA and that AT&T has successfully obtained dismissals, orders compelling arbitration, and orders denying class certation on the basis of such provision(s) and waiver(s); and

3.  AT&T accepts non-"wet-ink" signatures from customers for the purpose of conducting ordinary customer service/business functions.

Following your representations on these matters, we reiterated our request to reduce this information to a stipulation. You stated that you were unwilling to discuss a stipulation because there was no procedural mechanism forcing you to do so. Instead, you indicated your intent to file a Rule 37 motion for protective order and stated that you had prepared your motion before meeting and conferring as we had offered in our initial communication. Given your representations on these matters and our repeated offers to accept a stipulation in lieu of the deposition, such a motion would be frivolous.

For the sake of clarity, the objectors will withdraw their notice of deposition if AT&T will provide a written stipulation that:

1.  The Customer Service Agreement attached as Appendix 1 to the objectors Appendix in Support of Objection to Class Certification and Class Settlement (Doc. 365) is a true and correct copy of the Customer Service Agreement applicable to the class members' claims related to the two data breaches at issue in the litigation;
2.  In prior litigation, AT&T has asserted the arbitration provision(s) and class certification waiver(s) contained in the Customer Service Agreement attached as Appendix 1 to the objector's Appendix in Support of Objection to Class Certification and Class Settlement (Doc. 365) to successfully dismiss prior litigation, compel arbitration in prior litigation, and defeat class certification in prior litigation; and
3.  AT&T accepts non-"wet-ink" signatures from its customers for the purpose of conducting ordinary customer service/business functions.

Please let us know if AT&T is willing to stipulate to the above three points.

**Kroll Deposition Notice:**

We agree to withdraw the deposition notice and subpoena issued to Kroll.

Should you have any questions or want to discuss further, please let us know.

**Kyle V. Miller**
**Butler Snow LLP**
D: (601) 985-4514 | F: (601) 985-4500
1020 Highland Colony Parkway, Suite 1400, Ridgeland, MS 39157
P.O. Box 6010, Ridgeland, MS 39158-6010
Kyle.Miller@butlersnow.com | vCard | Bio

X (Twitter) | LinkedIn | Facebook | YouTube

**From:** Keteltas, Gilbert S. <gketeltas@bakerlaw.com>
**Sent:** Monday, January 5, 2026 10:50 AM
**To:** Amanda Taylor <Amanda.Taylor@butlersnow.com>

**Cc:** Kyle Miller <Kyle.Miller@butlersnow.com>; 'Maury Udell' <mudell@bmulaw.com>; Meredith.Slawe <Meredith.Slawe@skadden.com>; Michael.McTigue <Michael.McTigue@skadden.com>; CSeeger <cseeger@seegerweiss.com>; Mark Lanier <mark.lanier@lanierlawfirm.com>; Jeff Ostrow <ostrow@kolawyers.com>; Cutts, Kyle <kcutts@bakerlaw.com>; Ghannoum, Lisa M. <lghannoum@bakerlaw.com>; Morris, Kimberly S. <kmorris@bakerlaw.com>
**Subject:** RE: Conference Request re: Deposition -- In re: AT&T Inc. Customer Data Security Breach Litigation, Case No. 3:24-cv-00757-E (N.D. Tex.).

Amanda,

What is your availability to meet and confer regarding these requests, either today at 5:30 CT or tomorrow before 9 CT?

Thank you,

**Gil Keteltas**
He | Him | His
Partner

BakerHostetler

Washington Square
1050 Connecticut Ave N.W. | Suite 1100
Washington, DC 20036-5403
T +1.202.861.1530

gketeltas@bakerlaw.com
bakerlaw.com



---

**From:** Amanda Taylor <Amanda.Taylor@butlersnow.com>
**Sent:** Wednesday, December 31, 2025 11:43 AM
**To:** Keteltas, Gilbert S. <gketeltas@bakerlaw.com>; Cleveland, Shawn <scleveland@bakerlaw.com>; Baggett, Tamara <tbaggett@bakerlaw.com>; Michael.McTigue <Michael.McTigue@skadden.com>; Meredith.Slawe <Meredith.Slawe@skadden.com>; GCosta <GCosta@gibsondunn.com>; 'craig@ball.net' <craig@ball.net>; 'royal@furgesonlaw.com' <royal@furgesonlaw.com>; 'malouf@furgesonlaw.com' <malouf@furgesonlaw.com>
**Cc:** Kyle Miller <Kyle.Miller@butlersnow.com>; 'Maury Udell' <mudell@bmulaw.com>
**Subject:** Conference Request re: Deposition -- In re: AT&T Inc. Customer Data Security Breach Litigation, Case No. 3:24-cv-00757-E (N.D. Tex.).

[External Email: Use caution when clicking on links or opening attachments.]

Gilbert, et al. –

Attached please find a copy of the Udell/Butler Snow Objectors' FRCP 30(b)(6) Notice of Deposition for your client in the above referenced matter, which we e-filed and served on all parties this morning.

As you will see in the topics and document requests, we are seeking only limited information that directly relates to the Udell/Butler Snow Objectors' objection to final approval of class settlement. For the sake of efficiency and convenience to the parties, we would be willing to forgo the deposition, in exchange for a sufficiently specific affidavit/declaration from your client regarding the information sought in the topics, including the documents requested. If you are interested in pursuing the affidavit/declaration option, please let us know as soon as possible to see if we can reach agreement on the scope of the affidavit/declaration.

Otherwise, please confirm your client's availability for the deposition as noticed or let us know as soon as possible if we need to confer further on the time/date. We are agreeable to conducting the deposition via Zoom with the documents provided electronically in advance.

Should you have any questions or want to discuss, please let us know.

Best regards,

**Amanda G. Taylor**
*Board Certified—Civil Appeals*
*Texas Board of Legal Specialization*
**Butler Snow LLP**
D: (737) 802-1811 | C: (512) 657-5181 | F: (737) 802-1801
1400 Lavaca Street, Suite 1000, Austin, TX 78701
Amanda.Taylor@butlersnow.com | vCard | Bio

X (Twitter) | LinkedIn | Facebook | YouTube

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended recipient
you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted,
lost, destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result of e-mail transmission.

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.