IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION § § § § § § § § § | CASE NO. 3:24-cv-00757-E MDL DOCKET NO. 3:24-md-03114-E |
| This Document Relates to All Cases | |

## MEMORANDUM IN SUPPORT OF OBJECTORS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO QUASH

In light of the admissions made by Plaintiffs in their Motion to Quash (Doc. 421), the Udell Objectors can now withdraw their deposition notice and related document requests to Plaintiffs' Counsel. Additionally, Plaintiffs announced for the first time in their Motion that their retained expert Brian T. Fitzpatrick is unavailable to sit for his deposition. Due to this new information and given the proximity of the hearing, the Objectors will withdraw the Notice of Deposition to Prof. Fitzpatrick. Accordingly, Plaintiffs' Motion to Quash the Notices of Deposition (Doc. 421) is moot and should be denied as such.

The Special Masters requested that Objectors respond by December 23, 2025, to provide, *inter alia*, "advance disclosure" of "whether [Objectors] intend to seek discovery or production relating to: Claims data or projected claims rates; Notice administration metrics; Attorney-fee lodestar or expense support; [or] Settlement-administration protocols." *See* Email from C. Ball to M. Udell, et. al

(Dec. 15, 2025) at Objs-Appx2-001-02. The Objectors complied with this deadline by responding with a report—on which counsel for AT&T and Class Plaintiffs were copied—stating "Objectors will be noticing depositions of [an AT&T representative, Counsel for Class Plaintiffs, and the Claims Administrator, on topics specified therein], and will use their deposition transcripts at the hearing. Alternatively, these Objectors will seek to reach agreements with the following party representatives to supply sufficiently specific declarations and/or stipulations that may be used at the hearing." *See* Email from A. Taylor to C. Ball (Dec. 23, 2025) & Objectors' Pre-Hearing Report to Special Masters at Objs-Appx2-006-7. No party responded to the Objectors' report. Following the Christmas holidays, Objectors served their deposition notices consistent with their above-stated intentions on December 31, 2025.

## A.     Plaintiffs' Motion is Moot as to the Notice of Deposition of Plaintiffs' Counsel

When the Objectors served their Notice of Deposition on Plaintiffs, they specifically informed Plaintiffs that "For the sake of efficiency and convenience to the parties, we would be willing to forgo the deposition, in exchange for a sufficiently specific affidavit/declaration from your firm and your expert regarding the information sought in the topics, including the documents requested" and invited AT&T to contact Objectors' counsel regarding same. *See* Email from A. Taylor to M. Lanier (Dec. 31, 2025) at Objs-Appx2-012.

On Monday, January 5, 2026, AT&T's counsel requested a meet and confer with Objectors' counsel and copied Plaintiffs' counsel on that email. That meet and confer occurred later that same day. During the meet and confer, Objectors' counsel informed Plaintiffs' counsel that Objectors were seeking one discrete piece of information to avoid unfair surprise at the hearing for final approval. Specifically, Objectors wanted to foreclose any arguments by Plaintiffs that, if Objectors had asked for the documents necessary to perform a Lodestar cross-check, Plaintiffs would have produced such documents. *See* Email from K. Miller to J. Ostrow (Jan. 6, 2026) at Objs-Appx2-015-16 (stating Objectors were seeking discovery to establish that "The objectors have requested class counsel to produce the information necessary to perform a Lodestar cross-check" and that "Class counsel has withheld production of the information necessary to perform a Lodestar cross-check based on class counsel's position that objectors are not entitled to obtain such information."). Objectors agreed to withdraw the Notice of Deposition if Plaintiffs would so stipulate.

Plaintiffs refused. *See* Email from Ostrow to Miller (Jan. 6, 2026) at Objs-Appx2-014.

Plaintiffs then proceeded to file an 18-page brief on the fact that Objectors had requested the documents necessary to perform a Lodestar cross-check and that Plaintiffs were refusing to provide the documents, in part, on the basis that

Plaintiffs believe objectors are not entitled to such information. *See* Motion to Quash (Doc. 421) at 10 ("Although doing so is unnecessary under Fifth Circuit precedent, should the Court decide to consider lodestar information in its discretion, Class Counsel can provide such information for in camera inspection. Udell Objectors, however, have no entitlement to independently discover that information and perform their own lodestar crosscheck analysis.").

In short, Plaintiffs have now filed a Motion with this Court admitting the information Objectors were seeking. It's unclear why Plaintiffs choose to consume this Court's resources challenging a deposition notice only to admit to the very facts that would have resulted in the voluntary withdrawal of the deposition notice. Regardless, having arrived at this point, there is no further need to depose Plaintiffs' counsel on these facts.

Accordingly, Objectors now withdraw their Notice of Deposition of Plaintiffs' counsel, rendering this portion of Plaintiffs' Motion (Doc. 421) moot, and the Court should deny Plaintiffs' Motion as such.

### B. <u>Plaintiffs' Motion is Moot as to the Notice of Deposition of Prof. Fitzpatrick</u>

As with the deposition notice to Plaintiffs' counsel, Objectors were seeking only limited information from Prof. Fitzpatrick. Specifically, Objectors were primarily seeking copies of the documents provided to Prof. Fitzpatrick that he reviewed when arriving at his opinions. *See* Email from K. Miller to J. Ostrow

(Dec. 6, 2026) at Objs-Appx2-016. Prof. Fitzpatrick states in his report that one of the factors considered in the Fifth Circuit when awarding fees is "the time and labor required" by the matter. As such, Objectors were seeking from Prof. Fitzpatrick any documents provided to him that evidence "the time and labor required" expended in this matter, which Prof. Fitzpatrick, Plaintiffs, and Objectors recognize as a relevant factor.

Notably, Plaintiffs have been silent on the question of whether Prof. Fitzpatrick has been provided any documents that would reflect "the time and labor required" actually expended by class counsel in this matter. *See generally* Emails between K. Miller and J. Ostrow at Objs-Appx2-014-16; Motion to Quash (Doc. 421). While they repeatedly state that the information is irrelevant, Plaintiffs are silent on the issue of whether such information exists and/or was provided to Prof. Fitzpatrick.

Objectors offered to withdraw their deposition notice to Prof. Fitzpatrick if Plaintiffs would either (1) "produce all documents provided to Prof. Fitzpatrick containing information relevant to the time and labor expended by class counsel in this matter, along with a statement from Prof. Fitzpatrick confirming the completeness of the production" or (2) "[i]f no such documents have been provided to Prof. Fitzpatrick, [provide] a statement from Prof. Fitzpatrick confirming that no such documents have been provided to him." Email from K.

5

Miller to J. Ostrow (Jan. 6, 2026) at Objs-Appx2-015-16. Plaintiffs have refused. Email from Ostrow to Miller (Jan. 6, 2026) at Objs-Appx2-014.

Though Objectors (and the Court) will have no information going into the hearing as to whether Prof. Fitzpatrick considered the very information that he and Plaintiffs are arguing is irrelevant, subsequently obtained information leads Objectors to withdraw their deposition notice. Plaintiffs did not announce the unavailability of Prof. Fitzpatrick in the meet and confer or subsequent emails. *See generally* Emails between K. Miller and J. Ostrow at Objs-Appx2-014-16. This was raised for the first time in Plaintiffs' Motion (Doc. 421) at 5.

In light of his unavailability for deposition, the Objectors withdraw their Notice of Deposition for Prof. Fitzpatrick. Accordingly, this portion of Plaintiffs' Motion to Quash is also moot and should be denied as such.

Respectfully submitted,

**BEIGHLEY, MYRICK, UDELL, & ZEICHMAN PA**

Maury L. Udell, Esq.
Fla. Bar No. 121673
mudell@bmulaw.com
2601 S. Bayshore Drive, Suite 770
Miami, Florida 33133
Tele: (305) 349-3930
Fax: (305) 349-3931

**BUTLER SNOW LLP**

By: */s/ Kyle V. Miller*

        Kyle Miller
        MS Bar No. 102227
        Kyle.miller@butlersnow.com
        1020 Highland Colony Pkwy, Ste. 1400
        Ridgeland, Mississippi 39157
        Tele: (601) 948-5711
        Fax: (601) 985-4500

        Amanda G. Taylor
        Texas Bar No. 24045921
        Amanda.taylor@butlersnow.com
        1400 Lavaca St., Suite 1000
        Austin, Texas 78701
        Tele: (737) 802-1800
        Fax: (737) 802-1801

        **ATTORNEYS FOR OBJECTORS SCOTT GHERMAN, BRADLEY JOHNSON, BRITTANI KAYE, ROB CARUSO, AND BRITTANY BONNER**

## CERTIFICATE OF SERVICE

    I hereby certify that on January 7, 2026, a true and correct copy of the above was served on all counsel of record through the Court's CM/ECF system.

        By: */s/ Kyle V. Miller*
            Kyle V. Miller

99011760.v1