**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| | § | |
| | § | |
| IN RE: AT&T INC. CUSTOMER DATA | § | Civil Action No. 3:24-CV-00757-E |
| SECURITY BREACH LITIGATION | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**ORDER**

In this Class Action, AT&T 1 Class Counsel have requested fees of one third of the class recovery, or $49,666,666,66, and AT&T 2 Class Counsel have requested fees of one third of the class recovery, or $9,333,333.33. In the Fifth Circuit, in common fund cases, District Courts are directed to examine percentage fee requests by cross-checking them with a meticulous analysis of the *Johnson* factors, as set out in *Johnson v. Georgia Highway Express, Inc,* 488 F.2d 714 (5th Cir. 1974). This is the requirement of *Union Asset Mgmt. Holding v. Dell, Inc*., 669 F.3d 632 (5th Cir. 2012).

In this case, Class Counsel has submitted the Declaration of Brian T. Fitzpatrick, a distinguished Professor of Law at Vanderbilt University School of Law, to support their joint fee application. In his Declaration at Paragraph 25, Professor Fitzpatrick has opined that *Johnson* factor 1 ("the time and labor required") can be considered in two ways, qualitatively and quantitatively, and that there is nothing in the Fifth Circuit case law that requires a utilization of the quantitative approach, which is the loadstar formulation. While his evaluation of the benefits of the qualitative approach has a strong basis in law and in fact and will indeed be important in the final fee determination, this Court is nevertheless of the opinion that a general examination of the

1

loadstar formulation is required here to evaluate the fee requests in question. Such an examination does not require a review of individual time entries but instead requires a presentation of what amount of time and labor went into the different aspects of legal work involved.

Accordingly, IT IS ORDERED that AT&T 1 Class Counsel and AT&T 2 Class Counsel each submit to this Court, *in camera*, a supplemental analysis of the *Johnson* factors, with special attention to factor 1, of between 4-8 pages by May 29, 2026.

**SO ORDERED.**

13th day of May, 2026.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE